1       Leodis C. Matthews [SBN 109064]
         Leesq@aol.com
2    D. P. Sindicich (Of Counsel) [SBN 78162]
       JurPython@roadrunner.com
3    **MATTHEWS & PARTNERS, APC**
     4322 WILSHIRE BOULEVARD, STE 200
4    LOS ANGELES, CALIFORNIA 90010-3792
      TELEPHONE: 323.930.5690
5      FACSIMILE: 323.930.5693

6  Attorneys For:  PLAINTIFF
   **C-ONE TECHNOLOGY**
7  **& PRETEC ELECTRONICS CORPORATION.**

8

# UNITED STATES DISTRICT COURT

9

# NORTHERN DISTRICT OF CALIFORNIA

10

# SAN FRANCISCO DIVISION

11

12

13  **C-ONE TECHOLOGY & PRETEC ELECTRONICS CORPORATION**

                **CASE NUMBER:**

14           **Plaintiff**

          **NOTICE OF REMOVAL OF**
15          **SANTA CLARA SUPERIOR COURT**
           **CASE NO 108 CV 105975**
16        **TO THE SAN FRANCISCO DIVISION**
            **OF THE UNITED STATES**
17           **- Vs -**        **DISTRICT COURT FOR THE**
             **NORTHERN DISTRICT**
18              **OF CALIFORNIA**

19            **[Related Federal Case No.**
   **MOUNT & STOELKER, P.C., & Daniel S.**    **3:08-cv-02442-MEJ]**
20  **Mount**, inclusive

21           **Defendant.**

22

23

24  **To The United States District Court For The Northern District of California:**

       1.     C-One Technology, a Taiwanese Corporation, is a named Plaintiff in the
25
  above-entitled cause and a named Defendant in the California State Court action brought in
26

27

28  **NOTICE OF REMOVAL OF SANTA CLARA SUPERIOR COURT ACTION TO FEDERAL COURT**
    **C-ONE TECHNOLOGY -v- MOUNT & STOELKER**
    **Case No.**

1  the Alameda Superior Court (San Jose Division)[1].  Pursuant to the provisions of Sections
2  1332, 1441, and 1446 of Title 28 of the United States Code, C-One Technology removes this
3  California Superior Court action [Case No. 108 CV 105975] to the United States District
4  Court for the Northern District of California, San Francisco Division, which is within the
5  same the federal judicial district and division in which the action between C-One
6  Technology, as plaintiff, and Mount & Stoelker, et. al., as defendant, is currently pending
7  [Ref. Case No. 3:08-cv-02442-MEJ].

8      2.      The State Court action for which removal is being sought is a claim for
9  Declaratory Relief stemming from a claim filed by both C-One Technology and Pretec
10 Electronics for arbitration of their disputes with *Mount and Stoelker, et al.*,  before the
11 "International Centre for Dispute Resolution", a division of the American Arbitration
12 Association.  To preserve their rights C-One Technology and Pretec Electronics filed their
13 above-referenced  federal action which alleged the same claims as those set forth in the
14 arbitral claim as well as a prayer for declaratory relief.

15     3.      Mount and Stoelker (Plaintiff in the State action and Defendant in the Federal
16 action) is a Professional Corporation organized and existing under the laws of the State of
17 California, with its principal place of business in the City of San Jose, County of Santa Clara.

18     4.      Daniel S. Mount (Defendant ins the Federal action) is a citizen of the State of
19 California, is licensed to engage in the practice of law in this State and was practicing law
20 at Mount & Stoelker's office located at Suite 1650, 333 West San Carlos, San Jose,
21 California.

22     5.      C-One Techonolgy (Plaintiff in the Federal action and Defendant in the State
23 action is and at al times herein relevant was a Taiwanese Corporation which has its principal
24 place of business in Hsin-Chu, Taiwan. In its State action, Mount and Stoelker admitted (Pg.
25 1., Ln. 21 of its complaint) that C-One Technology was a Taiwanese Corporation.

26

27      [1] First Amended Complaint filed February 25, 2008

28

1    6.    Given the above, removal of the Santa Clara Superior Court state action to the
2  United States District Court for the Northern District of California (San Francisco Division)
3  is entirely proper under 28 U.S.C. 1441 because there is complete diversity of citizenship
4  between C-One Technology, a Taiwanese Corporation and both Mount & Stoelker, a
5  California Professional Corporation and Daniel S. Mount, an individual who is domiciled in
6  and citizen of the State of California.  The United States District Court would, therefore,
7  have had original jurisdiction of the California State Court matter filed by Mount & Stoelker
8  under 28 U.S.C. 1332 had the action been brought in federal court originally.

9    7.    C-One Technology further believes that removal of the Santa Clara Superior
10  Court state action to the United States District Court is also proper under the one-judgment
11  rule since the issues raised in Mount & Stoelker's declaratory relief state action are either (a)
12  inextricably tied to, or (b) rendered moot by the filing of the above-referenced federal action
13  in which Plaintiff's are seeking damages well in excess of the jurisdictional threshold amount
14  of $75,000.00 exclusive of interest and costs.

15    8.    C-One Technology files a copy of all process, pleadings, papers, and orders
16  served and/or received on defendants in this Santa Clara Superior Court state action with this
17  Notice.  These documents are attached to this Notice as EXHIBITS "A" through "O",
18  respectively.

19    9.    This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it was
20  filed (a) within one year of the commencement of the state court action, and (b) service of
21  the state court declaratory complaint has not served upon the defendants and no responsive
22  pleadings have been filed in the state court action, although counsel for C-One Technology
23  did make a "special appearance" in the state court action only for the purpose to challenge
24  jurisdiction of the state court.  C-One Technology has not otherwise been served as a
25  defendant in that action nor otherwise appeared in the state court action.

26
27
28  NOTICE OF REMOVAL OF SANTA CLARA SUPERIOR COURT ACTION TO FEDERAL COURT
C-ONE TECHNOLOGY -v- MOUNT & STOELKER
Case No.                                                    Page -3-

1    10.    Pretec Electronics Corporation [2] (Defendant in the State action and Plaintiff

2  in the Federal action) which had its principal place of business in the City of Fremont,

3  California joins in and consents to the removal of the Santa Clara Superior Court state action

4  to the United States District Court for the Northern District of California, San Francisco

5  Division. This consent is indicated by the signature of its counsel on this Notice of Removal.

6                                              Respectfully Submitted

7  Date:  July 3, 2008

8                                        By:

9                                              Leodis C. Matthews
                                              Attorneys for Plaintiffs
                                              C-One Technologies &
10                                             Pretec Electronics Corporation

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  _____

27    [2] Pretec Electronic's corporate structure has since been dissolved.

28  **NOTICE OF REMOVAL OF SANTA CLARA SUPERIOR COURT ACTION TO FEDERAL COURT**
**C-ONE TECHNOLOGY -V- MOUNT & STOELKER**
**Case No.**                                                        Page -4-

# Exhibit A

00001

# CIVIL LAWSUIT NOTICE

ATTACHMENT CV-5012

**Superior Court of California, County of Santa Clara**
**191 N. First St., San Jose, CA 95113**

CASE NUMBER: **1 0 8 C V 1 0 5 9 7 5**

## READ THIS ENTIRE FORM

<u>PLAINTIFFS</u> (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

<u>DEFENDANTS</u> (The person(s) being sued): You must do each of the following to protect your rights:

1. You must file a written response to the *Complaint,* in the Clerk's Office of the Court, within 30 days of the date the *Summons* and *Complaint* were served on you;
2. You must send a copy of your written response to the plaintiff; and
3. You must attend the first Case Management Conference.

Warning: If you do not do these three things, you may automatically lose this case.

---

<u>RULES AND FORMS</u>: You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing: 408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

<u>CASE MANAGEMENT CONFERENCE (CMC)</u>: You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

You or your attorney must appear at the CMC. You may ask to appear by telephone — see Local Civil Rule 8.

---

Your Case Management Judge is: **Mary Jo Levinger**                    Department: **5**

The 1st CMC is scheduled for: (Completed by Clerk of Court)

  Date: **JUL 8 2008** Time: **2:15 PM** in Department **5**

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)

  Date: _____ Time: _____ in Department _____

---

<u>ALTERNATIVE DISPUTE RESOLUTION (ADR)</u>: If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

<u>WARNING</u>: Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

Form CV-5012
Rev. 07/01/07

**CIVIL LAWSUIT NOTICE**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< **Mediation** is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

< **Mediation may be appropriate when:**
  < The parties want a non-adversary procedure
  < The parties have a continuing business or personal relationship
  < Communication problems are interfering with a resolution
  < There is an emotional element involved
  < The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

< Arbitration is a normally informal process in which the neutral (the arbitrator) decides the dispute after hearing the evidence and arguments of the parties. The parties can agree to binding or non-binding arbitration. Binding arbitration is designed to give the parties a resolution of their dispute when they cannot agree by themselves or with a mediator. If the arbitration is non-binding, any party can reject the arbitrator's decision and request a trial.

Arbitration may be appropriate when:
< The action is for personal injury, property damage, or breach of contract
< Only monetary damages are sought
< Witness testimony, under oath, is desired
< An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

< Neutral evaluation is an informal process in which a neutral party (the evaluator) reviews the case with counsel and gives a non-binding assessment of the strengths and weaknesses on each side and the likely outcome. The neutral can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
< The parties are far apart in their view of the law or value of the case
< The case involves a technical issue in which the evaluator has expertise
< Case planning assistance would be helpful and would save legal fees and costs
< The parties are interested in an injunction, consent decree, or other form of equitable relief

< Special masters and referees are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

< Settlement conferences are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; and sports, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, for information about ADR procedures, or for other questions about ADR?*

Contact:
Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2704

---

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION**

CV-5003 RE v 5/06

# Exhibit B

00005

SUM-100

AMENDED **SUMMONS**
*(CITACION JUDICIAL)*

| | FOR COURT USE ONLY |
|---|---|
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
C-One Technology, A Taiwanese Corporation; PRETEC ELECTRONICS
A California Corporation; INTERNATIONAL CENTER FOR DISPUTE
RESOLUTION, A DIVISION OF THE AMERICAN ARBITRATION
ASSOCIATION; AND DOES 1 through 50 inclusive
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
Mount & Stoelker, A Professional Corporation

ENDORSED

2008 FEB 25  A 11: 15

IN THE CLERK OF SUPERIOR COURT
DISTRICT OF SANTA CLARA RECORD.

M. Rosales                              DEPUTY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* |
| Superior Court, Santa Clara County | 108 CV 105975 |
| Santa Clara | |
| 191 N. First Street          San Jose, CA 95113 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jerry R. Hauser                    Phillips, Greenberg & Hauser, LLP
4 Embarcadero Center, 39th Floor   San Francisco, CA 94111
(415) 981-7777

| DATE: | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|
| | 1. ☐ as an individual defendant. |
| | 2. ☐ as the person sued under the fictitious name of *(specify)*: |
| | |
| | 3. ☐ on behalf of *(specify)*: |
| |    under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor) |
| |             ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee) |
| |             ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person) |
| |             ☐ other *(specify)*: |
| | 4. ☐ by personal delivery on *(date)*: |

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
Martin Dean's Essential Forms ™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Mount & Stoelker

00006

# Exhibit C

00007

1 | PHILLIPS, GREENBERG & HAUSER, L.L.P.
JERRY R. HAUSER, SBN. 111568
2 | ERIK C. VAN HESPEN, SBN. 214774
Four Embarcadero Center, 39th Floor
3 | San Francisco, California 94111
Telephone:    (415) 981-7777
4 | Facsimile:    (415) 398-5786

ENDORSED

2000 FEB 25  A 11: 15

IN THE OFFICE OF THE SUPERIOR COURT
COURT OF SANTA CLARA, CALIFORNIA
M. Rosales

5 | Attorneys for Plaintiff,
MOUNT & STOELKER, A PROFESSIONAL CORPORATION

6

7

8 | IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | IN AND FOR THE COUNTY OF SANTA CLARA

10

11 | MOUNT & STOELKER, A PROFESSIONAL CORPORATION, | CASE NO.: 108 CV 105975

12

13 | Plaintiffs, | FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF, TEMPORARY RESTRAINING ORDER AND PRELIMINARY AND PERMANENT INJUNCTION

14 | -v-

15 | C-ONE TECHNOLOGY, A TAIWANESE CORPORATION; PRETEC ELECTRONICS CORPORATION, A CALIFORNIA
16 | CORPORATION; INTERNATIONAL CENTER FOR DISPUTE RESOLUTION, A
17 | DIVISION OF THE AMERICAN ARBITRATION ASSOCIATION; AND
18 | DOES 1 through 50 inclusive,

**BY FAX**

19 | Defendants.

20

21 | 1.    Defendant C-One Technology ("C-One"), is a Taiwanese Corporation.

22 | 2.    Defendant Pretec Electronics Corporation, is a California Corporation ("Pretec"), with its

23 | principle place of business in Fremont California. On November 28, 2006, Pretec dissolved its corporate

24 | structure. Pretec was a subsidiary of C-One.

25 | 3.    Defendant International Center for Dispute Resolution ("ICDR") is a division of the

26 | American Arbitration Association ("AAA") located in New York and entity of some unknown form.

27 | ICDR is located in New York.

28 | 4.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1

1

1  through 50, inclusive, and therefore sues these defendants by these fictitious names. Plaintiff will amend

2  the complaint to allege their true names and capacities when ascertained.

3       5.     On or about October 7, 2002, Plaintiff was retained by Pretec to represent Pretec in an

4  action that was filed by Lexar Media, Inc. ("Lexar") for a patent infringement in the United States

5  District Court, Northern District of California, Case Number 00-4770 MJJ, hereinafter referred to as the

6  "Lexar Action". A copy of the retainer agreement between Plaintiff and Pretec is attached hereto as

7  Exhibit A.

8       6.     On October 7, 2002, Plaintiff and Pretec entered into another attorney fee agreement

9  wherein Plaintiff would represent Pretec in an action filed by SanDisk Corporation ("SanDisk") for

10  patent infringement in the United States District Court, Northern District of California, Case Number 01-

11  4063 VRW, hereinafter referred to as the "SanDisk Action". A copy of the second fee agreement between

12  Plaintiff and Pretec is attached hereto as Exhibit B. Exhibits A and B are hereinafter referred to as the

13  "Pretec Fee Agreements."

14       7.     On or about May 8, 2003, C-One was served with a summons and amended complaint

15  naming it as an additional defendant in the Lexar Action. Plaintiff agreed to defend C-One in the Lexar

16  Action, but no separate retainer agreement was entered into by and between C-One and Plaintiff. On or

17  about September 26, 2003, Memtec Products, Inc. ("Memorex") filed a complaint for declaratory relief,

18  breach of contract and injunctive relief against C-One and Pretec in the Superior Court of California,

19  County of Alameda, Action Number RG03118916, hereinafter referred to as the "Memorex Action".

20  Plaintiff represented Defendant and Pretec in the Memorex Action, but did not enter into a separate fee

21  agreement for such services.

22       8.     In May/June of 2006, Plaintiff ceased all representation of Defendants in the Lexar

23  Action and in the Memorex Action. Even though the court denied Plaintiff's motion to withdraw as

24  counsel of record in the SanDisk Action for Pretec, after May/June of 2006 Pretec refused to participate

25  in the defense of the Sandisk Action. By May/June 2006 Pretec effectively terminated the attorney client

26  relationship with Plaintiff in the SanDisk Action.

27       9.     On or about December 15, 2006, judgment was entered in the Memorex Action against

28  C-One and Pretec.

00009

2

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF, TEMPORARY RESTRAINING ORDER AND PRELIMINARY AND

10.    On or about January 11, 2008, C-One initiated arbitration before the AAA in Santa Clara California against Plaintiff based on legal services rendered in the Lexar, SanDisk and Memorex Actions, hereinafter referred to as the "C-One Arbitration". The C-One Arbitration was assigned to the ICDR for administration out of New York City. On or about February 19, 2008, C-One filed an Amended Statement of Claim in the C-One Arbitration and identified Pretec as a claimant. A copy of the First Amended Statement of Claim ("Statement of Claim") is attached hereto as Exhibit C.

11.    The Statement of Claim consists of three claims: 1) legal malpractice by C-One and Pretec against Plaintiff with regard to services rendered in the Memorex Action; 2) questionable billing practices by C-One against Plaintiff in the Lexar and SanDisk Actions; and 3) "equitable indemnity due to breach of fiduciary duty" by C-One and Pretec against Plaintiff based on services rendered in the Memorex Action. C-One and Pretec assert that Plaintiff's negligence caused the judgment in the Memorex Action to be entered against it. In addition, C-One seek a reimbursement of fees paid to Plaintiff by Pretec prior to May of 2006. C-One also asserts that since there was no fee agreement between it and Plaintiff, Plaintiff is only allowed to recover fees based on Quantum Meruit.

12.    Defendants asserts that the contractual basis for the arbitration proceeding are the Pretec Fee Agreements which are attached hereto as Exhibits A and B. Defendants make this claim despite the fact the arbitration clause in the Pretec Fee Agreements were expressly excluded; C-One is not a party to the Pretec Fee Agreements; in the Statement of Claim filed in the C-One Arbitration C-One denies that it is bound by the terms of the Pretec Fee Agreements and further asserts that there is no contract, for arbitration or otherwise, between it and Plaintiff; C-One claims that it is not the successor in interest to Pretec and Pretec is " a wholly separate and distinct legal entity from C-One and have separate business operations as well as separate personnel, separate business facilities and operations;" and legal services rendered in the Memorex Action were not pursuant to or within the scope of the Pretec Fee Agreements.

13.    Plaintiff is informed and believes that Defendants maintain that the C-One Arbitration is controlled by international rules for arbitration, that the arbitration is to be administered out of New York and said international rules permit either party to proceed with arbitration ex parte if the other party does not appoint an arbitrator and does not participate in the arbitration. Defendants have refused to stay the arbitration pending resolution of this action.

00010

3

14.     A bona fide dispute exists between Plaintiff and Defendants in that:

        a.     Defendants, and each of them, contend that their disputes with Plaintiff with regard to legal services Plaintiff provided to Defendants are subject to arbitration based on the Pretec Fee Agreements, and that the arbitrator has exclusive jurisdiction to determine whether or not any issues are to be excluded from arbitration.

        b.     Plaintiff, however, contends that the disputes between it and C-One and Pretec are not subject to arbitration in that C-One is a non-signatory to the Pretec Fee Agreements and that there is no enforceable agreement between the parties containing an arbitration clause. Therefore, any controversy between Plaintiff and C-One and Pretec are not subject to arbitration. Further, all claims by C-One and Pretec are time barred.

15.     Unless Defendants are restrained by the court from proceeding with the C-One Arbitration pending hearing on Plaintiff's Order To Show Cause/Preliminary Injunction and pending trial of this action, and unless Defendants are permanently enjoined as herein prayed, Defendants threaten to proceed with the arbitration as herein alleged and Plaintiff will, as a proximate result, suffer great and irreparable injury and will be compelled to submit to arbitration when no such requirement to do so exists.

Wherefore, Plaintiff prays judgment against Defendants as follows:

1.     The court determines that the existing controversy between Plaintiff and Defendants is not subject to arbitration.

2.     For an order requiring Defendants to show cause, if any, why it should not be enjoined during the pendency of this action from further proceedings with the arbitration.

3.     For a temporary restraining order, a preliminary injunction, and a permanent injunction enjoining the Defendants from proceeding with the arbitration of the controversy alleged herein until the issue of whether or not the disputes between the parties are subject to arbitration has been determined by the court of competent jurisdiction.

4.     For costs of suit incurred herein including reasonable attorneys' fees against C-One and Pretec only.

5.     For such other and further relief as the court may deem proper.

00011

4

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF TEMPORARY RESTRAINING ORDER AND PRELIMINARY AND

1

2    DATE:  February 22, 2008                    PHILLIPS, GREENBERG & HAUSER, L.L.P.

3

4                                                By:  _____

5                                                      JERRY R. HAUSER

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00012

5

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF, TEMPORARY RESTRAINING ORDER, AND PRELIMINARY AND

1

**VERIFICATION**

2        I, Daniel Mount, am a shareholder of Plaintiff in this action. I have read the foregoing First

3   Amended Complaint and know its contents. The same is true of my own knowledge, except to those

4   matters that are therein alleged on information and belief, and as to those matters, I believe them to

5   be true.

6        I declare under penalty of perjury and the laws of the State of California that the

7   foregoing is true and correct. Executed on this ___21___ day of February, 2008, at San Jose California.

8

9                                                    _____

10                                                   DANIEL MOUNT

11

12

13

14

·15

16

17

18

19

20

21

22

23

24

25

26

27

28

00013

6

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF, TEMPORARY RESTRAINING ORDER AND PRELIMINARY AND

**EXHIBIT D-1**

# MOUNT & STOELKER
### ATTORNEYS

DANIEL S. MOUNT
JAMES L. STOELKER
RICHARD J. LA FLEUR
SCOTT A. ROMP
KATHRYN M. EIDMAN
ALFREDO A. BISMONTE

WILLIAM D. SAUERS
OF COUNSEL

*CERTIFIED SPECIALIST IN
ESTATE PLANNING, TRUST & PROBATE LAW,
THE STATE BAR OF CALIFORNIA
BOARD OF LEGAL SPECIALIZATION

RIVERPARK TOWER, SUITE 1050
333 WEST SAN CARLOS
SAN JOSE, CALIFORNIA 95110-2711
(408) 279-7000
FAX (408) 998-1473

CCP

October 7, 2002

LESLIE J. HOEKSTRA
RON C. FINLEY
LARA J. HODGSON
NABIEH B. YASIN
MARK A. SCHMUCK
ASHLEY X. JIANG*
HANA S. CALLAGHAN
PEGGY H. CHEN

*LICENSED ONLY IN THE
PEOPLE'S REPUBLIC OF CHINA

Pretec Electronics Corp.
Attn: Charles Lin
40979 Encyclopedia Cr.
Fremont, CA 94538

Re:    Lexar Media v. Pretec Electronics, et al. – Our File No. Prete001

Dear Mr. Lin:

This letter sets forth the basis upon which this office will represent Pretec Electronics Corp. with regard to the above matter in terms of both the scope of our legal representation of Pretec Electronics, as well as Pretec Electronics' obligations to us as a client. This letter further sets out the agreement by which attorneys' fees and costs will be paid to this firm. For purposes of this agreement all parties are referred to collectively as "you."

1.    <u>Legal Services to be Provided.</u>

We will represent you regarding the above matters. We will provide those legal services reasonably necessary to represent you in this matter. We will take reasonable steps to keep you informed of the progress of this case and to respond to your inquiries.

We will represent you through a trial or arbitration of these matters, if any, and through any post-trial or arbitration motions or execution proceedings. After final judgment is entered, we will not represent you in any appellate court proceedings, unless a separate fee agreement is entered into between you and this firm. Unless we make a different agreement in writing, this agreement will govern all future services we may perform in these matters, or in any other matters in which we might represent you.

00014

EXHIBIT

EXHIBIT D-1

Pretec Electronics Corp.
Attn: Charles Lin.
October 7, 2002
Page 2

2.     Responsibilities of Attorney and Client.

        We will perform the legal services called for under this agreement, keep you and
Pretec informed of progress and developments in the case, and respond promptly to your
inquiries and communications. You agree to respond promptly to our inquiries, be truthful
with the firm at all times, cooperate fully with us, keep us informed of any developments in
this matter, abide by this agreement, and keep us advised of your current address(es) and
telephone number(s).

3.     Attorneys Fees and Costs.

     3.a.     Rates and Charges

        You hereby agree to pay the hourly rate at our prevailing rates for time spent on this
matter by our legal personnel. Our current hourly rates range from $350.00 per hour for
senior attorneys down to $190.00 per hour for youngest attorneys. The rate schedule may
increase from time to time.

        We will charge you for time spent on telephone calls relating to this matter,
including calls to you, opposing counsel, or court personnel. The legal personnel assigned
to this matter will confer among themselves about the matter as required. When they do
confer, each person will charge for time expended. Likewise, if more than one of our legal
personnel attends a meeting, court hearing or other proceeding, each will charge for time
spent. You will be charged for waiting time in court and elsewhere, and for travel time, both
local and out-of-town.

        You agree to pay all "Costs" in connection with our representation of you under this
agreement. We may request you to pay Costs directly or in advance to this office. In the
event that we advance Costs on your account, we will then bill such Costs to you on a
monthly basis.

        Costs include, but are not limited to, court filing fees, deposition costs, expert fees
and expenses, investigation costs, long-distance telephone charges, messenger service fees,
in-house photocopying charges, photocopying expenses, mileage and process server fees.
Items that are not to be considered Costs, and that must be paid by you without being either
advanced or contributed to by Mount & Stoelker, include, but are not limited to, other
parties' costs, if any, that you are ultimately ordered or required to pay.

EXHIBIT D-1

Pretec Electronics Corp.
Attn: Charles Lin.
October 7, 2002
Page 3

### 3.b.    Statements and Payments.

We will send you monthly statements indicating attorneys' fees and costs incurred, and their basis any amounts applied, and any current balance owed. You agree to pay the balance due, in full, within 20 days after the statement is mailed. All parties are jointly and severally liable for payment of attorneys' fees and costs. At the end of our representation of you, any unused portion of the retainer will be returned to the party(ies) who deposited the retainer.

### 3.c.    Trial Deposit.

You will be required, 45 days prior to any scheduled trial, to post a deposit on account of fees. The deposit will be held in a trust account and withdrawn by Mount & Stoelker upon presentation of invoices for services. Any unused portion of the trial deposit will be available for return to you or credit for other services. The amount of the required trial deposit will be fixed as an estimate of the expected fees and Costs to be earned through the conclusion of the trial. Absent unusual circumstances, the trial deposit will be $12,000.00 for each day the trial is estimated to last.

### 3.d.    Replenishing Retainer.

You agree to pay $50,000.00 as a deposit against legal fees and costs for the Lexar Media v. Pretec matter. This sum is fully earned in consideration for our promise to represent you. However, we will apply that deposit to our bill for legal services and costs and the application will be reflected in the bill for services that you receive. You agree to keep the balance of the retainer at $50,000.00.

### 4.    Settlement.

Mount & Stoelker will not settle the claims against you without your approval. You have the right to accept or reject any proposed settlement. You agree to act reasonably in deciding whether to accept or reject any settlement proposal. If you refuse to accept any reasonable settlement proposal which this firm has recommended that you accept, this firm may then withdraw from further representation of you in this matter upon such ground. We will notify you promptly of the terms of any settlement offer received by Mount & Stoelker.

### 5.    Attorney's Lien.

You hereby grant us a lien on any and all claims or causes of action that are the subject of our representation of you. Our lien will be for any amounts owing to us. The lien

EXHIBIT D-1

Pretec Electronics Corp.
Attn: Charles Lin.
October 7, 2002
Page 4

will attach to any recovery you may obtain, whether by settlement, arbitration award, court judgment or otherwise.

6.    Termination of Relationship.

You may discharge Mount & Stoelker at any time.   If, at the time of discharge, Mount & Stoelker is your attorney of record in any proceeding, you will execute and return a substitution-of-attorney form immediately on its receipt from Mount & Stoelker. Notwithstanding any such discharge, the signators to this agreement agree to pay Mount & Stoelker its fees and Costs through the date of discharge.

Mount & Stoelker may withdraw at any time as permitted under the Rules of Professional Conduct of the State Bar of California.

7.    Release of Client's Papers and Property.

After our services have concluded, we will, upon your request, deliver your files to you, along with any of your funds or property then in our possession.   If no written instructions are received from you regarding disposition of the file materials, they will be destroyed 24 months after our services conclude.

8.    Disclaimer of Warranty.

Nothing in this agreement and nothing in our statements to you will be construed as a promise or a guarantee of the outcome of this matter.   We make no such promises or guarantees.   Our comments about the outcome of this matter are expressions of opinion only.

9.    Entire Agreement.

This writing contains our entire agreement regarding this firm's representation of you and regarding payment of fees.   No other agreement, statement, or promise, whether written or oral, that was made on or before the effective date of this agreement will be binding on the parties.

10.    Arbitration of Dispute.

If a dispute arises between Mount & Stoelker and you regarding any aspect of this agreement or its implementation, including but not limited to the following: (a) Mount & Stoelker's claim for attorney's fees or costs under this agreement; or (b) any claim you may make for unsatisfactory performance, including a claim of legal malpractice; you agree to

EXHIBIT D-1

Pretec Electronics Corp.
Attn: Charles Lin.
October 7, 2002
Page 5

submit the matter to binding arbitration before the American Arbitration Association in Santa Clara County.

BE ADVISED THAT, BY AGREEING TO THIS PROVISION, BOTH OF US ARE WAIVING ANY RIGHT ONE MAY HAVE TO A TRIAL BY JURY. IF YOU CONSENT TO SUBMIT YOUR CLAIMS TO BINDING ARBITRATION, PLEASE INDICATE BY PLACING YOUR INITIALS IN THE SPACE PROVIDED:

PRETEC ELECTRONICS CORP.

Its _____

Mount & Stoelker _____

This agreement will take effect immediately upon receipt of the total retainer of $50,000.00. Please do not hesitate to contact me if you have any questions regarding this letter.

Sincerely,

Daniel S. Mount

The foregoing accurately reflects our agreement.

Dated: _____

PRETEC ELECTRONICS CORP.

By  _____
Its _____

z:/Pretec1011; 002310}/Fee Agreement Letter

EXHIBIT D-2

# MOUNT & STOELKER
### ATTORNEYS

DANIEL S. MOUNT
JAMES L. STOELKER
RICHARD J. LA FLEUR
SCOTT A. ROSS*
KATHRYN M. EILMAN
ALFREDO A. BISMONTE

WILLIAM D. SAUERS
OF COUNSEL

*CERTIFIED SPECIALIST IN
ESTATE PLANNING, TRUST & PROBATE LAW,
THE STATE BAR OF CALIFORNIA
BOARD OF LEGAL SPECIALIZATION

RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS
SAN JOSE, CALIFORNIA 95110-2711
(408) 279-7000
FAX (408) 998-1473

LESLIE J. HOEKSTRA
RON C. FINLEY
LARA J. HODGSON
NADER R. YASIN
MARK A. SCHMUCK
ASHLEY X. JIANG†
HANA S. CALLAGHAN
PEGGY H. CHEN

†LICENSED ONLY IN THE
PEOPLE'S REPUBLIC OF CHINA

October 7, 2002

Pretec Electronics Corp.
Attn: Charles Lin
40979 Encyclopedia Cr.
Fremont, CA 94538

Re:    Sandisk Media v. Pretec Electronics, et al. – Our File No. Prete002

Dear Mr. Lin:

This letter sets forth the basis upon which this office will represent Pretec Electronics Corp. with regard to the above matter in terms of both the scope of our legal representation of Pretec Electronics, as well as Pretec Electronics' obligations to us as a client. This letter further sets out the agreement by which attorneys' fees and costs will be paid to this firm. For purposes of this agreement all parties are referred to collectively as "you."

1.    <u>Legal Services to be Provided.</u>

We will represent you regarding the above matters. We will provide those legal services reasonably necessary to represent you in this matter. We will take reasonable steps to keep you informed of the progress of this case and to respond to your inquiries.

We will represent you through a trial or arbitration of these matters, if any, and through any post-trial or arbitration motions or execution proceedings. After final judgment is entered, we will not represent you in any appellate court proceedings, unless a separate fee agreement is entered into between you and this firm. Unless we make a different agreement in writing, this agreement will govern all future services we may perform in these matters, or in any other matters in which we might represent you.

00019

EXHIBIT B

EXHIBIT D-2

Pretec Electronics Corp.
Attn: Charles Lin.
October 7, 2002
Page 2

2.      Responsibilities of Attorney and Client.

        We will perform the legal services called for under this agreement, keep you and
Pretec informed of progress and developments in the case, and respond promptly to your
inquiries and communications. You agree to respond promptly to our inquiries, be truthful
with the firm at all times, cooperate fully with us, keep us informed of any developments in
this matter, abide by this agreement, and keep us advised of your current address(es) and
telephone number(s).

3.      Attorneys Fees and Costs.

        3.a.    Rates and Charges

                                                            $ 460.00

        You hereby agree to pay the hourly rate at our prevailing rates for time spent on this
matter by our legal personnel. Our current hourly rates range from $350.00 per hour for
senior attorneys down to $190.00 per hour for youngest attorneys. The rate schedule may
increase from time to time.

        We will charge you for time spent on telephone calls relating to this matter,
including calls to you, opposing counsel, or court personnel. The legal personnel assigned
to this matter will confer among themselves about the matter as required. When they do
confer, each person will charge for time expended. Likewise, if more than one of our legal
personnel attends a meeting, court hearing or other proceeding, each will charge for time
spent. You will be charged for waiting time in court and elsewhere, and for travel time, both
local and out-of-town.

        You agree to pay all "Costs" in connection with our representation of you under this
agreement. We may request you to pay Costs directly or in advance to this office. In the
event that we advance Costs on your account, we will then bill such Costs to you on a
monthly basis.

        Costs include, but are not limited to, court filing fees, deposition costs, expert fees
and expenses, investigation costs, long-distance telephone charges, messenger service fees,
in-house photocopying charges, photocopying expenses, mileage and process server fees.
Items that are not to be considered Costs, and that must be paid by you without being either
advanced or contributed to by Mount & Stoelker, include, but are not limited to, other
parties' costs, if any, that you are ultimately ordered or required to pay.

EXHIBIT D-2

Pretec Electronics Corp.
Attn: Charles Lin.
October 7, 2002
Page 3

### 3.b.     Statements and Payments.

We will send you monthly statements indicating attorneys' fees and costs incurred, and their basis any amounts applied, and any current balance owed. You agree to pay the balance due, in full, within 20 days after the statement is mailed. All parties are jointly and severally liable for payment of attorneys' fees and costs. At the end of our representation of you, any unused portion of the retainer will be returned to the party(ies) who deposited the retainer.

### 3.c.     Trial Deposit.

You will be required, 45 days prior to any scheduled trial, to post a deposit on account of fees. The deposit will be held in a trust account and withdrawn by Mount & Stoelker upon presentation of invoices for services. Any unused portion of the trial deposit will be available for return to you or credit for other services. The amount of the required trial deposit will be fixed as an estimate of the expected fees and Costs to be earned through the conclusion of the trial. Absent unusual circumstances, the trial deposit will be $12,000.00 for each day the trial is estimated to last.

### 3.d.     Replenishing Retainer.

You agree to pay $50,000.00 as a deposit against legal fees and costs for the Sandisk Corporation v. Pretec matter. This sum is fully earned in consideration for our promise to represent you. However, we will apply that deposit to our bill for legal services and costs and the application will be reflected in the bill for services that you receive. You agree to keep the balance of the retainer at $50,000.00.

### 4.     Settlement.

Mount & Stoelker will not settle the claims against you without your approval. You have the right to accept or reject any proposed settlement. You agree to act reasonably in deciding whether to accept or reject any settlement proposal. If you refuse to accept any reasonable settlement proposal which this firm has recommended that you accept, this firm may then withdraw from further representation of you in this matter upon such ground. We will notify you promptly of the terms of any settlement offer received by Mount & Stoelker.

### 5.     Attorney's Lien.

You hereby grant us a lien on any and all claims or causes of action that are the subject of our representation of you. Our lien will be for any amounts owing to us. The lien

00021

EXHIBIT D-2

Pretec Electronics Corp.
Attn: Charles Lin.
October 7, 2002
Page 4

will attach to any recovery you may obtain, whether by settlement, arbitration award, court judgment or otherwise.

6.     Termination of Relationship.

You may discharge Mount & Stoelker at any time.  If, at the time of discharge, Mount & Stoelker is your attorney of record in any proceeding, you will execute and return a substitution-of-attorney form immediately on its receipt from Mount & Stoelker. Notwithstanding any such discharge, the signators to this agreement agree to pay Mount & Stoelker its fees and Costs through the date of discharge.

Mount & Stoelker may withdraw at any time as permitted under the Rules of Professional Conduct of the State Bar of California.

7.     Release of Client's Papers and Property.

After our services have concluded, we will, upon your request, deliver your files to you, along with any of your funds or property then in our possession.  If no written instructions are received from you regarding disposition of the file materials, they will be destroyed 24 months after our services conclude.

8.     Disclaimer of Warranty.

Nothing in this agreement and nothing in our statements to you will be construed as a promise or a guarantee of the outcome of this matter.  We make no such promises or guarantees.  Our comments about the outcome of this matter are expressions of opinion only.

9.     Entire Agreement.

This writing contains our entire agreement regarding this firm's representation of you and regarding payment of fees.  No other agreement, statement, or promise, whether written or oral, that was made on or before the effective date of this agreement will be binding on the parties.

10.     Arbitration of Dispute.

If a dispute arises between Mount & Stoelker and you regarding any aspect of this agreement or its implementation, including but not limited to the following: (a) Mount & Stoelker's claim for attorney's fees or costs under this agreement; or (b) any claim you may make for unsatisfactory performance, including a claim of legal malpractice; you agree to

EXHIBIT D-2

Pretec Electronics Corp.
Attn: Charles Lin.
October 7, 2002
Page 5

submit the matter to binding arbitration before the American Arbitration Association in Santa Clara County.

      BE ADVISED THAT, BY AGREEING TO THIS PROVISION, BOTH OF US ARE WAIVING ANY RIGHT ONE MAY HAVE TO A TRIAL BY JURY.  IF YOU CONSENT TO SUBMIT YOUR CLAIMS TO BINDING ARBITRATION, PLEASE INDICATE BY PLACING YOUR INITIALS IN THE SPACE PROVIDED:

                      PRETEC ELECTRONICS CORP.

                      Its _____

Mount & Stoelker

      This agreement will take effect immediately upon receipt of the total retainer of $50,000.00.  Please do not hesitate to contact me if you have any questions regarding this letter.

                Sincerely,

                Daniel S. Mount

The foregoing accurately reflects our agreement.

Dated: Oct 10, 2002

                PRETEC ELECTRONICS CORP.

                By _____ Its _____

z:/Pretec002; 002;003/Fee Agreement Letter

00023

Leodis C. Matthews [SBN 109064]
MATTHEWS & PARTNERS
4322 WILSHIRE BOULEVARD, STE. 200
LOS ANGELES, CALIFORNIA 90010-3792
TELEPHONE: 323.930.5690
FACSIMILE: 323.930.5693

Attorneys For Claimant:
C-One Technology & Pretec Electronics

## BEFORE THE AMERICAN ARBITRATION ASSOCIATION

In The Arbitral Matter Between        )
                                      )
C-ONE TECHNOLOGY, a Taiwanese )
Corporation;  Pretec  Electronics )
Corporation,                          )
                                      )
                        Claimants, )
And                                   )
                                      )
                                      )
                                      )
MOUNT & STOELKER, a Professional )
Corporation,                          )
                                      )
                                      )
                        Respondent )
                              . )

AAA File No. 50 194 T 0000608
AAA Confirmation No. 002-IV3-Z75

FIRST AMENDED
STATEMENT OF CLAIM
OF
C-ONE TECHNOLOGIES
FOR
BREACH OF CONTRACT
BREACH OF FIDUCIARY DUTY
MISREPRESENTATION
AND
INDEMNIFICATION

Comes Now, C-ONE TECHNOLOGY ["C-One"] and PRETEC ELECTRONICS CORPORATION

["Pretec"] by and through its attorneys of record, Leodis C. Matthews,  Matthews and Partners,

hereby files this Statement of Claim against MOUNT & STOELKER, P.C. ["M&S"], a San Jose,

AMENDED STATEMENT OF CLAIM
C-One & Pretec Electronic Corp.  v. Mount & Stoelker - AAA Claim No 002-IV3-Z75        -1-

00024

EXHIBIT C

California law firm which holds itself out as having an international client base and which "specializes in intellectual property litigation". M&S further represent that it has "successfully represented clients in lawsuits involving (among other things) Patent(s)" and employs attorneys who "are knowledgeable about technologies", including but not strictly limited to "Electronic Circuitry" and "Memory Devices"[1].

While the gravamen of this claim revolves around the reasonableness and unconscionableness of the legal fees and costs paid, as well as those which are allegedly still due and owing, its genesis lay on the well founded legal principals of contract, indemnification, professional responsibility, and the fiduciary duties which attorneys owe to their respective clients throughout the course of the attorney-client relationship and beyond.

## I.
## THE PARTIES

1    At all times herein relevant, C-One is and was a Taiwanese Corporation which has its principal place of business in Hsin-Chu, Taiwan.

2    At all times herein relevant, M&S is and was a Professional Corporation engaged in the practice of law with its principal office located in the City of San Jose, County of Santa Clara, State of California.

---

[1] Ref.: http://www.mount.com/index.cfm (Areas of Practice: Intellectual Property Litigation)

3.    Pretec was at all times herein relevant a California Corporation[2] which had its principal place of business in the City of Fremont, California and distributed by C-One's technological products in the United States, which included certain and specific flash memory devices. Pretec is a wholly separate and distinct legal entity from C-One and have separate business operations as well as separate personnel, separate business facilities and operations.

## II.
## The Facts Leading To The Filing of This Claim

A.    The Various Litigation Matters

4.    On or about April 21, 2001 Lexar Media, Inc.["Lexar"][3], filed a patent infringement case in federal district court (Northern District of California Case No 00-4770 MJJ) against several defendants, including Pretec, C-One[4] and Memtec Products, Inc. ["Memorex"][5], alleging that the flash memory controller units manufactured by C-One, distributed by Pretec, and sold by Memorex infringed upon five of Lexar's patents.

5.    On or about July 30, 2001 C-One and Pretec entered into a written indemnification

---

[2] Pretec's corporate structure has since been dissolved.

[3] Referred to in M&S invoices as "File No. Prete.001".

[4] C-One was substituted in later in time in the stead of a fictitiously named Doe Defendant (See Below).

[5] PNY Technologies, Inc., a Delaware Corporation, was also a named defendant in this action and Pretec and C-One also provided a defense for PNY for certain claims pursuant to its distributor agreement.

agreement with Memorex whereby C-One and Pretec agreed to fully defend, indemnify, and hold

Memorex harmless from and against all claims or causes of action that have been raised, could

have been raised by Lexar or any third party in connection with any Products sold by Memorex

that may infringe or violate the patent, copyright, trade secret, or other intellectual property right

of a third party.  More specifically, the scope of this indemnity included, without limitation, the

following:

> 1. . . . .(I) the obligation of C-One and Pretec to pay on behalf of Memtek any and all losses, costs, damages (compensatory and punitive), expenses, judgments, settlements, awards of costs or attorney fees, royalties, or any other amounts arising out of any claim that Memtek paid or is required to pay to opposing parties in connection with such claims; and (ii) the obligation for C-One and Pretec to assign counsel of its choice acceptable to Memtec to undertake the professional responsibility of representing Memtek in Lexar's claim and to assert any counterclaims, cross-claims, and/or third party claims arising out of the same transaction or series of transactions, and to pay all fees and expenses of such counsel and other professionals rendering assistance to such counsel. . . . . .

> 2.  C-One and Pretec agree to instruct its counsel to communicate with Memtec . . . and to keep Memtec regularly informed of the progress of the Action, settlement discussion, and any related third party claims or allegations of infringement.  Memtec retains the right to have its counsel participate in any proceedings relating to Lexar's and/or any third party claims at Memtec's sole cost and expense; provided, however, that if Memtec claims that C-One or Pretec has breached this Agreement or is not satisfied with the legal representation being provided by C-One or Pretec on its behalf, then Memtec also reserves the right to serve written notice in C-One or Pretec and to have its own counsel resume representation of Memtec, and in that event Memtec reserves the right to seek recovery of all damages, attorney fees, and costs, and C-One and Pretec reserve the right to raise all claims and defenses thereto.

6.    Thereafter, on or about October 20, 2001, SanDisk Corporation ["SanDisk][6] filed a separate complaint in federal district court (Northern District of California Case No 01-4063 VRW) against, amongst others, Memorex and Pretec in which it alleged that the flash memory technologies products distributed by Pretec and Memorex infringed on a SanDisk patent. C-One was never a named party in the SanDisk case.

7.    Pursuant to the express terms of the Indemnity Agreement set forth above C-One and Pretec were obliged to indemnify and hold Memorex harmless in the SanDisk case as well.

8.    On September 26, 2003 Memorex filed a Complaint for Declaratory Relief, Breach of Contract, and Injunctive Relief against both C-One and Pretec (Alameda Superior Court Case No RG03118916) alleging specific breaches of the Indemnification Agreement[7].

B.    **M & S's Representation In Connection With Lexar And SanDisk**

9.    Initially, attorney Thomas C. Jeing was retained to represent Pretec and Memorex in both the Lexar and SanDisk federal court actions in or around October 2001. However, in or around October 2002, it became apparent that Mr. Jeing had abandoned any meaningful

---

[6] Referred to in M&S invoices as "File No. Prete.002".

[7] These allegations and their implication on this instant claim will be discussed more fulsomely below.

representation of either Pretec or Memorex in both of these pending patent infringement cases[8].

10.    On or about October 7, 2002 M&S was retained to represent Pretec, and the two American distributors, Memorex and PNY, in the Lexar litigation but Memorex declined to accept M&S's representation and instead retained the firm Keker & VanNest, LLP, to represent its interests. (A copy of the Pretec/M&S attorney fee agreement is attached as Exhibit D-1).

11.    M&S was also retained on that October 7, 2002 date to represent both Pretec and Memorex in the SanDisk case.  M&S continued to represent Memorex in SanDisk through on or about November 14, 2002[9].  (A copy of the Pretec/M&S attorney fee agreement is attached as Exhibit D- 2).

12.    On May 8, 2003 C-One was served in Taiwan with a summons and an amended complaint naming it as an additional defendant in the Lexar litigation at which time M&S appeared on behalf of C-One as its attorneys of record.  Although M&S actively represented both C-One and Pretec in Lexar until May 30, 2006, at which time its motion to withdraw as attorneys of record was granted[10], no retainer agreement was ever entered into by and between C-One and

---

[8] Mr. Jeing also abandoned several other clients' cases during this same time and was ultimately disciplined by the California State Bar [Case Nos. 03-O-02715, 03-O-03913, and 04-O-13946].

[9] More fulsomely discussed in subsections "C" below.

[10] The court gave C-One and Pretec thirty days to find substitute counsel.

M&S regarding this representation.

13.    On July 11, 2003, Memorex sent a letter to C-One and Pretec requesting that they approve and finance a proposed settlement agreement by and between Memorex and SanDisk. Acting on the advice of M&S, C-One and Pretec informed Memorex that it would neither approve nor finance the settlement agreement and further went on to assert that they were not obligated under the indemnification agreement to pay for the fees and costs of Memorex's separate representation in both Lexar and SanDisk.

14    M&S ceased to actively participate and represent Pretec in SanDisk after filing its first motion to withdraw in May 2006. M&S's second motion to withdraw as counsel for Pretec was also denied on June 6, 2007 "for the same reasons and with the same conditions as its prior (May 2006) motion to withdraw"; to wit: M&S "fails to show that Pretec has obtained substitute counsel or that Pretec refuses to engage new counsel. To the contrary, the current motion requests that the court allow counsel to withdraw and "provide Pretec with appropriate time to engage new counsel'"".

15.    On June 14, 2005, Memorex was dismissed from Lexar with prejudice based on its approval of the settlement agreement and mutual release reached by and between its attorneys (not M&S) and those representing the Plaintiff.

16.    On November 8, 2006 a stipulated order was entered in Lexar which substituted

the firm Beck, Ross, Bismonte & Finley, LLP, as attorneys of record for PNY in the stead of M&S.

17.    Thereafter, on April 18, 2007, PNY entered into a settlement agreement with the Plaintiff in Lexar which resulted in its dismissal from the case with prejudice on May 8, 2007.

18.    It is noted with acute particularity that in the Lexar litigation, all named defendants have already settled and have been dismissed except for C-One and Pretec and, with respect thereto, since retaining new counsel on June 30, 2007, C-One and Pretec has reached a settlement with the Plaintiff in the Lexar matter.

19.    Similarly, Pretec, with the same new counsel, has also reached a tentative settlement in the SanDisk litigation (all other Defendants having long since either settled or dismissed on other grounds). Until new counsel became attorney of record for SanDisk, on or about July/August 2007, M & S remained counsel of record in those proceedings.

C.    The Interplay, Relevance, and Significance of the Superior Court Action

20.    In its Statement of Decision of April 26, 2006 (Phase One), the State Superior Court found that Memorex was "justified, using an objectively reasonable standard of acceptability, in finding that (M&S) and their actions unacceptable under the terms of the Indemnification Agreement". In making this finding, the Court cited, *inter alia*, the following established facts:

      a.      That M&S failed to communicate with Memorex's designated in-house counsel;

      b.      That M&S did not communicate regularly to Memorex the status of important events in the SanDisk case;

      c.      That M&S failed to provide Memorex with copies of the pleadings in the SanDisk case and did not clearly state the position it was taking in the SanDisk sanctions regarding Memorex and Pretec's respective conduct and culpability; and

      d.      That M&S failed to inform Memorex that SanDisk was attempting to obtain sanctions against Memorex because of M&S's failure to present evidence that Memorex had no knowledge of Mr. Jeing's actions[11].

21.      In making its ruling that Memorex had objectively reasonable grounds for rejecting M&S, the Court made further and peculiar reference to a letter to Memorex from an M&S attorney (Ron C. Finley), dated November 15, 2002, which it found illustrative of "Memorex's concerns about the potential conflicts with" M&S's duel representation; noting that the "letter begins by stating that it sets forth Pretec's position. The letter then refers to Pretec as "our client". The letter takes positions adverse to Memorex in outlining why Pretec did not believe

---

[11] In SanDisk, the court imposed sanctions against both Mr. Jeing and Memorex while in Lexar, where Memorex was represented by Keker and VanNest, sanctions were only imposed against Mr. Jeing alone.

it was responsible for Memorex's legal fees. . . . The tone of the letter, failure to specifically state that Mr. Finley was neutral in any disputes between the parties, and advocacy on behalf of Defendants' (C-One and Pretec) position against Memorex, would give the recipient Memorex reasonable doubt about the loyalties of Mr. Finley."

22.    The State Superior Court further found that (1) C-One and Pretec breached the terms of the Indemnification Agreement and (2) that Memorex may recover damages as provided in Section 2 of the Agreement subject to any remaining defenses C-One and Pretec may have.

23    Two months later, on June 26, 2006, M&S's motion to be relieved as counsel for C-One and Pretec was granted.

24.    On December 15, 2006, a default judgment, which became final on January 14, 2007, was entered against C-One and Pretec and in favor of Memorex in the amount of $1,046,895.02 down as follows:

a.    $374,956.52 for attorney fees and costs incurred in the Lexar and SanDisk cases;

b.    $486.939.50 for attorney fees and costs incurred in litigating the Superior Court action; and

c.    $185,000.00 for the amount Memorex paid in settlement of the Lexar case.

D.    M&S Billings For Legal Services Rendered

25.    M&S's invoices for fees ($3,759,224.42) and costs together totaled $3,915,251.73 were all billed to its Pretec accounts and were paid in full.  Both Pretec and C-One believe that M&S are also seeking additional fees and costs over and above the amounts previously paid.

26.    For the reasons set forth below, Pretec and C-One challenge both the reasonableness and propriety of these fees and costs.

### III.
### C-One and Pretec Base This First Claim Against M&S
### Relating to the Alameda County Superior Court Case
### On The Relevant Facts As Set Forth Above And
### The Following Arguments

27.    Of the total amount of fees and costs paid to M&S to date, $727,156.00 in fees and $10,635.38 in costs were billed as legal services and costs rendered and expended in connection with M&S' representation of C-One and Pretec in the Lexar and Pretec federal cases when in fact they were actually performed and directly related to M&S's defense of C-One and Pretec in the Superior Court Action filed by Memorex.

28.    In addition to these fees, C-One and Pretec were also ordered to pay Memorex $486.939.50 for its attorney fees and the costs it incurred in litigating the Superior Court action.

A.    <u>No Written Fee Agreement Between The Parties Covered This Matter</u>

29.    The written fee agreements between Pretec and M&S dealt solely with the two federal court actions (Lexar and SanDisk) which involved federal issues and questions of law

---

relating to intellectual property and patent infringement.

      30.    While the fee agreement does refer to "any other matters in which we might represent you", it is C-one's position that it was not a party to this agreement and it is Pretec's position that at the time that this written agreement was executed it was not contemplated by the parties that it would become embroiled in a state court civil action which, for the reasons set forth below, was the direct and proximate result of M&S' legal advice and its failure to communicate with Memorex as required by the express terms of the Indemnification Agreement.

## B.    Misrepresentation of the Law

      31.    Both C-One and Pretec contend that its officers and directors were all Taiwanese nationals who had no education in United States law, that English was not their native tongue, and that did not have any prior experience dealing with either American contract law let alone the intricacies of U.S. Patent Law. Accordingly, when M&S advised both C-One and Pretec that, in its legal opinion, neither C-One nor Pretec was under any obligation to pay for either Memorex's separate legal fees or to approve the settlement offer Memorex had tentatively made with SanDisk, they had no reason to doubt these misrepresentations of the law at either the time that they were made or at the time it agreed to follow the advice of M&S as it related to its refusal of Memorex's demands for payment of its separate attorney fees and the approval and funding of the proposed settlement agreement.

32.    If either C-One or Pretec had been aware of both the true facts and the true nature of the law at the time it would have not taken the advice of M&S as it related to their obligations under the Indemnity Agreement and would have performed all of their obligations under the Indemnification Agreement with Memorex. Instead, on the advice of M&S they litigated the matter and ultimately lost because there was no factual or legal justification to deny to their obligations.

33.    As a direct and proximate result of M&S's misrepresentations of law and fact they incurred legal fees and costs billed by and paid to M&S in the total amount of $737,791.38 by reason of which both Pretec and C-One were damaged.

34.    As a further direct and proximate result of M&S's misrepresentations of law and fact, C-One and Pretec were ordered by the Court to additionally pay Memorex's attorney fees and costs in the State Court action, in the total amount of $486,939.50, which caused C-One and Pretec to suffer even further damage and detriment.

C.    Implied Equitable Indemnity

35.    As part of C-One and Pretec's Indemnity Agreement with Memorex they were required to assign, provide and pay for "acceptable" counsel to Memorex to undertake "the professional responsibility" of representing Memorex in the above-referenced Lexar and SanDisk federal patent infringement cases.

36.     In its Statement of Decision of April 26, 2006 (Phase One), the Court [Memorex v C-One (ACSC Case No RG02-118916] found that Memorex was "justified, using an objectively reasonable standard of acceptability, in finding that (M&S) and their actions unacceptable under the terms of the Indemnification Agreement". Thereafter, in the "Phase Two" trial, the Court entered its Judgment and Order on December 15, 2006 wherein C-One and Pretec were ordered to pay Memorex $486.939.50 for attorney fees and costs it had incurred in litigating the Superior Court action. This judgment was based on M&S's wrongful acts as set forth above.

37.     By reason of the foregoing, including the fiduciary duty M&S owed to C-One and Pretec as an integral of their attorney-client relationship, C-One and Pretec are entitled to indemnity from M&S for all of the attorney fees and costs awarded to Memorex in connection with its litigation of the Superior Court Action. This breach of duty is all the more egregious given the fact that M&S withdrew from the case prior to the Phase Two damage portion of the trial which resulted in a default judgment and damages against C-One and Pretec. .

**IV.**
**C-One Bases Its Second Claim Relating To M&S's Questionable Billing Practices In The Federal Lexar and SanDisk Cases On The Relevant Facts Set Forth Above, The More Particularized Facts Set Forth Immediately Below, And Their Attendant Arguments**

38.     According to a review of the invoices submitted by M&S in connection with the

professional services it rendered on behalf of C-One and Pretec in the Lexar and SanDisk federal cases (which also included services rendered in the Memorex State Court action), the following problems with M&S's billing practices exist:

**A.     Time Increments & Blocked Billing[12]**

39.     M&S billed time in 0.10 hour ( six minute) increments. Eighty-four (84%) percent (9,221 of 10,922) were billed in a block billing (multitask) format and only 32 of these total tasks were charged at the 0.10 hour increment.

40.     This method of billing prevented them from not only evaluating the reasonableness of time and fees charged for individual tasks but also prevented it from determining whether or not the total daily time and fees charged by any particular timekeeper was overstated, inflated, or duplicative of work performed by others.

41.     M&S charged $2,774,193.75 using blocked billing entries

**B.     Lack Of Meaningful Review**

42.     The exercise of meaningful billing judgment is a crucial element of an attorneys' legal fees and the appropriate exercise of this billing judgment requires a good-faith effort to exclude time charges for tasks that are excessive, redundant, or otherwise unnecessary.

43.     While occasional misspelling or typographical error is unavoidable by even the

---

[12] Blocked billing is the practice of grouping multiple tasks in a single entry with only a single time amount associated with all the tasks in the entry.

most conscientious law firm, on the other hand, a number of obvious errors in billing entries indicate a lack of attention by the law firm's billing partner as well as suggests the absence of a meaningful billing review.

44.    As is applicable here, there are 63 instances of obvious M&S task description errors were identified on all 87 invoices reviewed, including the misspelling of party names ("Lexar" for "Lexar", "Ritec" for "Ritek") and the misspelling of the *City By the Bay* ("San Fracisco" instead of "San Francisco").

45.    Viewed in a vacuum this apparent lack of attention to detail may lose its significance.    However, the failure of M&S billing attorneys to identify and correct task description errors in the firms invoices is especially noteworthy in the context of the frequency of charges at premium rates by M&S partner-level attorneys for such things as "review", "attention to", and "consider" Lexar and SanDisk files and documents.

C.    Double Billing[13]

46.    The invoices prepared and submitted by M&S to Pretec and paid by C-One contain at least 5.65 hours, for a combined fee total of $2,091.00 which appear to be for identical task descriptions.

////

---

[13] Double Billing is defined as tasks billed on the same day and performed by the same timekeeper where the task descriptions and time billed are identical or nearly so.

D.    Hourly Billing Increases

47.    The fee agreements by and between M&S and Pretec provided for a maximum hourly rate of $400 per hour for senior attorneys to a low of $190 per hour for less experienced attorneys. While the agreement further provided that this "rate schedule may increase from time to time" at no time did M&S give Pretec any advance notice of an anticipated, future rate increase prior to it being implemented.

48.    Claimants are informed and believe that, during the course of M&S's representation, M&S implemented rate increases for 13 timekeepers one or more times, ranging from a low of 10% to a high of 89%, without prior notice. The rates for named partner Daniel Mount increased by 19%.

49.    Claimants are further informed and believe that the total amount of fees billed based solely upon these increased rates is at least $377,560.50.

E.    Potentially Rounded-Up Time Entries

50.    Claimants further contend that timekeepers who demonstrate an obvious pattern (increments of 0.25, 0.50, or 1.00 hour) may be systematically overcharging the actual time required to perform the task or tasks described.

51.    For example, attorney Mount submitted 588 total billing entries related to the Lexar and SanDisk cases of which 554 (or 94%) suggest a significant pattern of potentially round-up

entries (63 entries were even-hour amounts, 158 entries were half-hour amounts, and 333 were quarter-hour amounts). The total time charged by attorney Mount in these increments totaled $481,862.50.

F.    Non-Defense Related Activities

52.    Claimants contend that a law firm's activities to prepare and obtain court approval for a motion to withdraw are not considered defense-related tasks chargeable to the client. Likewise, tasks related to winding up the relationship after withdrawal motion has been filed are also considered noncompensable.

53.    The invoices submitted by M&S display combined hours of 51.48 and combined fees of $14,655.32 which identify tasks related solely to M&S's withdrawal from the Lexar and SanDisk litigation.

G.    Vaguely Described Tasks

54.    Claimants contend that, at a minimum, task descriptions should identify each service separately and in a manner sufficient to permit the client to determine the nature of the professional services performed and its benefit to the client. Here, M&S, a law firm which claims a level of expertise regarding patent litigation matters should be skilled in drafting accurate task descriptions that are both highly descriptive and yet still preserve both privileged and otherwise confidential client information.

55.    M&S firm task descriptions for the most part do not meet the objective standards of specificity and for the most part are so unacceptably vague that they preclude any insight into the nature of the task performed.  For instance:

a.    2,920 task descriptions referencing documents, issues and litigation activities prefaced only with the phrase "attention to";

b.    924 task descriptions were charged to "consider" or "consider issues re specific documents:

c.    598 task descriptions relating to meetings, internal conferences and telephone calls were so vaguely described that they shed absolutely no light on the subject matter being discussed;

d.    250 task descriptions relating to correspondence and correspondence review which neither identified an intended recipient or detail nor identified the source or its subject matter; and

e.    222 task descriptions for miscellaneous tasks, such as "review", which were too generally described to be meaningful.

56.    Taken together, a combined total of 4,934.44 hours and $1,570,038.94 in fees were charged by M&S for the types of vaguely described tasks set forth above.

H.    Duplication of Effort

57.    Claimants contend that since M&S identifies itself as a patent litigation specialist, attorneys with that level of skill and experience should, in most instances, be able to handle important client matters without the involvement of multiple attorneys. However, since the retainer agreement does provide that "legal personnel assigned to this matter will confer among themselves as required, the following summary defines "Duplication of Effort" when time is charged by more than two attorneys and when preparation for activities are charged by attorneys who did not attend or participate in the activity for which such preparation time was billed. Using this yardstick, the following billing errors are identified:

a.    M&S billed 25.36 hours and $5,407.75 in combined fees for multiple involvement in outside meetings and conferences.

b.    M&S billed 69.57 hours and $16,835.58 in combined fees for multiple involvement at court appearances and depositions.

c.    M&S charges for internal firm conferences are approximately 7% of the total fees billed by the firm. Although productive conversations on relevant legal and factual issues between firm attorneys was contemplated by the retainer agreement, C-One contends that since meetings between three or more attorneys (particularly those which include associates and junior associates) have a significant downstream administrative component, it should not be charged for

the time M&S used to train its associates and, with respect thereto, C-One has identified at least 11.19 hours and combined fees of $2,570.64 associated with unnecessary participation in intra-office conferences.

I.    **Duplicative or Redundant Activities**

58.    Claimants concede that there are legitimate reasons for law firms to sometime charge for more than one timekeeper to research the same topic, prepare the same letter, pleading, or memorandum, or review the same document. However, Claimants nevertheless contend that these duplicative and/or redundant activities should not be billed to the client if their underlying purpose was to benefit the law firm rather than directly aided M&S in the presentation of their clients' defense, particularly where the utility to the client of these redundancies cannot be demonstrated.

59.    With respect to litigation project activities, by allowing the time and tasks charged by the most senior attorneys on these projects, and questioning only the duplicative involvement of lower level attorneys, C-One and Pretec are informed and believe that a combined total of $1,434.75 hours and a total of $258,488.10 in combined fees show duplicative efforts.

60.    Both C-One and Pretec submit that more experienced attorneys frequently review and edit drafts of major pleadings prepared by less experienced attorneys. By the same token, they are informed and believe that multiple review of the same documents by multiple attorneys is also

at times duplicative. Likewise, charges by both junior and senior attorneys to review the same

incoming documents also reflects a similar redundancy. By questioning only the time charged by

the more junior attorneys, C-One and Pretec are informed and believe that at least 54.09

cumulative hours and $11,727.50 in combined fees are either duplicative or redundant.

61.     Claimants are further informed and believe that at least five sporadic timekeepers,

each of whom billed less than 15.00 hours, are lacking in utility, nonproductive, or duplicative of

the activities of the other and more regular timekeepers. Likewise, none of the transient billing

by attorney LaFleur for all three entries charged to the "Polaroid" matter, none of which appeared

to reflect substantive legal services on an identifiable project.[14] Within this category, the efficacy

of the 30.80 hours and combined fees of $6,881.00 billed by M&S and paid is improperly reflected

in the Pretec invoices.

J.     Legal Research and Drafting Projects

62.     As advertised M&S attorneys are specialists in patent litigation and should therefore

be well-versed with basic procedural rules of the jurisdictions where they routinely practice as

well as the substantive area of law for which the law firm represents itself to have a superior level

of competence. Notwithstanding the vagueness of its billings, at least $6,783.33 in combined

legal fees for legal research activities is invoiced for which the subject matter as described is such

---

[14]/ M &S billed Pretec for work on a "Polaroid" matter not apparent from its fee
agreement and not involved in either the SanDisk or Lexar nor Memorex matters.

that an experienced patent litigation attorney should already be most familiar with.

K.    Clerical Tasks

63.    Clerical tasks are those types of tasks that do not require legal acumen and that secretaries, file clerks, messengers, and other nonprofessional staff (as opposed to attorneys, paralegals, and legal assistants) can effectively perform. M&S timekeepers charged for such tasks as new matter set-up and organization, scheduling meetings and events, electronic document retrieval, scanning, copying, e-filing, and simple document organization; all of which fall within the ambit of the definition of a "clerical task".. With peculiar reference thereto, not less than 408.35 total hours and $55,664.15 in combined costs and fees was inappropriately charged to Pretec for the performance of such "clerical" tasks by its professional legal staff.

L.    Administrative Tasks

64.    While Claimants recognize that administrative tasks such as preparing invoices, managing and supervising support staff, processing invoices, in-house training and continuing education for attorneys, preparing budgets and forecasts, scheduling, software and systems training, and other similar tasks of an administrative nature are necessary for the effective and efficient administration of a law practice, they contend that these types of tasks are not typically considered "legal services" passed on and chargeable to a client. At least 98.23 total hours and $29,975.75 in combined fees were billed to Pretec as "legal fees" when in fact that they were

actually administrative "costs".

M.    <u>Expenses</u>

65.    M&S should have provided supporting documentation for external expenses to allow for the reconciliation of the expense charges to underlying receipts to determine if the expenses are billed to the appropriate client matter and at actual cost.  The external expenses totaling $155,580.31 for which no supporting documentation was provided and on this basis alone considers these external expenses questionable.

66.    M&S also billed Pretec for computer-assisted legal research charges totaling $16,868.38[15].  Traditionally, a "brick and mortar law library" was treated and considered as an overhead expense.  C-One and Pretec contend that computer-assisted legal research is but an alternative means of conducting legal research and accordingly should be treated the same - as part of the law firm's overhead and the cost included in the determination of M&S' hourly rates.  This is all the more true if the legal research engine is provided to the law firm as a fixed, monthly cost.

N    <u>Based On The Foregoing Billing and Collection Practices As Alleged M&S Breached Its Fiduciary Duties to C-One and Pretec</u>

67.    California Rules of Professional Conduct, Rule 3-500 states that an attorney has an affirmative duty to communicate promptly with a client regarding any significant changes in its

_____

[15] This amount is included in the $155,580.31 set forth in Paragraph 65 but is set forth separately in this paragraph for the purpose of advancing an additional basis for this particular line-item's exclusion from the invoice

representation and included in the definition of "significant changes" is the requirement that attorneys provide their clients with advance notice of any changes in the amount of the fees being charged for the services being rendered. M&S failed to provided C-One with advance notice of the numerous increases in fees prior to the time when these increases were implemented.

68.     Under California Rules of Professional Conduct [Rule 4-200(A)] it a breach of an attorneys fiduciary duty to either charge or collect an unconscionable fee. Rule 4-200(B) sets forth a series of factors to be considered in determining whether or not a fee is unconscionable; not the least of which include: [a] the amount of the fee in proportion to the value of the services performed; [b] the relative sophistication of the lawyer and the client; [c] the informed consent of the client to the fee; and [d] the amount involved and the results obtained.

69.     As is wholly applicable here, M&S collected $3,759,224.72 in fees and $156,027.31 in costs  before making its motion to withdraw without any result to its client favorable or otherwise. Corollary, Memorex was able to settle its case with Lexar for $185,000 and incurred total attorney fees and costs for both the Lexar and SanDisk cases of only $374,956.52.

70.     Furthermore, of the $3,759,224.42 in fees billed and collected by M&S, C-One and Pretec is informed and believes that based on the result of a review of its invoices at least $2,395,022.40 (64%) of the attorney fees charged are questionable.

71.     Claimants contend that if the amount of the attorney fees must be in proportion to

the value of the services rendered [California Rules of Professional Conduct, Rule 4-200(B)], then

the value of M&S services, per force, be worth less than the $374,956.52 awarded to Memorex's

attorneys in the Superior Court action given that they at least obtained a "favorable result" for their

client in the underlying Lexar and SanDisk patent infringement cases.

72.    Separately, Pretec contends that it should not have been billed under its retainer

agreement with M&S for the legal services M&S performed on behalf of C-One.

73.    Separately, C-One contends that, absent a signed retainer agreement with M&S, it

is not bound by the billing arrangements set forth in the retainer agreement by and between M&S

and Pretec but rather should only be charge a reasonable fee based on quantum meruit.

### V.
### Claimants Bases the Third Claim Against M&S
### In Relation To The Federal Lexar and SanDisk Cases
### On The Relevant Facts Set Forth Above
### And The Following Attendant Arguments

A.    Equitable Indemnity Due To Breach Of Fiduciary Duty

74.    At the time that M&S was retained to represent Pretec in the Lexar and SanDisk

patent infringement cases it was informed that, pursuant to the express terms of an Indemnity

Agreement, both C-One and Pretec were required to assign, provide  and pay for "acceptable"

counsel to Memorex  to undertake "the professional responsibility" of representing Memorex in

the above-referenced Lexar and SanDisk federal patent infringement cases.

75.     In its Statement of Decision of April 26, 2006 (Phase One), the Court [Memorex v

C-One (ACSC Case No RG02-118916] found that Memorex was "justified, using an objectively

reasonable standard of acceptability, in finding that (M&S) and their actions unacceptable under

the terms of the Indemnification Agreement".

76.     After receiving this unfavorable ruling, M&S was granted leave to withdraw from

the case without first assuring that the corporations (C-One and Pretec) had been able to secure

substitute counsel.

77.     Thereafter, in the "Phase Two" trial, the Court entered its Judgment and Order on

December 15, 2006 wherein C-One and Pretec were ordered to pay Memorex's attorney fees and

costs in the Lexar and SanDisk federal cases in the total amount of $374,956.52.  This judgment

was based in large measure on the court's factual findings regarding M&S's wrongful acts, as set

forth above, including but not strictly limited to its failure to communicate with Memorex and the

statements attributed to M&S attorney Finley which the court concluded afforded reasonable

grounds to doubt M&S's loyalty.

78.     By reason of the foregoing, including the professional responsibility and fiduciary

duty M&S owed to both C-One and Pretec as an integral part of their attorney-client relationships,

C-One and Pretec are entitled to indemnity from M&S for all of the attorney fees and costs,

including any and all pre and postjudgment interest, awarded to Memorex in Alameda Superior

Court civil action filed in connection with C-One and Pretec's obligations under the agreement to indemnify Memorex.

## V.
## Requested Relief

**Wherefore**, and in light of all of the above, C-One requests an arbitral award of its claims as follows:

1.    With respect to C-One, given the lack of a signed retainer agreement, that M&S's attorney fees and costs be calculated and based on a Quantum Meruit basis only.

2.    With respect to Pretec, that its invoices be recalculated so as to exclude any and all legal services and costs associated with its representation of C-One in both the Lexar federal matter and the Memorex civil action.

3.    That the fees and costs invoiced to Pretec and paid in connection with the "Polaroid" matter be removed and reimbursed as being both unauthorized and outside the scope of the signed retainer agreement.

4.    That the fees and costs associated with M&S's representation of C-One in the Lexar case but invoiced to Pretec be reimbursed to Pretec and charged separately and directly to C-One.

5.    That, given the lack of a signed retainer agreement between M&S and C-One, all legal services provided to C-One in both the federal and state court actions be recalculated on the basis of quantum meruit.

6.     That the total, combined aggregate amount of those fees and costs associated with M&S's representation of C-One and Pretec in the two federal patent infringement cases (Lexar and SanDisk) be no greater than the $374,956.52 awarded to Memorex in the Alameda Superior Court case on the ground that based on the services performed and the results obtained the fees and costs collected by M&S from C-One are both excessive and unreasonable.

7.     That M&S be ordered to reimburse Claimants for the difference between the fees and costs found to be reasonable and proper under the circumstances set forth herein and the $3,759,224.42 in fees and $156,027.31 in expenses (for a total of $3,915,251.73) invoiced to Pretec which have already been paid and which M&S has already received

8.     That M&S hold harmless and indemnify both C-One and Pretec by reimbursing them for the $486,939.50 they were ordered to pay Memorex for the attorney fees and costs it incurred in litigating the Alameda County Superior Court civil action.

9.     That M&S hold harmless and indemnify both C-One and Pretec by reimbursing them for the $374,956.52 in separate attorney fees and costs awarded to Memorex in the Alameda Superior Court case which were incurred by Memorex a direct result of the judgment holding that Memorex was "justified" in its refusal to accept M&S as its appointed counsel.

10.     For interest on the amounts awarded as a result of this claim.

11.     For attorneys and costs pursuant to AAA Rules.

12..    For such other and further relief as is deemed proper.

Respectfully Submitted

Leodis C. Matthews
Attorneys for Claimants

Date: February 15, 2008

# Exhibit D

00054

1 | PHILLIPS, GREENBERG & HAUSER, L.L.P.
JERRY R. HAUSER, SBN. 111568
2 | ERIK C. VAN HESPEN, SBN. 214774
Four Embarcadero Center, 39th Floor
3 | San Francisco, California 94111
Telephone:     (415) 981-7777
4 | Facsimile:     (415) 398-5786

5 | Attorneys for Plaintiff,
MOUNT & STOELKER, A PROFESSIONAL CORPORATION
6

7

8 |                    IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                          IN AND FOR THE COUNTY OF SANTA CLARA
10

11 | MOUNT & STOELKER, A PROFESSIONAL          CASE NO.: 108 CV 105975
     CORPORATION,
12
                         Plaintiffs,          NOTICE OF MOTION AND MOTION
13 |                                           FOR PRELIMINARY INJUNCTION
            -v-
14 |                                           Date:     March 25, 2008
     C-ONE TECHNOLOGY, A TAIWANESE             Time:     9:00 am
15 | CORPORATION; PRETEC ELECTRONICS           Dept.:     5
     CORPORATION, A CALIFORNIA
16 | CORPORATION; INTERNATIONAL
     CENTER FOR DISPUTE RESOLUTION, A
17 | DIVISION OF THE AMERICAN
     ARBITRATION ASSOCIATION; AND
18 | DOES 1 through 50 inclusive,

19 |                         Defendants.
                                        /
20

21 |        To all parties and their attorneys of record:

22 |        PLEASE TAKE NOTICE that on March 25, 2008 at 9 a.m., or as soon thereafter as the matter

23 | can be heard in Department 5 of this court, located at 191 North First Street, San Jose, California,

24 | Plaintiff Mount & Stoelker, A Professional Corporation ("Mount & Stoelker") will and does move

25 | the Court for an order enjoining defendants C-One Technology ("C-One"), Pretec Electronics

26 | Corporation ("Pretec") and the International Center for Dispute Resolution, a division of the

27 | American Arbitration Association ("ICDR") and their agents and employees and any other person or

28 | entity acting on their behalf from pursuing or taking any action in an arbitration proceeding initiated

1 │ by C-One against M&S before the ICDR, Number 50 194 T 00006 08 (the "C-One Arbitration") and

2 │ that said arbitration be stayed during the pendency of this action.

3 │      This motion is made on the grounds that: (1) there is not contractual agreement between

4 │ Mount & Stoelker, on the one hand, and C-One and Pretec, on the other hand, requiring that the

5 │ claims set forth in the C-One arbitration proceeding be subject to arbitration; (2) C-One is seeking to

6 │ enforce an arbitration agreement in which it is not a signatory; (3) C-One and Pretec refused to

7 │ dismiss the arbitration; (4) C-One, Pretec and the ICDR assert that the C-One Arbitration will go

8 │ forward even if Mount & Stoelker refuses to participate on the contention that they have the right to

9 │ proceed with the arbitration even if Mount & Stoelker does not participate in said arbitration; (5) C-

10 │ One, Pretec and the ICDR assert that the ICDR has right to determine its jurisdiction under

11 │ international law governing arbitrations; (6) there is a likelihood of success on the merits since there

12 │ is no dispute that C-One is not signatory to the fee agreement between Mount & Stoelker and Pretec

13 │ which allegedly contains arbitration agreement; (7) in the fee agreement between Mount & Stoelker

14 │ and Pretec, Pretec elected to exclude the arbitration; and (8) unless C-One, Pretec and the ICDR are

15 │ restrained by court order from proceeding with the C-One Arbitration pending this action, Mount &

16 │ Stoelker will suffer great and irreparable injury and will be compelled to submit to arbitration despite

17 │ the fact that no contract exists for said arbitration.

18 │      This application is based upon the Declaration of Daniel Mount, the Declaration of Jerry R.

19 │ Hauser, the attached Memorandum of Points and Authorities, the Complaint and First Amended

20 │ Complaint filed in this action, and on such oral and documented evidence as may be presented at the

21 │ hearing on this motion.

22 │ DATE:  February 26, 2008           PHILLIPS, GREENBERG & HAUSER, L.L.P.

23 │

24 │                              By: _____

25 │                                  JERRY R. HAUSER

26 │

27 │

28 │                                         **00056**

2

1

## PROOF OF SERVICE

2

### *C-One v. Mount & Stoelker*

3

4    The undersigned declares: I am a resident of the United States and am employed in the City and County of San Francisco, State of California; I am over the age of eighteen years and not a party to the within action; my business address is Phillips, Greenberg & Hauser, LLP, Four Embarcadero Center, 39th Floor, San Francisco, California 94111. On the date indicated below, I served the following documents:

5

6

7    **NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION;**

8    **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION;**

9

10    **DECLARATION OF DANIEL S. MOUNT IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION; and**

11    **DECLARATION OF JERRY R. HAUSER IN SUPPORT IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

12

13    by placing a true copy thereof enclosed in a sealed envelope and served in the manner described below to the interested parties herein and addressed to:

14

15    Leodis Matthews                    Andrea H. Bugbee
      Matthews & Partners                ICDR Senior Case Manager
16    4322 Wilshire Blvd., Suite 200     International Centre for Dispute Resolution
      Los Angeles, CA 95110              1633 Broadway
17    Leesq@aol.com                      New York NY 10019-6708

18    X    **FEDERAL EXPRESS – OVERNIGHT DELIVERY:** I caused such envelope to be deposited with the Federal Express Office prior to the cut-off time for next day delivery with a shipping label properly filled out with delivery to be made to the addressee designated.

19

20

21    I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct. Executed on February 27, 2008 at San Francisco, California.

22

23    _____

24                    Valerie Vitullo

25

26

27

28

# Exhibit E

00058

1  PHILLIPS, GREENBERG & HAUSER, L.L.P.
   JERRY R. HAUSER, SBN. 111568
2  ERIK C. VAN HESPEN, SBN. 214774
   Four Embarcadero Center, 39th Floor
3  San Francisco, California 94111
   Telephone:    (415) 981-7777
4  Facsimile:    (415) 398-5786

5  Attorneys for Plaintiff,
   MOUNT & STOELKER, A PROFESSIONAL CORPORATION
6

7

8                  IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                   IN AND FOR THE COUNTY OF SANTA CLARA
10

11  MOUNT & STOELKER, A PROFESSIONAL          CASE NO.: 108 CV 105975
    CORPORATION,
12
                        Plaintiffs,            MEMORANDUM OF POINTS AND
13                                             AUTHORITIES IN SUPPORT OF
            -v-                                MOTION FOR PRELIMINARY
14                                             INJUNCTION
    C-ONE TECHNOLOGY, A TAIWANESE
15  CORPORATION; PRETEC ELECTRONICS           Date:      March 25, 2008
    CORPORATION, A CALIFORNIA                 Time:      9:00 am
16  CORPORATION; INTERNATIONAL                Dept.:     5
    CENTER FOR DISPUTE RESOLUTION, A
17  DIVISION OF THE AMERICAN
    ARBITRATION ASSOCIATION; AND
18  DOES 1 through 50 inclusive,

19                      Defendants.
                                        /
20

21

22

23

24

25

26

27

28

                                                                00059

# I.    INTRODUCTION

Plaintiff Mount & Stoelker, A Professional Corporation ("Mount & Stoelker") is a law firm that provided legal services to Defendant C-One Technology, A Taiwanese Corporation, ("C-One") in a federal patent case and a state law declaratory relief and breach of contract action. In addition to representing C-One in the above litigation, Mount & Stoelker also represented Defendant Pretec Electronics Corporation ("Pretec"), a California Corporation that dissolved in December of 2006, in the same litigation and a second federal patent case. Pretec was a subsidiary of C-One and handled the distribution of C-One's products in the United States. There is no dispute that Mount & Stoelker ceased representing C-One and Pretec in May/June of 2006 in the state court action and one of the federal actions. There is a dispute with regard to whether Mount & Stoelker continued to represent Pretec in the other federal action after May/June of 2006.

A dispute has arisen between Mount & Stoelker, C-One and Pretec with regard to the legal services that Mount & Stoelker performed. This dispute involves billing practices and claims that Mount & Stoelker was negligent in performing legal services. On January 11, 2008, C-One initiated an arbitration proceeding with the American Arbitration Association ("AAA") with regard to the above-referenced disputes, despite the fact that C-One asserts that there is no contract or retainer agreement between Mount & Stoelker and C-One for the performance of legal services. Initially, Pretec was not a party to the C-One Arbitration. Despite asserting no contract exists, C-One claimed that it had the right to arbitrate these disputes because the fee agreements between Mount & Stoelker and Pretec do contain arbitration clauses. After Mount & Stoelker objected to the C-One Arbitration on the ground that no arbitration agreement exists, C-One filed and amended arbitration claim which named Pretec, a dissolved corporation, as a claimant.[1]

C-One and Pretec do not have a right to arbitrate the existing dispute with Mount & Stoelker because there is no contractual agreement between the parties for arbitration. In the Mount & Stoelker/Pretec fee agreements, Pretec declined to include the arbitration clause in the contract, which reads as follows:

00060

---

[1] Mount & Stoelker, C-One and Pretec have agreed to stay the C-One Arbitration until April 1, 2008. If this court does not issue a preliminary injunction the C-One Arbitration will move forward.

1

1

2

3

4
 If a dispute arises between Mount & Stoelker and you [Pretec] regarding any aspect of this agreement or its implementation, including but not limited to the following: (a) Mount & Stoelker's claim for attorney's fees or costs under this agreement; or (b) any claim you may make for unsatisfactory performance including the claim of legal malpractice; you agree to submit the matter to binding arbitration before the American Arbitration Association in Santa Clara County.

5

6

7

8
 BE ADVISED THAT, BY AGREEING TO THIS PROVISION, BOTH OF US ARE WAIVING ANY RIGHT ONE MAY HAVE TO A TRIAL BY JURY. IF YOU CONSENT TO SUBMIT YOUR CLAIMS TO BINDING ARBITRATION, PLEASE INDICATE BY PLACING YOUR INITIALS IN THE SPACE PROVIDED (Exhibits A & B to the First Amended Verified Complaint, hereinafter "VC")

9   There is no dispute or question that Pretec did not place its initials in the space provided for

10  arbitration. Therefore, the arbitration clause by its term has been excluded from the Mount &

11  Stoelker/Pretec fee agreements. Simply put, there is no contractual agreement between Mount &

12  Stoelker, on the one hand, and C-One and Pretec to arbitrate these claims and therefore C-One and

13  Pretec have no right to initiate the arbitration.

14   In addition, AAA has designated the arbitration as an international arbitration to be governed

15  by international law and has assigned the matter to the International Center for Dispute Resolution

16  ("ICDR") in New York. This has taken place despite the fact that the arbitration clause in the Pretec

17  fee agreements, assuming it is included, states that the arbitration is to take place in Santa Clara

18  County. Further, the ICDR asserts that under international law, the arbitrator will decide its own

19  jurisdiction:

20

21

22

23
 With respect to the jurisdiction of the matter, the Parties are hereby reminded that pursuant to International Article 15 Sec. 1, the Tribunal shall shave the power to rule on its own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement. Additionally, pursuant to Article 15 Sec. 2, the Tribunal shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part.

24

25
 Lastly, unless the ICDR has the agreement of the Parties, or receives a Court Order issuing a Stay of the Arbitration, we must proceed with the administration of the matter. (Letter from ICDR. Hauser Dec., Exhibit D)

26   California law is clear, only the court can determine whether a non-signatory to an arbitration

27  agreement can enforce the arbitration provisions even if the parties to the agreement give the arbitrator

28  the power to determine jurisdiction. California law is also clear that the court must enjoin the arbitration

1  from going forward until it determines whether an arbitration clause exists and whether a non-signatory

2  can enforce it.

3  ## II.    FACTUAL BACKGROUND

4          On or about April 21, 2001, Lexar Media, Inc. ("Lexar") filed a patent infringement complaint

5  in the United States District Court, Northern District of California, Case Number 00-4770 (MJJ)

6  naming Pretec and Memtec Products, Inc. ("Memorex") as defendants. (VC, Exhibit C, ¶ 4) Lexar

7  alleged that Pretec distributed and Memorex sold flash memory controller units manufactured by C-

8  One that infringed upon five of Lexar's patents. C-One was not named as a defendant in the original

9  complaint. *Id*. On or about July 30, 2001, C-One and Pretec entered into a written indemnification

10  agreement with Memorex whereby C-One and Pretec agreed to fully defend, indemnify and hold

11  Memorex harmless from all claims raised by Lexar as well as any other third party claims in

12  connection with products sold by Memorex that it received from C-One and/or Pretec. (VC, Exhibit

13  C, ¶ 5)

14          On or about October 20, 2001, SanDisk Corporation ("SanDisk") filed a patent infringement

15  complaint in the United States District Court, Northern District of California, Case Number 01-4063

16  (VRW) against Pretec and Memorex alleging that the flash memory technology products distributed

17  by Pretec and Memorex infringed on SanDisk patents (the "SanDisk action"). (VC, Exhibit C, ¶ 6)

18  On or about October 7, 2002, Mount & Stoelker and Pretec entered into attorney-client fee agreement

19  wherein Mount & Stoelker agreed to represent Pretec in the Lexar action. Pretec did not initial the

20  arbitration clause electing to have all disputes submitted to arbitration in the fee agreement. (VC,

21  Exhibit A; Mount Dec., ¶ 2 & 4) On the same date, Mount & Stoelker and Pretec also entered into an

22  attorney-client fee agreement with regard to the SanDisk action. (VC, Exhibit B, Mount Dec. ¶ 2 &

23  4) Again, Pretec did not initial the arbitration clause thereby excluding the right to arbitration from

24  the fee agreement. Id. C-One was not a party in the SanDisk action. (Mount Dec., ¶ 2)

25          On or about May 8, 2003, C-One was served with a summons and amended complaint in the

26  Lexar action in which C-One was named as a defendant. (VC, Exhibit C, ¶ 12) Mount & Stoelker

27  agreed to appear as C-One's counsel in the Lexar action. (Mount Dec., ¶ 5) Mount & Stoelker did not

28  execute a written fee agreement with C-One. *Id*.                    00062

3

1    On or about September 26, 2003, Memorex filed a complaint for declaratory relief, breach of

2    contract, and injunctive relief against C-One and Pretec in the Superior Court of California, County

3    of Alameda, Action No. RG03118916 (the "Memorex Action"). (VC, Exhibit C, ¶ 8) Mount &

4    Stoelker agreed to represent both C-One and Pretec in the Memorex action, but did not enter into a

5    separate fee agreement for such services. (Mount Dec., ¶ 6) Mount & Stoelker continued to represent

6    C-One and Pretec in the Lexar and Memorex actions until May/June of 2006 when Mount &

7    Stoelker's motion to withdraw as counsel was granted in both proceedings. (Mount Dec., ¶ 7) Even

8    though the court denied Mount & Stoelker's motion to withdraw as counsel for Pretec in the SanDisk

9    Action, Pretec, by its actions Pretec terminated the attorney-client relationship with Mount &

10   Stoelker in May/June of 2006. (VC, ¶ 8) All invoices for legal services by Mount & Stoelker,

11   including services rendered to C-One, were sent to Pretec. (Mount Dec., ¶ 6)  The payments for all

12   such services were made by Pretec. (Mount Dec., ¶ 6)

13                      **III.    THE C-ONE ARBITRATION**

14   On or about January 11, 2008, C-One initiated the C-One Arbitration with the American

15   Arbitration Association. (Hauser Dec., Exhibit A) The exhibits containing the alleged arbitration

16   clause were not provided to Mount & Stoelker until January 31, 2008. (Hauser Dec., ¶ 2)  The

17   contracts that allegedly contained the arbitration clause were the fee agreements that Mount &

18   Stoelker entered into with Pretec with regard to the Lexar and SanDisk actions. *Id.*

19   In the original Statement of Claim, C-One identified itself as the parent of Pretec and asserts

20   that Pretec has dissolved. (VC, Exhibit C to the original complaint, ¶ 3) Yet, there were no

21   allegations that C-One is the successor in interest to Pretec, that the assets of Pretec were distributed

22   to the shareholders or that the corporate structure of Pretec should be disregarded. For that matter

23   Pretec is barred from transferring any of its assets to C-One. (Mount Dec., Exhibit B) C-One alleges

24   that "no retainer agreement was ever entered into by and between C-One and Mount & Stoelker

25   regarding this [Lexar] representation." (VC, Exhhibt C, ¶ 12) In the First Amended Statement of

26   Claim, C-One also made the following allegations:                                   00063

27          29.    The written fee agreements between Pretec and Mount &
             Stoelker dealt solely with the two federal actions (Lexar and SanDisk)
28           which involved federal issues and questions of law relating to

                                                                                              4

1   intellectual property and patent infringement.
    30.   While the fee agreement does refer to any other matters in
2   which we might represent you", it is C-One's position that (1) it was
    not a party to this agreement and (2) at the time this written
3   agreement was executed it was not contemplated by the parties that
    it would become embroiled in this civil action which, for reasons set
4   forth below, was a direct and proximate result of Mount &
    Stoelker's legal advice and its failure to communicate with
5   Memorex." (VC, Exhibit C, ¶ 29 & 30)

6      Mount & Stoelker objected to the C-One Arbitration from going forward, but C-One initially

7   refused to stay said proceeding to allow this court determine jurisdiction. (Hauser Dec., Exhibits B &

8   C) Further, ICDR maintained that: the arbitrator will determine its own jurisdiction; the arbitration

9   will go forward even if Mount & Stoelker does not participate; and the arbitration will be governed

10  by international law. ICDR also gave the parties until February 28, 2008, to select an arbitrator from

11  a list that includes arbitrators throughout California. (Hauser Dec., Exhibits B, C, & D)

12     After receipt of Mount & Stoelker's objections, C-One filed a First Amended Statement of Claim

13  in the C-One Arbitration and in the Amended Statement of Claim, named Pretec as a complainant.

14  (Hauser Dec., ¶ 9) The same attorney, Leodis Matthews, who is representing C-One in the arbitration is

15  also representing Pretec. (VC, Exhibit C) In the Amended Statement of Claim, C-One still maintains that

16  it is not a party to the Pretec fee agreements and is not bound by said agreements. In addition, C-One

17  asserts that Pretec is a complete, separate and distinct legal entity from C-One:

18         3.   Pretec was at all times herein relevant a Calfornia Corporation
           which had its principal place of businesss in the City of Fremont,
19         California and distributed by C-One's technological products in the
           United States, which included certain and specific flash memory
20         devices. Pretec is a wholly separate and distinct legal entity from C-
           One and have separate business operations as well as separate
21         personnel, separate business facilities and operations. (VC, Exhibit C, ¶
           3)
22

23     In the First Amended Statement of Claim in the C-One Arbitration, Pretec is only named as a

24  party to the first and third claims, which relate to the Memorex Action. (VC, Exhibit C) C-One is the

25  only party to the second claim with regard to billing practices in the Lexar and SanDisk litigation.

26  (VC, Exhibit C)

27     After the filing of the First Amended Claim, Mount & Stoelker, C-One and Pretec agreed to

28  stay the arbitration proceedings up and through April 1, 2008, in order to allow Mount & Stoelker to

1    file this motion for a preliminary injunction. (Hauser Dec., ¶ 11) If the court does not issue a

2    preliminary injunction, then this stay will be lifted and the C-One Arbitration will go forward.

3    (Hauser Dec., ¶ 11) In entering into the above stipulation, C-One reserved all defenses, inliding the

4    claim that this court does not have jurisdiction over it and has no right and power or authority to

5    enjoin it from moving forward with the C-One arbitration. (Hauser Dec., ¶ 11)

6                              **IV.   LEGAL ARGUMENT**

7        **A.   The Arbitration Proceeding Must Be Enjoined Pending This Court's**

8             **Determination of Jurisdiction**

9        Under *Code of Civil Procedure* § 527(a), the court has the power to grant a preliminary

10    injunction before judgment upon a verified complaint or affidavits that satisfactorily show sufficient

11    grounds exist. The grounds for an injunction are set forth in *Code of Civil Procedure* § 526(a). The

12    primary grounds are: (1) the plaintiff has shown a likelihood of success and it is entitled to relief

13    demanded; and (2) in balancing the equities the plaintiff would be irreparably harmed if the conduct

14    is not enjoined while on the other hand the prejudice of the defendant would be minimal. In applying

15    this criteria, the California courts have consistently held that an injunction is an appropriate procedure

16    to prevent an arbitration from going forward in order to allow the court to make a determination on

17    whether or not the controversy is subject to arbitration.

18        In *Pacific Indemnity Company v. Superior Court*, 246 Cal. App. 2d 63 (1966), the plaintiff

19    insurance company sought an injunction against the parties who initiated the arbitration and the

20    arbitrator, The American Arbitration Association ("AAA"), to prevent an arbitration from going

21    forward on the ground that the arbitration was not timely. The trial court denied the injunction but the

22    Court of Appeal overturned the trial court's order and remanded the matter requiring the issuance of a

23    preliminary injunction enjoining arbitration proceedings. In making such ruling the court held:

24                 Under the undisputed facts of this case and the legal authorities
                        discussed above, it appears that the real party's right to demand

25                 arbitration was barred by Section 11580.2(h) in that it became the clear
                        legal duty of the court to enjoin the arbitration proceedings. Since

26                 under the circumstances the discretion of the trial court cannot be
                        legally exercised in only one way, it was an abuse of discretion for the

27                 court to deny a preliminary injunction and make the court order which
                        it did. *Id.* at 72.

28

1      In this case, C-One, Pretec and AAA/ICDR are treating arbitration as self-executing, i.e. the

2    arbitration can go forward without a court order even if Mount & Stoelker refuses to appear.

3    Therefore, in order to prevent a default from being entered, Mount & Stoelker would have to

4    participate in the arbitration. Yet, if Mount & Stoelker participates in the arbitration it would waive

5    its right to have a court determine whether or not a contract exists for arbitration since such matters

6    challenging the arbitration itself must be raised in court before the arbitration. "(A) party who

7    questions the validity of the arbitration agreement may not proceed with the arbitration and preserve

8    the issue for later consideration by the court after being unsuccessful in the arbitration." *Bayscene*

9    *Residence Negotiators v. Bayscene Mobile Home Park*, 15 Cal. App. 4th 119, 129 (1993). See also

10   *Alternative Systems, Inc. v. Carey*, 67 Cal. App. 4th 1034, 1040-1041 (1998). If the arbitration is not

11   enjoined pending the court's resolution of C-One and Pretec's right to arbitrate, Mount & Stoelker

12   would be irreparably injured by being forced to arbitrate the claim and waiver of its right to have

13   these issues determined by the court.

14      It is settled law that who decides arbitrability, the court or the arbitrator, depends on what the

15   parties agreed in their contract. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 94 (1995);

16   *Freeman v. State Farm Mut. Auto. Ins. Co.*, 14 Cal.3d 473, 480 (1975).  Yet, whether a non-signatory

17   to an arbitration agreement may enforce the arbitration provisions is one that must be decided by the

18   court on the basis of the facts found prior to any arbitration going forward regardless of what the

19   parties to the contract agreed to. *American Builders v. William Au-Yang*, 226 Cal.App. 3d 170, 178

20   (1990); *Valley Casework, Inc. v. Comfort Construction*, 76 Cal. App. 4th 1013, 1019 (1999). It is

21   possible that under certain circumstances a non-signatory to the contract can enforce an arbitration

22   clause based on the relationship of the parties, but only the court and not the arbitrator can make such

23   determination. *American Builder, supra*, 226 Cal. App. 3d at 179-180.

24               Therefore, notwithstanding an arbitrator's broad authority to resolve
                questions presented by a controversy [including jurisdiction], an
25               arbitrator has no power to determine the rights and obligations of one
                who is not a party to the arbitration agreement. ( *Unimart, supra, 1*
26               *Cal.App.3d at p. 1045*.) **The question of whether a nonsignatory is a**
                **party to an arbitration agreement is one for the trial court in the**
27               **first instance.** *Id at 179*. Emphases added.

28                                                                                          00066

                                                                                                7

1    In *Valley Casework, Inc., supra,* 76 Cal. App. 4th 1013, the defendant contractor and its insurer

2    jointly sought arbitration with the plaintiff subcontractor under the arbitration clause contained in the

3    subcontract before the American Arbitration Association. The subcontractor then brought an action

4    against the contractor and its insurer for declaratory and injunctive relief seeking to enjoin defendants

5    from conducting the arbitration. The trial court denied the subcontractor's request for an injunction

6    and the arbitration proceeded uncontested, resulting in an award against the subcontractor. The Court

7    of Appeal reversed the judgment and held that the trial court erred in denying the subcontractor's

8    request to enjoin the general contractor and its insurer from jointly seeking arbitration with the

9    subcontractor under the arbitration clause because the insurer, as a nonparty to the arbitration

10    agreement, should not have been allowed to enforce it. *Id.* at 1016-1017.

       **B.    No Arbitration Agreement Exists Between Mount & Stoelker and C-One and Pretec**

13    The existence of an agreement to arbitrate is a condition precedent to arbitration. Therefore,

14    the lack of agreement for arbitration is grounds to refuse to arbitrate. "(An) arbitration is a matter of

15    contract and a party cannot be required to submit to arbitration any dispute which he has not agreed

16    so to submit." *The United States Steelworkers of America v. Warrior and Gulf Navigation Company,*

17    363 US 574, 582 (1960); *Victoria v. Superior Court,* 40 Cal. 3d 734, 738-739 (1985)

18    In this case, C-One is seeking arbitration pursuant to the arbitration clause in the Mount &

19    Stoelker/Pretec fee agreements. Yet, as discussed previously, C-One is not a party to these fee

20    agreements. Incredibly, C-One claims that it is not bound by this fee agreement and that no contract

21    exists between Mount & Stoelker and C-One for the legal services at issue. C-One expressly states in

22    its Statement of Claim that the Pretec fee agreements are not applicable to it.

23    More importantly, there is no arbitration agreement between Mount & Stoelker and Pretec,

24    because Pretec specifically excluded the arbitration clause from the fee agreement. The fee agreement

25    was set up to provide client, in this case Pretec, with the right to chose to include an arbitration clause

26    in the fee agreement. The language of the document can not be clearer, plus it was in bold and a

27    larger font size as follows: **"IF YOU CONSENT TO SUBMIT YOUR CLAIMS TO BINDING**

28    **ARBITRATION, PLEASE INDICATE BY PLACING YOUR INITIALS IN THE SPACE**

1   PROVIDED." Mount & Stoelker initialed this arbitration clause, but Pretec did not do so in both fee

2   agreements. Therefore, as a matter of law, no arbitration clause exists in the Pretec Fee Agreements.

3       **C.    Mount & Stoelker Will Be Irreparably Injured If The Arbitration Is Not Enjoined And Have No Legal Remedy**

4

5       In *American Builders* and *Valley Casework* the court found that the plaintiff had no legal

6   remedy and would be irreparably injured if the arbitrator makes the factual findings with regard to

7   whether a non-signatory to the arbitration agreement can enforce it because the courts ability to

8   review these factual findings are limited. "Thus, if Builder's were to bring a motion to vacate the

9   award asserting the arbitrator had exceeded his powers in ordering joinder due to insufficient

10  evidence to support a finding that Bonita was the Au-Yangs' principal, the trial court, constrained by

11  the limited grounds set forth in *section 1286.2*, would decline to review the arbitrator's factual

12  finding". *American Builders*, *supra*, 226 Cal. App. 3d 179-180. This same rationale should apply to

13  the determination of whether arbitration exists between Mount & Stoelker and Pretec.

14      In addition, the arbitration clause in the Pretec fee agreements, assuming it was included in the

15  contract, state that the Arbitration is to take place in Santa Clara County before the American

16  Arbitration Association. Yet, the matter has been assigned to the ICDR in New York, who is treating

17  this as an international arbitration governed by international law. The ICDR has also demanded that

18  the parties select arbitrators outside of Santa Clara County.

19      **D.    Mount & Stoelker Has Established A Reasonable Possibility It Will Prevail**

20      "In deciding whether to issue a preliminary injunction, a [trial] court must weigh two

21  'interrelated' factors: (1) the likelihood that the moving party will ultimately prevail on the merits and

22  (2) the relative interim harm to the parties from the issuance or nonissuance of the injunction.

23  [Citation.]" *Butt v. State of California*, 4 Cal.4th 668, 677-678 (1992). "A trial court may not grant a

24  preliminary injunction, regardless of the balance of interim harm, unless there is some possibility that

25  the plaintiff would ultimately prevail on the merits of the claim. [Citation.]" *Id* at 678.

26      Only the court and not the arbitrator has jurisdiction to determine if a non-signatory to the

27  contract can enforce the arbitration clause or if an agreement to arbitrate even exists. Therefore, a

28  trial on this issue must take place. There is no dispute that C-One is not a party to the Pretec Fee

1  Agreements and C-One asserts that the Pretec Fee Agreements do not control its relationship with

2  Mount & Stoelker. These facts are sufficient in and of themselves to establish a reasonable possibility

3  that Mount & Stoelker will prevail. But there is more: Pretec excluded the arbitration clause from the

4  fee agreements so no arbitration agreement exists; all invoices for legal services were sent to Pretec

5  and it was Pretec and not C-One that paid said invoices, yet only C-One is seeking relief or damages

6  based on these invoices; and all claims of C-One and Pretec that they have asserted in the C-One

7  Arbitration are barred by the one year limitations period of *Code of Civil Procedure* § 340.6 since

8  Mount & Stoelker ceased representing C-One and Pretec in May/June of 2006. The harm to C-One

9  and Pretec is negligible, while the harm to Mount & Stoelker is substantial if the court does not issue

10  the injunction.

### V.    CONCLUSION

12      For the reasons set forth above, Mount & Stoelker respectfully requests that the court issue a

13  Preliminary injunction enjoining C-One, Pretec and the ICDR from going forward with the C-One

14  Arbitration until this action has been concluded.

15  DATE:  February 26, 2008                           PHILLIPS, GREENBERG & HAUSER, L.L.P.

17                                          By: _____

                                                JERRY R. HAUSER

00069

1

## PROOF OF SERVICE

2

### *C-One v. Mount & Stoelker*

3

4

5

6

The undersigned declares:  I am a resident of the United States and am employed in the City and County of San Francisco, State of California; I am over the age of eighteen years and not a party to the within action; my business address is Phillips, Greenberg & Hauser, LLP, Four Embarcadero Center, 39th Floor, San Francisco, California 94111.  On the date indicated below, I served the following documents:

7

**NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION;**

8

9

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION;**

10

**DECLARATION OF DANIEL S. MOUNT IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION; and**

11

12

**DECLARATION OF JERRY R. HAUSER IN SUPPORT IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

13

by placing a true copy thereof enclosed in a sealed envelope and served in the manner described below to the interested parties herein and addressed to:

14

15

16

17

Leodis Matthews
Matthews & Partners
4322 Wilshire Blvd., Suite 200
Los Angeles, CA 95110
Leesq@aol.com

Andrea H. Bugbee
ICDR Senior Case Manager
International Centre for Dispute Resolution
1633 Broadway
New York NY 10019-6708

18

19

20

X    **FEDERAL EXPRESS – OVERNIGHT DELIVERY:**  I caused such envelope to be deposited with the Federal Express Office prior to the cut-off time for next day delivery with a shipping label properly filled out with delivery to be made to the addressee designated.

21

    I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.  Executed on February 27, 2008 at San Francisco, California.

22

23

24

_____
            Valerie Vitullo

25

26

27

28

# Exhibit F

00071

1 | PHILLIPS, GREENBERG & HAUSER, L.L.P.
    JERRY R. HAUSER, SBN. 111568
2 | ERIK C. VAN HESPEN, SBN. 214774
    Four Embarcadero Center, 39th Floor
3 | San Francisco, California 94111
    Telephone:   (415) 981-7777
4 | Facsimile:   (415) 398-5786

5 | Attorneys for Plaintiff,
    MOUNT & STOELKER, A PROFESSIONAL CORPORATION

6

7

8 |               IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

10 |                 IN AND FOR THE COUNTY OF SANTA CLARA

11 | MOUNT & STOELKER, A PROFESSIONAL     CASE NO.: 108 CV 105975
    CORPORATION,
12
                Plaintiffs,           DECLARATION OF JERRY R.
13 |                            HAUSER IN SUPPORT IN SUPPORT
          -v-                  OF MOTION FOR PRELIMINARY
14 |                            INJUNCTION
    C-ONE TECHNOLOGY, A TAIWANESE
15 | CORPORATION; PRETEC ELECTRONICS     Date:    March 25, 2008
    CORPORATION, A CALIFORNIA           Time:    9:00 am
16 | CORPORATION; INTERNATIONAL         Dept.:    5
    CENTER FOR DISPUTE RESOLUTION, A
17 | DIVISION OF THE AMERICAN
    ARBITRATION ASSOCIATION; AND
18 | DOES 1 through 50 inclusive,

19 |                 Defendants.
    _____/
20

21 | I, Jerry R. Hauser, declare as follows:

22 |         1.     I am an attorney at law duly licensed to practice before this court and a partner in the law

23 | firm of Phillips, Greenberg & Hauser, LLP, attorneys for Plaintiff Mount & Stoelker, A Professional

24 | Corporation.

25 |         2.     On or about January 11, 2208, defendant C-One Technology, A Taiwanese

26 | Corporation, ("C-One") initiated an arbitration proceeding before the American Arbitration

27 | Association ("AAA") in Santa Clara California (the C-One Arbitration"). Attached hereto as Exhibit A

28 | is a true and correct copy of the AAA's claim confirmation. When this confirmation form was initially

                                                                1

00072

1    mailed to Plaintiff, it did not contain the attached contracts providing for arbitration in Santa Clara

2    County, California. The contracts containing the arbitration clause were not provided until January 31,

3    2008, and said contracts were the fee agreements between Mount & Stoelker and Pretec Electronics

4    Corporation, a California Corporation ("Pretec"). (These contracts are attached to the First Amended

5    Verified Complaint filed in this action as Exhibits A and B.) Pretec was not named as a party to the C-

6    One Arbitration.

7         3.    The AAA assigned this matter to the International Center for Dispute Resolution

8    ("ICDR") located in New York, New York. The ICDR is applying international rules to the C-One

9    Arbitration.

10        4.    On February 12, 2008, I filed and served an Objection to Jurisdiction of the Arbitrator

11   with the ICDR and served said objections on Defendant's counsel. A copy of the Objection is attached

12   hereto as Exhibit B.

13        5.    On February 13, 2008, I received a facsimile transmission from the ICDR Case Manager

14   acknowledging receipt of the Objections, a copy of which is attached hereto as Exhibit C, which further

15   states:

16            With respect to the jurisdiction of the matter, the Parties are hereby
              reminded that pursuant to International Article 15 Sec. 1, the Tribunal
17            shall shave the power to rule on its own jurisdiction, including any
              objections with respect to the existence, scope or validity of the
18            arbitration agreement. Additionally, pursuant to Article 15 Sec. 2, the
              Tribunal shall have the power to determine the existence or validity of a
19            contract of which an arbitration clause forms a part.

20            Lastly, unless the ICDR has the agreement of the Parties, or receives a
              Court Order issuing a Stay of the Arbitration, we must proceed with the
21            administration of the matter.

22        7.    On February 13, 2008, I received a fax from the ICDR with a list of potential arbitrators

23   with a requirement that the parties select the arbitrator by February 28, 2008. A copy of the fax is

24   attached hereto as Exhibit D. The list does not include any arbitrators from Santa Clara County and

25   includes arbitrators from Southern California. On February 13, 2008, I contacted C-One's attorney

26   Leodis C. Matthews and informed him that I will be filing a complaint to enjoin the C-One Arbitration

27   and that I will be appearing on February 20, 2008, on an *ex parte* application for a TRO and Order to

28   Show Cause.

2

1       8.     On February 15, 2008, I filed the complaint in this action to enjoin the C-One

2  Arbitration. Attached to the original complaint as Exhibit C is the original Statement of Claim filed by

3  C-One for the C-One Arbitration. In the original complaint I only named C-One as a defendant.

4       9.     On February 15, 2008, I sent to Mr. Matthews the Complaint and all of my moving

5  papers in support of my *ex parte* application. On Monday February 18, 2008 (a court holiday) Mr.

6  Matthews sent to me and the ICDR a First Amended Statement of Claim, which added Pretec as a party.

7  The ICDR informed me that even with the amended statement of claim the C-One Arbitration will go

8  forward and the parties need to select the arbitrator by February 28, 2008. In addition, Mr. Matthews

9  informed me that C-One will contest this court's jurisdiction because it is a foreign corporation.

10      10.    As a result of the filing of the amended claim in the C-One Arbitration, I filed an

11  amended complaint in this action naming Pretec and the ICDR as defendants.

12      11.    In order to avoid the costs of a TRO hearing Mr. Matthews, on behalf of C-One and

13  Pretec, and I, on behalf of Plaintiff, agreed to stay the C-One Arbitration until April 1, 2008. If this court

14  does not issue a preliminary injunction the C-One Arbitration will go forward after April 1, 2008, and the

15  parties will have five business days to select an arbitrator. In entering this stipulation for a temporary

16  stay, the parties did not waive any claim of or defense, including whether this court has jurisdiction over

17  the defendants.

18      I declare under the penalty of perjury that the foregoing is true and correct. Executed this 27th day

19  of February, 2008, at San Francisco, California.

20

21                                JERRY R. HAUSER

22

23

24

25

26                                    00074

27

28

DECLARATION OF JERRY R. HAUSER IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

ONLINE FILING DEMAND FOR ARBITRATION/MEDIATION FORM

**This concludes your filing.**

**Thank you for submitting your claim to the AAA.**

**Your claim confirmation number is: 002-IV3-Z75**

To institute proceedings, please send a copy of this form and the Arbitration Agreement to the opposing party.

| | |
|---|---|
| Your dispute has been filed in accordance with: | Employment: Individual Contracts |
| This claim has been filed for: | Arbitration |
| Filing Fee: | $4,250.00 |

---

**Additional Claim Information**

| | |
|---|---|
| Claim Amount: | $500,000.00 |
| Claim Description: | Claims against Legal Counsel for Petitioner. Details set forth in the attached Statement of Claims. Initial claim amount is for $500,000, but will be based upon proof at a hearing and will be adjusted based upon proof. |
| Arbitration Clause: | See Attached exhibits (D-1 and D-2) providing for Arbitration in Santa Clara County, California. |
| Hearing Locale Requested: | San Francisco, CA |
| Contract Date: | 10/07/2002 |
| Number of Neutrals: | 1 |

---

**Claimant 1**
**Type of Business:** Manufacturer

| | |
|---|---|
| Name: | |
| Company Name: | C-One Technology (Pretec Electronic) |
| Address: | C/O Matthews & Partners |
| | 4322 Wilshire Blvd., Ste 200 |
| | Los Angeles, Ca |
| Postal Code: | 90010 |
| Country: | Taiwan |
| Telephone: | 323-930-5690 |
| Fax: | null |
| Email: | null |
| Include in caption: | Company |

**Representatives**

| | |
|---|---|
| Name: | Leodis C. Matthews |
| Company Name: | Matthews & Partners |
| Address: | 4322 Wilshire Blvd., Ste 200 |
| | Los Angeles, CA 90010 |
| Telephone: | 323-930-5690 |
| Fax: | 323-930-5693 |
| Email: | Lmatthews@Lmattys.com |

---

**Respondent 1**

00075

EXHIBIT A

**Daniel S. Mount**
**Type of Business: Attorney**

| | |
|---|---|
| Name: | **Daniel S. Mount** |
| Company Name: | **Mount & Stoelker** |
| Address: | **Riverpark Tower, Suite 1650** |
| | **333 West San Carlos** |
| | **San Jose, CA 95110 - 2711** |
| Telephone: | **408-279-7000** |
| Fax: | **408-998-1473** |
| Email: | **dmount@Mount.com** |
| Include in caption: | **Both** |

To institute proceedings, please send a copy of this form and the Arbitration Agreement to the opposing party.

Your demand/submission for arbitration/mediation has been received on 01/11/2008 01:01.

1 │ PHILLIPS, GREENBERG & HAUSER, L.L.P.
│ JERRY R. HAUSER, SBN. 111568
2 │ ERIK C. VAN HESPEN, SBN. 214774
│ Four Embarcadero Center, 39th Floor
3 │ San Francisco, California 94111
│ Telephone:    (415) 981-7777
4 │ Facsimile:    (415) 398-5786
│
5 │ Attorneys for Respondent,
│ MOUNT & STOELKER, A PROFESSIONAL CORPORATION
6 │
│
7 │
│
8 │              BEFORE THE AMERICAN ARBITRATION ASSOCIATION
9 │
│
10 │
│
11 │ In the Arbitration Matter Between          AAA Claim Confirmation No.: 002-IV3-Z75
│
12 │ C-ONE TECHNOLOGY, A Taiwanese          AAA File No.: 50 194 T 00006 08
│ Corporation,
13 │
│                Claimant,              OBJECTION TO JURISDICTION OF
14 │                                     THE ARBITRATOR
│       and
15 │
│ MOUNT & STOELKER, A Professional
16 │ Corporation
│
17 │                Respondent.
│ ─────────────────────────────────/
18 │
│
19 │       Respondent Mount & Stoelker, A Professional Corporation ("M&S") hereby objects to the
│
20 │ jurisdiction of the American Arbitration Association to arbitration this claim on the following grounds:
│
21 │       1.       Claimant did not properly serve the Notice of Arbitration on M&S based on its failure to
│
22 │ attach the contract containing the alleged arbitration clause with its notice of arbitration. Said contracts
│
23 │ were not provided to M&S until January 31, 2008.
│
24 │       2.       M&S objects to the jurisdiction of the American Arbitration Association on the grounds
│
25 │ that there is no contractual agreement between M&S and the claimant for the arbitration of the claims set
│
26 │ forth in the Statement of Claim, based on:
│
27 │              a.       The contracts that allegedly contain the arbitration clause, Exhibits D-1 and D-2
│
28 │ attached to the initiation claim form, are between M&S and Pretec Electronic Corporation ("Pretec"), a

                                              EXHIBIT B      1

1 | California corporation, and not between M&S and the Claimant;

2 |        b.        In the Statement of Claim, C-One alleges, Paragraphs 12, 29, and 30 that is not a

3 | party to Exhibits D-1 and D-2, that it is not bound by the terms of Exhibits D-1 and D-2 and that no

4 | written agreement exists between it and M&S with regard to the subject matter of the Statement of

5 | Claim; and

6 |        c.        The arbitration clause in the contracts, Exhibits D-1 and D-2, between M&S and

7 | Pretec, explicitly excluded from said contracts the arbitration clause as a result of Pretec's decision not to

8 | elect to include said arbitration clauses in the agreement.

9 |        3.        All claims set forth in the Statement of Claim are time-barred on the grounds that:

10 |        a.        All claims set forth in the Statement of Decision are controlled by California

11 | Code of Civil Procedure § 340.6, which states as follows:

12 | **§ 340.6.  Action against attorney for wrongful act or omission,
other than fraud**

13 |

14 | (a) An action against an attorney for a wrongful act or omission, other
than for actual fraud, arising in the performance of professional
services shall be commenced within one year after the plaintiff

15 | discovers, or through the use of reasonable diligence should have
discovered, the facts constituting the wrongful act or omission, or four

16 | years from the date of the wrongful act or omission, whichever occurs
first. In no event shall the time for commencement of legal action

17 | exceed four years except that the period shall be tolled during the time
that any of the following exist:

18 |

19 | (1) The plaintiff has not sustained actual injury;

20 | (2) The attorney continues to represent the plaintiff regarding the
specific subject matter in which the alleged wrongful act or omission
occurred;

21 |

22 | (3) The attorney willfully conceals the facts constituting the wrongful
act or omission when such facts are known to the attorney, except that
this subdivision shall toll only the four-year limitation; and

23 |

24 | (4) The plaintiff is under a legal or physical disability which restricts
the plaintiff's ability to commence legal action.

25 | (b) In an action based upon an instrument in writing, the effective date
of which depends upon some act or event of the future, the period of

26 | limitations provided for by this section shall commence to run upon the
occurrence of such act or event.

27 |

28 |

00078

2

1           b.     In the Statement of Claim, Claimant admits that M&S ceased representing

2    Claimant in May of 2006 and it was damaged by the alleged negligence of M&S when invoices were

3    paid and when a judgment was entered against it in December of 2006 in an action entitled *Medtec*

4    *Products, Inc. v. C-One, et. al.*, Alameda Superior Court, Case Number RG03118916. Therefore, the

5    time period to file a claim against M&S terminated in May of 2007, and at the latest in December of

6    2007.

7           4.     For the foregoing reasons, M&S requests that this arbitration be terminated for lack of

8    jurisdiction.

9    DATE: February 12, 2008                      PHILLIPS, GREENBERG & HAUSER, L.L.P.

10

11                                       By:

12                                         JERRY R. HAUSER

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                         00079

# PROOF OF SERVICE

## *C-One v. Mount & Stoekler*

The undersigned declares:  I am a resident of the United States and am employed in the City and County of San Francisco, State of California; I am over the age of eighteen years and not a party to the within action; my business address is Phillips, Greenberg & Hauser, LLP, Four Embarcadero Center, 39th Floor, San Francisco, California 94111.  On the date indicated below, I served the following documents:

## OBJECTION TO JURISDICTION OF THE ARBITRATOR

by placing a true copy thereof enclosed in a sealed envelope and served in the manner described below to the interested parties herein and addressed to:

> Leodis Matthews
> Matthews & Partners
> 4322 Wilshire Blvd., Suite 200
> Los Angeles, CA 95110
> Mkattys@aol.com

X____ **BY FIRST CLASS MAIL:** By placing a true copy of each document listed above in (an) envelope(s) addressed as shown above, sealing the envelope(s) and placing them for collection and mailing, following ordinary business practices, at my employer's office on the date below written.  to be deposited in the mail at my business address, I am readily familiar with this firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service.  In the ordinary course of business such correspondence is deposited with the United States Postal Service at San Francisco, California, with first-class postage fully prepaid thereon, on the same day as I place it for collection and mailing.

X____ **BY E-MAIL TRANSMISSION:** By sending the documents listed above via e-mail.
____ Transmission to the e-mail address shown above on the date below written.

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.  Executed on February 12, 2008 at San Francisco, California.

Valerie Vitullo

00080

4



**International Centre
for Dispute Resolution**

Thomas Ventrone
Vice President

1633 Broadway, 10th Floor, New York, NY 10019
telephone: 212-484-4181 facsimile: 212-246-7274
internet: http://www.adr.org/ICDR

February 13, 2008

## VIA FACSIMILE ONLY

Leodis Matthews, Esq.
Matthews & Partners
4322 Wilshire Blvd., Ste 200
Los Angeles, CA 90010

Jerry R. Hauser, Esq.
Phillips, Greenberg & Hauser, LLP
Four Embarcadero Center, 39th Floor
San Francisco, CA 94111

Re: 50 194 T 00006 08
    C-One Technology (Pretec Electronic)
    vs
    Daniel Mount-Mount & Stoelker

Dear Counsel:

This will serve to acknowledge receipt of an *Objection to Jurisdiction of the Arbitrator* dated February 12, 2008 as issued by Mr. Hauser. A copy has been attached for the review and consideration of opposing counsel.

With respect to the jurisdiction of the matter, the Parties are hereby reminded that pursuant to International Article 15 Sec. 1, the Tribunal shall have the power to rule on its own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement. Additionally, pursuant to Article 15 Sec. 2, the Tribunal shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part.

Lastly, unless the ICDR has the agreement of the Parties, or receives a Court Order issuing a Stay of the Arbitration, we must proceed with the administration of the matter.

Please contact the undersigned, should you have any questions.

Very truly yours,

Andrea H. Bugbee
Senior International Case Manager
(212) 484-3299
BugbeeA@adr.org

00081

Encl.

EXHIBIT C



**International Centre
for Dispute Resolution**

Thomas Ventrone
Vice President

1633 Broadway, 10th Floor, New York, NY 10019
telephone: 212-484-4181 facsimile: 212-246-7274
internet: http://www.adr.org/ICDR

February 13, 2008

<u>**VIA FACSIMILE ONLY**</u>

Leodis Matthews, Esq.
Matthews & Partners
4322 Wilshire Blvd.,Ste 200
Los Angeles, CA  90010

Jerry R. Hauser, Esq.
Phillips, Greenberg & Hauser, LLP
Four Embarcadero Center, 39th Floor
San Francisco, CA  94111

Re: 50 194 T 00006 08
    C-One Technology (Pretec Electronic)
    vs
    Daniel Mount-Mount  & Stoelker

Dear Counsel:

Please find the attached list of ten (10) potential arbitrators for your review.  Please make your selections
by February 28, 2008 and return them to the undersigned.  Failure to do so will be deemed as an
acceptance of the entire list and the International Centre for Dispute Resolution may complete the
appointment process without further consultation.  Please do not exchange these lists. The parties may
strike and rank their preferences, which will be kept confidential.

Please feel free to contact the undersigned, should you have any questions.

Sincerely,

Andrea H. Bugbee
Senior International Case Manager
(212) 484-3299
BugbeaA@adr.org

Encl.

00082

EXHIBIT D

## PROOF OF SERVICE

### *C-One v. Mount & Stoelker*

The undersigned declares: I am a resident of the United States and am employed in the City and County of San Francisco, State of California; I am over the age of eighteen years and not a party to the within action; my business address is Phillips, Greenberg & Hauser, LLP, Four Embarcadero Center, 39th Floor, San Francisco, California 94111. On the date indicated below, I served the following documents:

**NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION;**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION;**

**DECLARATION OF DANIEL S. MOUNT IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION; and**

**DECLARATION OF JERRY R. HAUSER IN SUPPORT IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

by placing a true copy thereof enclosed in a sealed envelope and served in the manner described below to the interested parties herein and addressed to:

Leodis Matthews
Matthews & Partners
4322 Wilshire Blvd., Suite 200
Los Angeles, CA 95110
Leesq@aol.com

Andrea H. Bugbee
ICDR Senior Case Manager
International Centre for Dispute Resolution
1633 Broadway
New York NY 10019-6708

**X    FEDERAL EXPRESS – OVERNIGHT DELIVERY:** I caused such envelope to be deposited with the Federal Express Office prior to the cut-off time for next day delivery with a shipping label properly filled out with delivery to be made to the addressee designated.

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct. Executed on February 27, 2008 at San Francisco, California.

_____
Valerie Vitullo

00083

# Exhibit G

00084

1  PHILLIPS, GREENBERG & HAUSER, L.L.P.
   JERRY R. HAUSER, SBN. 111568
2  ERIK C. VAN HESPEN, SBN. 214774
   Four Embarcadero Center, 39th Floor
3  San Francisco, California 94111
   Telephone:    (415) 981-7777
4  Facsimile:    (415) 398-5786

5  Attorneys for Plaintiff,
   MOUNT & STOELKER, A PROFESSIONAL CORPORATION

6

7

8               IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   IN AND FOR THE COUNTY OF SANTA CLARA

10

11 MOUNT & STOELKER, A PROFESSIONAL        CASE NO.: 108 CV 105975
   CORPORATION,
12
                    Plaintiffs,            DECLARATION OF DANIEL S.
13                                         MOUNT IN SUPPORT OF MOTION
        -v-                                FOR PRELIMINARY INJUNCTION
14
   C-ONE TECHNOLOGY, A TAIWANESE           Date:    March 25, 2008
15 CORPORATION, et. al. AND DOES 1         Time:    9:00 am
   through 50 inclusive,                   Dept.:   5
16
                    Defendants.
17  _____/

18 I, Daniel S. Mount, declare as follows:

19      1.      I am an attorney at law duly licensed to practice before this court and a shareholder in

20 Plaintiff Mount & Stoelker, A Professional Corporation ("Mount & Stoelker").

21      2.      On or about October 7, 2002, I executed two attorney-client fee agreements with

22 Pretec Electronics Corporation ("Pretec") concerning two actions filed in the United States District

23 Court, Northern District of California, for patent infringement claims. The first action was filed by

24 Lexar Media, Inc. ("Lexar") Case Number 00-4770 (MJJ), hereinafter referred to as the "Lexar

25 Action". At the time, Pretec and one of its clients, Memtec Products, Inc. ("Memorex") were named

26 as the defendants. The other federal action was filed by SanDisk Corporation ("SanDisk"), Case

27 Number 01-4063 (VRW), in which both Pretec and Memorex were named as defendants, hereinafter

28 referred to as the "SanDisk Action". At the time I was retained defendant C-One Technology ("C-

                                                                                    00085

1 | One) was not a party in either the Lexar or SanDisk Actions.

2     3.     The fee agreements I entered into with Pretec are attached to the verified complaint as

3 | Exhibits A and B, together referred to as the "Pretec Fee Agreements".

4     4.     It was the practice of the firm at that time to give the client an option of whether or not

5 | to include an arbitration provision in the fee agreement. The arbitration provision itself is set forth in

6 | Paragraph 10 of the Pretec Fee Agreements and states that the matter would be submitted to binding

7 | arbitration before the American Arbitration Association in Santa Clara County if the client makes the

8 | election. If the client does not make the election then the arbitration provision is deemed excluded. A

9 | client makes the election by placing its initials in the appropriate place below the arbitration clause.

10 | In both fee agreements, Pretec did not make such election and therefore the arbitration clause was not

11 | included in the fee agreement.

12     5.     After entering into the Pretec Fee Agreements, C-One was named as a defendant in the

13 | Lexar Action. C-One was the manufacturer of the products at issue and the parent of Pretec, which

14 | was the distributor in the United States. The defenses of C-One and Pretec were exactly the same and

15 | therefore Mount & Stoelker appeared as the attorney of record for C-One in the Lexar Action.

16     6.     In addition to representing C-One in the Lexar action, Mount & Stoelker also

17 | represented C-One and Pretec in a state court breach of contract action filed by Memorex with regard

18 | to C-One and Pretec's obligation to defend and indemnify Memorex in the SanDisk and Lexar

19 | Actions, herein after referred to as the "Memorex Action". All bills for services rendered on all of

20 | the above matters were sent to Pretec. Based on Mount & Stoelker's accounting records all payments

21 | for services rendered were made by Pretec.

22     7.     On May 30, 2006, the court granted Mount & Stoelker's request to be relieved as

23 | counsel in the Lexar Action. On June 26, 2006, the court granted Mount & Stoelker's request to be

24 | relieved as counsel in the Memorex Action. Mount & Stoelker has not performed any further legal

25 | services for C-One after being relieved of counsel in the Lexar and Memorex Actions. On December

26 | 15, 2006, judgment was entered against C-One and Pretec in the Memorex Action, a copy of which is

27 | attached hereto as Exhibit A.

28     8.     Attached hereto as Exhibit B is a true and correct copy of an Order in *Acticon*

00086

1  *Technologies LLC v. Pretec Electronics Corporation*, wherein Judge Fogel made certain findings and

2  enjoined Pretec from transferring corporate assets to C-One.

3       I declare under the penalty of perjury that the foregoing is true and correct. Executed this _15_

4  day of February, 2008, at San Jose, California.

5

6

7                                                    DANIEL S. MOUNT

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

```
*3241554*
```

1

2   **FILED**
    ALAMEDA COUNTY

3

4   DEC 1 5 2006

5   CLERK OF THE SUPERIOR COURT
    By _____
                        Deputy

6

7

8   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9   IN AND FOR THE COUNTY OF ALAMEDA

10

11  MEMOREX PRODUCTS, INC., fka          Case No. RG 03 118916
    MEMTEK PRODUCTS, INC.,
12                                       [PROPOSED] ORDER AND JUDGMENT
                      Plaintiff,
13
14       v.
15  C-ONE TECHNOLOGY CORPORATION,
    PRETEC ELECTRONICS, INC; and DOES
16  1 through 10, inclusive,

17                    Defendants.

18          This matter came on for the second phase of a bifurcated bench trial on December 11,

19  2006.  Plaintiff Memorex Products, Inc., formerly known as Memtek Products ("Memorex")

20  appeared through its counsel, Jon B. Streeter, G. Whitney Leigh and Enrique Peace.  Defendants

21  C-One Technology Corporation ("C-One") and Pretec Electronics Inc. ("Pretec") did not appear.

22  The Court previously granted, on June 26, 2006, the request of Pretec's previous counsel, Daniel

23  Mount and Ron Finley, to withdraw as Pretec's counsel in this matter.  On that date, the Court

24  directed Pretec to obtain new counsel.  Since that date, the Court has not received any

25  notification of new counsel for Pretec in this matter.

26          During the first phase of the trial Memorex presented evidence of three categories of

27  damages resulting from Pretec', which took place between October 31, 2005 and November 15,

28  2005, the Court determined that Pretec had breached its indemnity agreement with Memorex (the

                                          1

EXHIBIT A

1  "Indemnity Agreement") by failing to provide adequate counsel to represent Memorex in two

2  patent infringement lawsuits: *Lexar Media, Inc. v. Pretec Electronics, et al.*, (N. D. Cal. Case

3  No. CV-01-1770 MJJ)) ("the *Lexar* case"), and (*SanDisk Corp. v. Memorex Prods. Inc. et al.*,

4  No. CV 01-4063 VRW (N.D. Cal.)) (the "*SanDisk* case"). The Court's findings of fact and

5  conclusions of law following the first phase of the trial are set forth in the Court's Proposed

6  Phase One Trial Statement of Decision ("Statement of Decision"), issued on April 10, 2006, By

7  operation of its terms, the Statement of Decision became final fifteen days after its issuance

8  (April 25,2006).

9        In the second phase of the trial, Memorex presented ~~Memorex presented~~ *602* evidence of

10  three categories of damages resulting from Defendants' breach of the indemnity agreement:  (1)

11  attorneys' fees and costs incurred in defending the federal lawsuits; (2) attorneys fees and costs

12  incurred in bringing this suit to enforce the indemnity agreement, and (3) the amounts paid by

13  Memorex to settle the *Lexar* case.  The Court heard testimony from Mr. Streeter and Mr. Leigh

14  regarding the attorney's ^(fees and costs *607*) Memorex incurred in defending the patent infringement lawsuits, in

15  litigating this matter and the amount Memorex paid to settle the *Lexar* case ($185,000).  The

16  Court also accepted documentary exhibits into evidence, including billing statements and billing

17  statement summaries reflecting the attorneys' fees Memorex incurred, and the settlement

18  agreement between Memorex and Lexar Media, Inc., in the *Lexar* case.

19        Based on the evidence presented, the Court finds that Memorex may recover damages for

20  each of these categories of damages under the Indemnity Agreement. The Court also finds that

21  the amount of attorneys' fees Memorex incurred in defending patent infringement lawsuits and

22  in prosecuting this case is reasonable. The Court also finds that Memorex was entitled, pursuant

23  to Section 2 of the Indemnity Agreement, to settle the *Lexar* case and to recover the amount of

24  the settlement from Defendants. The Court finds that the settlement agreement between

25  Memorex and Lexar Media, Inc., satisfied the terms provided for settlements in the Indemnity

26  Agreement.

27        Based on the foregoing, the Court ENTERS JUDGMENT AS FOLLOWS:

28        1.        JUDGMENT is entered in favor of Memorex, and against Defendants, for

2

[PROPOSED] ORDER AND JUDGMENT

*Memorex v. C-One, et al.*
Case No. RG 03 118916

00089

1                 Memorex's claims of breach of contract and declaratory relief;

2      2.      Memorex is awarded damages in the following amounts:

3          a.  374,956.52, for attorneys' fees incurred in the *Lexar* and *SanDisk* cases; *and costs 808*

4          b.  486,939.50, for attorneys fees incurred in litigating this matter; and *and costs 892*

5          c.  $185,000, for the amount Memorex paid in settlement with Lexar Media, Inc.

6             of the *Lexar* case.

7      3.      The total amount of the damages Memorex is awarded is 1,046,896.02.

8      4.      Defendants' obligations under the Indemnity Agreement, including their

9            obligation to defend Memorex in the pending *SanDisk* case, continue.

10

11        PURSUANT TO THE ABOVE, THE COURT HEREBY ORDERS THAT JUDGMENT

12 IS ENTERED.

13

14 DATED:   **12/15/06**

15

16

17                       JUDGE OF THE SUPERIOR COURT
                            The Honorable Patrick F. Zika

18

19

20

21

22

23

24

25

26

27

28                                                          00090

[PROPOSED] ORDER AND JUDGMENT                         *Memorex v. C-One, et al.*
                                                        Case No. RG 03 118916

1    **11/13/07**

2

3

4

5

6

7                          NOT FOR CITATION

8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                      SAN JOSE DIVISION

11

12   ACTICON TECHNOLOGIES LLC,        | Case Number C 07-4507 JF

13                  Plaintiff,         | ORDER[1] GRANTING PLAINTIFF'S
                                       | MOTION FOR A PRELIMINARY
14          v.                         | INJUNCTION

15   PRETEC ELECTRONICS CORPORATION, et al., | [docket no. 7]

16                  Defendants.

17

18       Plaintiff Acticon Technologies, LLC ("Acticon") moves for a preliminary injunction

19   enjoining Defendants Pretec Electronics Corporation ("Pretec"), et al., (collectively

20   "Defendants") from transferring, selling or otherwise moving or removing any corporate assets of

21   Defendant PTI Global, Inc. ("PTI Global") to any business entity or individual, including

22   Defendants Chiu Feng Chen, Tommy Ho, Kuei Lu, Grace Yu, Gordon Yu and Robert Wu

23   (collectively "individual Defendants"), except in the normal course of business.  Defendant PTI

24   Global opposes the motion.[2]  For the reasons set forth below, the motion will be granted.

25

26       [1] This disposition is not designated for publication and may not be cited.

27       [2] Although an attorney filed initial written opposition on behalf of PTI Global, PTI Global
28   currently is not represented by counsel and thus lacks capacity to defend the instant action.  PTI
     Global has requested at least two extensions of time but it has not explained why it presently is

Case No. C 07-4507 JF
ORDER GRANTING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION
(JFLC3)

                                                                    00091

                                                    EXHIBIT B

# I. BACKGROUND

On August 1, 2007, Acticon filed a complaint for patent infringement in this Court against Pretec and other defendants. *See Acticon Technologies LLC v. Pretec Electronics Corp., et al.*, Case No. C 06-4679 JF (HRL) (the "first complaint"). On September 19, 2006, this Court entered a default judgment in favor of Acticon because the Defendants named in the first complaint failed to respond. Subsequently, the parties agreed to continue a scheduled case management conference, and Acticon agreed not to enforce the default judgment, based on alleged representations made by a Pretec employee that Pretec would provide Acticon with sales information concerning the accused products. On October 27, 2006, a company called Pretec Technology Inc. ("Pretec Technology") filed a Certificate of Amendment of Articles of Incorporation with the California Secretary of State, for the purpose of changing its corporate name to PTI Global, Inc. On November 28, 2006, Pretec filed a Certificate of Dissolution. Pretec failed to appear at the rescheduled case management conference on February 2, 2007.

On August 20, 2007, Acticon filed a second complaint (the "second complaint") alleging that prior to Pretec's corporate dissolution on November 28, 2006, Pretec made, used, imported, distributed, offered for sale or sold certain products in the United States that infringe upon Acticon's patents. The second complaint alleges that Defendants fraudulently transferred or conspired fraudulently to transfer Pretec's assets to PTI Global for the purpose of avoiding liability on the first complaint and to continue conducting business as PTI Global. *See Acticon Technologies LLC v. Pretec Electronics Corp., et al.*, Case No. C 07-4507 JF (HRL).

On October 4, 2007, Acticon filed the instant motion for a preliminary injunction. Acticon seeks to enjoin PTI Global from transferring, selling, hypothecating or otherwise moving or removing assets or accused products of PTI Global to Defendants or any of Defendants' parent companies, subsidiaries, officers, directors, attorneys, agents, or affiliates, or to anyone acting in concert with any Defendant or to any business entity or individual , except in the normal course of business. The Court heard oral argument on November 9, 2007.

---

unrepresented.

2

## II. DISCUSSION

A party seeking a preliminary injunction must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in the movant's favor. *Roe v. Anderson*, 134 F.3d 1400, 1401-02 (9th Cir. 1998); *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984). These formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. *Roe*, 134 F.3d at 1402.

Acticon asserts three claims for relief based upon patent infringement, improper corporate dissolution, and fraudulent transfer. Acticon asserts that it is likely to succeed on the merits on all of these claims. Acticon also asserts that unless the status quo is preserved, it will suffer irreparable injury because PTI Global may engage in further fraudulent asset transfers, dissolution activities, or delay tactics, such as filing motions for extensions of time or for further continuances.

PTI Global contends that Acticon's motion for a preliminary injunction should be denied for several reasons. First, PTI Global argues that Acticon failed to serve all of the parties properly. Acticon admits that it has not been able to serve any Defendants other than PTI Global. However, Acticon claims that Defendants purposely have been evading service. Acticon faxed a notice to PTI Global on October 4, 2007, a day before it filed the instant motion, and it attempted to serve all Defendants in the case. PTI Global received the motion and filed an opposition. Acticon's motion seeks to enjoin PTI Global. Under the circumstances, the Court concludes that Acticon has complied substantially with the Court's local rules and will address the motion on the merits.

### A. Likelihood of Success on the Merits

1. Claims for patent infringement

Acticon's complaint and motion allege that the patents-in-suit, entitled "Connector Interface" U.S. Patent No. 4,630,320 ("'320 Patent"), "Integrated Connector and Modem" U.S. Patent No. 4,543,450 ("'450 Patent"), "Programmable Connector" U.S. Patent No. 4,972,470

3

1  ("'470 Patent") and "Multiple Connector Interface" U.S. Patent No. 4,686,506 ("'506 Patent"),

2  involve various electronic connectors that convert signals between a computer and certain

3  external devises, and that prior to or on about November 28, 2007, Pretec made, used, imported,

4  distributed, offered for sale and/or sold certain products in the United States that infringe upon

5  these patents. Supp. Brief ISO Motion, p.2. Acticon alleges that "many of the products available

6  on Pretec's and PTI Global's web sites, as well as PTI Global's online storefront in

7  Amazon.com's marketplace represent Accused Products . . . which are products involving

8  electronic connectors . . . ." Brief ISO Motion, p. 2-3.

9      PTI Global's liability turns on whether it manufactures, distributes, offers to see or sells

10  infringing products. In its opposition, PTI Global focuses exclusively on the manufacturing

11  element of the alleged infringement, without addressing the issue of whether it distributes, offers

12  to sell, or sells infringing products. PTI Global admittedly sells Pretec electronic connector

13  products. PTI Global does not challenge the validity of the patents. Acticon has entered into

14  several licenses with other companies involving at least one of the patents in suit, and the '470

15  and '320 patents were successfully re-examined before the United States Patent and Trademark

16  Office. Accordingly, Acticon has demonstrated a likelihood of success with regards to the patent

17  infringement claims.

18      2.    Improper Dissolution Claim

19      Acticon alleges that Pretec filed its corporate dissolution to avoid the default judgment

20  against it in the first litigation, and that Pretec has continued to do business as PTI Global. PTI

21  Global claims that Acticon's allegations are based on speculation. However, PTI Global does

22  not dispute the fact that Pretec was dissolved during litigation, or that PTI Global is doing

23  business in the same location, under the same brand name and from the same web site.

24  Accordingly, Acticon has demonstrated a likelihood of success on this claim.

25      3.    Fraudulent Transfer Claim

26      Acticon alleges that Pretec transferred assets to PTI Global in a effort to avoid liability in

27  the first litigation. Acticon argues that PTI Global and the individual Defendants cannot escape

28  liability merely because PTI Global and Pretec have different names. It asserts that it under

4

Case No. C 07-4507 JF
ORDER GRANTING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION
(JFLC3)

1  California law, PTI Global should be held responsible for the patent infringement liability of

2  Pretec. The evidence supporting this claim includes the following: PTI Global was listed on

3  Pretec's website as Pretec's United States headquaters; PTI Global is the registrant of

4  www.pretec.com; PTI Global occupies the same physical space that Pretec previously occupied;

5  and PTI Global and Pretec largely have the same officers and directors. Based on this evidence,

6  Acticon asserts that it likely will prove that Pretec transferred substantially all of its assets to PTI

7  Global, that PTI Global did not assume Pretec debts or liabilities and that PTI Global carries on

8  the same business that Pretec conducted prior to Pretec's dissolution.

9      PTI Global argues that PTI Global was established years before of the dissolution of

10  Pretec and that Pretec did not provide any funding of PTI Global. However, Acticon does not

11  claim that Pretec funded PTI Global. Rather, Acticon asserts that Pretec has continued to

12  function as PTI Global in order to avoid liability. Indeed, Pretec's opposition papers admit that

13  PTI Global continues to sell Pretec's products. Accordingly, Acticon has demonstrated a

14  likelihood of success regarding this claim.

15      **B. Possibility of Irreparable Injury**

16      Acticon asserts that it will suffer irreparable injury if this motion is denied. PTI Global

17  argues that Acticon collects royalties from many corporations and thus that money damages will

18  be adequate. However, based on the circumstances of the Pretec dissolution and PTI Global's

19  conduct in the present litigation there appears to be a significant likelihood that Acticon may not

20  be able to recover any damages from PTI Global. Acticon thus has made a showing of the

21  possibility of irreparable injury.

22      **C.    Bond**

23      Acticon argues that a bond of $5,000 is appropriate in this case. Defendants assert that

24  the bond should be set at $500,000. The purpose of the preliminary injunction in the instant case

25  is to prohibit the transfer of PTI Global's assets to any third parties, including the individual

26  Defendants in this case, during the course of the litigation. An injunction will not prohibit PTI

27  Global from operating as a business. Accordingly, the Court concludes that a nominal bond is

28  appropriate.

<div align="center">5</div>

# IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the instant motion is GRANTED; and it is further ORDERED that PTI Global is enjoined from:

    (1) Transferring, selling, hypothecating or otherwise moving or removing any assets (including cash and any other monetary sums) of PTI Global to the Defendants or any Defendant's parent companies, subsidiaries, officers, directors, attorneys, agents, affiliates or anyone acting in concert with any Defendant;

    (2) Transferring, selling, hypothecating or otherwise moving or removing any of the Accused Products to the Defendants or any of Defendant's parent companies, subsidiaries, officers, directors, attorneys, agents affiliates or anyone acting in concert with any Defendant; and

    (3) Transferring, selling, hypothecating or otherwise moving or removing any assets (including case and any other monetary sums) of PTI Global to any business entity or individual, except in the normal course of business.

The issuance of this injunction shall be conditioned upon the posting of a bond in the amount of $5,000.

DATED: November 13, 2007.

JEREMY FOGEL
United States District Judge

Case No. C 07-4507 JF
ORDER GRANTING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION
(JFLC3)

00096

1    This Order has been served upon the following persons:

2

3    Christine S. Watson
     cwatson@carrferrell.com

4

5    Linda Yi Tai Shao
     shaoyitai@yahoo.com

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    7

1

## PROOF OF SERVICE

2

### *C-One v. Mount & Stoelker*

3

    The undersigned declares:  I am a resident of the United States and am employed in the City
4
and County of San Francisco, State of California; I am over the age of eighteen years and not a party
to the within action; my business address is Phillips, Greenberg & Hauser, LLP, Four Embarcadero
5
Center, 39th Floor, San Francisco, California 94111.  On the date indicated below, I served the
following documents:

6

7
**NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION;**

8
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
PRELIMINARY INJUNCTION;**

9

10
**DECLARATION OF DANIEL S. MOUNT IN SUPPORT OF MOTION FOR
PRELIMINARY INJUNCTION; and**

11
**DECLARATION OF JERRY R. HAUSER IN SUPPORT IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION**

12

13
by placing a true copy thereof enclosed in a sealed envelope and served in the manner described
below to the interested parties herein and addressed to:

14

15
Leodis Matthews                          Andrea H. Bugbee
Matthews & Partners                      ICDR Senior Case Manager
16
4322 Wilshire Blvd., Suite 200           International Centre for Dispute Resolution
Los Angeles, CA 95110                    1633 Broadway
17
Leesq@aol.com                            New York NY 10019-6708

18
__X__    **FEDERAL EXPRESS – OVERNIGHT DELIVERY:**  I caused such envelope to be
19
       deposited with the Federal Express Office prior to the cut-off time for next day delivery with a
shipping label properly filled out with delivery to be made to the addressee designated.

20

21
    I declare under penalty of perjury under the laws of the State of California that the forgoing is
true and correct.  Executed on February 27, 2008 at San Francisco, California.

22

23
                               _____
24
                                 Valerie Vitullo

25

26

27

28

00098

# Exhibit H

00099

1  PHILLIPS, GREENBERG & HAUSER, L.L.P.
   JERRY R. HAUSER, SBN. 111568
2  ERIK C. VAN HESPEN, SBN. 214774
   Four Embarcadero Center, 39th Floor
3  San Francisco, California 94111
   Telephone:    (415) 981-7777
4  Facsimile:    (415) 398-5786

5  Attorneys for Plaintiff,
   MOUNT & STOELKER, A PROFESSIONAL CORPORATION
6

7

8          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
             IN AND FOR THE COUNTY OF SANTA CLARA
10

11 MOUNT & STOELKER, A PROFESSIONAL          CASE NO.: 108 CV 105975
   CORPORATION,
12
                  Plaintiffs,              DECLARATION OF JERRY R.
13                                         HAUSER IN SUPPORT IN SUPPORT
          -v-                              OF REPLY TO DEFENDANTS'
14                                         OPPOSITION TO MOUNT &
   C-ONE TECHNOLOGY, A TAIWANESE           STOELKER'S MOTION FOR
15 CORPORATION; PRETEC ELECTRONICS         PRELIMINARY INJUNCTION
   CORPORATION, A CALIFORNIA
16 CORPORATION; INTERNATIONAL
   CENTER FOR DISPUTE RESOLUTION, A        Date:     March 25, 2008
17 DIVISION OF THE AMERICAN                Time:     9:00 am
   ARBITRATION ASSOCIATION; AND            Dept.:    5
18 DOES 1 through 50 inclusive,

19                  Defendants.
                                    /
20 _____

21 I, Jerry R. Hauser, declare as follows:

22       1.    I am an attorney at law duly licensed to practice before this court and a partner in the law

23 firm of Phillips, Greenberg & Hauser, LLP, attorneys for Plaintiff Mount & Stoelker, A Professional

24 Corporation.

25       2.    On February 25, 2008, my firm mailed to Leodis Matthews, attorneys for C-One

26 Technology and Pretec Electronics, the First Amended Complaint, Amended Summons and ADR Notice

27 along with a Notice and Acknowledgement of Receipt on behalf of C-One Technology, a copy of which

28 is attached hereto as Exhibit A.                                    00100            1

3. On February 25, 2008, my firm mailed to Leodis Matthews, attorneys for C-One Technology and Pretec Electronics, the First Amended Complaint, Amended Summons and ADR Notice along with a Notice and Acknowledgement of Receipt on behalf of Pretec Electronics, a copy of which is attached hereto as Exhibit B.

4. In a number of phone conversations Mr. Matthews informed me that he is seeking permission from both C-One and Pretec to accept service and he anticipates that he will get such authorization. Even so, Mr. Matthews has not been able to confirm with me that he has received authorization to accept service from his clients.

5. On March 7, 2008, Victor M. Munoz attempted to serve Pretec Electronics Corporation at 46791 Fremont Blvd., Fremont, California. A true and correct copy of the Declaration of Reasonable Diligence is attached hereto as Exhibit C.

6. On March 10, 2008, Victor M. Munoz attempted to serve Pretec Electronics Corporation at 40979 Encyclopedia Circle Blvd., Fremont, California. A true and correct copy of the Declaration of Reasonable Diligence is attached hereto as Exhibit D.

7. On March 10, 2008, Victor M. Munoz attempted to serve C-One Technology at 40979 Encyclopedia Circle Blvd., Fremont, California. A true and correct copy of the Declaration of Reasonable Diligence is attached hereto as Exhibit E.

8. On March 11, 2008, Victor M. Munoz attempted to serve C-One Technology at 231 Whitney Place, Fremont, California. A true and correct copy of the Declaration of Reasonable Diligence is attached hereto as Exhibit F.

9. On March 11, 2008, Victor M. Munoz attempted to serve Pretec Electronics Corporation at 231 Whitney Place, Fremont, California. A true and correct copy of the Declaration of Reasonable Diligence is attached hereto as Exhibit G.

10. On March 12, 2008, my firm sent via United States Postal Service International Registered Mail and Return Receipt the First Amended Complaint, Amended Summons and ADR Notice to Gordon Yu at C-One Technology Corporation, B1, No. 57, Dong Guang Rd., Hsin-Chu City, Taiwan. A true and correct copy of the Receipt for Registered Mail is attached hereto as Exhibit H.

11. On March 12, 2008, my firm sent via United States Postal Service International

00101

3.     On February 25, 2008, my firm mailed to Leodis Matthews, attorneys for C-One Technology and Pretec Electronics, the First Amended Complaint, Amended Summons and ADR Notice along with a Notice and Acknowledgement of Receipt on behalf of Pretec Electronics, a copy of which is attached hereto as Exhibit B.

4.     In a number of phone conversations Mr. Matthews informed me that he is seeking permission from both C-One and Pretec to accept service and he anticipates that he will get such authorization. Even so, Mr. Matthews has not been able to confirm with me that he has received authorization to accept service from his clients.

5.     On March 7, 2008, Victor M. Munoz attempted to serve Pretec Electronics Corporation at 46791 Fremont Blvd., Fremont, California. A true and correct copy of the Declaration of Reasonable Diligence is attached hereto as Exhibit C.

6.     On March 10, 2008, Victor M. Munoz attempted to serve Pretec Electronics Corporation at 40979 Encyclopedia Circle Blvd., Fremont, California. A true and correct copy of the Declaration of Reasonable Diligence is attached hereto as Exhibit D.

7.     On March 10, 2008, Victor M. Munoz attempted to serve C-One Technology at 40979 Encyclopedia Circle Blvd., Fremont, California. A true and correct copy of the Declaration of Reasonable Diligence is attached hereto as Exhibit E.

8.     On March 11, 2008, Victor M. Munoz attempted to serve C-One Technology at 231 Whitney Place, Fremont, California. A true and correct copy of the Declaration of Reasonable Diligence is attached hereto as Exhibit F.

9.     On March 110, 2008, Victor M. Munoz attempted to serve Pretec Electronics Corporation at 231 Whitney Place, Fremont, California. A true and correct copy of the Declaration of Reasonable Diligence is attached hereto as Exhibit G.

10.    On March 12, 2008, my firm sent via United States Postal Service International Registered Mail and Return Receipt the First Amended Complaint, Amended Summons and ADR Notice to Gordon Yu at C-One Technology Corporation, B1, No. 57, Dong Guang Rd., Hsin-Chu City, Taiwan. A true and correct copy of the Receipt for Registered Mail is attached hereto as Exhibit H.

11.    On March 12, 2008, my firm sent via United States Postal Service International

2

Declaration Of Jerry R. Hauser In Support Of Reply To Defendants' Opposition To Mount & Stoelker's Motion For Preliminary Injunction

00102

1 │ Registered Mail and Return Receipt the First Amended Complaint, Amended Summons and ADR

2 │ Notice to Gordon Yu for Pretec Corporation at C-One Technology Corporation, B1, No. 57, Dong Guang

3 │ Rd., Hsin-Chu City, Taiwan. A true and correct copy of the Receipt for Registered Mail is attached

4 │ hereto as Exhibit I.

5 │      I declare under the penalty of perjury that the foregoing is true and correct. Executed this 17th day

6 │ of March, 2008, at San Francisco, California.

7

8 │ JERRY R. HAUSER

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26 │ 00103

27

28 │ 3

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State B[ ...]ber, and address):*<br>— Jerry R. Hauser                    111568<br>Phillips, Greenberg & Hauser, LLP<br>4 Embarcadero Center, 39th Floor<br>San Francisco, CA 94111<br>TELEPHONE NO: (415) 981-7777    FAX NO.*(Optional):* (415) 398-5786<br>E-MAIL ADDRESS *(Optional):*  jhauser@pghllp.com<br>ATTORNEY FOR *(Name):* Plaintiffs Mount & Stoelker | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Santa Clara
  STREET ADDRESS: 191 N. First Street
  MAILING ADDRESS:
  CITY AND ZIP CODE: San Jose, CA 95113
  BRANCH NAME: Santa Clara

PLAINTIFF/PETITIONER: Mount & Stoelker, A Professional
                     Corporation
DEFENDANT/RESPONDENT:C-One Technology, et. al

| | |
|---|---|
| NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL | CASE NUMBER:<br>108 CV 105975 |

TO *(Insert name of party being served):* C-One Technology, A Taiwanese Corporation

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: February 25, 2008

Jerry R. Hauser
_____
(TYPE OR PRINT NAME)                    ▶ _____
                                          (SIGNATURE OF SENDER-MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. ☐ A copy of the summons and of the complaint.
2. ☒ Other *(specify):*
      Amended Summons; First Amended Complaint for Declaratory Relief,
      Temporary Restraining Order and Preliminary and Permanent
      Injunction

*(To be completed by recipient):*

Date this form is signed:

                                                         00104

_____                  ▶ _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,     (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                     ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

                                                                      Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]
Martin Dean's Essential Forms ™          NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL          Code of Civil Procedure,
                                                                                              §§ 415.30, 417.10
                                                                                              www.courtinfo.ca.gov

EXHIBIT A          Mount & Stoelker

Case 3:08-cv-03445-PJH    Document 3-3    Filed 07/03/2008    Page 32 of 60

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Jerry R. Hauser                    111568<br>Phillips, Greenberg & Hauser, LLP<br>4 Embarcadero Center, 39th Floor<br>San Francisco, CA 94111 | |

TELEPHONE NO.: (415) 981-7777   FAX NO.(Optional): (415) 398-5786
E-MAIL ADDRESS (Optional): jhauser@pghllp.com
ATTORNEY FOR (Name): Plaintiffs Mount & Stoelker

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Santa Clara

PLAINTIFF/PETITIONER: Mount & Stoelker, A Professional Corporation
DEFENDANT/RESPONDENT: C-One Technology, et. al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL | CASE NUMBER:<br>108 CV 105975 |
|---|---|

TO (insert name of party being served): Pretec Electronics, A California Corporation

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: February 25, 2008

Jerry R. Hauser
(TYPE OR PRINT NAME)                                  ▶ _____
                                                        (SIGNATURE OF SENDER MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):
1. ☐ A copy of the summons and of the complaint.
2. ☒ Other (specify):
   Amended Summons; First Amended Complaint for Declaratory Relief,
   Temporary Restraining Order and Preliminary and Permanent
   Injunction

(To be completed by recipient):

Date this form is signed:

00105

_____       ▶ _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,         (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                         ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL

EXHIBIT B                                    Mount & Stoelker

SJM800661

| Attorney: PHILLIPS, GREENBERG & HAUSER, LLP - ATTORNEYS AT LAW 4 EMBARCADERO CENTER 39TH FLOOR SAN FRANCISCO, CA 94111 JERRY R HAUSER, ESQ. | For Court Use Only |
|---|---|

| Plaintiff(s):   MOUNT & STOELKER | CASE NO.   108CV105975 |
|---|---|
| Defendant(s):   C-ONE TECHOLOGY, et al. | DECLARATION RE DILIGENCE TO EFFECT PERSONAL SERVICE |

I, the undersigned, under penalty of perjury, hereby declare that I am a registered process server and was, on the dates herein mentioned, over the age of eighteen years and not a party to the action. I further declare that I received the within process AMENDED SUMMONS, FIRST AMENDED COMPLAINT, ADR NOTICE , and that after due search and diligent inquiry have been unable to effect service on the within named:

at:        PRETEC ELECTRONICS CORP.
           46791 FREMONT BLVD.
           FREMONT, CA 94538

Friday 03/07/08  08:20 AM, I attempted to serve the defendant at the home/business address shown above, but could not serve the above named personally because
       BUILDING OFFICE IS EMPTY.

Fees $ _____

Executed on  03/14/08 _____ , at  San Jose _____.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

_____          VICTOR M. MUNOZ / 1158
        Signature                                  Name & Title

00106

# DECLARATION OF REASONABLE DILIGENCE

EXHIBIT C

SJM800689

| | |
|---|---|
| Attorney: **PHILLIPS, GREENBERG &** **·HAUSER, LLP - ATTORNEYS AT LAW** **4 EMBARCADERO CENTER** **39TH FLOOR** **SAN FRANCISCO, CA 94111** **JERRY R HAUSER, ESQ.** | For Court Use Only |

| | | |
|---|---|---|
| Plaintiff(s): | **MOUNT & STOELKER** | CASE NO.  **108CV105975** |
| Defendant(s): | **C-ONE TECHOLOGY, et al.** | DECLARATION RE DILIGENCE TO EFFECT PERSONAL SERVICE |

I, the undersigned, under penalty of perjury, hereby declare that I am a registered process server  and was, on the dates herein mentioned, over the age of eighteen years and not  a party to the action.  I further declare that I received the within process AMENDED SUMMONS, FIRST AMENDED COMPLAINT AND ADR NOTICE ,  and that after due search and diligent inquiry have been unable to effect  service on the within named:

at:                                **PRETEC ELECTRONICS CORPORATION**
                                       **40979 ENCLYCLOPEDIA CIRCLE**
                                       **FREMONT, CA 94538**

Monday  03/10/08   09:45 AM, I attempted to serve the defendant at the home/business  address shown above, but could not serve the above named personally because
         **AT THIS LOCATION, THERE IS A COMPANY BY THE NAME OF SALUTRON, WHO MOVED**
         **IN ABOUT 2 YEARS AGO.**

Fees $ _____
Executed on  __03/14/08_____, at _San Jose_____.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

_____                     · **VICTOR M. MUNOZ / 1158**
                Signature                                                       Name & Title

00107

# DECLARATION OF REASONABLE DILIGENCE

cp2tn / DECLARE

## EXHIBIT D

SJM800690

| Attorney: **PHILLIPS, GREENBERG &** **HAUSER, LLP - ATTORNEYS AT LAW** **4 EMBARCADERO CENTER** **39TH FLOOR** **SAN FRANCISCO, CA 94111** **JERRY R HAUSER, ESQ.** | For Court Use Only |
|---|---|

| Plaintiff(s): **MOUNT & STOELKER** | CASE NO. **108CV105975** |
|---|---|
| Defendant(s): **C-ONE TECHOLOGY, et al.** | **DECLARATION RE DILIGENCE TO EFFECT PERSONAL SERVICE** |

I, the undersigned, under penalty of perjury, hereby declare that I am a registered process server and was, on the dates herein mentioned, over the age of eighteen years and not a party to the action. I further declare that I received the within process AMENDED SUMMONS, FIRST AMENDED COMPLAINT AND ADR NOTICE , and that after due search and diligent inquiry have been unable to effect service on the within named:

at:          **C-ONE TECHNOLOGY**
             **40979 ENCYCLOPEDIA CIRCLE**
             **FREMONT, CA 94538**

Monday 03/10/08  08:45 AM, I attempted to serve the defendant at the home/business address shown above, but could not serve the above named personally because
       AT THIS LOCATION, THERE IS A COMPANY BY THE NAME OF SALUTRON, WHO MOVED
       IN ABOUT 2 YEARS AGO.

Fees $ _____
Executed on __03/14/08_____ , at _San Jose_____.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

_____          **VICTOR M. MUNOZ / 1158**
              Signature                                      Name & Title

00108

# DECLARATION OF REASONABLE DILIGENCE

cpsfeo / DECLARE

## EXHIBIT E

SJM800690

| Attorney: PHILLIPS, GREENBERG &<br>HAUSER, LLP - ATTORNEYS AT LAW<br>4 EMBARCADERO CENTER<br>39TH FLOOR<br>SAN FRANCISCO, CA 94111<br>JERRY R HAUSER, ESQ. | For Court Use Only |
|---|---|

| Plaintiff(s): | MOUNT & STOELKER<br>. | CASE NO. 108CV105975 |
|---|---|---|
| Defendant(s): | C-ONE TECHOLOGY, et al. | DECLARATION RE DILIGENCE<br>TO EFFECT PERSONAL SERVICE |

I, the undersigned, under penalty of perjury, hereby declare that I am a registered process server and was, on the dates herein mentioned, over the age of eighteen years and not a party to the action. I further declare that I received the within process AMENDED SUMMONS, FIRST AMENDED COMPLAINT AND ADR NOTICE , and that after due search and diligent inquiry have been unable to effect service on the within named:

at:     C-ONE TECHNOLOGY
        231 WHITNEY PLACE
        FREMONT, CA

Tuesday  03/11/08  10:34 AM, I attempted to serve the defendant at the home/business address shown above, but could not serve the above named personally because
PER MAN AT THIS LOCATION, HE SAID KUEI LU, IS NOT HERE. HE LIVES OUT
OF THE COUNTRY.

Fees $ _____

Executed on  03/14/08 _____ , at San Jose _____ .

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

_____            VICTOR M. MUNOZ / 1158
          Signature                        Name & Title

00109

# DECLARATION OF REASONABLE DILIGENCE

09430 / DECLAR2

EXHIBIT F

SJM800689

Attorney: **PHILLIPS, GREENBERG &**
**HAUSER, LLP - ATTORNEYS AT LAW**
**4 EMBARCADERO CENTER**
**39TH FLOOR**
**SAN FRANCISCO, CA 94111**
**JERRY R HAUSER, ESQ.**

For Court Use Only

| | |
|---|---|
| Plaintiff(s): **MOUNT & STOELKER** | CASE NO. **108CV105975** |
| Defendant(s): **C-ONE TECHOLOGY, et al.** | DECLARATION RE DILIGENCE TO EFFECT PERSONAL SERVICE |

I, the undersigned, under penalty of perjury, hereby declare that I am a registered process server and was, on the dates herein mentioned, over the age of eighteen years and not a party to the action. I further declare that I received the within process AMENDED SUMMONS, FIRST AMENDED COMPLAINT, AND ADR NOTICE , and that after due search and diligent inquiry have been unable to effect service on the within named:
at:             **PRETEC ELECTRONICS CORPORATION**
                **231 WHITNEY PLACE**
                **FREMONT, CA**

Tuesday **03/11/08  10:34 AM**, I attempted to serve the defendant at the home/business address shown above, but could not serve the above named personally because
        PER MAN AT THIS LOCATION, HE SAID KUEI LU, IS NOT THERE. HE LIVES OUT
        OF THE COUNTRY.

Fees $ _____
Executed on _03/14/08_____, at _San Jose_____.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

_____                    **VICTOR M. MUNOZ / 1158**
        Signature                                           Name & Title

00110

# DECLARATION OF REASONABLE DILIGENCE

EXHIBIT G

cpxtao / DECLARE



No.

| | | Date Stamp |
|---|---|---|
| Fee | | |
| ng | Return Receipt | |
| | Restricted Delivery | |
| d by | | |

Domestic Insurance im to

**Registered No.**    RA465338513US

| | | | | Date Stamp |
|---|---|---|---|---|
| Reg. Fee | $10.1 | | | 1026 |
| Handling Charge | $0.00 | Return Receipt | $2.15 | 22 |
| Postage | $8.65 | Restricted Delivery | $0.00 | 03/12/08 |
| Received by | | | | |

To Be Completed By Post Office

Customer Must Declare
Full Value $    $0.00

☐ With Postal Insurance
☐ Without Postal Insurance

Domestic Insurance up to
$25,000 is included in the fee.
International Indemnity
is limited.
(See Reverse).

## OFFICIAL USE

To Be Completed By Customer
(Please Print)
All Entries Must Be in Ballpoint or Typed

**FROM**
Phillips Greenberg + Hauser LLP
4 Embarcadero, 30th Floor
San Francisco CA 94111

**TO**
Gordon Yu
C-One Technology Corp.
B1, No. 57 Dong Guang Rd.
Hsin-Chu City, Taiwan

PS Form 3806,    Receipt for Registered Mail    Copy 1 - Customer

Gordon Yu
C-One Technology Corporation
B1, No. 57, Dong Guang Rd.
Hsin-Chu City, Taiwan

00111

EXHIBIT H

**Reg. Fee**

| Handling Charge | +$10.15 | Return Receipt | | 0026 |
| Postage | $0.80 | Restricted Delivery | $2.15 | 22 |
| Received by | $9.65 | | $0.00 | 03/12/06 |

Domestic insurance up to $25,000 is included in the fee. International indemnity is limited. (See Reverse).

Customer Must Declare Full Value $    $0.00

☐ With Postal Insurance
☐ Without Postal Insurance

## OFFICIAL USE

**FROM**
Phillips Greenberg + Hauser LLP
4 Embarcadero, 39th Floor
San Francisco CA 94111

**TO**
Gordon Yu    (Pretex)
C-One Technology Corp.
B1, No. 57, Dong Guang Rd.
Hsin-Chu City, Taiwan

PS Form 3806,   Receipt for Registered Mail   Copy 1 - Customer
May 2004 (7530-02-000-9051)   (See Information on Reverse)
For domestic delivery information, visit our website at www.usps.com ®

Gordon Yu
C-One Technology Corporation
B1, No. 57, Dong Guang Rd.
Hsin-Chu City, Taiwan

Phillips, Greenber
Four Embarcadero
San Francisco, (

**Registered No.**

Da

**Reg. Fee**

| Handling Charge | | Return Receipt | |
| Postage | | Restricted Delivery | |
| Received by | | | |

Domesti
$25,000 is
Interna

Customer Must Declare Full Value $.

☐ With Postal Insurance
☐ Without Postal Insurance

## OFFICIAL USE

**FROM**
Phillips Greenberg + Hauser LL
4 Embarcadero, 39th Fl
San Francisco CA 94

**TO**
Gordon Yu
C-One Technology Corp.
B1, No. 57, Dong Guang
Hsin-Chu City, Taiwan

PS Form 3806,   Receipt for Registered Mail   Co
May 2004 (7530-02-000-9051)   (See Informati
For domestic delivery information, visit our website at www.usp

EXHIBIT I

00112

1

## PROOF OF SERVICE

2

### *C-One v. Mount & Stoelker*

3

4

5

6

The undersigned declares:  I am a resident of the United States and am employed in the City and County of San Francisco, State of California; I am over the age of eighteen years and not a party to the within action; my business address is Phillips, Greenberg & Hauser, LLP, Four Embarcadero Center, 39th Floor, San Francisco, California 94111.  On the date indicated below, I served the following documents:

7

**REPLY TO DEFENDANTS' OPPOSITION TO MOUNT & STOELKER'S MOTION FOR PRELIMINARY INJUNCTION**

8

9

**DECLARATION OF JERRY R. HAUSER IN SUPPORT IN SUPPORT OF REPLY TO DEFENDANTS' OPPOSITION TO MOUNT & STOELKER'S MOTION FOR PRELIMINARY INJUNCTION**

10

11

by placing a true copy thereof enclosed in a sealed envelope and served in the manner described below to the interested parties herein and addressed to:

12

13

14

Leodis Matthews
Matthews & Partners
4322 Wilshire Blvd., Suite 200
Los Angeles, CA 95110

15

16

17

18

19

20

**X**    **BY FIRST CLASS MAIL:**  By placing a true copy of each document listed above in (an) envelope(s) addressed as shown above, sealing the envelope(s) and placing them for collection and mailing, following ordinary business practices, at my employer's office on the date below written.  to be deposited in the mail at my business address, I am readily familiar with this firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service.  In the ordinary course of business such correspondence is deposited with the United States Postal Service at San Francisco, California, with first-class postage fully prepaid thereon, on the same day as I place it for collection and mailing.

21

22

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.  Executed on March 17, 2008 at San Francisco, California.

23

24

_____
Valerie Vitullo

25

26

27

28

00113

# Exhibit I

00114

From: Matthews & Partners          323 930 5693          03/11/2008 12:25    #720 P.071/077

1    D. P. Sindicich [SBN 78162]
         OF COUNSEL
2    MATTHEWS & PARTNERS
         SUITE 200
3      4322 WILSHIRE BOULEVARD
     LOS ANGELES, CALIFORNIA 90010-3792
4       TELEPHONE: 323.930.5690
        FACSIMILE: 323.930.5693
5
     Attorneys For:  Named Defendant
6            C-ONE TECHNOLOGY CORP.

7

8       IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          IN AND FOR THE COUNTY OF SANTA CLARA

10           DOWNTOWN (SAN JOSE) DIVISION

11

12  MOUNT & STOELKER, a Professional      CASE NUMBER: 108 CV 105975
    Corporation,
13                                             Special Appearance By
                                          Defendant C-One Technologies
14                         Plaintiff       For The Limited Purpose Of
                                                 Challenging
15                                           The Court's Jurisdiction To
                - Vs -                    Hear Plaintiff Mount & Stoelker's
16                                                 Motion For
                                             Preliminary Injunction
17                                             Due To Lack Of
    C-ONE  TECHNOLOGY,  a  Taiwanese       In Personam Jurisdiction
18  Corporation, PRETEC ELECTRONICS        Over Named Defendant
    CORPORATION;   a   California            C-One Technology
19  Corporation; INTERNATIONAL CENTRE
    FOR DISPUTE RESOLUTION, a Division            * * * *
20  of  the  American  Arbitration
    Association (erroneously sued as        Supporting Declaration
21  "International Center for Dispute
    Resolution"); and DOES 1 through 50,
22  inclusive.                            Date:  March 25, 2008
                                          Time:  9:00 AM
23                         Defendants     Dept:  5

24
   ══════════════════════════════
25

26

27
   ══════════════════════════════
28  SPECIAL, LIMITED APPEARANCE CHALLENGING COURT'S JURISDICTION OVER DEFENDANT C-ONE
    MOUNT & STOELKER -v- C-ONE TECHNOLOGIES
    Case No. 108 CV 105975



BY FAX

1    Comes Now, C-ONE TECHNOLOGY ["C-ONE"], in its own name and solely on its

2    own behalf, and, Specially Appears For the Limited Purpose of Challenging The Court's

3    Jurisdiction To Hear and Rule on MOUNT & STOELKER's ["M&S"] motion for a Preliminary

4    Injunction against C-ONE due to the lack of In Personam Jurisdiction.

### Introductory Facts

6    In its moving papers, M&S is seeking a Preliminary Injunction against C-ONE. In

7    these papers M&S freely admits that C-ONE is a Taiwanese Corporation. M&S also avers

8    in its supporting papers that there neither is now, nor has there ever been, a written

9    contractual relationship by and between itself and C-ONE.

### Facts Supporting Lack Of In Personam Jurisdiction Over C-ONE

11    As evidenced by the attached declaration, C-ONE it has never maintained a place of

12    business within the State of California, owns no property within this State and never has,

13    and, aside from having been named as a defendant in a federal patent infringement case in

14    the Northern District of California, and a superior court action in Alameda County wherein

15    personal jurisdiction was conferred as the sole result and limited purpose of an

16    indemnification agreement entered into with Memorex, the only other "contact" C-ONE has

17    had with this State was limited solely to the shipment of technological products,

18    manufactured in Taiwan, to Pretec Electronics Corporation (a California Corporation) for

19    their distribution in the United States.

### Argument

21    It is well-settled in law that although service of a summons may be made on a foreign

22    corporation, the action cannot be maintained absent :minimum contacts with California [*Grey*

23    *Line Tours of Southern Nevada v. Reynolds Electric & Engineering Co., Inc.* (1987) 193

24    Cal.App.3d 190, 193]. Here, no such "minimal contacts" exist.

25    Even if it were argued that C-ONE held an interest in Pretec Electronics [*Calder v.*

26    *Jones* (1984) 465 U.S. 783, 790] since its own "contacts" with California do not in any way

27

28    SPECIAL, LIMITED APPEARANCE CHALLENGING COURT'S JURISDICTION OVER DEFENDANT C-ONE
MOUNT & STOELKER -v- C-ONE TECHNOLOGIES
Case No. 108 CV 105975                                                           Page -2-

00116

1  constitute the level required to support local jurisdiction and, to hold otherwise, would be

2  contrary to the implicit requirement of "fair play and substantial justice" [*Fisher Governor*

3  *Co. v. Superior Court* (Prestwich) (1959) 53 Cal.2d. 222, 224].

4        C-ONE has not yet been served with a summons and complaint in this action.

5  Accordingly, its limited remedy of filing a motion to quash service of summons as a means

6  for attacking the court's in personam jurisdiction over it [C.C.P. §418.10(a)(1)] has not yet

7  matured.

8        This being the case, C-ONE has not viable alternative other than to specially appear

9  at this hearing for the limited and express purpose of challenging this court's jurisdiction

10  over it. If C-ONE were to do otherwise then, perforce, a Preliminary Injunction would issue

11  against it by way of default and thereafter would remain in place pending service of the

12  underlying compliant and an *in futuro* hearing on its motion to quash for lack of personal

13  jurisdiction. In the alternative, once properly served with the summons and complaint, C-

14  ONE would also have the option of filing a Notice of Removal on the basis of diversity of

15  citizenship in the local federal court pursuant to 28 U.S.C. 1441(b).

16                                **Conclusion**

17        For the reasons and arguments set forth above this Court should refuse to grant M&S

18  request for the issuance of a Preliminary Injunction against C-ONE on the ground that it

19  lacks personal jurisdiction over C-ONE and is therefore unable to do so.

20  ////

21  Dated;    March 8, 2008

22                          MATTHEWS & PARTNERS

23

24              By:

25                          D. P. Sindicich, Of Counsel
                        Attorneys for Defendant

26                          C-One Technology
                        a Taiwan Corporation

27

28

SUPPORTING DECLARATION

    I, the undersigned, declare as follows:

    1.    I am an officer and director of C-One Technology the named Defendant in the above-entitled cause and have personal knowledge of each fact stated herein.

    2.    C-One Technology is a Taiwanese Corporation which has its principal place of business in Hsin Chu, Taiwan. Its address is B1, No. 57, Dong Guang Road. C-One Technology is not registered as a Foreign Corporation with the California Secretary of State and it does not have a designated agent for service of process in the State of California.

    3.    As of the date of this declaration, C-One Technology has not been served with copies of any summons and complaint in which it has been named as a Defendant. However, C-One Technology is informed and believes, based on the representations of its attorneys of record, that notice of hearing on an application for the issuance of a Preliminary Injunction has been set for Tuesday, March 25, 2008, in Santa Clara County Superior Court which is situated in the San Francisco Bay area of Northern California.

    4.    C-One maintains no place of business within the State of California now or at any other time. C-One's only contacts or relationship with, or activities within, the State of California prior to receipt of this notice of motion were:

    a.    Defending against a federal patent infringement claim in the Northern District of the State of California;

    b.    Defending against a breach of an indemnification agreement entered into with Memorex which, by express terms, required that C-One consent to jurisdiction of Alameda Superior Court for the limited purpose of its enforcement; and

    c.    The shipment of technological products, manufactured in Taiwan, to Pretec Electronics Corporation (a California Corporation) for distribution in the United States. Pretec Electronic's corporate status has since been dissolved.

SPECIAL, LIMITED APPEARANCE CHALLENGING COURT'S JURISDICTION OVER DEFENDANT C-ONE
MOUNT & STOELKER -v- C-ONE TECHNOLOGIES
Case No. 108 CV 105975                                                                Page -4-

00118

5.      C-One Technologies has never had a written contractual relationship with Plaintiff.

6.      C-One Technologies has not consented to the exercise of jurisdiction over it by the courts of the State of California other than for the limited and express purpose set forth in the indemnification agreement with Memorex referenced above and specifically does not consent to this courts exercise jurisdiction over it in this instant matter.

7.      C-One makes this declaration only as a special appearance in support of its objection to the court hearing Plaintiff's ex parte application for a temporary restraining order.

8.      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct except those matters stated on information and belief and to those specific matters I believe them to be true.

9.      I further declare that I am authorized to make this declaration under penalty of perjury on behalf of C-One Technology and that I am making this declaration for that purpose.

Executed on March _//_, 2008 in Hsin Chu, Taiwan.

SPECIAL, LIMITED APPEARANCE CHALLENGING COURT'S JURISDICTION OVER DEFENDANT C-ONE
MOUNT & STOELKER -V- C-ONE TECHNOLOGIES
Case No. 108 CV 105975                                                      Page -5-

00119



From: Matthews & Partners          323 930 5693          03/11/2008 12:26          #720 P.076/077

1
2                    **Certificate of Service**
          *[California Code of Civil Procedure §§ 1013a & 2015.5]*

3          I am employed in the County of Los Angeles, State of California. I am over the age of 18
   and not a party within the action. My address is 4322 Wilshire Boulevard, Suite 200, Los Angeles, CA
4  90010.   On March 11, 2008 served the foregoing document(s), described as follows, on all interested
   parties in this action by placing a true copy thereof

5  Title of Document:   **SPECIAL APPEARANCE BY DEFENDANT C-ONE**
6                       **TECHNOLOGIES FOR THE LIMITED PURPOSE OF**
                        **CHALLENGING THE COURT'S JURISDICTION TO HEAR**
7                       **PLAINTIFF MOUNT & STOELKER'S MOTION FOR**
                        **PRELIMINARY INJUNCTION DUE TO LACK OF IN PERSONAM**
8                       **JURISDICTION OVER NAMED DEFENDANT C-ONE**
9                       **TECHNOLOGY**

10 Case Number:   BC359710

11 **SEE ATTACHED SERVICE LIST**

12 ☐   PERSONAL DELIVERY: On the above date I caused the above described document(s) to be
13       personally hand delivered to the addressee(s)

    ☐   FACSIMILE: On the above date, I caused the above-described document(s) to be sent to the
14       addressee(s) via the facsimile number on the attached service list.

15 ☐   FEDERAL EXPRESS: On the above date I caused the above-described document(s) to be
       sent to the addressee(s) via Federal Express with the shipping charges fully prepaid, for ☐
16     Overnight ☐ Priority Overnight Delivery

17 ☒   REGULAR MAIL:

18    ☐     I deposited such envelope(s) in the United States Mail at Los Angeles, California with
19          the postage thereon fully prepaid.

      ☒     I caused such envelope(s) to be deposited in the mail at Los Angeles, California with
20          postage thereon fully prepaid. I am "readily familiar" with the firm's practice of
            collection and processing correspondence for mailing. It is deposited with the U.S.
21          Postal Service on the same day in the ordinary course of business. I am aware that
            on motion of the party served, service is presumed invalid of postal cancellation date
22          or postage meter date is more than one day after the date of deposit for mailing in this
            affidavit.
23
            I declare under penalty of perjury under the laws of the State of California that the foregoing is
24 true and correct. Executed on March 11, 2008 at Los Angeles, California.

25
26                                    Melanie Ocubillo
27
28

00120

| | |
|---|---|
| 1 | Service List |
| 2 | |
| 3 | Jerry Hauser                                Counsel for Plaintiffs |
|   | Phillips, Greenberg & Hauser, L.L.P. |
| 4 | Four Embarcadero Center, 39th Floor |
|   | San Francisco, CA 94111 |
| 5 | Facsimile: (415) 398-5786 |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

# Exhibit J

00122

From: Matthews & Partners          323 930 5693          03/11/. 8 12:04    #/20 P.002/011

```
 1      Leodis C. Matthews [SBN 109064]
            MATTHEWS & PARTNERS
 2              SUITE 200
          4322 WILSHIRE BOULEVARD
 3      LOS ANGELES, CALIFORNIA 90010-3792
           TELEPHONE: 323.930.5690
 4          FACSIMILE: 323.930.5693

 5      Attorneys For: Defendant
            PRETEC ELECTRICS CORP.
 6

 7

 8          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

 9            IN AND FOR THE COUNTY OF SANTA CLARA

10               DOWNTOWN (SAN JOSE) DIVISION

11

12   MOUNT & STOELKER, a Professional      CASE NUMBER: 108 CV 105975
     Corporation,
13                                          Pretec Electronics Corp.'s
                                                Opposition To
14                        Plaintiff            Mount & Stoelker's
                                                  Motion For
15                                           Preliminary Injunction
            - Vs -
16                                              *********
                                            Supporting Declaration
17
                                                *********
18   C-ONE TECHNOLOGY, a Taiwanese         Request For Judicial Notice
     Corporation, PRETEC ELECTRONICS        [Filed Concurrently Herewith]
19   CORPORATION; a California
     Corporation; INTERNATIONAL CENTRE       *************
20   FOR DISPUTE RESOLUTION, a Division
     of the American Arbitration
21   Association (erroneously sued as
     "International Center for Dispute
22   Resolution"); and DOES 1 through 50,   Date: March 25, 2000
     inclusive.                             Time:       9:00 AM
23                                          Dept: 5
                          Defendants
24

25

26

27

28   PRETEC ELECTRONIC'S OPPOSITION TO M&S'S MOTION FOR PRELIMINARY INJUNCTION
     MOUNT & STOELKER -V- C-ONE TECHNOLOGIES
     Case No 108 CV 105975
```

BY FAX

1    Comes Now, PRETEC ELECTRONICS CORP.["PRETEC"], in its own name and solely

2   on its own behalf, and submits the following Opposition To The Motion For Preliminary

3   Injunction.

4                              INTRODUCTORY FACTS

5       On October 7, 2002 MOUNT & STOELKER, a Professional Law Corporation ["M&S"],

6   prepared two (2) retention letters setting forth the terms and conditions under which it would

7   agree to undertake the defense of PRETEC in two separate patent infringement cases in

8   federal district court  [Lexar Media (N. D. of California Case No 00-4770 MJJ)] and

9   SanDisk Media [(N. D. of California Case No 01-4063 VRW)]. Both of these offers

10  contained the following express terms relating to the "Arbitration of Disputes":

11      "If a dispute arises between Mount and Stoelker and you regarding any aspect of
        this agreement or its implementation, including but not limited to the following: (a)
12      Mount and Stoelker's claim for attorney fees and costs under this agreement; or (b)
        any claim you may make for unsatisfactory performance, including a claim for legal
13      malpractice; you agree to submit the matter to binding arbitration before the
        Amelican Arbitration Association [Ref Exhibits D-1 & D-2 (Para. 10:4–5)]"

14

15  Daniel S. Mount, by affixing his initials to this document, agreed to Arbitration and by this

16  act also agreed on behalf of M&S to arbitrate the dispute.  On October  10, 2002, after

17  changing the hourly rate for senior attorneys from the requested "$450 per hour" to $400",

18  Gordon Yu dated and signed this document on behalf of PRETEC. Directly below the

19  sentence which reads: "The foregoing accurately reflects our agreement [Pg. 5]". Mr. Yu did

20  not place his initials either on the line provided there for under the line provided for his

21  signature [Ref. Page 5] or on the line provided for his initials above the line containing Mr.

22  Mount's initials [Ref. Pg. 4].

23      In is undisputed that M&S provided legal services to PRETEC in both the Lexar

24  Media and ScanDisk Media federal patent infringement cases.  It is equally true that M&S

25  also provided legal services to Memorex pursuant to the express terms of an indemnification

26  agreement, by and between, *inter alia*,  PRETEC and Memorex, in the ScanDisk Media

27

28  PRETEC ELECTRONIC'S OPPOSITION TO M&S'S MOTION FOR PRELIMINARY INJUNCTION
    MOUNT & STOELKER -V- C-ONE TECHNOLOGIES
    Case No 108 CV 105975                                                    Page -2-

    00124

1   litigation (Memorex declined M&S's services in the Lexar Media case electing instead to

2   retain the firm of Keker & VanNest, LLP).

3       And, while it is also undisputed that M&S represented PRETEC in the action filed in

4   Alameda Superior Court by Memorex (for breach of the indemnification agreement) without

5   entering into a separate fee arrangement for such services, what M&S did not mention in its

6   moving papers is the fact that the Phase 1 judgment in this case was entered against, *inter*

7   *alia*, PRETEC based on the actions and inactions of M&S during the course of its

8   representation of Memorex pursuant to the aforementioned indemnification agreement [Ref.

9   Exhibit D-3].

10   **THE FACTUAL BASIS OF M&S MOTION AS IT RELATES TO PRETEC**

11       It appears that M&S's contention with respect to PRETEC is that PRETEC does "not

12   have the right to arbitrate the existing dispute with Mount & Stoelker because there is no

13   contractual agreement between the parties for arbitration". It predicates this argument on the

14   basis that although PRETEC executed the agreement with the understanding that "The

15   foregoing accurately reflects our agreement" it did not also initial the agreement on the

16   appropriate line.

17   **THE FACTUAL BASIS OF PRETEC'S OPPOSITION THEREO**

18       In its moving papers, M&S makes reference only to the underlying arbitration demand

19   filed with the AAA on January 11, 2008 (and for which a filing fee of $4,250.00 was

20   tendered in good faith) [M&S Exhibit A to JRH Dec.; LCM Dec.]. What M&S conveniently

21   fails to mention its moving papers is that, prior to this January 11, 2008 filing, a prior demand

22   had been previously filed with the AAA on June 28, 2007 [Case No. 50-194-T-00227] styled

23   "*C-One Technology Corp. vs. Mount & Stoelker*" [Ref. Exhibit D-4] to which M&S did not

24   lodge any objection thereto on any ground whatsoever[1].

25   

26   ――――――――――――――――
        [1] The filing fee for this first claim was $8,000 - $4,000 of which was refunded due to the stipulated
27   withdrawal [Ref. Exhibit D-4]. Accordingly, a total of $8,250 has been paid to the AAA by Claimant based on
     M&S's agreement to arbitrate any disputes arising out of its retainer agreements with PRETEC [Ref. Exhibits

28

1   In point of fact, Mr. Mount personally participated in an administrative conference

2   call directly relating to this first AAA claim on behalf of M&S on July 6, 2007 during which

3   the parties, in private caucus, agreed to withdraw the matter [Ref. Exhibit D- 5] without

4   prejudice for the purpose of pursing potential settlement of all issues. Moreover, in

5   connection with this withdrawal of the AAA claim, Mr. Mount executed a stipulation on

6   behalf of M&S, which was also "binding upon their agents and assigns", whereby it waived

7   "any defenses or bar to this action based upon the period within which this matter is

8   dismissed without prejudice [Ref. Exhibit D-6].

9   The bottom line of PRETEC's factual opposition to this motion is that M&S drafted

10  the retainer agreements and agreed to arbitrate any and all disputes arising thereunder before

11  the AAA. PRETEC accepted the terms of this agreement upon its execution of it on October

12  10, 2002 and further evidenced its assent to the arbitration clause by dutifully filing its claims

13  against M&S under said agreement with the AAA.

14                          ARGUMENT

15  **A.   The Retainer Agreements**

16  "Arbitration is a matter of contract law" [*A.T.& T Tech. v. Comm. Workers of*

17  *America* (1986) 475 US 643, 648] and it is well-settled in contract law that particular clauses

18  of a contract are subordinate to its general intent [Civil Code § 1650], that the contract must

19  be interpreted as will make it lawful, operative, definite, reasonable, and capable of being

20  carried into effect, if it can be done so without violating the intention of the parties [Civil

21  Code § 1643], and if there are any uncertainties that cannot otherwise be resolved the

22  language of the contract should be interpreted most strongly against the party who caused the

23  uncertainty to exist [Civil Code § 1654].

24  Here, M&S drafted a retainer agreement which set forth the terms and conditions

25  under which it was willing to accept and represent PRETEC as a client in two patent

26  _____

27  D-1 & D-2].

28  PRETEC ELECTRONIC'S OPPOSITION TO M&S'S MOTION FOR PRELIMINARY INJUNCTION
    MOUNT & STOELKER -v- C-ONE TECHNOLOGIES
    Case No 108 CV 105975                                          Page -4-

00126

1   infringement cases pending in the Northern District of California [Federal Court]. Pursuant

2   to the express terms of these two retainer agreements, it was M&S intent that any and all

3   claims that arose as a result of its performance under this agreement, including those of

4   "malpractice", "unsatisfactory performance", and fee disputes be presented for binding

5   arbitration before the American Arbitration Association. M&S also expressly consented to

6   the arbitration of these claims prior to submitting the agreements to PRETEC for its

7   acceptance.

8        M&S contends that PRETEC did not agree to arbitrate its claims because it did not

9   initial the proper line even though it executed the agreement, signifying its acceptance of its

10  terms, and and subsequently submitted its claims to arbitration before the AAA as provided

11  for by the express terms of the agreement.

12       M&S cites several pages of authorities for this court's consideration in support of its

13  argument that it, rather than the AAA, should resolve this issue of whether or not a contract

14  exists for arbitration between itself and PRETEC. As to PRETEC, none of the cited

15  authorities in M&S's moving papers are dispositive of this ultimate issue.

16  **B.    This Ultimate Issue of The Validity And/Or Existence Of The Arbitration**

17       **Agreement By and Between M&S and PRETEC Is Already Properly**

18       **Before The AAA[2]**

19       As noted above on more than one occasion M&S's retainer agreement expressly

20  provides for arbitration of all disputes arising thereunder with the AAA. AAA Rule R-1(a)

21  provides that the "parties shall have deemed to have made these rules a part of the arbitration

22  agreement whenever they have provided for arbitration by the . . AAA . . . . without

23

24

25

26  ---
     [2] Ref. Exhibit B (Objections to Jurisdiction of the Arbitration) & Exhibit C (acknowledgment of receipt

27  of objections by AAA) to Declaration of Jerry R. Hausser

28

1  specifying particular rules"[3].

2      AAA-Rule R-7(a) further provides that the "Arbitrator shall have the power to rule

3  on his or her own jurisdiction including objections with respect to the existence, scope, and

4      validity of the arbitration agreement" and Rule R-7(b) further provides that the

5  arbitrator "shall (also) have the power to determine the existence or validity of the contract

6  of which the arbitration clause forms a part".

7      With peculiar reference to these AAA rules it is noted with acute particularity that

8  M&S's retainer agreement, although the arbitration clause identifies Santa Clara County as

9  the site of any AAA arbitration, DOES NOT contain provision relating to the choice-of-law

10  which is to be applied.  This being the case, the AAA Rules, in particular Rules R-1(a), R-

11  7(a) and R-7(b) apply here.

12      In the recent (February 20, 2008) decision of the United States Supreme Court in the

13  case *Preston v. Ferrer* [128 S. Ct. 978; 2008 U.S. LEXIS 2011, 1*, 30*[4]] held (following

14  its earlier decision in *Mastrobuono v. Shearson Lehman, Hutton, Inc.* (1995) 514 U.S. 52,

15  63-64) that "Following the guide *Mastrobuono* provides, the "best way to harmonize" the

16  parties' adoption of the AAA rules and their selection of California law is to read the latter

17  to encompass prescriptions governing the substantive rights and obligations of the parties,

18  but not the State's "special rules limiting the authority of arbitrators". Here, since M&S's

19  retainer agreement with PRETEC contained no choice-of-law provision the Court's holding

20  in *Preston* is all the more compelling.

21      Succinctly stated, the ultimate issue as to whether or not the arbitration clause is either

22  extant and/or valid and enforceable between the parties is an issue which is already properly

23  before the AAA arbitral forum.

24  _____

25     [3] All references to AAA Rules were retrieved online at http://www.adr.org/sp.asp?id=22440 (as visited

26  March 6, 2008)

27     [4] The pagination of this case is subject to change pending release of the final published version

28  PRETEC ELECTRONIC'S OPPOSITION TO M&S'S MOTION FOR PRELIMINARY INJUNCTION
   MOUNT & STOELKER -V- C-ONE TECHNOLOGIES
   Case No 108 CV 105975                                                    Page -6-

## Conclusion

As pointed out in M&S's moving papers, it is entitled to the requested injunctive relief if and only if it is shown that M&S a "likelihood of success and is entitled to the relief demanded" [Code of Civil Procedure §526(a)]. As for this answering Defendant, particularly given the above-referenced holding of the Supreme Court in *Preston*, the likelihood of M&S prevailing against PRETEC on the issues presented is remote and therefore M&S's request that a Preliminary Injunction should issue should be denied.

////
////

Respectfully Submitted,

Date: March _11_, 2008

Matthews & Partners

By:

Leodis C. Matthews
Attorney For Defendant
PRETEC

PRETEC ELECTRONIC'S OPPOSITION TO M&S'S MOTION FOR PRELIMINARY INJUNCTION
MOUNT & STOELKER -V- C-ONE TECHNOLOGIES
Case No 108 CV 105975                                                Page -7-

00129

**Supporting Declaration**

I, Leodic C. Matthews, declare as follows:

1.     I am an attorney at law duly licensed to practice before all courts within the State of California and my firm, Matthews and Partners, is the attorneys of record for named defendant Pretec Electronics Corporation.

2.     On January 11, 2008 I filed a claim with the AAA "C-One Technology (Pretec Electronics) 002-IV3-275" on behalf of our client. A filing fee of $4,250.00 was tendered in good faith [M&S Exhibit A to JRH Dec]. This was not the first AAA claim that was filed in this matter.

3.     Prior thereto, I had filed an earlier claim with the AAA on June 28, 2007 [Case No. 50-194-T-00227] styled "*C-One Technology Corp. vs. Mount & Stoelker*" [Ref. Exhibit D-4]. The filing Fee for this claim was $8,000.00. However, $4,000.00 of this sum was refunded as a result of its dismissal on the grounds set forth below.

4.     With respect to the first claim of June 28, 2007, Daniel S. Mount, Esq. personally appeared and participated in an administrative conference call directly relating to this first AAA claim on behalf of M&S on July 6, 2007. During this conference Mr. Mount and I met in private caucus and mutually agreed to withdraw the claim [Ref. Exhibit D-5] without prejudice for the purpose of pursing potential settlement of all issues.

5.     Moreover, in connection with this withdrawal of the AAA claim, Mr. Mount executed a stipulation on behalf of M&S, which was also "binding upon their agents and assigns", whereby it waived "any defenses or bar to this action based upon the period within which this matter is dismissed without prejudice [Ref. Exhibit D-6].

6.     I was not put on official notice that M&S was objecting to the arbitration of this claim until I received its written "Objection To Jurisdiction Of The Arbitrator" dated February 12, 2008; a date approximately six months after the date that the first claim had been filed.

7.      In both of the retainer agreements [Ref. Exhibit D-1 & D-2] dated October 7, 2002, attorney Mount expressly agreed to the submission of all claims arising out of these agreements to the AAA for binding arbitration.

8.      In direct reliance on the agreement to arbitrate all claims arising out of its retainer agreement with M&S, Defendant has clearly been prejudiced by the fact that it has already paid a total of $8,250.00 to the AAA as well as incurred in addition thereto attorneys fees and costs expended in connection with the prosecution of this arbitral matter.

////

I have read the foregoing declaration and know of its contents. I declare under penalty of perjury that the foregoing is true and correct.

Executed this _li_ day of March 2008 at Los Angeles, California.

_____
Leodis C. Matthews

00131

# Exhibit D-1

EXHIBIT D-1

# MOUNT & STOELKER
### ATTORNEYS

DANIEL M. MOUNT
JAMES L. STOELKER
RICHARD J. LA PLACE
BETTY A. KEMP
KATHRYN M. SUSMAN
ALFONSO A. BISSUETTE

WILLIAM B. SAILERS
OF COUNSEL

*CERTIFIED SPECIALIST OF
ESTATE PLANNING, TRUST & PROBATE LAW,
THE STATE BAR OF CALIFORNIA
BOARD OF LEGAL SPECIALIZATION*

NIEDERMAN TOWER, SUITE 1640
333 WEST SAN CARLOS
SAN JOSE, CALIFORNIA 95110-2731
(408) 279-7000
FAX (408) 998-1473

LESLIE J. HOFMEISTER
RAE C. FINLEY
LARA J. HOFFMAN
KAREN D. TANEN
NADIE A. SCHRUCK
ASHLEY E. SIANO
MAIA F. CALLAHAN
PEGGY B. CHEN

*LICENSED ONLY OF THE
PEOPLE'S REPUBLIC OF CHINA*

October 7, 2002

Pretec Electronics Corp.
Attn: Charles Lin
40979 Encyclopedia Cr.
Fremont, CA 94538

Re:    Lexar Media v. Pretec Electronics, et al. – Our File No. Prete001

Dear Mr. Lin:

This letter sets forth the basis upon which this office will represent Pretec
Electronics Corp. with regard to the above matter in terms of both the scope of our legal
representation of Pretec Electronics, as well as Pretec Electronics' obligations to us as a
client. This letter further sets out the agreement by which attorneys' fees and costs will
be paid to this firm. For purposes of this agreement all parties are referred to collectively
as "you."

I.    <u>Legal Services to be Provided.</u>

We will represent you regarding the above matters. We will provide those legal
services reasonably necessary to represent you in this matter. We will take reasonable
steps to keep you informed of the progress of this case and to respond to your inquiries.

We will represent you through a trial or arbitration of these matters, if any, and
through any post-trial or arbitration motions or execution proceedings. After final judgment
is entered, we will not represent you in any appellate court proceedings, unless a separate
fee agreement is entered into between you and this firm. Unless we make a different
agreement in writing, this agreement will govern all future services we may perform in these
matters, or in any other matters in which we might represent you.

EXHIBIT D-1

Pretec Electronics Corp.
Attn: Charles Lin.
October 7, 2002
Page 2

2.    Responsibilities of Attorney and Client.

We will perform the legal services called for under this agreement, keep you and
Pretec informed of progress and developments in the case, and respond promptly to your
inquiries and communications. You agree to respond promptly to our inquiries, be truthful
with the firm at all times, cooperate fully with us, keep us informed of any developments in
this matter, abide by this agreement, and keep us advised of your current address(es) and
telephone number(s).

3.    Attorney's Fees and Costs.

3.1.    Rates and Charges                                    *senior city*

You hereby agree to pay the hourly rate at our prevailing rates for time spent on this
matter by our legal personnel. Our current hourly rates range from $375.00 per hour for
senior attorneys down to $190.00 per hour for youngest attorneys. The rate schedule may
increase from time to time.

We will charge you for time spent on telephone calls relating to this matter,
including calls to you, opposing counsel, or court personnel. The legal personnel assigned
to this matter will confer among themselves about the matter as required. When they do
confer, each person will charge for time expended. Likewise, if more than one of our legal
personnel attends a meeting, court hearing or other proceeding, each will charge for time
spent. You will be charged for waiting time in court and elsewhere, and for travel time, both
local and out-of-town.

You agree to pay all "Costs" in connection with our representation of you under this
agreement. We may request you to pay Costs directly or in advance to this office. In the
event that we advance Costs on your account, we will then bill such Costs to you on a
monthly basis.

Costs include, but are not limited to, court filing fees, deposition costs, expert fees
and expenses, investigation costs, long-distance telephone charges, messenger service fees,
in-house photocopying charges, photocopying expenses, mileage and process server fees.
Items that are not to be considered Costs, and that must be paid by you without being either
advanced or contributed to by Mount & Stoelker, include, but are not limited to, other
parties' costs, if any, that you are ultimately ordered or required to pay.

00134

EXHIBIT D-1

Pretec Electronics Corp.
Attn: Charles Lin.
October 7, 2002
Page 3

### 3.b.  Statements and Payments.

We will send you monthly statements indicating attorneys' fees and costs incurred, and their basis any amounts applied, and any current balance owed. You agree to pay the balance due, in full, within 30 days after the statement is mailed. All parties are jointly and severally liable for payment of attorneys' fees and costs. At the end of our representation of you, any unused portion of the retainer will be returned to the party(ies) who deposited the retainer.

### 3.c.  Trial Deposit.

You will be required, 45 days prior to any scheduled trial, to post a deposit on account of fees. The deposit will be held in a trust account and withdrawn by Mount & Stoelker upon presentation of invoices for services. Any unused portion of the trial deposit will be available for return to you or credit for other services. The amount of the required trial deposit will be fixed as an estimate of the expected fees and costs to be earned through the conclusion of the trial. Absent unusual circumstances, the trial deposit will be $12,000.00 for each day the trial is estimated to last.

### 3.d.  Replenishing Retainer.

You agree to pay $50,000.00 as a deposit against legal fees and costs for the Lexar Media v. Pretec matter. This sum is fully earned in consideration for our promise to represent you. However, we will apply that deposit to our bill for legal services and costs and the application will be reflected in the bill for services that you receive. You agree to keep the balance of the retainer at $50,000.00.

### 4.  Settlement.

Mount & Stoelker will not settle the claims against you without your approval. You have the right to accept or reject any proposed settlement. You agree to act reasonably in deciding whether to accept or reject any settlement proposal. If you refuse to accept any reasonable settlement proposal which this firm has recommended that you accept, this firm may then withdraw from further representation of you in this matter upon such ground. We will notify you promptly of the terms of any settlement offer received by Mount & Stoelker.

### 5.  Attorney's Lien.

You hereby grant us a lien on any and all claims or causes of action that are the subject of our representation of you. Our lien will be for any amounts owing to us. The lien

00135

**EXHIBIT D-1**

Preter Electronics Corp.
Attn: Charles Lin.
October 7, 2002
Page 4

will attach to any recovery you may obtain, whether by settlement, arbitration award, court judgment or otherwise.

6.    Termination of Relationship.

You may discharge Mount & Stoelker at any time. If, at the time of discharge, Mount & Stoelker is your attorney of record in any proceeding, you will execute and return a substitution-of-attorney form immediately on its receipt from Mount & Stoelker. Notwithstanding any such discharge, the signators to this agreement agree to pay Mount & Stoelker its fees and Costs through the date of discharge.

Mount & Stoelker may withdraw at any time as permitted under the Rules of Professional Conduct of the State Bar of California.

7.    Release of Client's Papers and Property.

After our services have concluded, we will, upon your request, deliver your files to you, along with any of your funds or property then in our possession. If no written instructions are received from you regarding disposition of the file materials, they will be destroyed 24 months after our services conclude.

8.    Disclaimer of Warranty.

Nothing in this agreement and nothing in our statements to you will be construed as a promise or a guarantee of the outcome of this matter. We make no such promises or guarantees. Our comments about the outcome of this matter are expressions of opinion only.

9.    Entire Agreement.

This writing contains our entire agreement regarding this firm's representation of you and regarding payment of fees. No other agreement, statement, or promise, whether written or oral, that was made on or before the effective date of this agreement will be binding on the parties.

10.    Arbitration of Dispute.

If a dispute arises between Mount & Stoelker and you regarding any aspect of this agreement or its implementation, including but not limited to the following: (a) Mount & Stoelker's claim for attorney's fees or costs under this agreement or (b) any claim you may make for unsatisfactory performance, including a claim of legal malpractice; you agree to

00136

EXHIBIT D-1

Pretec Electronics Corp.
Attn: Charles Lin.
October 7, 2003
Page 5

submit the matter to binding arbitration before the American Arbitration Association in Santa Clara County.

**BE ADVISED THAT, BY AGREEING TO THIS PROVISION, BOTH OF US ARE WAIVING ANY RIGHT ONE MAY HAVE TO A TRIAL BY JURY. IF YOU CONSENT TO SUBMIT YOUR CLAIMS TO BINDING ARBITRATION, PLEASE INDICATE BY PLACING YOUR INITIALS IN THE SPACE PROVIDED:**

PRETEC ELECTRONICS CORP.

Its _____

Mount & Stoelker _____

This agreement will take effect immediately upon receipt of the total retainer of $50,000.00. Please do not hesitate to contact me if you have any questions regarding this letter.

Sincerely,

Daniel S. Mount

The foregoing accurately reflects our agreement.

Dated: _____

PRETEC ELECTRONICS CORP.

By _____    Its _____

x-Pretec\Oh:\Oh3a\Pree Agreement Letter

00137

# Exhibit D-2

00138

EXHIBIT D-2

# MOUNT & STOELKER
### ATTORNEYS

DANIEL A. MOUNT
JAMES L. STOELKER
RICHARD J. LA PLENA
SCOTT A. LOSS*
KATHRYN M. SHERMAN
ALFREDO A. BISMONTE
———
WILLIAM D. SAUERS
OF COUNSEL

*CERTIFIED SPECIALIST IN
ESTATE PLANNING, TRUST & PROBATE LAW,
THE STATE BAR OF CALIFORNIA
BOARD OF LEGAL SPECIALIZATION

RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS
SAN JOSE, CALIFORNIA 95110-2711
(408) 279-7000
FAX (408) 998-1473

LESLIE J. HOEKSTRA
DON S. FOLEY
LARA J. HODGSON
NADER R. YASIN
MARK A. SCHNUCK
ASHLEY E. JAMES
NANA S. CALLAGHAN
PEGGY R. CHEN

(LICENSED ONLY IN THE
PEOPLE'S REPUBLIC OF CHINA)

October 7, 2002

Pretec Electronics Corp.
Attn: Charles Lin
40979 Encyclopedia Cr.
Fremont, CA 94538

Re:    Sandisk Media v. Pretec Electronics, et al. – Our File No. Prete002

Dear Mr. Lin:

This letter sets forth the basis upon which this office will represent Pretec Electronics Corp. with regard to the above matter in terms of both the scope of our legal representation of Pretec Electronics, as well as Pretec Electronics' obligations to us as a client. This letter further sets out the agreement by which attorneys' fees and costs will be paid to this firm. For purposes of this agreement all parties are referred to collectively as "you."

1.    <u>Legal Services to be Provided.</u>

We will represent you regarding the above matters. We will provide those legal services reasonably necessary to represent you in this matter. We will take reasonable steps to keep you informed of the progress of this case and to respond to your inquiries.

We will represent you through a trial or arbitration of these matters, if any, and through any post-trial or arbitration motions or execution proceedings. After final judgment is entered, we will not represent you in any appellate court proceedings, unless a separate fee agreement is entered into between you and this firm. Unless we make a different agreement in writing, this agreement will govern all future services we may perform in these matters, or in any other matters in which we might represent you.

00139

EXHIBIT D-2

Pretec Electronics Corp.
Attn: Charles Lin.
October 7, 2002
Page 2

2.    **Responsibilities of Attorney and Client.**

We will perform the legal services called for under this agreement, keep you and Pretec informed of progress and developments in the case, and respond promptly to your inquiries and communications. You agree to respond promptly to our inquiries, be truthful with the firm at all times, cooperate fully with us, keep us informed of any developments in this matter, abide by this agreement, and keep us advised of your current address(es) and telephone number(s).

3.    **Attorneys Fees and Costs.**

3.a.    **Rates and Charges**

$400.00 PW

You hereby agree to pay the hourly rate at our prevailing rates for time spent on this matter by our legal personnel. Our current hourly rates range from $350.00 per hour for senior attorneys down to $190.00 per hour for youngest attorneys. The rate schedule may increase from time to time.

We will charge you for time spent on telephone calls relating to this matter, including calls to you, opposing counsel, or court personnel. The legal personnel assigned to this matter will confer among themselves about the matter as required. When they do confer, each person will charge for time expended. Likewise, if more than one of our legal personnel attends a meeting, court hearing or other proceeding, each will charge for time spent. You will be charged for waiting time in court and elsewhere, and for travel time, both local and out-of-town.

You agree to pay all "Costs" in connection with our representation of you under this agreement. We may request you to pay Costs directly or in advance to this office. In the event that we advance Costs on your account, we will then bill such Costs to you on a monthly basis.

Costs include, but are not limited to, court filing fees, deposition costs, expert fees and expenses, investigation costs, long-distance telephone charges, messenger service fees, in-house photocopying charges, photocopying expenses, mileage and process server fees. Items that are not to be considered Costs, and that must be paid by you without being either advanced or contributed to by Mount & Stoelker, include, but are not limited to, other parties' costs, if any, that you are ultimately ordered or required to pay.

00140

00141

Exhibit D-4

Prætec Electronics Corp.
Attn: Charles Lin.
October 7, 2002
Page 3

**3.b.    Statements and Payments.**

We will send you monthly statements indicating attorneys' fees and costs incurred, and their amounts applied, and any current balance owed. You agree to pay the balance due, in full, within 20 days after the statement is mailed. All parties are jointly and severally liable for payment of attorneys' fees and costs. At the end of our representation of you, any unused portion of the retainer will be returned to the party(ies) who deposited the retainer.

**3.c.    Trial Deposit.**

You will be required, 45 days prior to any scheduled trial, to post a deposit on account of fees. The deposit will be held in a trust account and withdrawn by Mount & Stoelker upon presentation of invoices for services. Any unused portion of the trial deposit will be available for return to you or credit for other services. The amount of the required trial deposit will be fixed as an estimate of the expected fees and Costs to be earned through the conclusion of the trial. Absent unusual circumstances, the trial deposit will be $12,000.00 for each day the trial is estimated to last.

**3.d.    Replenishing Retainer.**

You agree to pay $50,000.00 as a deposit against legal fees and costs for the SanDisk Corporation v. Pretec matter. This sum is fully earned in consideration for our promise to represent you. However, we will apply that deposit to our bill for legal services and costs and the application will be reflected in the bill for services that you receive. You agree to keep the balance of the retainer at $50,000.00.

**4.    Settlement.**

Mount & Stoelker will not settle the claims against you without your approval. You have the right to accept or reject any proposed settlement. You agree to act reasonably in deciding whether to accept or reject any settlement proposal. If you refuse to accept any reasonable settlement proposal which this firm has recommended that you accept, this firm may then withdraw from further representation of you in this matter upon such ground. We will notify you promptly of the terms of any settlement offer received by Mount & Stoelker.

**5.    Attorney Lien.**

You hereby grant us a lien on any and all claims or causes of action that are the subject of our representation of you. Our lien will be for any amounts owing to us. The lien

EXHIBIT D-2

Pretec Electronics Corp.
Attn: Charles Lin.
October 7, 2002
Page 4

will attach to any recovery you may obtain, whether by settlement, arbitration award, court judgment or otherwise.

6.      **Termination of Relationship.**

You may discharge Mount & Stoelker at any time. If, at the time of discharge, Mount & Stoelker is your attorney of record in any proceeding, you will execute and return a substitution-of-attorney form immediately on its receipt from Mount & Stoelker. Notwithstanding any such discharge, the signators to this agreement agree to pay Mount & Stoelker its fees and Costs through the date of discharge.

Mount & Stoelker may withdraw at any time as permitted under the Rules of Professional Conduct of the State Bar of California.

7.      **Release of Client's Papers and Property.**

After our services have concluded, we will, upon your request, deliver your files to you, along with any of your funds or property then in our possession. If no written instructions are received from you regarding disposition of the file materials, they will be destroyed 24 months after our services conclude.

8.      **Disclaimer of Warranty.**

Nothing in this agreement and nothing in our statements to you will be construed as a promise or a guarantee of the outcome of this matter. We make no such promises or guarantees. Our comments about the outcome of this matter are expressions of opinion only.

9.      **Entire Agreement.**

This writing contains our entire agreement regarding this firm's representation of you and regarding payment of fees. No other agreement, statement, or promise, whether written or oral, that was made on or before the effective date of this agreement will be binding on the parties.

10.     **Arbitration of Dispute.**

If a dispute arises between Mount & Stoelker and you regarding any aspect of this agreement or its implementation, including but not limited to the following: (a) Mount & Stoelker's claim for attorney's fees or costs under this agreement; or (b) any claim you may make for unsatisfactory performance, including a claim of legal malpractice, you agree to

00142

From:Matthews & Partners          323 930 6693          03/11/2008 12:10     #720 P.022/077

EXHIBIT D-2

Pretec Electronics Corp.
Attn: Charles Lin.
October 7, 2002
Page 5

submit the matter to binding arbitration before the American Arbitration Association in Santa Clara County.

BE ADVISED THAT, BY AGREEING TO THIS PROVISION, BOTH OF US ARE WAIVING ANY RIGHT ONE MAY HAVE TO A TRIAL BY JURY. IF YOU CONSENT TO SUBMIT YOUR CLAIMS TO BINDING ARBITRATION, PLEASE INDICATE BY PLACING YOUR INITIALS IN THE SPACE PROVIDED:

PRETEC ELECTRONICS CORP.

Its _____

Mount & Stoelker

This agreement will take effect immediately upon receipt of the total retainer of $50,000.00. Please do not hesitate to contact me if you have any questions regarding this letter.

Sincerely,

Daniel S. Mount

The foregoing accurately reflects our agreement.

Dated: Oct 10, 2002

PRETEC ELECTRONICS CORP.

By _____
Its _____

r:/Pretec001: 001.001/Fee Agreement Letter

00143

# Exhibit D-3

Additional Addressees:

G. Whitney Leigh
Gonzalez & Leigh LLP
332 Pine St., Suite 200
San Francisco, Ca. 94104

Ron Finley
Mount & Stoelker
333 West San Carlos Street
Suite 1650
San Jose, Ca. 95110

From:Matthews & Partners        323 930 5693        03/11/2008 12:10    #720 P.025/077

FILED
ALAMEDA COUNTY

APR 10 2006

CLERK OF THE SUPERIOR COURT
BY
Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

MEMOREX PRODUCTS, INC., fka
MEMTEK PRODUCTS, INC.,

                          Plaintiff,

        v.

C-ONE TECHNOLOGY CORPORATION,
PRETEC ELECTRONICS, INC; and DOES
1 through 10, inclusive,

                          Defendants.

Case No. RG03-118916

PROPOSED

PHASE ONE TRIAL

STATEMENT OF DECISION

This matter came on for the first phase of a bifurcated bench trial on October 31, 2005.
Plaintiff Memorex Products, Inc., formerly known as Memtek Products ("Memorex") appeared
through its counsel, Jon B. Streeter and G. Whitney Leigh. Defendants C-One Technology
Corporation ("C-One") and Pretec Electronics, Inc. ("Pretec") appeared through their counsel,
Daniel Mount and Ron Finley. The Court heard testimony from witnesses and accepted
documentary exhibits into evidence over the course of the first three weeks of November,
concluding on the afternoon of November 17, 2005. The parties then submitted Post-Trial
Memoranda, and, on December 12, 2005, the Court heard Phase One closing arguments and
announced its tentative decision. The Court assigned Plaintiff's counsel the task of preparing a
proposed memorandum of decision based on the Court's tentative decision. Plaintiff's counsel
submitted a proposed statement of decision on January 9, 2006. Having carefully reviewed the
trial record, observed the credibility and demeanor of the witnesses, and considered the
arguments presented by the parties, the Court now issues the following Findings of Fact and
Conclusions of Law, resolving all matters in dispute in the Phase One trial.

I.    Findings of Fact

The Parties and the Applicable Contract Language

1

00146

1  2, 2002. *See* Trial Exhibit 46. The scheduling order established a series of discovery, pleading,

2  and appearance deadlines for the parties beginning on May 24, 2002 and culminating in a patent

3  claim construction hearing scheduled for October 4, 2002. *Id.* Mr. Jeing, representing Memorex

4  and Defendants, failed to meet any of the discovery and pleading deadlines. *Id.* He also failed to

5  appear at a patent tutorial hearing scheduled for September 20, 2002. *Id.* After Mr. Jeing failed

6  to appear at the tutorial hearing, Judge Jenkins issued an order to show cause why sanctions

7  should not be imposed against Memorex and Defendants. *Id.* Judge Jenkins observed that mail

8  sent to Mr. Jeing's address of record had been returned undelivered and that Mr. Jeing apparently

9  had changed addresses without notifying the court as required by the local rules. *Id.* Judge

10  Jenkins scheduled the hearing on the order to show cause for October 4, 2002. *Id.*

11      7.     On April 12, 2002, District Judge Vaughn Walker issued a case management

12  order in the *SanDisk* case that, like the *Lexar* case scheduling order, established a series of

13  discovery and pleading deadlines for the parties. *See* Trial Exhibit 102, p.2. As in the *Lexar*

14  case, Mr. Jeing failed to meet any of these deadlines. *Id.*, pp. 2-4. Mr. Jeing also defaulted on

15  the statutory disclosure obligations in that case and failed to provide required written responses

16  to SanDisk's requests interrogatories and document requests. *Id.* Mr. Jeing produced documents

17  to SanDisk on behalf of Pretec, but did not produce any documents on behalf of Memorex. *See*

18  Trial Exhibits 41, at 5:1-3 and 102, at 3:8-16. On August 26, 2002, SanDisk filed a motion

19  seeking preclusion of evidence, an order striking Memorex and Pretec's affirmative defenses,

20  and recovery of reasonable attorney's fees and costs. Trial Exhibit 41. In its sanctions motion,

21  SanDisk singled out Memorex in particular for having "not produced a single document to date."

22  *Id.*, at 2:6-9. On September 30, 2002, SanDisk filed an amended notice of motion for sanctions

23  against Memorex, scheduling the hearing for the motion on October 17, 2002. *See* Trial Exhibit

24  50.

25      8.     Memorex was not aware of Mr. Jeing's failure to perform or appear during the

26  times those failures occurred. Mr. Golacinski repeatedly complained to Gordon Yu, defendants'

27  president, about Mr. Jeing's failure adequately to communicate or to provide Memorex with

28

Proposed Phase One Trial Statement of Decision        *Memorex v. C-One, et al.*
Case No. RG03-118916

1   updates regarding the patent proceedings. 11/8/05 AM TX at 24:24-25:16; 26:10-27:17; 28:22-

2   29:27. In response, Yu assured Mr. Golacinski not to worry and that Mr. Jeing had all matters

3   under control. *Id.* at 29:28-30:14. By early August 2002, however, Mr. Yu determined he

4   needed to find an alternative to Mr. Jeing, but did not notify Memorex of his decision to do so.

5   11/8/05 AM TX at 36:17-37:14, 11/15/05 AM TX at 41:2-14.

6                     The *Lexar* and *SanDisk* Sanctions Proceedings

7          9.     During the fourth quarter of 2002, the *Lexar* and *SanDisk* courts held proceedings

8   addressing whether sanctions -- at least monetary sanctions, and potentially issue sanctions or

9   even terminating sanctions -- should be imposed against Memorex and Defendants for failing to

10  comply with statutory and court-ordered discovery, pleading and other pretrial requirements.

11         10.    Memorex first learned of sanctions proceedings in the *Lexar* case in late

12  September 2002, when it was notified by its former counsel, Coudert Brothers, of an Order to

13  Show Cause Re Sanctions issued by Judge Martin Jenkins on September 23, 2002. *See* Trial

14  Exhibit 46, 11/9/05 AM TX at 59:9-60:14. After learning of the *Lexar* sanctions proceedings,

15  Memorex retained the law firm of Keker & Van Nest, LLP ("Keker & Van Nest"), to replace Mr.

16  Jeing as its counsel in the *Lexar* case. *See* Trial Exhibit 51, 11/9/05 AM TX at 60:15-26. By

17  letter dated October 2, 2002, Memorex formally notified Defendants of its decision to replace

18  Mr. Jeing with Keker & Van Nest as its counsel in the *Lexar* Action. *See* Trial Exhibit 51.

19  Defendants also retained a new law firm, Mount & Stoelker, LLP ("Mount & Stoelker"), to

20  assume their defense in the *Lexar* case in Mr. Jeing's stead. *See* Trial Exhibit 52.

21         11.    Memorex first learned of the October 17, 2002, sanctions proceeding in the

22  *SanDisk* case on October 15, 2002, two days before the hearing was scheduled to occur. *See*

23  Trial Exhibit 61, 11/15/05 PM TX at 65:10-66:4. Defendants learned of SanDisk's sanctions

24  motion on October 2, 2002. *See* Trial Exhibits 82, ¶13, p.3 and 83, ¶8, p.2. Defendants and

25  their counsel failed to inform Memorex of the sanctions hearing in the *SanDisk* case for almost

26  two weeks. Defendants' declarations in the *SanDisk* matter executed by Ron Finley, a Mount &

27  Stoelker attorney, and by Charles Lin, a Pretec employee, show that the Defendants and Mount

28

                                              5

1    & Stoelker knew about the specific allegations of Mr. Jeing's failures in the *SanDisk* case as of

2    October 2, 2002. *See* Exhibits 82 and 83. On October 15, 2002, Mr. Finley informed Memorex

3    that SanDisk had opposed Defendants' request to continue the sanctions hearing because no one

4    representing Memorex had not joined in Defendants' request, urged Memorex to immediately

5    join in Defendants' request, and said Mount & Stoelker could specially appear at the sanctions

6    hearing for Memorex. *See* Trial Exhibits 59 and 61. Faced with exigent circumstances,

7    Memorex agreed to allow Mount & Stoelker to appear for Memorex at the October 17, 2002

8    hearing. *See* Trial Exhibits 62.

9        12.    Over the next three weeks, Defendants, through Mr. Finley, made multiple

10    requests that Memorex agree to allow Mount & Stoelker to represent Memorex in both the

11    *SanDisk* and *Lexar* cases. *See* Trial Exhibits 62 and 87. Memorex decided to allow Mount &

12    Stoelker to represent Memorex in the *SanDisk* case on a trial basis and defer its decision whether

13    to accept Mount & Stoelker in the *Lexar* case until after the trial period. 11/9/05 AM TX at

14    80:24-81:24; 86:22-87:17. Mount & Stoelker represented Memorex in the *SanDisk* case through

15    the hearing on SanDisk's sanctions motion on November 14, 2002. *See* Trial Exhibit 89. During

16    this period of time, Keker & Van Nest continued to represent Memorex in the *Lexar* case.

17        13.    Between October 15 and November 14, 2002, Mount & Stoelker communicated

18    with Memorex on two or three occasions. 11/9/05 AM TX at 77:5-11. In these communications,

19    Mount & Stoelker failed to inform Memorex of several procedural and substantive matters

20    relating to the *SanDisk* case sanctions proceedings. 11/9/05 AM TX at 77:13-20.

21        14.    It is undisputed that Mount & Stoelker did not inform Memorex that SenDisk had

22    singled out Memorex for its failure to produce any documents in discovery in its motion for

23    sanctions and its opposition to Pretec's request to continue the sanctions hearing. *See* Trial

24    Exhibits 41, at 2:8-9, 5:1-3 and 68, at 2:21-22. 11/9/05 AM TX at 76:22-77:2; 11/17/05 AM TX

25    at 51:10-52:11.

26        15.    On October 28, 2005, Mr. Finley sent an e-mail to Defendants reporting the status

27    of the *Lexar* and *SanDisk* proceedings. *See* Trial Exhibit 79. In this report, Mr. Finley informed

28

6

00149

1    Defendants that, among other things, Mount & Stoelker would file an opposition to SanDisk's

2    motion for sanctions on October 31, 2002. *Id.* Mr. Finley did not send this status report, or the

3    information contained in it pertaining to the *SanDisk* case, to Memorex. *Id.* On October 31,

4    2002, Mount & Stoelker filed an opposition to SanDisk's sanctions motion, on behalf of Pretec

5    and Memorex, supported by declarations by Mr. Finley and Charles Lin, a Pretec employee. *See*

6    Trial Exhibits 81-83. Mount & Stoelker did not provide copies of these pleadings to Memorex,

7    or seek its input or approval for the arguments made therein. 11/9/05 AM TX at 84:12-14,

8    11/10/05 PM TX at 32:14-17.

9         16.    On November 7, 2002, SanDisk filed a reply brief in support of its sanctions

10   motion. *See* Trial Exhibit 85. In its reply, SanDisk noted that although Mount & Stoelker had

11   presented evidence, through the Lin declaration, of Pretec's unawareness of Mr. Jeing's failure

12   to perform and appear, it "offered no support for their contention that Memorex was unaware of

13   Mr. Jeing's actions" and that Mr. Lin was not competent to submit a declaration on behalf of

14   Memorex. *See* Trial Exhibit 85 at p.2, note 1, 11/9/05 AM TX at 82:18-83:11. It is undisputed

15   that Mount & Stoelker did not notify Memorex of SanDisk's reply arguments pertaining to

16   Memorex. *Id.* at 82:18-85:28.

17        17.    Memorex learned of San Disk's allegations against Memorex, and of Mount &

18   Stoelker's failure to respond to or notify Memorex of SanDisk's allegations, only after the

19   sanctions hearing was held, on November 14, 2002. Memorex then decided to terminate Mount

20   & Stoelker as its counsel in the *SanDisk* case and not allow Mount & Stoelker to represent

21   Memorex in the *Lexar* case. *See* 11/9/05 AM TX at 84:11-88:14, Trial Exhibits 91 and 99.

22        18.    On November 27, 2002, Judge Walker issued an order in the *SanDisk* case

23   imposing monetary sanctions against Mr. Jeing, Memorex and Pretec. Trial Exhibit 102 at

24   15:19-28. Judge Walker further warned that any future failure by Memorex or Pretec to comply

25   with discovery rules or deadlines could result in severe sanctions, and required Memorex and

26   Pretec's CEOs to file declarations attesting to their awareness of the order's contents. *Id.*, at

27   14:20-4. On February 13, 2003, Judge Jenkins entered an order in the *Lexar* case awarding

28

                                    7

                                                                        00150

1   monetary sanctions against Mr. Jeing, but declining to sanction Memorex or C-One.  Trial

2   Exhibit 107.

3                               II.  Conclusions of Law

4                    Contractual Duties Owed by Defendants to Memorex

5        1.        The Court finds that under the Indemnity Agreement, Defendants assumed three

6   related but separable duties relevant to the instant dispute:  (1) a duty to indemnify, (2) a duty to

7   defend and (3) a duty to communicate.  Only the duty to defend and the duty to communicate are

8   at issue in this Phase One trial.

9        2.        The scope of Defendants' duty to indemnify Memorex is set forth in Section 1 of

10  the Indemnification Agreement.  *See* Trial Exhibit 20.  Section 1 requires Defendants, without

11  limitation, to pay on behalf of Memorex all "losses, costs, damages (compensatory and punitive),

12  expenses, judgments, settlements, awards of costs or attorneys' fees, royalties or any other

13  amounts" that [Memorex] paid or is required to pay arising out of any claims brought against

14  Memorex based on products Memorex purchased from Defendants.  *Id.*, Section 1(i), p.2.  The

15  Court finds that under a narrow, but reasonable, reading of Section 1 of the Indemnification

16  Agreement, Defendants' duty to indemnify Memorex for any losses "arising out of" claims based

17  on Memorex's sale of Defendants' products would not necessarily include a duty to pay

18  monetary sanctions imposed individually on Memorex for litigation misconduct in the

19  underlying patent actions.  Thus, if ordered to pay monetary sanctions for litigation misconduct

20  caused by Defendants' assigned counsel, Memorex could reasonably be concerned whether

21  Memorex would be reimbursed by the Defendants for sanctions individually imposed on

22  Memorex for what the Court determined was assigned counsel's failure to perform, respond, or

23  comply with an order or rule.

24       3.        The Indemnification Agreement also obligated Defendants to fully defend

25  Memorex in the *Lexar* case and in any other lawsuits brought against Memorex by third parties

26  based on Memorex's sale of Defendants' products.  *See* Trial Exhibit 20, Section 1, pp.2-3.

27

28

                                        8

Proposed Phase One Trial Statement of Decision                    *Memorex v. C-One, et al.*
                                                                  Case No. RG03-118916

                                                                        00151

From:Matthews & Partners          323 930 5693          03/11/2008 12:13      #720 P.031/077

1  Thus, the Indemnification Agreement obligated Defendants to defend Memorex in the *SanDisk*

2  case. *See* Trial Exhibit 31.

3      4.      The Indemnification Agreement authorized Defendants to assign counsel of their

4  choice to undertake the professional responsibility of defending Memorex, but also provided that

5  such counsel had to be acceptable to Memtek. *See* Trial Exhibit 20, Section 1, p.2.  The Court

6  finds that this acceptability provision is one that must be measured by a standard of objective

7  reasonableness. *See Storek & Storek Inc. v. Citicorp Real Estate Inc.*, 100 Cal. App. 4th 44, 55-

8  65, 122 Cal. Rptr. 2d 267, 275-285 (2002).  The Indemnification Agreement further provided

9  that in the event that Defendants either (1) breached their obligation to defend or (2) failed to

10 provide counsel acceptable to Memorex, then Memorex was entitled to hire separate counsel to

11 defend it. *See* Trial Exhibit 20, Section 2, p.2.

12     5.      The other duty that Defendants assumed under the Indemnification Agreement

13 was the duty to communicate.  Although this obligation might be characterized as a subpart of

14 the duty to defend, for purposes of clarity of analysis the Court treats it distinctly.  Under Section

15 2, page 3, of the Indemnification Agreement, Defendants expressly agreed to instruct counsel to

16 communicate with individuals designated by Memorex and to keep them regularly informed of

17 the progress of the action.  Memorex designated two individuals for this purpose:  Michael

18 Golacinski, Memorex's president and CEO, and Dorothy Law, an attorney who performed

19 services for Memorex akin to that of an inside or general counsel. 11/17/05 AM TX at 46:18-

20 48:25.

21                              Breach of Duty To Defend

22     6.      The Court finds Defendants breached their duty to defend Memorex by the

23 actions and inactions of their first assigned counsel, Mr.Jeing.  As set forth in the sanction order

24 of Judge Jenkins, Mr. Jeing failed to follow local court rules regarding disclosures, exchanges,

25 statements, briefs, and evidence. *See* Trial Exhibit 46.  Similar allegations were made in the

26 *SanDisk* case. *See* Trial Exhibit 102.  I find that Mr. Jeing abandoned over a long period of time

27 the defense of Memorex in both cases.  During the trial, Defendants did not meaningfully contest

28                                      9

From: Matthews & Partners          323 930 5693          03/11/2008 12:13    #720 P.032/077

1   the charge that Mr. Jeing failed to carry out his duty to defend Plaintiff. Because Mr. Jeing

2   failed to represent Memorex adequately in both the *Lexar* and *SanDisk* cases, his behavior

3   caused Defendants to breach the Indemnification Agreement.

4          7.     The court finds the services of the second assigned counsel, Mount & Stoelker,

5   did not breach the basic duty to defend, but were properly rejected by Memorex, using an

6   objectively reasonable standard of acceptability, under the terms of the contract. Keker & Van

7   Nest directly succeeded Mr. Jeing as defense counsel for Memorex in the *Lexar* case. Since

8   Mount & Stoelker never represented Memorex in that case, they could not breach any basic duty

9   to defend in that case. In the *SanDisk* case, Memorex contended Mount & Stoelker failed to fully

10  defend Memorex's interests in opposing the motion for sanctions. Memorex presented evidence

11  that showed Mount & Stoelker (1) failed to submit declarations on Memorex behalf similar to

12  those that the firm submitted on behalf of Defendants, (2) made representations to the Court that

13  did not state Memorex's position with regard to the facts presented, (3) failed to state Memorex's

14  individual efforts and diligence in attempting to ensure Mr. Jeing's compliance with the court

15  orders, litigation rules, and discovery schedule, and (4) omitted any reference to Memorex's

16  reliance on Mr. Yu that everything was okay and proceeding properly. Memorex also contends

17  that Mount & Stoelker failed to argue against an interpretation of the Supreme Court's decision

18  in *Link v. Wabash* that would not impose strictly liable on a party for the conduct of their

19  counsel. The Court concludes these actions do not constitute a breach of the basic duty to

20  defend. The Court does find, however, that Memorex was justified, using an objectively

21  reasonable standard of acceptability, in finding the second assigned counsel and their actions

22  unacceptable under the terms of the Indemnification Agreement.

                        Breach of Duty to Communicate

23

24         8.     The Indemnification Agreement requires that Defendants instruct any counsel

25  appointed to defend Memorex to communicate regularly about the status of the case with

26  individuals designated by Memorex. Memorex designated Michael Golacinski and inside

27  counsel Dorothy Law. Neither Mr. Jeing nor Mount & Stoelker communicated with these

28                                          10

1   representatives in a meaningful or regular way.

2       9.   Defendants do not dispute that Mr. Jeing failed to communicate with Memorex

3   about the status of both cases. Furthermore, the facts show that Defendants failed to meet their

4   own duty to communicate, separate and apart from Mr. Jeing's obligation, by providing updates

5   to Memorex and reasonably responding to inquiries from the designated representatives of

6   plaintiff.

7       10.   Mr. Golacinski repeatedly complained to Gordon Yu, the president of Defendants,

8   about Mr. Jeing's failure to communicate. He was assured by Mr.Yu, without any apparent basis

9   in fact, that things were proceeding acceptably in the cases until the end of August 2002, at

10  which point Mr. Yu himself became sufficiently concerned about the failure of communication

11  with Mr. Jeing that he began looking for alternative counsel.

12      11.   The Court finds that Mount & Stoelker did not communicate regularly to

13  Memorex the status or important events of the *SanDisk* case during the time Mount & Stoelker

14  represented Memorex in that proceeding. The communication failures include:

15          a.) Memorex was not made aware of the failures involving Mr. Jeing in a timely

16  fashion. The Court concludes that Mount & Stoelker and Pretec both had knowledge by

17  October 2, 2002, of Mr. Jeing's failures and the pending sanctions motions in both the

18  *Lexar* and *SanDisk* matters. *See* Trial Exhibits 82 and 83. However, they did not notify

19  Memorex about these problems until October 15, 2002, in an email sent to Ms. Grace Lu

20  that was forwarded to Ms. Law. Trial Exhibit 61. Given the significance of this

21  information, the failure to communicate this information to Memorex is a breach of the

22  Indemnification Agreement's communication requirement.

23          b.) Mount & Stoelker failed to provide Memorex with copies of pleadings in the

24  *SanDisk* case. Standing alone, this is insufficient to find a breach of the communication

25  requirement of the Indemnification Agreement. In reviewing Mr. Finley's two or three

26  communications with Memorex in the critical time period of October 15 through

27  November 15, 2002, the Court finds that Mount & Stoelker did not clearly state the

28                                      11

From: Matthews & Partners    323 930 5693    03/11/2008 12:14    #720 P. 034/077

positions it was taking in the *SanDisk* sanctions regarding Memorex and Pretec's respective conduct and culpability.

c.) Mount & Stoelker failed to provide Memorex with a copy of the October 28th, 2002, status report sent to Defendants. *See* Trial Exhibit 79. Standing alone, this failure would be sufficient to find a breach of the Indemnification Agreement's communication requirement. This document was intended to convey the progress of the *SanDisk* case. At trial, Mr. Finley failed to explain why it was not forwarded to Ms. Law at Memorex and provided no justification for his failure to do so.

d.) Mount & Stoelker failed to forward information contained in Mr. Lin's declarations opposing sanctions. These declarations purported to make representations concerning Memorex's knowledge of the underlying events leading up to the motion for sanctions. *See* Trial Exhibits 60 and 82. They are relevant to understand the overall lack of communication, but, standing alone, are not sufficient to constitute a breach of the duty to communicate.

e.) Mount & Stoelker failed to inform Memorex that SanDisk was attempting to obtain sanctions individually against Memorex because of counsel's failure to present evidence that Memorex had no knowledge of Mr. Jeing's actions. The Court finds the failure to communicate that information sufficient to constitute a breach of the duty to communicate.

12.    Mount & Stoelker's failures to communicate, especially following the failures of Mr. Jeing, gave Memorex a proper basis, using an objectively reasonable standard of acceptability, to reject Mount & Stoelker as its defense counsel.

13.    Breach of the duty to communicate provides a separate and independent basis for the Court's finding of breach of contract.

Prerequisites to Invoking Section 2 of The Agreement Satisfied

14.    Under Section 2 of the Indemnification Agreement, Memorex was entitled to serve written notice and "resume" working with its own designated counsel in the event of

12

00156

13

1  Defendants' breach.[2]

2      15.    Memorex provided written notice of breach to Defendants in the *Lexar* matter on

3  October 2, 2002, in a letter from Mr. Golecinski to Mr. Yu. That letter notified

4  Pretec that Memorex had retained the law firm of Keker & Van Nest to represent it in that

5  matter, based on Mr. Jeng's failure to meet numerous court deadlines and Memorex's doubts as

6  to Mr. Jeng's professional ability.

7      16.    For the *SanDisk* matter, Mount & Stoelker admitted at trial that their

8  representation of Memorex in that case was on a trial basis, or, as Mr. Law stated, a "wait and

9  see" basis. When Memorex concluded that Mount & Stoelker had not performed to its

10  satisfaction in the *SanDisk* matter, it decided to replace Mount & Stoelker with Keker & Van

11  Nest on November 15, 2002. Written notification was sent on November 19, 2002, citing Mount

12  & Stoelker's failure to keep Memorex informed about material events in the case, failure to

13  obtain Memorex's consent and approval of pleadings before filing, failure to inquire about the

14  extent of Memorex's knowledge concerning Mr. Jeng, and failure to consult with Memorex

15  about the litigation. *See Trial Exhibit 91.*

16      17.    The Court finds that it was objectively reasonable for Memorex to be dissatisfied

17  with the defense counsel Defendants offered and that Memorex was within its rights to replace

18  assigned defense counsel in both the *Lexar* and *SanDisk* cases as set forth in Section 2 of the

19  Indemnification Agreement.

20  **Cure And Waiver Defenses**

21      18.    Defendants argue that any breach they committed was cured and any right that

22  Memorex may have had to replace defense counsel was waived by Memorex's refusal of

23  Defendants' multiple offers to cure the breach between October 15 and November 15, 2002, by

24  tendering Mount & Stoelker as counsel to replace Mr. Jeng. Defendants contend that, once

25  Memorex hired Keker & Van Nest in early October 2002, it categorically refused to consider any

26  attorney suggested by Defendants. Defendants argue that their first attempt to cure was made on

27  [3] The Court reads this to mean that Memorex has the right to "resume" being separately represented, not

28  that it necessarily had to resume being represented by its previous counsel, Couden Brothers.

1    October 15, 2002, when Mount & Stoelker informed Ms. Law that it would represent Memorex

2    in the *SanDisk* matter on a special appearance basis. Defendants claim a second offer of cure in

3    the October 28, 2002, status report and separate communications made between Mr. Finley and

4    Ms. Law. Defendants claim a final offer of cure in Gordon Yu's letter of November 20, 2002,

5    responding to Memorex's oral and written notices of breach and its announced intention to retain

6    Keker & Van Nest as counsel in both the *Lexar* and *SanDisk* matters. *See* Trial Exhibit 95.

7        19.    The Court finds that Memorex acted reasonably in October, 2002, by allowing

8    Mount & Stoelker to represent it on a trial basis in *SanDisk* while also continuing to have Keker

9    & Van Nest represent it in the *Lexar* matter. Mount & Stoelker only made its offer to represent

10   Memorex in the *Lexar* case after Memorex retained Keker & Van Nest. Memorex's decision to

11   defer acceptance of Mount & Stoelker in the *Lexar* case during the period it was evaluating the

12   law firm's representation of Memorex in the *SanDisk* case was reasonable given the history and

13   existing circumstances. The Court believes that Memorex acted reasonably in accepting Mount

14   & Stoelker's representation in *SanDisk* only on a tentative basis, while retaining the option to

15   review the arrangement later.

16       20.    Memorex fairly considered allowing Mount & Stoelker to represent it, but

17   ultimately had objectively reasonable grounds for rejecting Defendants' tenders of joint

18   representation by that firm. Mr. Finley's November 15, 2002, letter illustrates Memorex's

19   concerns about potential conflicts with Mount & Stoelker's representation. *See* Trial Exhibit 90.

20   The letter begins by stating that it sets forth Pretec's position. The letter then refers to Pretec as

21   "our [Mount & Stoelker's] client." The letter takes positions adverse to Memorex in outlining

22   why Pretec did not believe it was responsible for Memorex's legal fees. The letter then states

23   that the failures of previous counsel have been cured. The tone of the letter, failure to

24   specifically state that Mr. Finley was neutral in any disputes between the parties, and advocacy

25   on behalf of Defendants' position against Memorex, would give the recipient Memorex

26   reasonable doubt about the loyalties of Mr. Finley. Since that letter, Defendants have not offered

27   any counsel other than Mount & Stoelker to represent Memorex.

28

21. The Court finds there has been no cure by Defendants or waiver by Plaintiff.

## III. CONCLUSION

Based on the Findings of Fact and Conclusions of Law set forth above, the Court finds and declares (1) that Defendants breached the terms of the Indemnification Agreement, (2) that Memorex was entitled as a result of the breach to retain separate counsel in both the *Lexar* and *SanDisk* cases, and (3) that Memorex may recover damages as provided for in Section 2 of the Agreement, subject to any remaining defenses Defendants may have. The Court further finds and declares that Memorex did not waive its rights under Section 2 of the Agreement, or in any other respect, nor did Defendants cure their breach.

This Proposed Phase One Trial Statement of Decision will become the Phase One Trial Statement of Decision unless a party serves and files objections to this statement of decision within 15 days from the notice of entry of this statement of decision. Rule 232(d), California Rules of Court. Any party filing objections to this statement must also serve a courtesy copy of all such objections on the Court Clerk of Department 135. Plaintiff must prepare and submit within 15 days from the notice of entry of this statement a proposed judgment in conformance with this statement. Rule 232 (c), California Rules of Court.

This case has been bifurcated into two phases. The Phase Two trial, to determine all remaining issues, shall occur on a date to be determined at a case management conference to be scheduled and noticed by the Court. The Court does not reach the issue of whether Memorex failed to mitigate its damages or whether the $135,000 settlement amount alleged to have been paid by Memorex in the *Lexar* matter is properly recoverable as damages.

**IT IS SO ORDERED.**

DATED: _APRIL 8, 2006_

_____
JUDGE OF THE SUPERIOR COURT

From:Matthews & Partners          323 930 5693          03/11/2008 12:16    #720 P.039/077

# Exhibit D-4

From:Matthews & Partners          323 930 5693          03/11/2008 12:16    #720 P.039/077



# International Centre for Dispute Resolution

## FAX

*Thomas M. Ventrone, Esq.*
*Vice President*
*International Centre for Dispute Resolution*
*1633 Broadway, New York, NY  10019-6708*
*telephone 212 484 3299, facsimile 212 246 7274*

DATE     July 12, 2007

TO       Leodis Clyde Matthews, Esq.          FAX NUMBER     1-323-930-5693
         Daniel S. Mount, Esq.                               1-408-998-1473

         Andrea H. Bugbee
         ICDR Senior Case Manager

NUMBER OF PAGES     4     Mr. Matthews w/Respective Financial History
                    3     Mr. Mount w/Respective Financial History

RE       50 194 T 00227 07
         C-One Technology Corp.
         vs
         Mount & Stoelker

CC

MESSAGE     Dear Counsel:

            Please see the attached. Thank you.

            Kind Regards,

            Andrea

THIS FAX TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE PERSON TO WHOM IT IS ADDRESSED. IT MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL, PRIVILEGED OR OTHERWISE EXEMPT FROM DISCLOSURE. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE PERSON AUTHORIZED TO DELIVER THIS FAX TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OF THIS FAX IS PROHIBITED. IF YOU HAVE RECEIVED THIS FAX IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE (COLLECT) AND RETURN THE ORIGINAL FAX TO US BY FIRST CLASS MAIL AT THE ABOVE ADDRESS.

00160

From:Matthews & Partners          323 930 6693          03/11/2008 12:16    #720 P.040/077



**International Centre
for Dispute Resolution**

Thomas Ventrone
Vice President

1633 Broadway, 10th Floor, New York, NY 10019
telephone 212-484-4181 facsimile 212-346-7274
internet: http://www.adr.org/ICDR

July 12, 2007

**VIA FACSIMILE ONLY**

Leodis C. Matthews, Esq.
Matthews & Partners
4322 Wilshire Blvd Suite 200
Los Angeles, CA 90010

Daniel S. Mount, Esq.
Mount & Stoelker
Riverpark Tower, Suite 1650
333 West San Carlos
San Jose, CA 95110

Re: 50 194 T 00227 07
    C-One Technology, Corp.
    vs
    Mount & Stoelker

Dear Counsel:

This will serve to acknowledge receipt of a letter dated July 11, 2007 from Claimant wherein it has been stipulated by both Parties that the matter is to be withdrawn. Therefore, we are closing our file as of July 6, 2007. Copies of your respective Financial Histories have been attached.

Please contact the undersigned, should you have any questions.

Very truly yours,

Andrea H. Bughee
Senior International Case Manager
(212) 484-3299
BugheeA@adr.org

Encl.

a division of the American Arbitration Association

00161

50-194-T-00227-07
C-One Technology, Corp.

Administrative Fees and Expenses:

| | |
|---|---|
| Filing Fees | $8,000.00 |
| Case Services Fee | $0.00 |
| Hearing Fees | $0.00 |
| AAA Room Rental Fee | $0.00 |
| Abeyance/Misc. AAA Fees | $0.00 |
| Non-AAA Conference Room Expenses | $0.00 |
| Misc Expenses | $0.00 |

| | |
|---|---|
| Your Share of Administrative Fees and Expenses: | $8,000.00 |
| Amount Paid for Administrative Fees and Expenses: | $8,000.00 |
| Balance Administrative Fees and Expenses: | $0.00 |

Neutral Compensation and Expenses:

| | |
|---|---|
| Your Share of Neutral Compensation and Expenses: | $0.00 |
| Amount Paid for Neutral Compensation and Expenses: | $0.00 |
| Balance Neutral Compensation and Expenses: | $0.00 |

| | |
|---|---|
| Party Balance: | $0.00 |

00162

## C-One Technology, Corp. vs Mount & Stoelker

| | |
|---|---|
| Case Manager: | Andrea Bugbee |
| Case Number: | 50-194-T-00227-07 |
| Case Status: | Withdrawn |
| Received Date: | 08/28/2007 |
| Notification Date: | 07/06/2007 |
| Days Elapsed: | 8 |
| Refund %: | 50% |

| Party# Name | Filing Fees (a) | Reduction Per Refund Schedule (b) | Paid ( |
|---|---|---|---|
| 1 C-One Technology, Corp. | $8,000.00 | $4,000.00 | $8,000.0 |
| 2 Mount & Stoelker | $0.00 | $0.00 | $0.0 |
| Total | $8,000.00 | $4,000.00 | $8,000.0 |

00163

From:Matthews & Partners          323 930 5693          03/11/2008 12:16     #720 P.043/077

# Exhibit D-5

00164

From:Matthews & Partners          323 930 5693          03/11/2008 12:16    #720 P.044/077

 International Centre for Dispute Resolution

**FAX**

Thomas M. Ventrone, Esq.
Vice President
International Centre for Dispute Resolution
1633 Broadway, New York, NY 10019-6708
telephone 212 484 3299, facsimile 212 246 7274

DATE    July 9, 2007

To      Leodis Clyde Matthews, Esq.          FAX NUMBER   1-323-930-5693
        Daniel S. Mount, Esq.                              1-408-998-1473

        Andrea H. Bughee
        ICDR Senior Case Manager

NUMBER OF PAGES    2    (Including Fax Cover Sheet)

RE      50 194 T 00227 07
        C-One Technology Corp.
        vs
        Mount & Stoelker

CC

MESSAGE     Dear Counsel:

            Please see the attached. Thank you.

            Kind Regards,

            Andrea

THIS FAX TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE PERSON TO
WHOM IT IS ADDRESSED. IT MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL,
PRIVILEGED OR OTHERWISE EXEMPT FROM DISCLOSURE. IF YOU ARE NOT THE
INTENDED RECIPIENT OR THE PERSON AUTHORIZED TO DELIVER THIS FAX TO THE
INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OF
THIS FAX IS PROHIBITED. IF YOU HAVE RECEIVED THIS FAX IN ERROR, PLEASE
NOTIFY US IMMEDIATELY BY TELEPHONE (COLLECT) AND RETURN THE ORIGINAL
FAX TO US BY FIRST CLASS MAIL AT THE ABOVE ADDRESS.

00165



International Centre for Dispute Resolution

Thomas Ventrone
Vice President

1633 Broadway, 10th Floor, New York, NY 10019
telephone: 212-484-4181 facsimile: 212-246-7274
internet: http://www.adr.org/ICDR

July 9, 2007

VIA FACSIMILE ONLY

Leodis C. Matthews, Esq.
Matthews & Partners
4322 Wilshire Blvd Suite 200
Los Angeles, CA 90010

David S. Mount, Esq.
Mount & Stoelker
Riverpark Tower, Suite 1650
333 West San Carlos
San Jose, CA 95110

Re: 50 194 T 00227 07
COne Technology, Corp.
vs
Mount & Stoelker

Dear Counsel:

This will serve to confirm that an administrative conference call took place on July 6, 2007. We note that during the call, the Parties reached an agreement to withdraw the matter.

We hereby kindly request the Parties to please confirm their agreement to withdraw the case in writing. Upon receipt of said notice, we will close the file as of July 6, 2007.

Please contact the undersigned, should you have any questions.

Very truly yours,

Andrea H. Bagley
Senior International Case Manager
(212) 484-3299
BagleyA@adr.org

# Exhibit D-6

00167

# MOUNT & STOELKER, P.C.
## ATTORNEYS

### FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| **TO:** Leodis Matthews | **FROM:** Dan Mount |
| **COMPANY:** Matthews & Partners | **DATE:** JULY 10, 2007 |
| **FAX NUMBER:** (323) 930-5693 | **TOTAL NO. OF PAGES INCLUDING COVER:** 2 |
| **PHONE NUMBER:** | **SENDER'S REFERENCE NUMBER:** MOUNT011 |
| **RE:** International Centre of Dispute Resolution C-One Tech. V. M&S | **YOUR REFERENCE NUMBER:** ADR Case No. 50-194T00227-07 |

☐ URGENT    ☐ FOR REVIEW    ☐ ORIGINAL TO FOLLOW    ☐ PLEASE REPLY

THE INFORMATION CONTAINED IN THIS FAX IS CONFIDENTIAL AND/OR PRIVILEGED. THIS FAX IS INTENDED TO BE REVIEWED INITIALLY BY ONLY THE NAMED ADDRESSEE. REVIEW, DISSEMINATION OR COPYING OF THIS FAX BY ANYONE OTHER THAN THE INTENDED RECIPIENT OR HIS OR HER REPRESENTATIVE IS PROHIBITED. IF YOU HAVE RECEIVED THIS FAX IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE AND RETURN THIS FAX TO THE SENDER AT THE ADDRESS LISTED BELOW.

NOTES/COMMENTS:

RIVERPARK TOWER, STE. 1650; 333 WEST SAN CARLOS
SAN JOSE, CA 95110-2711
(408) 279-7000; FAX (408) 998-1473

00168

From:Matthews & Partners          323 930 5893          03/11/2008 12:17    #720 P.048/077

323-930-5693                P.2

Jul 05 07 04:42p    Leodis C. Matthews

MATTHEWS & PARTNERS

July 9, 2007

DATE REC'D/ORIG. 7-9-07
FILE # Mount/MY
CALN'D MM APPR'VD N8
BY                BY
DATE CoD-90 days
DATE
DATE
COPY DSM
TO CLIENT

Dan Mount, Esq.
Mount & Stoelker
Riverpark Tower, Suite 1650
333 West San Carlos
San Jose, CA 95110                    Fax: (408) 998-1473

Re: INTERNATIONAL CENTRE OF DISPUTE RESOLUTION
C-ONE TECHNOLOGY V. MOUNT & STOELKER
ADR Case No. 50-194T00227-07

Dear Mr. Mount:

This letter will serve as a confirmation of our agreement that with respect to those issues asserted in the above matter, we have agreed that the Arbitration will be withdrawal without prejudice for a period of 60 days but not to exceed 90 days.

Mount & Stoelker agrees to waive any running of any statute of limitations or other time limitation that might expire or be affected by this agreed upon time period. Before or at the conclusion of the 60 – 90 day period described above, C-One Technology may elect to refile the request for arbitration without objections by Mount & Stoelker as to any defenses or bar to this action based upon the period within which this matter is dismissed without prejudice.

The parties agree that they the authority to sign on behalf of the named parties in this case and that this agreement is binding upon their agents and assigns.

If this summary is correct, please countersign this letter to indicate your consent to the above agreement reached between us on July 6, 2007.

Sincerely, yours

Leodis C. Matthews

LCM/wla

The parties have agreed as stated above:

Dan Mount                                        Date: July 9, 2007

00169



1

**Certificate of Service**
*[California Code of Civil Procedure §§ 1013a & 2015.5]*

2

3    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party within the action. My address is 4322 Wilshire Boulevard, Suite 200, Los Angeles, CA

4    90010.  On March 11, 2008 served the foregoing document(s), described as follows, on all interested parties in this action by placing a true copy thereof

5    Title of Document:    **PRETEC ELECTRONICS CORP.'S OPPOSITION TO MOUNT & STOELKER'S MOTION FOR PRELIMINARY INJUNCTION**

6

7    Case Number:    BC359710

8    **SEE ATTACHED SERVICE LIST**

9    ☐    **PERSONAL DELIVERY:** On the above date I caused the above described document(s) to be personally hand delivered to the addressee(s)

10

11    ☐    **FACSIMILE:** On the above date, I caused the above-described document(s) to be sent to the addressee(s) via the facsimile number on the attached service list.

12    ☐    **FEDERAL EXPRESS:** On the above date I caused the above-described document(s) to be sent  to the addressee(s) via Federal Express with the shipping charges fully prepaid, for ☐

13    Overnight ☐ Priority Overnight Delivery

14    ☒    **REGULAR MAIL:**

15    ☐    I deposited such envelope(s) in the United States Mail at Los Angeles, California with the postage thereon fully prepaid.

16

17    ☒    I caused such envelope(s) to be deposited in the mail at Los Angeles, California with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S.

18    Postal Service on the same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid of postal cancellation date

19    or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

20    I declare under penalty of perjury under the laws of the State of California that the foregoing is

21    true and correct. Executed on March 11, 2008 at Los Angeles, California.

22

23    Melanie Ocubillo

24

25

26

27

28

From:Matthews & Partners    323 990 6693    03/11/2008 12:18    #720 P.050/077

|    |                                                         |                         |
|----|---------------------------------------------------------|-------------------------|
| 1  |                                                         | Service List            |
| 2  |                                                         | Counsel for Plaintiffs  |
| 3  | Jerry Hauser                                            |                         |
|    | Phillips, Greenberg & Hauser, L.L.P.                    |                         |
| 4  | Four Embarcadero Center, 39th Floor                     |                         |
|    | San Francisco, CA 94111                                 |                         |
| 5  | Facsimile: (415) 398-5786                               |                         |
| 6  |                                                         |                         |
| 7  |                                                         |                         |
| 8  |                                                         |                         |
| 9  |                                                         |                         |
| 10 |                                                         |                         |
| 11 |                                                         |                         |
| 12 |                                                         |                         |
| 13 |                                                         |                         |
| 14 |                                                         |                         |
| 15 |                                                         |                         |
| 16 |                                                         |                         |
| 17 |                                                         |                         |
| 18 |                                                         |                         |
| 19 |                                                         |                         |
| 20 |                                                         |                         |
| 21 |                                                         |                         |
| 22 |                                                         |                         |
| 23 |                                                         |                         |
| 24 |                                                         |                         |
| 25 |                                                         |                         |
| 26 |                                                         |                         |
| 27 |                                                         |                         |
| 28 |                                                         |                         |

00171

# Exhibit K

00172

From: Matthews & Partners          323 930 5693          03/11/2008 12:18    #720 P.051/077

1
2
3
4

Leodis C. Matthews [SBN 109064]
MATTHEWS & PARTNERS
SUITE 200
4322 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90010-3792
TELEPHONE: 323.930.5690
FACSIMILE: 323.930.5693

5    Attorneys For: Defendant
         PRETEC ELECTRICS CORP.

6

7

8    IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9    IN AND FOR THE COUNTY OF SANTA CLARA

10   DOWNTOWN (SAN JOSE) DIVISION

11

12   MOUNT & STOELKER, a Professional          CASE NUMBER: 108 CV 105975
     Corporation,
13                                             Request For Judicial Notice

14                                             [Filed Concurrently with
                              Plaintiff         Pretec Electronics Corp.'s
                                                Opposition To
15                                              Mount & Stoelker's
                          - Vs -                Motion For
16                                              Preliminary Injunction]

17                                             *********

18   C-ONE TECHNOLOGY, a Taiwanese
     Corporation, PRETEC ELECTRONICS
19   CORPORATION; a California
     Corporation; INTERNATIONAL CENTRE
20   FOR DISPUTE RESOLUTION, a Division
     of the American Arbitration
21   Association (erroneously sued as
     "International Center for Dispute          Date: March 25, 2008
22   Resolution"); and DOES 1 through 50,       Time:        9:00 AM
     inclusive.                                 Dept: 5
23                            Defendants

24

25

26

27   PRETEC ELECTRONIC'S REQUEST FOR JUDICIAL NOTICE
     (OPPOSITION To M&S's MOTION FOR PRELIMINARY INJUNCTION)
28   MOUNT & STOELKER -v- C-ONE TECHNOLOGIES
     Case No 108 CV 105975                                        00173

BY FAX

TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

Pursuant to sections 452, and 453 of the *California Evidence Code*, Defendant PRETEC ELECTRONICS CORPORATION requests the Court to take judicial notice of the following, a true copy of which is attached hereto::

1. Notice of Entry of Proposed Phase One Trial Statement of Decision (filed April 10, 2006) and Phase One Trial Statement of Decision (filed April 10, 2006) of the Alameda Superior Court in the case styled "Memorex Products, Inc., fka Memtek Products Inc., v. S-One Technology Corporation, Pretec Electronics Corporation, and Does 1 through 10, Inclusive", Case No. RG03-118916 [See also. Exhibit D-3 (collectively) of Defendant's Opposition Papers]

POINTS AND AUTHORITIES

Judicial Notice may be taken of "the records of any federal or state court [Evid. Code, § 452(d)]. While the language of *Evidence Code §452* is permissive, this is because the court may take notice of the matters listed therein even when not requested to do so [*Evidence Code §450* Law Revision Commission Comments 1965]. However, the taking of judicial notice of the matters listed in *Evidence Code §452* is mandatory if properly requested by a party that the court do so [Evidence Code § 453]. Here, the request for judicial notice is properly being made.

Specifically, a court may properly judicially notice both the existence and truth of the matters asserted in court orders, conclusions of law and judgments [*Sosinsky v. Grant* (1992) 6 Cal.App.4th 1548, 1564].

The court may also judicially notice the existence of findings of fact made in an other action and, of the doctrines of res judicata and collateral estoppel have already attached, rendering that decision final and binding on all parties, the court may also accept those findings of fact as being true as well [[*Sosinsky v. Grant* (Supra) 6 Cal.App.4th @ 1568]. Such is also

PRETEC ELECTRONIC'S REQUEST FOR JUDICIAL NOTICE
(OPPOSITION TO M&S's MOTION FOR PRELIMINARY INJUNCTION)
MOUNT & STOELKER -v- C-ONE TECHNOLOGIES
Case No 108 CV 105975

Page -2-

00174

1  the case here.

2  ////

3                                              Respectfully Submitted,

4

5

6  Date:  March 11, 2008

7

8                                              **Matthews & Partners**

9

10

11

12  By: _____

13                                              Leodis C. Matthews

14                                              Attorney For Defendant
                                                PRETEC
15

16

17

18

19

20

21

22

23

24

25

26

27  PRETEC ELECTRONIC'S REQUEST FOR JUDICIAL NOTICE
   (OPPOSITION TO M&S'S MOTION FOR PRELIMINARY INJUNCTION)
28  MOUNT & STOELKER -v- C-ONE TECHNOLOGIES                    Page -3-
   Case No 108 CV 105975

                                                            00175

From:Matthews & Partners          323 930 6693          03/11/2008 12:19     #720 P.054/077

# Exhibit 1

00176

From: Matthews & Partners    323 930 6693    03/11/2008 12:19    #720 P.055/077

Additional Addressees:

G. Whitney Leigh
Gonzalez & Leigh LLP
332 Pine St., Suite 200
San Francisco, Ca. 94104

Ron Finley
Mount & Stoelker
333 West San Carlos Street
Suite 1650
San Jose, Ca. 95110

00177



SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

FILED
ALAMEDA COUNTY

APR 10 2006

CLERK OF THE SUPERIOR COURT
BY _____ Deputy

1

2

3    MEMOREX PRODUCTS, INC., fka          Case No. RG03-118916
     MEMTEK PRODUCTS, INC.,
4                                              PROPOSED
              Plaintiff,
5                                         PHASE ONE TRIAL

6        v.                              STATEMENT OF DECISION

7    C-ONE TECHNOLOGY CORPORATION,
     PRETEC ELECTRONICS, INC; and DOES
8    1 through 10, inclusive,

9              Defendants.

10

11       This matter came on for the first phase of a bifurcated bench trial on October 31, 2005.

12   Plaintiff Memorex Products, Inc., formerly known as Memtek Products ("Memorex") appeared

13   through its counsel, Jon B. Streeter and G. Whitney Leigh.  Defendants C-One Technology

14   Corporation ("C-One") and Pretec Electronics, Inc. ("Pretec") appeared through their counsel,

15   Daniel Mount and Ron Finley.  The Court heard testimony from witnesses and accepted

16   documentary exhibits into evidence over the course of the first three weeks of November,

17   concluding on the afternoon of November 17, 2005.  The parties then submitted Post-Trial

18   Memoranda, and, on December 12, 2005, the Court heard Phase One closing arguments and

19   announced its tentative decision.  The Court assigned Plaintiff's counsel the task of preparing a

20   proposed memorandum of decision based on the Court's tentative decision.  Plaintiff's counsel

21   submitted a proposed statement of decision on January 9, 2006.  Having carefully reviewed the

22   trial record, observed the credibility and demeanor of the witnesses, and considered the

23   arguments presented by the parties, the Court now issues the following Findings of Fact and

24   Conclusions of Law, resolving all matters in dispute in the Phase One trial.

25                              I.   Findings of Fact

26              The Parties and the Applicable Contract Language

27

28                                        1

Proposed Phase One Trial Statement of Decision          Memorex v. C-One, et al.
                                                        Case No. RG03-118916

00178

1    2, 2002. *See* Trial Exhibit 46. The scheduling order established a series of discovery, pleading,

2    and appearance deadlines for the parties beginning on May 24, 2002 and culminating in a patent

3    claim construction hearing scheduled for October 4, 2002. *Id.* Mr. Jeing, representing Memorex

4    and Defendants, failed to meet any of the discovery and pleading deadlines. *Id.* He also failed to

5    appear at a patent tutorial hearing scheduled for September 20, 2002. *Id.* After Mr. Jeing failed

6    to appear at the tutorial hearing, Judge Jenkins issued an order to show cause why sanctions

7    should not be imposed against Memorex and Defendants. *Id.* Judge Jenkins observed that mail

8    sent to Mr. Jeing's address of record had been returned undelivered and that Mr. Jeing apparently

9    had changed addresses without notifying the court as required by the local rules. *Id.* Judge

10    Jenkins scheduled the hearing on the order to show cause for October 4, 2002. *Id.*

11        7.   On April 12, 2002, District Judge Vaughn Walker issued a case management

12    order in the *SanDisk* case that, like the *Lexar* case scheduling order, established a series of

13    discovery and pleading deadlines for the parties. *See* Trial Exhibit 102, p.2. As in the *Lexar*

14    case, Mr. Jeing failed to meet any of these deadlines. *Id.*, pp. 2-4. Mr. Jeing also defaulted on

15    the statutory disclosure obligations in that case and failed to provide required written responses

16    to SanDisk's requests interrogatories and document requests. *Id.* Mr. Jeing produced documents

17    to SanDisk on behalf of Pretec, but did not produce any documents on behalf of Memorex. *See*

18    Trial Exhibits 41, at 5:1-3 and 102, at 3:8-16. On August 26, 2002, SanDisk filed a motion

19    seeking preclusion of evidence, an order striking Memorex and Pretec's affirmative defenses,

20    and recovery of reasonable attorney's fees and costs. Trial Exhibit 41. In its sanctions motion,

21    SanDisk singled out Memorex in particular for having "not produced a single document to date."

22    *Id.*, at 2:6-9. On September 30, 2002, SanDisk filed an amended notice of motion for sanctions

23    against Memorex, scheduling the hearing for the motion on October 17, 2002. *See* Trial Exhibit

24    50.

25        8.   Memorex was not aware of Mr. Jeing's failure to perform or appear during the

26    times those failures occurred. Mr. Golacinski repeatedly complained to Gordon Yu, defendants'

27    president, about Mr. Jeing's failure adequately to communicate or to provide Memorex with

28

                                      4

From:Matthews & Partners                323 930 5693              03/11/2008 12:19    #720 P.058/077

1   updates regarding the patent proceedings. 11/8/05 AM TX at 24:24-25:16; 26:10-27:17; 28:22-

2   29:27. In response, Yu assured Mr. Golacinski not to worry and that Mr. Jeing had all matters

3   under control. *Id.* at 29:28-30:14. By early August 2002, however, Mr. Yu determined he

4   needed to find an alternative to Mr. Jeing, but did not notify Memorex of his decision to do so.

5   11/8/05 AM TX at 36:17-37:14, 11/15/05 AM TX at 41:2-14.

                    The *Lexar* and *SanDisk* Sanctions Proceedings

6

7           9.      During the fourth quarter of 2002, the *Lexar* and *SanDisk* courts held proceedings

8   addressing whether sanctions — at least monetary sanctions, and potentially issue sanctions or

9   even terminating sanctions — should be imposed against Memorex and Defendants for failing to

10  comply with statutory and court-ordered discovery, pleading and other pretrial requirements.

11          10.     Memorex first learned of sanctions proceedings in the *Lexar* case in late

12  September 2002, when it was notified by its former counsel, Coudert Brothers, of an Order to

13  Show Cause Re Sanctions issued by Judge Martin Jenkins on September 23, 2002. *See* Trial

14  Exhibit 46, 11/9/05 AM TX at 59:9-60:14. After learning of the *Lexar* sanctions proceedings,

15  Memorex retained the law firm of Keker & Van Nest, LLP ("Keker & Van Nest"), to replace Mr.

16  Jeing as its counsel in the *Lexar* case. *See* Trial Exhibit 51, 11/9/05 AM TX at 60:15-26. By

17  letter dated October 2, 2002, Memorex formally notified Defendants of its decision to replace

18  Mr. Jeing with Keker & Van Nest as its counsel in the *Lexar* Action. *See* Trial Exhibit 51.

19  Defendants also retained a new law firm, Mount & Stoelker, LLP ("Mount & Stoelker"), to

20  assume their defense in the *Lexar* case in Mr. Jeing's stead. *See* Trial Exhibit 52.

21          11.     Memorex first learned of the October 17, 2002, sanctions proceeding in the

22  *SanDisk* case on October 15, 2002, two days before the hearing was scheduled to occur. *See*

23  Trial Exhibit 61, 11/15/05 PM TX at 65:10-66:4. Defendants learned of SanDisk's sanctions

24  motion on October 2, 2002. *See* Trial Exhibits 82, ¶13, p.3 and 83, ¶8, p.2. Defendants and

25  their counsel failed to inform Memorex of the sanctions hearing in the *SanDisk* case for almost

26  two weeks. Defendants' declarations in the *SanDisk* matter executed by Ron Finley, a Mount &

27  Stoelker attorney, and by Charles Lin, a Pretec employee, show that the Defendants and Mount

28                                              5

Proposed Phase One Trial Statement of Decision                    Memorex v. C-One, et al.
                                                                   Case No. RG03-118916

                                                                   00180

From: Matthews & Partners          323 930 6893          03/11/2008 12:20          #720 P.059/077

1   & Stoelker knew about the specific allegations of Mr. Jeing's failures in the *SanDisk* case as of

2   October 2, 2002. *See* Exhibits 82 and 83. On October 15, 2002, Mr. Finley informed Memorex

3   that SanDisk had opposed Defendants' request to continue the sanctions hearing because no one

4   representing Memorex had not joined in Defendants' request, urged Memorex to immediately

5   join in Defendants' request, and said Mount & Stoelker could specially appear at the sanctions

6   hearing for Memorex. *See* Trial Exhibits 59 and 61. Faced with exigent circumstances,

7   Memorex agreed to allow Mount & Stoelker to appear for Memorex at the October 17, 2002

8   hearing. *See* Trial Exhibits 62.

9          12.    Over the next three weeks, Defendants, through Mr. Finley, made multiple

10  requests that Memorex agree to allow Mount & Stoelker to represent Memorex in both the

11  *SanDisk* and *Lexar* cases. *See* Trial Exhibits 62 and 87. Memorex decided to allow Mount &

12  Stoelker to represent Memorex in the *SanDisk* case on a trial basis and defer its decision whether

13  to accept Mount & Stoelker in the *Lexar* case until after the trial period. 11/9/05 AM TX at

14  80:24-81:24; 86:22-87:17. Mount & Stoelker represented Memorex in the *SanDisk* case through

15  the hearing on SanDisk's sanctions motion on November 14, 2002. *See* Trial Exhibit 89. During

16  this period of time, Keker & Van Nest continued to represent Memorex in the *Lexar* case.

17         13.    Between October 15 and November 14, 2002, Mount & Stoelker communicated

18  with Memorex on two or three occasions. 11/9/05 AM TX at 77:5-11. In these communications,

19  Mount & Stoelker failed to inform Memorex of several procedural and substantive matters

20  relating to the *SanDisk* case sanctions proceedings. 11/9/05 AM TX at 77:13-20.

21         14.    It is undisputed that Mount & Stoelker did not inform Memorex that SanDisk had

22  singled out Memorex for its failure to produce any documents in discovery in its motion for

23  sanctions and its opposition to Pretec's request to continue the sanctions hearing. *See* Trial

24  Exhibits 41, at 2:8-9, 5:1-3 and 68, at 2:21-22. 11/9/05 AM TX at 76:22-77:2; 11/17/05 AM TX

25  at 51:10-52:11.

26         15.    On October 28, 2005, Mr. Finley sent an e-mail to Defendants reporting the status

27  of the *Lexar* and *SanDisk* proceedings. *See* Trial Exhibit 79. In this report, Mr. Finley informed

28

1 Defendants that, among other things, Mount & Stoelker would file an opposition to SanDisk's

2 motion for sanctions on October 31, 2002. *Id.* Mr. Finley did not send this status report, or the

3 information contained in it pertaining to the *SanDisk* case, to Memorex. *Id.* On October 31,

4 2002, Mount & Stoelker filed an opposition to SanDisk's sanctions motion, on behalf of Pretec

5 and Memorex, supported by declarations by Mr. Finley and Charles Lin, a Pretec employee. *See.*

6 Trial Exhibits 81-83. Mount & Stoelker did not provide copies of these pleadings to Memorex

7 or seek its input or approval for the arguments made therein. 11/9/05 AM TX at 84:12-14.

8 11/10/05 PM TX at 32:14-17.

9     16.    On November 7, 2002, SanDisk filed a reply brief in support of its sanctions

10 motion. *See* Trial Exhibit 85. In its reply, SanDisk noted that although Mount & Stoelker had

11 presented evidence, through the Lin declaration, of Pretec's unawareness of Mr. Jeing's failure

12 to perform and appear, it "offered no support for their contention that Memorex was unaware of

13 Mr. Jeing's actions" and that Mr. Lin was not competent to submit a declaration on behalf of

14 Memorex. *See* Trial Exhibit 85 at p.2, note 1, 11/9/05 AM TX at 82:18-83:11. It is undisputed

15 that Mount & Stoelker did not notify Memorex of SanDisk's reply arguments pertaining to

16 Memorex. *Id.* at 82:18-85:28.

17     17.    Memorex learned of San Disk's allegations against Memorex, and of Mount &

18 Stoelker's failure to respond to or notify Memorex of SanDisk's allegations, only after the

19 sanctions hearing was held, on November 14, 2002. Memorex then decided to terminate Mount

20 & Stoelker as its counsel in the *SanDisk* case and not allow Mount & Stoelker to represent

21 Memorex in the *Lexar* case. *See* 11/9/05 AM TX at 84:11-88:14, Trial Exhibits 91 and 99.

22     18.    On November 27, 2002, Judge Walker issued an order in the *SanDisk* case

23 imposing monetary sanctions against Mr. Jeing, Memorex and Pretec. Trial Exhibit 102 at

24 15:19-28. Judge Walker further warned that any future failure by Memorex or Pretec to comply

25 with discovery rules or deadlines could result in severe sanctions, and required Memorex and

26 Pretec's CEOs to file declarations attesting to their awareness of the order's contents. *Id.*, at

27 14:20-4. On February 13, 2003, Judge Jenkins entered an order in the *Lexar* case awarding

28                      7

1    monetary sanctions against Mr. Jeing, but declining to sanction Memorex or C-One. Trial

2    Exhibit 107.

## II. Conclusions of Law

### Contractual Duties Owed by Defendants to Memorex

6        1.     The Court finds that under the Indemnity Agreement, Defendants assumed three

7    related but separable duties relevant to the instant dispute: (1) a duty to indemnify, (2) a duty to

8    defend and (3) a duty to communicate. Only the duty to defend and the duty to communicate are

9    at issue in this Phase One trial.

10        2.     The scope of Defendants' duty to indemnify Memorex is set forth in Section 1 of

11    the Indemnification Agreement. *See* Trial Exhibit 20. Section 1 requires Defendants, without

12    limitation, to pay on behalf of Memorex all "losses, costs, damages (compensatory and punitive),

13    expenses, judgments, settlements, awards of costs or attorneys' fees, royalties or any other

14    amounts" that [Memorex] paid or is required to pay arising out of any claims brought against

15    Memorex based on products Memorex purchased from Defendants. *Id.*, Section 1(i), p.2. The

16    Court finds that under a narrow, but reasonable, reading of Section 1 of the Indemnification

17    Agreement, Defendants' duty to indemnify Memorex for any losses "arising out of" claims based

18    on Memorex's sale of Defendants' products would not necessarily include a duty to pay

19    monetary sanctions imposed individually on Memorex for litigation misconduct in the

20    underlying patent actions. Thus, if ordered to pay monetary sanctions for litigation misconduct

21    caused by Defendants' assigned counsel, Memorex could reasonably be concerned whether

22    Memorex would be reimbursed by the Defendants for sanctions individually imposed on

23    Memorex for what the Court determined was assigned counsel's failure to perform, respond, or

24    comply with an order or rule.

25        3.     The Indemnification Agreement also obligated Defendants to fully defend

26    Memorex in the *Lexar* case and in any other lawsuits brought against Memorex by third parties

27    based on Memorex's sale of Defendants' products. *See* Trial Exhibit 20, Section 1, pp.2-3.

28                                                    8                          *Memorex v. C-One, et al.*
                                                                                  Case No. RG03-118916
     Proposed Phase One Trial Statement of Decision

1    Thus, the Indemnification Agreement obligated Defendants to defend Memorex in the *SanDisk*

2    case. *See* Trial Exhibit 31.

3         4.    The Indemnification Agreement authorized·Defendants to assign counsel of their

4    choice to undertake the professional responsibility of defending Memorex, but also provided that

5    such counsel had to be acceptable to Memtek. *See* Trial Exhibit 20, Section 1, p.2.  The Court

6    finds that this acceptability provision is one that must be measured by a standard of objective

7    reasonableness. *See Storek & Storek Inc. v. Citicorp Real Estate Inc.*, 100 Cal. App. 4th  44, 55-

8    65, 122 Cal. Rptr. 2d  267, 275-285 (2002). The Indemnification Agreement further provided

9    that in the event that Defendants either (1) breached their obligation to defend or (2) failed to

10   provide counsel acceptable to Memorex, then Memorex was entitled to hire separate counsel to

11   defend it.  *See* Trial Exhibit 20, Section 2, p.2.

12        5.    The other duty that Defendants assumed under the Indemnification Agreement

13   was the duty to communicate.  Although this obligation might be characterized as a subpart of

14   the duty to defend, for purposes of clarity of analysis the Court treats it distinctly.  Under Section

15   2, page 3, of the Indemnification Agreement, Defendants expressly agreed to instruct counsel to

16   communicate with individuals designated by Memorex and to keep them regularly informed of

17   the progress of the action.  Memorex designated two individuals for this purpose:  Michael

18   Golacinski, Memorex's president and CEO, and Dorothy Law, an attorney who performed

19   services for Memorex akin to that of an inside or general counsel.  11/17/05 AM TX at 46:18-

20   48:25.

### Breach of Duty To Defend

21

22        6.    The Court finds Defendants breached their duty to defend Memorex by the

23   actions and inactions of their first assigned counsel, Mr.Jeing.  As set forth in the sanction order

24   of Judge Jenkins, Mr. Jeing failed to follow local court rules regarding disclosures, exchanges,

25   statements, briefs, and evidence. *See* Trial Exhibit 46.  Similar allegations were made in the

26   *SanDisk* case. *See* Trial Exhibit 102.  I find that Mr. Jeing abandoned over a long period of time

27   the defense of Memorex in both cases.  During the trial, Defendants did not meaningfully contest

28

9

*Memorex v. C-One, et al.*
Case No. RG03-118916

00184

1  the charge that Mr. Jeing failed to carry out his duty to defend Plaintiff. Because Mr. Jeing

2  failed to represent Memorex adequately in both the *Lexar* and *SanDisk* cases, his behavior

3  caused Defendants to breach the Indemnification Agreement.

4        7.    The court finds the services of the second assigned counsel, Mount & Stoelker,

5  did not breach the basic duty to defend, but were properly rejected by Memorex, using an

6  objectively reasonable standard of acceptability, under the terms of the contract. Keker & Van

7  Nest directly succeeded Mr. Jeing as defense counsel for Memorex in the *Lexar* case. Since

8  Mount & Stoelker never represented Memorex in that case, they could not breach any basic duty

9  to defend in that case. In the *SanDisk* case, Memorex contended Mount & Stoelker failed to fully

10  defend Memorex's interests in opposing the motion for sanctions. Memorex presented evidence

11  that showed Mount & Stoelker (1) failed to submit declarations on Memorex behalf similar to

12  those that the firm submitted on behalf of Defendants, (2) made representations to the Court that

13  did not state Memorex's position with regard to the facts presented, (3) failed to state Memorex's

14  individual efforts and diligence in attempting to ensure Mr. Jeing's compliance with the court

15  orders, litigation rules, and discovery schedule, and (4) omitted any reference to Memorex's

16  reliance on Mr. Yu that everything was okay and proceeding properly. Memorex also contends

17  that Mount & Stoelker failed to argue against an interpretation of the Supreme Court's decision

18  in *Link v. Wabash* that would not impose strictly liable on a party for the conduct of their

19  counsel. The Court concludes these actions do not constitute a breach of the basic duty to

20  defend. The Court does find, however, that Memorex was justified, using an objectively

21  reasonable standard of acceptability, in finding the second assigned counsel and their actions

22  unacceptable under the terms of the Indemnification Agreement.

23                      **Breach of Duty to Communicate**

24        8.    The Indemnification Agreement requires that Defendants instruct any counsel

25  appointed to defend Memorex to communicate regularly about the status of the case with

26  individuals designated by Memorex. Memorex designated Michael Golacinski and inside

27  counsel Dorothy Law. Neither Mr. Jeing nor Mount & Stoelker communicated with these

28

<div align="center">10</div>

1  representatives in a meaningful or regular way.

2      9.    Defendants do not dispute that Mr. Jeing failed to communicate with Memorex

3  about the status of both cases. Furthermore, the facts show that Defendants failed to meet their

4  own duty to communicate, separate and apart from Mr. Jeing's obligation, by providing updates

5  to Memorex and reasonably responding to inquiries from the designated representatives of

6  plaintiff.

7      10.    Mr. Golacinski repeatedly complained to Gordon Yu, the president of Defendants,

8  about Mr. Jeing's failure to communicate. He was assured by Mr. Yu, without any apparent basis

9  in fact, that things were proceeding acceptably in the cases until the end of August 2002, at

10  which point Mr. Yu himself became sufficiently concerned about the failure of communication

11  with Mr. Jeing that he began looking for alternative counsel.

12      11.    The Court finds that Mount & Stoelker did not communicate regularly to

13  Memorex the status or important events of the *SanDisk* case during the time Mount & Stoelker

14  represented Memorex in that proceeding. The communication failures include:

15          a.) Memorex was not made aware of the failures involving Mr. Jeing in a timely

16  fashion. The Court concludes that Mount & Stoelker and Pretec both had knowledge by

17  October 2, 2002, of Mr. Jeing's failures and the pending sanctions motions in both the

18  *Lexar* and *SanDisk* matters. *See* Trial Exhibits 82 and 83. However, they did not notify

19  Memorex about these problems until October 15, 2002, in an email sent to Ms. Grace Lu

20  that was forwarded to Ms. Law. Trial Exhibit 61. Given the significance of this

21  information, the failure to communicate this information to Memorex is a breach of the

22  Indemnification Agreement's communication requirement.

23          b.) Mount & Stoelker failed to provide Memorex with copies of pleadings in the

24  *SanDisk* case. Standing alone, this is insufficient to find a breach of the communication

25  requirement of the Indemnification Agreement. In reviewing Mr. Finley's two or three

26  communications with Memorex in the critical time period of October 15 through

27  November 15, 2002, the Court finds that Mount & Stoelker did not clearly state the

28                                11

Proposed Phase One Trial Statement of Decision

positions it was taking in the *SanDisk* sanctions regarding Memorex and Pretec's respective conduct and culpability.

c.) Mount & Stoelker failed to provide Memorex with a copy of the October 28th, 2002, status report sent to Defendants. *See* Trial Exhibit 79. Standing alone, this failure would be sufficient to find a breach of the Indemnification Agreement's communication requirement. This document was intended to convey the progress of the *SanDisk* case. At trial, Mr. Finley failed to explain why it was not forwarded to Ms. Law at Memorex and provided no justification for his failure to do so.

d.) Mount & Stoelker failed to forward information contained in Mr. Lin's declarations opposing sanctions. These declarations purported to make representations concerning Memorex's knowledge of the underlying events leading up to the motion for sanctions. *See* Trial Exhibits 60 and 82. They are relevant to understand the overall lack of communication, but, standing alone, are not sufficient to constitute a breach of the duty to communicate.

e.) Mount & Stoelker failed to inform Memorex that SanDisk was attempting to obtain sanctions individually against Memorex because of counsel's failure to present evidence that Memorex had no knowledge of Mr. Jeing's actions. The Court finds the failure to communicate that information sufficient to constitute a breach of the duty to communicate.

12.    Mount & Stoelker's failures to communicate, especially following the failures of Mr. Jeing, gave Memorex a proper basis, using an objectively reasonable standard of acceptability, to reject Mount & Stoelker as its defense counsel.

13.    Breach of the duty to communicate provides a separate and independent basis for the Court's finding of breach of contract.

**Prerequisites to Invoking Section 2 of The Agreement Satisfied**

14.    Under Section 2 of the Indemnification Agreement, Memorex was entitled to serve written notice and "resume" working with its own designated counsel in the event of

Proposed Phase One Trial Statement of Decision

*Memorex v. C-One, et al.*
Case No. RG03-118916

00187

1    Defendants' breach.[2]

2        15.     Memorex provided written notice of breach to Defendants in the *Lexar* matter on

3    October 2, 2002, in a letter from Mr. Golacinski to Mr. Yu. Trial Exhibit 51. That letter notified

4    Pretec that Memorex had retained the law firm of Keker & Van Nest to represent it in that

5    matter, based on Mr. Jeing's failure to meet numerous court deadlines and Memorex's doubts as

6    to Mr. Jeing's professional ability.

7        16.     For the *SanDisk* matter, Mount & Stoelker admitted at trial that their

8    representation of Memorex in that case was on a trial basis, or, as Mr. Law stated, a "wait and

9    see" basis. When Memorex concluded that Mount & Stoelker had not performed to its

10    satisfaction in the *SanDisk* matter, it decided to replace Mount & Stoelker with Keker & Van

11    Nest on November 15, 2002. Written notification was sent on November 19, 2002, citing Mount

12    & Stoelker's failure to keep Memorex informed about material events in the case, failure to

13    obtain Memorex's consent and approval of pleadings before filing, failure to inquire about the

14    extent of Memorex's knowledge concerning Mr. Jeing, and failure to consult with Memorex

15    about the litigation. *See* Trial Exhibit 91.

16        17.     The Court finds that it was objectively reasonable for Memorex to be dissatisfied

17    with the defense counsel Defendants offered and that Memorex was within its rights to replace

18    assigned defense counsel in both the *Lexar* and *SanDisk* cases as set forth in Section 2 of the

19    Indemnification Agreement.

<div align="center"><b>Cure And Waiver Defenses</b></div>

21        18.     Defendants argue that any breach they committed was cured and any right that

22    Memorex may have had to replace defense counsel was waived by Memorex's refusal of

23    Defendants' multiple offers to cure the breach between October 15 and November 15, 2002, by

24    tendering Mount & Stoelker as counsel to replace Mr. Jeing. Defendants contend that, once

25    Memorex hired Keker & Van Nest in early October 2002, it categorically refused to consider any

26    attorney suggested by Defendants. Defendants argue that their first attempt to cure was made on

27    [2] The Court reads this to mean that Memorex has the right to "resume" being separately represented, not

28    that it necessarily had to resume being represented by its previous counsel, Coudert Brothers.

<div align="center">13</div>

*Memorex v. C-One, et al.*
Case No. RG03-118916

From:Matthews & Partners          323 930 5693          03/11/2008 12:23    #720 P.067/077

1   October 15, 2002, when Mount & Stoelker informed Ms. Law that it would represent Memorex

2   in the *SanDisk* matter on a special appearance basis. Defendants claim a second offer of cure in

3   the October 28, 2002, status report and separate communications made between Mr. Finley and

4   Ms. Law. Defendants claim a final offer of cure in Gordon Yu's letter of November 20, 2002,

5   responding to Memorex's oral and written notices of breach and its announced intention to retain

6   Keker & Van Nest as counsel in both the *Lexar* and *SanDisk* matters. *See* Trial Exhibit 95.

7       19.    The Court finds that Memorex acted reasonably in October, 2002, by allowing

8   Mount & Stoelker to represent it on a trial basis in *SanDisk* while also continuing to have Keker

9   & Van Nest represent it in the *Lexar* matter. Mount & Stoelker only made its offer to represent

10  Memorex in the *Lexar* case after Memorex retained Keker & Van Nest. Memorex's decision to

11  defer acceptance of Mount & Stoelker in the *Lexar* case during the period it was evaluating the

12  law firm's representation of Memorex in the *SanDisk* case was reasonable given the history and

13  existing circumstances. The Court believes that Memorex acted reasonably in accepting Mount

14  & Stoelker's representation in *SanDisk* only on a tentative basis, while retaining the option to

15  review the arrangement later.

16      20.    Memorex fairly considered allowing Mount & Stoelker to represent it, but

17  ultimately had objectively reasonable grounds for rejecting Defendants' tenders of joint

18  representation by that firm. Mr. Finley's November 15, 2002, letter illustrates Memorex's

19  concerns about potential conflicts with Mount & Stoelker's representation. *See* Trial Exhibit 90.

20  The letter begins by stating that it sets forth Pretec's position. The letter then refers to Pretec as

21  "our [Mount & Stoelker's] client." The letter takes positions adverse to Memorex in outlining

22  why Pretec did not believe it was responsible for Memorex's legal fees. The letter then states

23  that the failures of previous counsel have been cured. The tone of the letter, failure to

24  specifically state that Mr. Finley was neutral in any disputes between the parties, and advocacy

25  on behalf of Defendants' position against Memorex, would give the recipient Memorex

26  reasonable doubt about the loyalties of Mr. Finley. Since that letter, Defendants have not offered

27  any counsel other than Mount & Stoelker to represent Memorex.

28

                                          14

Proposed Phase One Trial Statement of Decision                    *Memorex v. C-One, et al.*
                                                                  Case No. RG03-118916

                                                                          00189

21. The Court finds there has been no cure by Defendants or waiver by Plaintiff.

## III. CONCLUSION

Based on the Findings of Fact and Conclusions of Law set forth above, the Court finds and declares (1) that Defendants breached the terms of the Indemnification Agreement, (2) that Memorex was entitled as a result of the breach to retain separate counsel in both the *Lexar* and *SanDisk* cases, and (3) that Memorex may recover damages as provided for in Section 2 of the Agreement, subject to any remaining defenses Defendants may have. The Court further finds and declares that Memorex did not waive its rights under Section 2 of the Agreement, or in any other respect, nor did Defendants cure their breach.

This Proposed Phase One Trial Statement of Decision will become the Phase One Trial Statement of Decision unless a party serves and files objections to this statement of decision within 15 days from the notice of entry of this statement of decision. Rule 232(d), California Rules of Court. Any party filing objections to this statement must also serve a courtesy copy of all such objections on the Court Clerk of Department 135. Plaintiff must prepare and submit within 15 days from the notice of entry of this statement a proposed judgment in conformance with this statement. Rule 232 (c), California Rules of Court.

This case has been bifurcated into two phases. The Phase Two trial, to determine all remaining issues, shall occur on a date to be determined at a case management conference to be scheduled and noticed by the Court. The Court does not reach the issue of whether Memorex failed to mitigate its damages or whether the $135,000 settlement amount alleged to have been paid by Memorex in the *Lexar* matter is properly recoverable as damages.

IT IS SO ORDERED.

DATED: *APRIL 8, 2006*

JUDGE OF THE SUPERIOR COURT

15

Proposed Phase One Trial Statement of Decision

*Memorex v. C-One, et al.*
Case No. RG03-118916

00190

1

### Certificate of Service
### [California Code of Civil Procedure §§ 1013a & 2015.5]

2

3        I am employed in the County of Los Angeles, State of California. I am over the age of 18
and not a party within the action. My address is 4322 Wilshire Boulevard, Suite 200, Los Angeles, CA
90010.  On March 11, 2008 served the foregoing document(s), described as follows, on all interested

4    parties in this action by placing a true copy thereof

5    Title of Document:    **REQUEST FOR JUDICIAL NOTICE**

6    Case Number:    BC359710

7    **SEE ATTACHED SERVICE LIST**

8    ☐    PERSONAL DELIVERY: On the above date I caused the above described document(s) to be
personally hand delivered to the addressee(s)

9

10    ☐    FACSIMILE: On the above date, I caused the above-described document(s) to be sent to the
addressee(s) via the facsimile number on the attached service list.

11    ☐    FEDERAL EXPRESS: On the above date I caused the above-described document(s) to be
sent  to the addressee(s) via Federal Express with the shipping charges fully prepaid, for ☐
Overnight ☐ Priority Overnight Delivery

12

13    ☒    REGULAR MAIL:

14
        ☐    I deposited such envelope(s) in the United States Mail at Los Angeles, California with
the postage thereon fully prepaid.

15

16        ☒    I caused such envelope(s) to be deposited in the mail at Los Angeles, California with
postage thereon fully prepaid. I am "readily familiar" with the firm's practice of
collection and processing correspondence for mailing.  It is deposited with the U.S.

17        Postal Service on the same day in the ordinary course of business.  I am aware that
on motion of the party served, service is presumed invalid of postal cancellation date

18        or postage meter date is more than one day after the date of deposit for mailing in this
affidavit.

19

20        I declare under penalty of perjury under the laws of the State of California that the foregoing is
true and correct. Executed on March 11, 2008 at Los Angeles, California.

21

22                                        Melanie Ocubillo

23

24

25

26

27

28

00191

1

Service List

2

Counsel for Plaintiffs

3    Jerry Hauser
     Phillips, Greenberg & Hauser, L.L.P.
4    Four Embarcadero Center, 39th Floor
     San Francisco, CA 94111
5    Facsimile: (415) 398-5786

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00192

# Exhibit L

00193

1 | PHILLIPS, GREENBERG & HAUSER, L.L.P.
JERRY R. HAUSER, SBN. 111568
2 | ERIK C. VAN HESPEN, SBN. 214774
Four Embarcadero Center, 39th Floor
3 | San Francisco, California 94111
Telephone:    (415) 981-7777
4 | Facsimile:    (415) 398-5786

5 | Attorneys for Defendant,
MOUNT & STOELKER, A PROFESSIONAL CORPORATION
6

7

8 |                     IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                          IN AND FOR THE COUNTY OF SANTA CLARA
10

11 | MOUNT & STOELKER, A PROFESSIONAL          CASE NO.: 108 CV 105975
CORPORATION,
12
                          Plaintiffs,         REPLY TO DEFENDANTS'
13                                            OPPOSITION TO MOUNT &
        -v-                                   STOELKER'S MOTION FOR
14                                            PRELIMINARY INJUNCTION
C-ONE TECHNOLOGY, A TAIWANESE
15 | CORPORATION; PRETEC ELECTRONICS          Date:     March 25, 2008
CORPORATION, A CALIFORNIA                     Time:     9:00 am
16 | CORPORATION; INTERNATIONAL               Dept.:    5
CENTER FOR DISPUTE RESOLUTION, A
17 | DIVISION OF THE AMERICAN
ARBITRATION ASSOCIATION; AND
18 | DOES 1 through 50 inclusive,

19 |                     Defendants.
                                        /
20

21 |                          I.    INTRODUCTION

22 |        The opposition papers of the defendants C-One Technology ("C-One") and Pretec Electronics

23 | ("Pretec") contain numerous contradictions, but the admissions set forth in these pleadings dictate

24 | that this court must grant the preliminary injunction. These admissions are:

25 |        1.      C-One has no agreement with Mount & Stoelker for the arbitration of any disputes

26 |                with regard to legal services that Mount & Stoelker performed for C-One;

27 |        2.      C-One initiated the C-One Arbitration Proceeding in Santa Clara, California; and

28 |        3.      Pretec did not initial the arbitration clause in the fee agreement with Mount & Stoelker

                                                                                    1

1 | and did not believe that said clause was included in the agreement.

2 | Based on the above admissions, only the Court and not the arbitrator has jurisdiction to

3 | determine arbitrability of the claims asserted in the C-One Arbitration. Whether or not the arbitration

4 | clause was included in the Mount & Stoelker/Pretec fee agreement is essentially irrelevant, but

5 | Pretec's admission that it did not initial the arbitration clause can only be construed as an elimination

6 | of the arbitration provision from the agreement. At best, this is a disputed issue.

7 | The defendants reliance on the United States Supreme Court decision in *Preston v. Ferrer*,

8 | 128 S. Ct. 978 (2008) is misplaced. The Federal Arbitration Act does not apply to the Mount &

9 | Stoelker/Pretec Fee Agreement and federal law is the same as California law with regard to who

10 | decides whether a non-signatory to the contract or even if an arbitration agreement exist, i.e. the

11 | Court decides.

12 | Pretec's claim that Mount & Stoelker is somehow estopped from asserting that no arbitration

13 | agreement exists is absurd. Pretec's estopple claim is based on a tolling agreement between Mount &

14 | Stoelker and C-One (Defendant's Exhibit D-4) wherein C-One dismissed an arbitration that it

15 | initiated in June of 2007. Pretec was not a party in that June arbitration or a party to the tolling

16 | agreement. Even so, the tolling agreement is not an arbitration agreement, C-One and Mount &

17 | Stoelker preserved all their rights and the tolling agreement expired on September 26, 2007, months

18 | before C-One initiated the arbitration proceeding at issue. The fact that Mount & Stoelker objected to

19 | the jurisdiction of the arbitrator in the C-One Arbitration proceedings does not mean it waived any

20 | rights to challenge the jurisdiction arbitrator in this Court.

21 | Finally, C-One asserts that this Court has no jurisdiction over it. C-One makes this claim

22 | despite the fact that it admits it entered into an agreement with Mount & Stoelker for the performance

23 | of legal services in the Northern District of California and initiated an arbitration proceeding against

24 | Mount & Stoelker with regard to these services in Santa Clara, California. These undisputed facts

25 | clearly give this Court jurisdiction over C-One.

26 | //

27 | //    00195

28 |

2

## II.    LEGAL ARGUMENT

### A.    Defendants' Admissions Establish That Only The Court Can Determine Whether The Disputes Are Subject To Arbitration

The primary issue before the court is which body, the superior court or the arbitrator, has jurisdiction to determine arbitrability of the claims at issue. The admission of Pretec and C-One that no contract agreement exists between C-One and Mount & Stoelker and the assertion that C-One is not bound by the Mount & Stoelker/Pretec fee agreement establishes as a matter of law that only this court has jurisdiction to determine arbitrability. For that matter, the Court of Appeal held that under these circumstances it would be an abuse of discretion for the court to decline to issue a preliminary injunction. *American Builders v. William Au-Yang* (1990) 226 Cal. App. 3d 170, 179; *Valley Case Work, Inc. v. Comfort Construction* (1999) 76 Cal. App. 4th 1013, 1019.

> We conclude the trial court erred in holding the arbitrator had jurisdiction to determine the non-signatory's status. Whether the non-signatory was a undisclosed principle so as to be properly joined in the arbitration was a question of fact for the trial court in the first instance. The order [denying the request for preliminary injunction] therefore is reversed and the matter is remanded. *American Builders*, supra, 226 Cal. App. 3d at 173...
>
> Therefore, not withstanding an arbitrator's broad authority to resolve questions presented by a controversy, an arbitrator has no power to determine the rights and obligations of one who is not a party to the arbitration agreement. [citations omitted] The question of whether a non-signatory is a party to the arbitration agreement is one for the trial court in the first instance. *Id.* at 179.

The fact that Pretec asserts that it has an arbitration agreement with Mount & Stoelker is irrelevant to this court's jurisdiction. This is the exact situation if *Valley Case Work, Inc.*, supra, 76 Cal. App. 4th at 1013, which also involved an arbitration before the American Arbitration Association. In that case, arbitration was sought by a party to the arbitration agreement and a non-signatory to said agreement. The court held it was an abuse of discretion for the trial court not to grant the preliminary injunction enjoining the arbitration because only the trial court has jurisdiction to determine whether or not a non-signatory to the arbitration agreement can be a party to the arbitration proceeding. *Id.* at 1016-1017.

In their opposition papers, the Pretec ignores California law, but instead argues that under the holding of the United States Supreme Court in *Preston v. Ferrer*, 128 S.Ct. 978 (2008), California law

3

1  does not apply. *Preston* involved a contract between Ferrer, a Florida television judge, and Preston, a

2  California entertainment attorney, which required arbitration of any dispute with regard to the contract in

3  accordance with the American Arbitration Association rules. Preston sought to assert a fee claim in

4  arbitration and Ferrer filed an action to enjoin the arbitration on the grounds that the contract was invalid

5  and unenforceable under the California Talent Agencies Act ("TAA") because Preston acted as a talent

6  agent without a required license. The issue in *Preston* was whether or not the California labor

7  commissioner has exclusive jurisdiction over the determination of whether the contract was invalid

8  under the TAA. The Supreme Court held that since the Federal Arbitration Act ("FAA") controls the

9  contract at issue, the FAA supersedes state law lodging primary jurisdiction in another forum.

10      In *Preston* there was no issue of whether FAA applies because the contract was between parties

11  from different states and therefore came within the definition of "commerce" under the act. By its terms

12  the FAA applies to contracts evidencing a "transaction involving commerce." 9 *USCS* § 2. Commerce

13  under the FAA means "commerce among the several States or with foreign nations." 9 *USCS* § 1. The

14  contract at issue here is between two California parties for the performance of legal services in

15  California. Therefore, the FAA does not apply.

16      Even if the FAA applies, Federal law is consistent with California law that the court decides if a

17  non-signatory to the arbitration contract can enforce it or if the arbitration contract exists at all. The issue

18  in *Preston* was not whether an arbitration clause existed, but whether or not the entire agreement was

19  invalid and unenforceable under California law. There ws no question that an arbitration clause existed

20  between the parties. The Supreme Court clearly distinguished the case from other cases in which the

21  dispute involved a stranger to the arbitration agreement, i.e. a non-signatory, and in such situations, the

22  California court did have authority to issue a stay of the arbitration. *Id*. at 929. "Federal law with regard

23  to arbitrations does not control parties not bound by the arbitration agreement." *Id*. In other cases the

24  Supreme Court has made this position clear.

25      This Court has determined that "arbitration is a matter of contract and a
    party cannot be required to submit to arbitration any dispute which he

26      has not agreed so to submit." *Steelworkers v. Warrior & Gulf Nav. Co.,*
    *363 U.S. 574, 582, 4 L. Ed. 2d 1409, 80 S. Ct. 1347 (1960);* see also

27      *First Options, 514 U.S. at 942-943.* Although the Court has also long
    recognized and enforced a "liberal federal policy favoring arbitration

28      agreements," *Moses H. Cone Memorial Hospital v. Mercury Constr.*

4

1 | *Corp.*, 460 U.S. 1, 24-25, 74 L. Ed. 2d 765, 103 S. Ct. 927 (1983), it
has made clear that there is an exception to this policy: The question
2 | whether the parties have submitted a particular dispute to arbitration,
*i.e.*, the "*question of arbitrability*," is "an issue for judicial
3 | determination unless the parties clearly and unmistakably provide
otherwise." *AT&T Technologies, Inc.* v. *Communications Workers*, 475
4 | U.S. 643, 649, 89 L. Ed. 2d 648, 106 S. Ct. 1415 (1986) (emphasis
added); *First Options*, 514 U.S. at 944. We must decide here whether
5 | application of the NASD time limit provision falls into the scope of this
last-mentioned interpretive rule.

6 |
   Linguistically speaking, one might call any potentially dispositive
7 | gateway question a "question of arbitrability," for its answer will
determine whether the underlying controversy will proceed to
8 | arbitration on the merits. The Court's case law, however, makes clear
that, for purposes of applying the interpretive rule, the phrase "question
9 | of arbitrability" has a far more limited scope. See 514 U.S. at 942. The
Court has found the phrase applicable in the kind of narrow
10 | circumstance where contracting parties would likely have expected a
court to have decided the gateway matter, where they are not likely to
11 | have thought that they had agreed that an arbitrator would do so, and,
consequently, where reference of the gateway dispute to the court
12 | avoids the risk of forcing parties to arbitrate a matter that they may well
not have agreed to arbitrate.

13 |
14 | Thus, a gateway dispute about whether the parties are bound by a given
arbitration clause raises a "question of arbitrability" for a court to
15 | decide. See *id.*, at 943-946 **(holding that a court should decide
whether the arbitration contract bound parties who did not sign
16 | the agreement);** *John Wiley & Sons, Inc.* v. *Livingston*, 376 U.S. 543,
546-547, 11 L. Ed. 2d 898, 84 S. Ct. 909 (1964) (holding that a court
17 | should decide whether an arbitration agreement survived a corporate
merger and bound the resulting corporation). Similarly, a disagreement
18 | about whether an arbitration clause in a concededly binding contract
applies to a particular type of controversy is for the court. See, *e.g.*,
19 | *AT&T Technologies, supra*, 475 U.S. 643, at 651-652 (holding that a
court should decide whether a labor-management layoff controversy
20 | falls within the arbitration clause of a collective-bargaining agreement);
*Atkinson* v. *Sinclair Refining Co.*, 370 U.S. 238, 241-243, 8 L. Ed. 2d
21 | 462, 82 S. Ct. 1318 (1962) (holding that a court should decide whether
a clause providing for arbitration of various "grievances" covers claims
22 | for damages for breach of a no-strike agreement). *Howsam* v. *Dean
Witter Reynolds*, 537 U.S. 79, 83-84 (2002). Emphasis added.

23 | **B.    No Arbitration Agreement Exists Between Mount & Stoelker and Pretec**

24 |     In its opposition, Pretec admits that the existence of an arbitration agreement is controlled by

25 | contract law. It is horn book law that a contract requires mutual consent, which is codified in California

26 | statutory law. *Civil Code* §§ 1550 and 1565. An offer without acceptance simply does not create a

27 | contract. The manner of acceptance may be controlled by the offer and the failure to comply with the

28 | prescribed method means that a contract does not come into being. *Witkin, Summary of California Law,*

5

1 | *10th Edition*, Contracts, Section 189, Page 223-224.

2       In the Mount & Stoelker/Pretec fee agreement it clearly states that if Pretec wanted to include

3 an arbitration clause in the agreement it needed to initial the appropriate paragraph. Pretec's failure to

4 initial the paragraph is a rejection of the arbitration clause.

5       **C.     Mount & Stoelker Is Not Estopped To Assert That There Is No Agreement For**
        **Arbitration**

6

7       In its opposition, Pretec asserts that Mount & Stoelker is estopped from asserting the existence of

8 an arbitration agreement because in June of 2007 C-One initiated an arbitration proceeding against

9 Mount & Stoelker. Mount & Stoelker and C-One then entered into a ninety (90) day tolling agreement to

10 see if they could settle the case outside of arbitration. Pursuant to that agreement, C-One dismissed the

11 June 2007 arbitration. This tolling agreement is irrelevant to the issues before this court. First, this was

12 an agreement between Mount & Stoelker and C-One (Pretec was not a party to the June 2007

13 arbitration.) Second, the tolling agreement expired on September 26, 2007 and C-One initiated the of the

14 second arbitration proceeding , which is the arbitration proceeding at issue, on December 24, 2007; on

15 February 15, 2008 C-One amended its claim to add Pretec as a claimant. Third, Mount & Stoelker never

16 submitted to the jurisdiction of the arbitrator in the June 2007 arbitration. By entering into the tolling

17 agreement, Mount & Stoelker did not waive anything except to toll the limitations period for ninety (90)

18 days.

19       Pretec also asserts that since it has paid arbitration fees the court should allow the arbitration to

20 go forward. This argument is ridiculous, because it was C-One and not Pretec that paid the arbitration

21 fees. The fact that the parties attempted to reach a settlement in 2007 outside of arbitration has no

22 bearing on this court's jurisdiction to determine arbitrability of the claims at issue.

23       **D.     This Court Has Jurisdiction Over C-One.**

24       In arguing that this court has no jurisdiction over it, C-One completely disregards two

25 fundamental and undisputed facts. First, there is no question that C-One retained Mount & Stoelker to

26 represent it in legal actions filed in the Northern District of California and in the Alameda Superior

27 Court. The fact that C-One claims that this was not pursuant to a written contract is irrelevant for

28 purposes of jurisdiction. In *Newman v. VRL International* (2005) 129 Cal. App. 4th 482, the appellant

6

1 | law firm filed an action against an out of state client seeking fees for services rendered in the defending a

2 | personal injury suit in California. In overturning the trial court's order granting the client's motion to

3 | quash, the Court of Appeal held that specific jurisdiction existed:

> "No California case has considered whether retaining an attorney in another state gives that state personal jurisdiction in subsequent disputes over attorneys' fees. Most reported cases from other states uphold the exercise of personal jurisdiction. [Citations.] We reach the same conclusion here." (Vorys, Sater, Seymour & Pease v. Ryan, supra, 154 Cal. App. 3d at pp. 93–95, italics added.) ...

> First, respondent authorized the retention of appellant to represent it in the Cuenllas action [A California action]. ... [Respondent] elected to seek relief in the California courts, authorized the retention of appellant, and cooperated with appellant in obtaining the relief sought.

> Second, appellant's claim is for attorney fees in connection with appellant's successful representation of respondent in the Cuenllas action. It thus arises out of and results from respondent's forum-related activity.

> Third, it is reasonable to recognize limited jurisdiction under the circumstances. ...

> Appellant is a California law firm which provided valuable legal assistance to respondent. It would be unjust to allow an out-of-state corporation, even one which does not have adequate contacts with the state for establishment of general jurisdiction, to authorize retention of the California firm and then avoid paying the firm fees it claims due for activities undertaken on the corporation's behalf in California.

C-One initiated the arbitration in California with regard to a dispute over legal services performed by Mount & Stoelker in California. These forum related activities are sufficient to confer jurisdiction, and for that matter the only forum that has jurisdiction is California.

### III.    CONCLUSION

For the reasons set forth above, Mount & Stoelker respectfully requests that this court issue a preliminary injunction enjoining the C-One arbitration from going forward until this matter has been resolved.

DATE: March 17, 2008

PHILLIPS, GREENBERG & HAUSER, L.L.P.

By: 

JERRY R. HAUSER

1
## PROOF OF SERVICE

2
### *C-One v. Mount & Stoelker*

3
    The undersigned declares:  I am a resident of the United States and am employed in the City
4
and County of San Francisco, State of California; I am over the age of eighteen years and not a party
to the within action; my business address is Phillips, Greenberg & Hauser, LLP, Four Embarcadero
5
Center, 39th Floor, San Francisco, California 94111.  On the date indicated below, I served the
6
following documents:

7
**REPLY TO DEFENDANTS' OPPOSITION TO MOUNT & STOELKER'S MOTION
FOR PRELIMINARY INJUNCTION**

8
**DECLARATION OF JERRY R. HAUSER IN SUPPORT IN SUPPORT OF REPLY TO
9
DEFENDANTS' OPPOSITION TO MOUNT & STOELKER'S MOTION FOR
PRELIMINARY INJUNCTION**

10
by placing a true copy thereof enclosed in a sealed envelope and served in the manner described
11
below to the interested parties herein and addressed to:

12
Leodis Matthews
Matthews & Partners
13
4322 Wilshire Blvd., Suite 200
14
Los Angeles, CA 95110

15

16
  X   **BY FIRST CLASS MAIL:**  By placing a true copy of each document listed above in
17
       (an) envelope(s) addressed as shown above, sealing the envelope(s) and placing them for
       collection and mailing, following ordinary business practices, at my employer's office on the
18
       date below written.  to be deposited in the mail at my business address, I am readily familiar
       with this firm's business practice for collection and processing of correspondence for mailing
19
       with the United States Postal Service.  In the ordinary course of business such correspondence
       is deposited with the United States Postal Service at San Francisco, California, with first-class
20
       postage fully prepaid thereon, on the same day as I place it for collection and mailing.

21
    I declare under penalty of perjury under the laws of the State of California that the forgoing is
22
true and correct.  Executed on March 17, 2008 at San Francisco, California.

23

24
_____
           Valerie Vitullo
25

26

27

28

1 | PHILLIPS, GREENBERG & HAUSER, L.L.P.
JERRY R. HAUSER, SBN. 111568
2 | ERIK C. VAN HESPEN, SBN. 214774
Four Embarcadero Center, 39th Floor
3 | San Francisco, California 94111
Telephone:    (415) 981-7777
4 | Facsimile:    (415) 398-5786

5 | Attorneys for Defendant,
MOUNT & STOELKER, A PROFESSIONAL CORPORATION
6

7

8 |                 IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |                     IN AND FOR THE COUNTY OF SANTA CLARA

10

11 | MOUNT & STOELKER, A PROFESSIONAL          CASE NO.: 108 CV 105975
CORPORATION,
12
                   Plaintiffs,               REPLY TO DEFENDANTS'
13                                            OPPOSITION TO MOUNT &
         -v-                                  STOELKER'S MOTION FOR
14                                            PRELIMINARY INJUNCTION
C-ONE TECHNOLOGY, A TAIWANESE
15 | CORPORATION; PRETEC ELECTRONICS           Date:    March 25, 2008
CORPORATION, A CALIFORNIA                 Time:    9:00 am
16 | CORPORATION; INTERNATIONAL               Dept.:   5
CENTER FOR DISPUTE RESOLUTION, A
17 | DIVISION OF THE AMERICAN
ARBITRATION ASSOCIATION; AND
18 | DOES 1 through 50 inclusive,

19 |                  Defendants.
                                         /
20

21 |                      I.      INTRODUCTION

22 |        The opposition papers of the defendants C-One Technology ("C-One") and Pretec Electronics

23 | ("Pretec") contain numerous contradictions, but the admissions set forth in these pleadings dictate

24 | that this court must grant the preliminary injunction. These admissions are:

25 |        1.      C-One has no agreement with Mount & Stoelker for the arbitration of any disputes

26 |                with regard to legal services that Mount & Stoelker performed for C-One;

27 |        2.      C-One initiated the C-One Arbitration Proceeding in Santa Clara, California; and

28 |        3.      Pretec did not initial the arbitration clause in the fee agreement with Mount & Stoelker

1

1    and did not believe that said clause was included in the agreement.

2    Based on the above admissions, only the Court and not the arbitrator has jurisdiction to

3    determine arbitrability of the claims asserted in the C-One Arbitration. Whether or not the arbitration

4    clause was included in the Mount & Stoelker/Pretec fee agreement is essentially irrelevant, but

5    Pretec's admission that it did not initial the arbitration clause can only be construed as an elimination

6    of the arbitration provision from the agreement. At best, this is a disputed issue.

7    The defendants reliance on the United States Supreme Court decision in *Preston v. Ferrer,*

8    128 S. Ct. 978 (2008) is misplaced. The Federal Arbitration Act does not apply to the Mount &

9    Stoelker/Pretec Fee Agreement and federal law is the same as California law with regard to who

10    decides whether a non-signatory to the contract or even if an arbitration agreement exist, i.e. the

11    Court decides.

12    Pretec's claim that Mount & Stoelker is somehow estopped from asserting that no arbitration

13    agreement exists is absurd. Pretec's estopple claim is based on a tolling agreement between Mount &

14    Stoelker and C-One (Defendant's Exhibit D-4) wherein C-One dismissed an arbitration that it

15    initiated in June of 2007. Pretec was not a party in that June arbitration or a party to the tolling

16    agreement. Even so, the tolling agreement is not an arbitration agreement, C-One and Mount &

17    Stoelker preserved all their rights and the tolling agreement expired on September 26, 2007, months

18    before C-One initiated the arbitration proceeding at issue. The fact that Mount & Stoelker objected to

19    the jurisdiction of the arbitrator in the C-One Arbitration proceedings does not mean it waived any

20    rights to challenge the jurisdiction arbitrator in this Court.

21    Finally, C-One asserts that this Court has no jurisdiction over it. C-One makes this claim

22    despite the fact that it admits it entered into an agreement with Mount & Stoelker for the performance

23    of legal services in the Northern District of California and initiated an arbitration proceeding against

24    Mount & Stoelker with regard to these services in Santa Clara, California. These undisputed facts

25    clearly give this Court jurisdiction over C-One.

26    //

27    //                                                                                            00203

28

2

## II.    LEGAL ARGUMENT

A.    **Defendants' Admissions Establish That Only The Court Can Determine Whether The Disputes Are Subject To Arbitration**

The primary issue before the court is which body, the superior court or the arbitrator, has jurisdiction to determine arbitrability of the claims at issue. The admission of Pretec and C-One that no contract agreement exists between C-One and Mount & Stoelker and the assertion that C-One is not bound by the Mount & Stoelker/Pretec fee agreement establishes as a matter of law that only this court has jurisdiction to determine arbitrability. For that matter, the Court of Appeal held that under these circumstances it would be an abuse of discretion for the court to decline to issue a preliminary injunction. *American Builders v. William Au-Yang* (1990) 226 Cal. App. 3d 170, 179; *Valley Case Work, Inc. v. Comfort Construction* (1999) 76 Cal. App. 4th 1013, 1019.

> We conclude the trial court erred in holding the arbitrator had jurisdiction to determine the non-signatory's status. Whether the non-signatory was a undisclosed principle so as to be properly joined in the arbitration was a question of fact for the trial court in the first instance. The order [denying the request for preliminary injunction] therefore is reversed and the matter is remanded. *American Builders*, supra, 226 Cal. App. 3d at 173...

> Therefore, not withstanding an arbitrator's broad authority to resolve questions presented by a controversy, an arbitrator has no power to determine the rights and obligations of one who is not a party to the arbitration agreement. [citations omitted] The question of whether a non-signatory is a party to the arbitration agreement is one for the trial court in the first instance. *Id.* at 179.

The fact that Pretec asserts that it has an arbitration agreement with Mount & Stoelker is irrelevant to this court's jurisdiction. This is the exact situation if *Valley Case Work, Inc.*, supra, 76 Cal. App. 4th at 1013, which also involved an arbitration before the American Arbitration Association. In that case, arbitration was sought by a party to the arbitration agreement and a non-signatory to said agreement. The court held it was an abuse of discretion for the trial court not to grant the preliminary injunction enjoining the arbitration because only the trial court has jurisdiction to determine whether or not a non-signatory to the arbitration agreement can be a party to the arbitration proceeding. *Id.* at 1016-1017.

In their opposition papers, the Pretec ignores California law, but instead argues that under the holding of the United States Supreme Court in *Preston v. Ferrer*, 128 S.Ct. 978 (2008), California law

3

1  does not apply. *Preston* involved a contract between Ferrer, a Florida television judge, and Preston, a

2  California entertainment attorney, which required arbitration of any dispute with regard to the contract in

3  accordance with the American Arbitration Association rules.  Preston sought to assert a fee claim in

4  arbitration and Ferrer filed an action to enjoin the arbitration on the grounds that the contract was invalid

5  and unenforceable under the California Talent Agencies Act ("TAA") because Preston acted as a talent

6  agent without a required license. The issue in *Preston* was whether or not the California labor

7  commissioner has exclusive jurisdiction over the determination of whether the contract was invalid

8  under the TAA. The Supreme Court held that since the Federal Arbitration Act ("FAA") controls the

9  contract at issue, the FAA supersedes state law lodging primary jurisdiction in another forum.

10      In *Preston* there was no issue of whether FAA applies because the contract was between parties

11  from different states and therefore came within the definition of "commerce" under the act. By its terms

12  the FAA applies to contracts evidencing a "transaction involving commerce." 9 *USCS* § 2. Commerce

13  under the FAA means "commerce among the several States or with foreign nations." 9 *USCS* § 1. The

14  contract at issue here is between two California parties for the performance of legal services in

15  California. Therefore, the FAA does not apply.

16      Even if the FAA applies, Federal law is consistent with California law that the court decides if a

17  non-signatory to the arbitration contract can enforce it or if the arbitration contract exists at all. The issue

18  in *Preston* was not whether an arbitration clause existed, but whether or not the entire agreement was

19  invalid and unenforceable under California law. There ws no question that an arbitration clause existed

20  between the parties. The Supreme Court clearly distinguished the case from other cases in which the

21  dispute involved a stranger to the arbitration agreement, i.e. a non-signatory, and in such situations, the

22  California court did have authority to issue a stay of the arbitration. *Id*. at 929. "Federal law with regard

23  to arbitrations does not control parties not bound by the arbitration agreement." *Id*. In other cases the

24  Supreme Court has made this position clear.

25      This Court has determined that "arbitration is a matter of contract and a party cannot be required  to submit to arbitration any dispute which he
26  has not agreed so to submit." *Steelworkers* v. *Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582, 4 L. Ed. 2d 1409, 80 S. Ct. 1347 (1960); see also
27  .*First Options*, 514 U.S. at 942-943. Although the Court has also long recognized and enforced a "liberal federal policy favoring arbitration
28  agreements," *Moses H. Cone Memorial Hospital* v. *Mercury Constr.*

1  | *Corp.*, 460 U.S. 1, 24-25, 74 L. Ed. 2d 765, 103 S. Ct. 927 (1983), it
has made clear that there is an exception to this policy: The question
2  | whether the parties have submitted a particular dispute to arbitration,
*i.e.*, the *"question of arbitrability,"* is "an issue for judicial
3  | determination unless the parties clearly and unmistakably provide
otherwise." *AT&T Technologies, Inc.* v. *Communications Workers*, 475
4  | U.S. 643, 649, 89 L. Ed. 2d 648, 106 S. Ct. 1415 (1986) (emphasis
added); *First Options*, 514 U.S. at 944. We must decide here whether
5  | application of the NASD time limit provision falls into the scope of this
last-mentioned interpretive rule.

6

7  |   Linguistically speaking, one might call any potentially dispositive
gateway question a "question of arbitrability," for its answer will
8  | determine whether the underlying controversy will proceed to
arbitration on the merits. The Court's case law, however, makes clear
9  | that, for purposes of applying the interpretive rule, the phrase "question
of arbitrability" has a far more limited scope. See 514 U.S. at 942. The
10 | Court has found the phrase applicable in the kind of narrow
circumstance where contracting parties would likely have expected a
11 | court to have decided the gateway matter, where they are not likely to
have thought that they had agreed that an arbitrator would do so, and,
12 | consequently, where reference of the gateway dispute to the court
avoids the risk of forcing parties to arbitrate a matter that they may well
13 | not have agreed to arbitrate.

14 | Thus, a gateway dispute about whether the parties are bound by a given
arbitration clause raises a "question of arbitrability" for a court to
15 | decide. See *id.,* at 943-946 **(holding that a court should decide
whether the arbitration contract bound parties who did not sign
16 | the agreement);** *John Wiley & Sons, Inc.* v. *Livingston*, 376 U.S. 543,
546-547, 11 L. Ed. 2d 898, 84 S. Ct. 909 (1964) (holding that a court
17 | should decide whether an arbitration agreement survived a corporate
merger and bound the resulting corporation). Similarly, a disagreement
18 | about whether an arbitration clause in a concededly binding contract
applies to a particular type of controversy is for the court. See, *e.g.*,
19 | *AT&T Technologies, supra*, 475 U.S. 643, at 651-652 (holding that a
court should decide whether a labor-management layoff controversy
20 | falls within the arbitration clause of a collective-bargaining agreement);
*Atkinson* v. *Sinclair Refining Co.*, 370 U.S. 238, 241-243, 8 L. Ed. 2d
21 | 462, 82 S. Ct. 1318 (1962) (holding that a court should decide whether
a clause providing for arbitration of various "grievances" covers claims
22 | for damages for breach of a no-strike agreement). *Howsam* v. *Dean
Witter Reynolds*, 537 U.S. 79, 83-84 (2002). Emphasis added.

23 | **B.    No Arbitration Agreement Exists Between Mount & Stoelker and Pretec**

24 |        In its opposition, Pretec admits that the existence of an arbitration agreement is controlled by

25 | contract law. It is horn book law that a contract requires mutual consent, which is codified in California

26 | statutory law. *Civil Code* §§ 1550 and 1565. An offer without acceptance simply does not create a

27 | contract. The manner of acceptance may be controlled by the offer and the failure to comply with the

28 | prescribed method means that a contract does not come into being. *Witkin, Summary of California Law,*

5

1 | *10th Edition*, Contracts, Section 189, Page 223-224.

2 |       In the Mount & Stoelker/Pretec fee agreement it clearly states that if Pretec wanted to include

3 | an arbitration clause in the agreement it needed to initial the appropriate paragraph. Pretec's failure to

4 | initial the paragraph is a rejection of the arbitration clause.

5 |     **C.**    **Mount & Stoelker Is Not Estopped To Assert That There Is No Agreement For**

6 |             **Arbitration**

7 |       In its opposition, Pretec asserts that Mount & Stoelker is estopped from asserting the existence of

8 | an arbitration agreement because in June of 2007 C-One initiated an arbitration proceeding against

9 | Mount & Stoelker. Mount & Stoelker and C-One then entered into a ninety (90) day tolling agreement to

10 | see if they could settle the case outside of arbitration. Pursuant to that agreement, C-One dismissed the

11 | June 2007 arbitration. This tolling agreement is irrelevant to the issues before this court. First, this was

12 | an agreement between Mount & Stoelker and C-One (Pretec was not a party to the June 2007

13 | arbitration.) Second, the tolling agreement expired on September 26, 2007 and C-One initiated the of the

14 | second arbitration proceeding , which is the arbitration proceeding at issue, on December 24, 2007; on

15 | February 15, 2008 C-One amended its claim to add Pretec as a claimant. Third, Mount & Stoelker never

16 | submitted to the jurisdiction of the arbitrator in the June 2007 arbitration. By entering into the tolling

17 | agreement, Mount & Stoelker did not waive anything except to toll the limitations period for ninety (90)

18 | days.

19 |       Pretec also asserts that since it has paid arbitration fees the court should allow the arbitration to

20 | go forward. This argument is ridiculous, because it was C-One and not Pretec that paid the arbitration

21 | fees. The fact that the parties attempted to reach a settlement in 2007 outside of arbitration has no

22 | bearing on this court's jurisdiction to determine arbitrability of the claims at issue.

23 |     **D.**    **This Court Has Jurisdiction Over C-One.**

24 |       In arguing that this court has no jurisdiction over it, C-One completely disregards two

25 | fundamental and undisputed facts. First, there is no question that C-One retained Mount & Stoelker to

26 | represent it in legal actions filed in the Northern District of California and in the Alameda Superior

27 | Court. The fact that C-One claims that this was not pursuant to a written contract is irrelevant for

28 | purposes of jurisdiction. In *Newman v. VRL International* (2005) 129 Cal. App. 4th 482, the appellant

6

1   law firm filed an action against an out of state client seeking fees for services rendered in the defending a

2   personal injury suit in California. In overturning the trial court's order granting the client's motion to

3   quash, the Court of Appeal held that specific jurisdiction existed:

4          "No California case has considered whether retaining an attorney in
           another state gives that state personal jurisdiction in subsequent
5          disputes over attorneys' fees. Most reported cases from other states
           uphold the exercise of personal jurisdiction. [Citations.] We reach the
6          same conclusion here." (Vorys, Sater, Seymour & Pease v. Ryan,
           supra, 154 Cal. App. 3d at pp. 93–95, italics added.) ...
7
           First, respondent authorized the retention of appellant to represent it in
8          the Cuenllas action [A California action]. ... [Respondent] elected to
           seek relief in the California courts, authorized the retention of
9          appellant, and cooperated with appellant in obtaining the relief sought.

10         Second, appellant's claim is for attorney fees in connection with
           appellant's successful representation of respondent in the Cuenllas
11         action. It thus arises out of and results from respondent's forum-related
           activity.
12
            Third, it is reasonable to recognize limited jurisdiction under the
13         circumstances. ...

14         Appellant is a California law firm which provided valuable legal
           assistance to respondent. It would be unjust to allow an out-of-state
15         corporation, even one which does not have adequate contacts with the
           state for establishment of general jurisdiction, to authorize retention of
16         the California firm and then avoid paying the firm fees it claims due for
           activities undertaken on the corporation's behalf in California.
17
           C-One initiated the arbitration in California with regard to a dispute over legal services
18
    performed by Mount & Stoelker in California. These forum related activities are sufficient to confer
19
    jurisdiction, and for that matter the only forum that has jurisdiction is California.
20
                                    III.    CONCLUSION
21
           For the reasons set forth above, Mount & Stoelker respectfully requests that this court issue a
22
    preliminary injunction enjoining the C-One arbitration from going forward until this matter has been
23
    resolved.
24
    DATE: March 17, 2008                        PHILLIPS, GREENBERG & HAUSER, L.L.P.
25

26
                                              By: _____
27                                                JERRY R. HAUSER
28
                                                                                          7

## PROOF OF SERVICE

### *C-One v. Mount & Stoelker*

The undersigned declares:  I am a resident of the United States and am employed in the City and County of San Francisco, State of California; I am over the age of eighteen years and not a party to the within action; my business address is Phillips, Greenberg & Hauser, LLP, Four Embarcadero Center, 39th Floor, San Francisco, California 94111.  On the date indicated below, I served the following documents:

**REPLY TO DEFENDANTS' OPPOSITION TO MOUNT & STOELKER'S MOTION FOR PRELIMINARY INJUNCTION**

**DECLARATION OF JERRY R. HAUSER IN SUPPORT IN SUPPORT OF REPLY TO DEFENDANTS' OPPOSITION TO MOUNT & STOELKER'S MOTION FOR PRELIMINARY INJUNCTION**

by placing a true copy thereof enclosed in a sealed envelope and served in the manner described below to the interested parties herein and addressed to:

Leodis Matthews
Matthews & Partners
4322 Wilshire Blvd., Suite 200
Los Angeles, CA 95110

X     **BY FIRST CLASS MAIL:**  By placing a true copy of each document listed above in (an) envelope(s) addressed as shown above, sealing the envelope(s) and placing them for collection and mailing, following ordinary business practices, at my employer's office on the date below written.  to be deposited in the mail at my business address, I am readily familiar with this firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service.  In the ordinary course of business such correspondence is deposited with the United States Postal Service at San Francisco, California, with first-class postage fully prepaid thereon, on the same day as I place it for collection and mailing.

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.  Executed on March 17, 2008 at San Francisco, California.

_____
Valerie Vitullo

00209

# Exhibit M

00210

1 | PHILLIPS, GREENBERG & HAUSER, L.L.P.
JERRY R. HAUSER, SBN. 111568
2 | ERIK C. VAN HESPEN, SBN. 214774
Four Embarcadero Center, 39th Floor
3 | San Francisco, California 94111
Telephone:    (415) 981-7777
4 | Facsimile:    (415) 398-5786

5 | Attorneys for Defendant,
MOUNT & STOELKER, A PROFESSIONAL CORPORATION
6 |

7 |

8 |                 IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
9 |
                    IN AND FOR THE COUNTY OF SANTA CLARA
10 |

11 | MOUNT & STOELKER, A PROFESSIONAL        CASE NO.: 108 CV 105975
CORPORATION,
12 |
                    Plaintiffs,             **NOTICE OF ENTRY OF ORDER**
13 |
        -v-
14 |
C-ONE TECHNOLOGY, A TAIWANESE
15 | CORPORATION; PRETEC ELECTRONICS
CORPORATION, A CALIFORNIA
16 | CORPORATION; INTERNATIONAL
CENTER FOR DISPUTE RESOLUTION, A
17 | DIVISION OF THE AMERICAN
ARBITRATION ASSOCIATION; AND
18 | DOES 1 through 50 inclusive,

19 |                 Defendants.

20 | TO PARTIES AND THEIR ATTORNEYS OF RECORD:

21 |         PLEASE TAKE NOTICE that on March 26 2008, the Order Granting Motion for Preliminary
22 | Injunction, attached hereto as Exhibit A, was entered in the above-entitled Court.

23 | DATE: March 31, 2008                  PHILLIPS, GREENBERG & HAUSER, L.L.P.
24 |

25 |
                                          By:
26 |                                           JERRY R. HAUSER
27 |

28 |
                                                              00211

F I L E D

MAR 26 2008

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA/County of Santa Clara
BY _____ DEPUTY
J. ALVAREZ

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SANTA CLARA

| MOUNT & STOELKER | Case No.    1-08-CV105975 |
|---|---|
| Plaintiff, | |
| vs. | ORDER RE: MOTION FOR PRELIMINARY INJUNCTION |
| C-ONE TECHNOLOGY, et al., | |
| Defendants. | |

   The Motion for Preliminary Injunction filed by Plaintiff Mount & Stoelker came on for hearing before the Honorable Mary Jo Levinger on March 25, 2008 at 9:00 a.m. in Department 5. The matter having been submitted, the Court orders as follows:

   The Court GRANTS the Motion for Preliminary Injunction. The injunction shall become effective upon the posting of the undertaking in the amount of $5,000.

Dated: March 26, 2008

Mary Jo Levinger
Judge of the Superior Court

00212

1

Exhibit ___A___

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
**191 N. First Street**
**San Jose, CA  95113-1090**

**FILED**

MAR 26 2008

KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA/County of Santa Clara
BY _____ DEPUTY

TO:    FILE COPY

RE:   Mount & Stoelker vs C-One Technology
Case Nbr:  1-08-CV-105975

PROOF OF SERVICE

Order Re: Motion for Preliminary Injunction

was delivered to the parties listed below in the above entitled case as set
forth in the sworn declaration below.

**Parties/Attorneys of Record:**

CC: Jerry R. Hauser , Phillips Greenberg & Hauser LLP
        Four Embarcadero Center, 39th Floor, San Francisco, CA 94111
    D P Sindicich , Matthews & Partners
        4322 Wilshire Blvd, Los Angeles, CA 90010-3792
    Leodis C Matthews , Matthews & Partners
        4322 Wilshire Blvd, Los Angeles, CA 90010-3792
    International Center For Dispute Resolution

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with
Disabilities Act, please contact the Court Administrator's office at (408)882-2700, or use the Court's TDD line, (408)882-2690 or
the Voice/TDD California Relay Service, (800)735-2922.

DECLARATION OF SERVICE BY MAIL: I declare that I served this notice by enclosing a true copy in a sealed envelope, addressed to each
person whose name is shown above, and by depositing the envelope with postage fully prepaid, in the United States Mail at
San Jose, CA on 03/26/08.  KIRI TORRE, Chief Executive Officer/Clerk by Jean Alvarez, Deputy

00213

## PROOF OF SERVICE

### *C-One v. Mount & Stoelker*

The undersigned declares:  I am a resident of the United States and am employed in the City and County of San Francisco, State of California; I am over the age of eighteen years and not a party to the within action; my business address is Phillips, Greenberg & Hauser, LLP, Four Embarcadero Center, 39th Floor, San Francisco, California 94111.  On the date indicated below, I served the following documents:

## NOTICE OF ENTRY OF ORDER

by placing a true copy thereof enclosed in a sealed envelope and served in the manner described below to the interested parties herein and addressed to:

Leodis Matthews
Matthews & Partners
4322 Wilshire Blvd., Suite 200
Los Angeles, CA 95110
(323) 930-5693

Sasha Carbone
ICDR Senior Case Manager
International Centre for Dispute Resolution
1633 Broadway
New York NY 10019-6708
(212) 716-5902

__X__    **BY FIRST CLASS MAIL:**  By placing a true copy of each document listed above in (an) envelope(s) addressed as shown above, sealing the envelope(s) and placing them for collection and mailing, following ordinary business practices, at my employer's office on the date below written.  to be deposited in the mail at my business address, I am readily familiar with this firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business such correspondence is deposited with the United States Postal Service at San Francisco, California, with first-class postage fully prepaid thereon, on the same day as I place it for collection and mailing.

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.  Executed on March 31, 2008 at San Francisco, California.

_____
Valerie Vitullo

00214

# Exhibit N

00215

1  PHILLIPS, GREENBERG & HAUSER, L.L.P.
   JERRY R. HAUSER, SBN. 111568
2  ERIK C. VAN HESPEN, SBN. 214774
   Four Embarcadero Center, 39th Floor
3  San Francisco, California 94111
   Telephone:    (415) 981-7777
4  Facsimile:    (415) 398-5786

5  Attorneys for Defendant,
   MOUNT & STOELKER, A PROFESSIONAL CORPORATION
6

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
               IN AND FOR THE COUNTY OF SANTA CLARA
10

11  MOUNT & STOELKER, A PROFESSIONAL          CASE NO.: 108 CV 105975
    CORPORATION,
12
                        Plaintiffs,           **NOTICE OF FILING OF**
13                                            **UNDERTAKING**
            -v-
14
    C-ONE TECHNOLOGY, A TAIWANESE
15  CORPORATION; PRETEC ELECTRONICS
    CORPORATION, A CALIFORNIA
16  CORPORATION; INTERNATIONAL
    CENTER FOR DISPUTE RESOLUTION, A
17  DIVISION OF THE AMERICAN
    ARBITRATION ASSOCIATION; AND
18  DOES 1 through 50 inclusive,

19                      Defendants.
                                          /
20
    TO PARTIES AND THEIR ATTORNEYS OF RECORD:
21
            PLEASE TAKE NOTICE that on April 1, 2008, the Undertaking Re: Preliminary Injunction,
22
    attached hereto as Exhibit A, was entered in the above-entitled Court.
23
    DATE: April 2, 2008                     PHILLIPS, GREENBERG & HAUSER, L.L.P.
24

25
                                            By: _____
26                                               ERIK C. VAN HESPEN

27

28
                                                                              00216

## American Contractors Indemnity Company

In The _____SUPERIOR_____ Court

County of _____SANTA CLARA_____

State of California

M. Rosales

MOUNT & STOELKER,

          PLAINTIFF,

vs.

C-ONE TECHNOLOGY, ET AL.,

          DEFENDANTS.

Case No.    1-08-CV105975

UNDERTAKING UNDER
SECTION    529
C.C.P.
American Contractors Indemnity Company
9841 Airport Blvd., 9th Floor
Los Angeles, CA 90045

WHEREAS, the above named    PLAINTIFF

desires to give an undertaking for    PRELIMINARY INJUNCTION

as provided in Section    529    C.C.P.

NOW, THEREFORE, the undersigned Surety, does hereby obligate itself, jointly and severally, to

C-ONE TECHNOLOGY, ET AL

under said statutory obligations in the sum of    FIVE THOUSAND & NO/100ths————————

Dollars($  5,000.00  )

IN WITNESS WHEREOF, The corporate seal and name of the said Surety Company is hereto affixed and attested by
Paul D. Fazzio    who declares under penalty of perjury that he is its duly authorized Attorney-
in-Fact acting under an unrevoked power of attorney on file with the Clerk of the County in which above entitled Court is located.

Executed at    SAN FRANCISCO    ,    California on    MARCH 31, 2008

Bond No.    1000792189

00217

The premium charge for this bond

is $  100.00

AMERICAN CONTRACTORS INDEMNITY COMPANY

Paul D. Fazzio    Attorney-in Fact

Exhibit A

## PROOF OF SERVICE

### *Mount & Stoelker v. C-One*

The undersigned declares:  I am a resident of the United States and am employed in the City and County of San Francisco, State of California; I am over the age of eighteen years and not a party to the within action; my business address is Phillips, Greenberg & Hauser, LLP, Four Embarcadero Center, 39th Floor, San Francisco, California 94111.  On the date indicated below, I served the following documents:

**NOTICE OF FILING OF UNDERTAKING**

by placing a true copy thereof enclosed in a sealed envelope and served in the manner described below to the interested parties herein and addressed to:

Leodis Matthews                        Sasha Carbone
Matthews & Partners                    ICDR Senior Case Manager
4322 Wilshire Blvd., Suite 200         International Centre for Dispute Resolution
Los Angeles, CA 95110                  1633 Broadway
                                       New York NY 10019-6708

**X**     **BY FIRST CLASS MAIL:**  By placing a true copy of each document listed above in (an) envelope(s) addressed as shown above, sealing the envelope(s) and placing them for collection and mailing, following ordinary business practices, at my employer's office on the date below written.  to be deposited in the mail at my business address, I am readily familiar with this firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service.  In the ordinary course of business such correspondence is deposited with the United States Postal Service at San Francisco, California, with first-class postage fully prepaid thereon, on the same day as I place it for collection and mailing.

**X**     **BY FACSIMILE TRANSMISSION:**  By sending the documents listed above via facsimile transmission to the fax number(s) shown above on the date below written.  Pursuant to California Rules of Court, rule 2008(e), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.  Executed on April 2, 2008 at San Francisco, California.

_____
Valerie Vitullo

00218

# Exhibit O

00219

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Jerry R. Hauser                                   111568<br>Phillips, Greenberg & Hauser, LLP<br>4 Embarcadero Center, 39th Floor<br>San Francisco, CA 94111<br>TELEPHONE NO.: (415) 981-7777   FAX NO. *(Optional)*: (415) 398-5786<br>E-MAIL ADDRESS *(Optional)*: jhauser@pghllp.com<br>ATTORNEY FOR *(Name)*: Plaintiffs Mount & Stoelker | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara |
|---|
| STREET ADDRESS: 191 N. First Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: San Jose, CA 95113 |
| BRANCH NAME: Santa Clara |

| PLAINTIFF/PETITIONER: Mount & Stoelker, A Professional Corporation |
|---|
| DEFENDANT/RESPONDENT: C-One Technology, A Taiwanese Corporation |

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):  [X] UNLIMITED CASE       [ ] LIMITED CASE<br>(Amount demanded         (Amount demanded is $25,000<br>exceeds $25,000)           or less) | 108 CV 105975 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date: July 8, 2008          Time: 2:15 PM   Dept.: 5       Div.:          Room:
Address of court *(if different from the address above)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1.  **Party or parties** *(answer one)*:
    a. [X] This statement is submitted by party *(name)*: Plaintiffs Mount & Stoelker
    b. [ ] This statement is submitted jointly by parties *(names)*:

2.  **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
    a. The complaint was filed on *(date)*: February 15, 2008
    b. [ ] The cross-complaint, if any, was filed on *(date)*:

3.  **Service** *(to be answered by plaintiffs and cross-complainants only)*
    a. [ ] All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
    b. [X] The following parties named in the complaint or cross-complaint
        (1) [X] have not been served *(specify names and explain why not)*:
            C-One Technology, Pretec Electronics. See attached.
        (2) [ ] have been served but have not appeared and have not been dismissed *(specify names)*:
        (3) [ ] have had a default entered against them *(specify names)*:
    c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4.  **Description of case**
    a. Type of case in  [X] complaint   [ ] cross-complaint       *(describe, including causes of action)*:
       DECLARATORY RELIEF, TEMPORARY RESTRAINING ORDER AND PRELIMINARY AND
       PERMANENT INJUNCTION

00220

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. January 1, 2007]     **CASE MANAGEMENT STATEMENT**     Page 1 of 4<br>Cal. Rules of Court,<br>rule 3.720-3.730<br>www.courtinfo.ca.gov

Mount & Stoelker

CM-110

| PLAINTIFF/PETITIONER: Mount & Stoelker, A Professiona | CASE NUMBER: |
| DEFENDANT/RESPONDENT: C-One Technology, A Taiwanese | 108 CV 105975 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)* Plaintiff filed an action against defendants to enjoin an arbitration from going forward with regard to a fee dispute and legal malpractice claims. On March 26, 2008, this court granted plantiff's motion for preliminary injunction and ordered the arbitration stayed. Both defendants C-One and Pretec appeared to oppose the preliminary injunction motion.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☒ a nonjury trial *(if more than one party, provide the name of each party requesting a jury trial)* :

6. **Trial date**
a. ☐ The trial has been set for *(date)* :
b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain)* : Defendants have not yet appeared.

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability)*:

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one)* :
a. ☒ days *(specify number)* : 3 days
b. ☐ hours (short causes) *(specify)* :

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. Fax number:
f. E-mail address:
g. Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section)* :

10. **Alternative Dispute Resolution (ADR)**
a. Counsel ☒ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date)* :
c. ☐ The case has gone to an ADR process *(indicate status)* :

00221

Mount & Stoelker

| PLAINTIFF/PETITIONER: Mount & Stoelker, A Professiona | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: C-One Technology, A Taiwanese | 108 CV 105975 |

10. d. The party or parties are willing to participate in *(check all that apply)*:
   (1) ☒ Mediation
   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
   (4) ☐ Binding judicial arbitration
   (5) ☐ Binding private arbitration
   (6) ☐ Neutral case evaluation
   (7) ☐ Other *(specify)*:

  e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit
  f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
  g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption)*:

11. **Settlement conference**
☐ The party or parties are willing to participate in an early settlement conference *(specify when)*:

12. **Insurance**
  a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:
  b. Reservation of rights: ☐ Yes ☐ No
  c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

13. **Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
☐ Bankruptcy ☐ Other *(specify)*:
Status:

14. **Related cases, consolidation, and coordination**
  a. ☐ There are companion, underlying, or related cases.
    (1) Name of case:
    (2) Name of court:
    (3) Case number:
    (4) Status:
  ☐ Additional cases are described in Attachment 14a.
  b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

15. **Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

16. **Other motions**
☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:
MOTION FOR SUMMARY JUDGMENT.

00222

CM-110

| PLAINTIFF/PETITIONER: Mount & Stoelker, A Professiona | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: C-One Technology, A Taiwanese | 108 CV 105975 |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| See 19 below. | | |

c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other Issues**

☒ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*: See attached.

**20. Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**

Previous case management orders in this case are *(check one)*: ☐ none ☐ attached as Attachment 21.

**22.** Total number of pages attached *(if any)*: *1*

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: June 23, 2008

Jerry R. Hauser
_____    ► _____
(TYPE OR PRINT NAME)                  (SIGNATURE OF PARTY OR ATTORNEY)

_____    ► _____
(TYPE OR PRINT NAME)                  (SIGNATURE OF PARTY OR ATTORNEY)
                                  ☐ Additional signatures are attached

CM-110 [Rev. January 1, 2007]
ESSENTIAL FORMS™

**CASE MANAGEMENT STATEMENT**

Page 4 of 4

Mount & Stoelker

00223

## Attachment to Case Management Statement

**3.b.(1)**

Plaintiff has made a number of attempts to serve both C-One Technology and Pretec Electronics. C-One is a foreign corporation and Pretec is a dissolved corporation. Plaintiff has attempted on numerous occasions to serve the persons whom it believes can accept service on behalf of these entities, but have been unsuccessful. Even so, plaintiff believes that C-One and Pretec have made a general appearance based upon their opposition to request for a preliminary injunction. Further, on June 5, 2008, counsel for C-One and Pretec agreed to file a responsive pleading and/or a removal petition on or before June 19, 2008.

**19.**

Counsel for defendants C-One and Pretec stated that these parties have filed an action in Federal Court and will be filing a petition for removal or other responsive pleading before the case management conference. If C-One and/or Pretec do not make an appearance prior to the CMC, then plaintiff will be filing an ex parte application for a determination that said defendants' opposition to the motion for preliminary injunction constituted a general appearance and their failure to file a responsive pleading will allow the taking of their default. In the alternative, plaintiff will file a motion seeking an order that service on said defendants be completed by serving the Secretary of State.

00224

1

## PROOF OF SERVICE

2

*Mount & Stoelker v. C-One*

3

4     The undersigned declares: I am a resident of the United States and am employed in the City and County of San Francisco, State of California; I am over the age of eighteen years and not a party to the within action; my business address is Phillips, Greenberg & Hauser, LLP, Four Embarcadero Center, 39th Floor, San Francisco, California 94111. On the date indicated below, I served the following documents:

5

6

7 **CASE MANAGEMENT STATEMENT**

8 by placing a true copy thereof enclosed in a sealed envelope and served in the manner described below to the interested parties herein and addressed to:

9

10 Leodis Matthews
Matthews & Partners

11 4322 Wilshire Blvd., Suite 200
Los Angeles, CA 95110

12 (323) 930-5693

13   X   **BY FIRST CLASS MAIL:** By placing a true copy of each document listed above in

14 (an) envelope(s) addressed as shown above, sealing the envelope(s) and placing them for collection and mailing, following ordinary business practices, at my employer's office on the

15 date below written, to be deposited in the mail at my business address, I am readily familiar with this firm's business practice for collection and processing of correspondence for mailing

16 with the United States Postal Service. In the ordinary course of business such correspondence is deposited with the United States Postal Service at San Francisco, California, with first-class

17 postage fully prepaid thereon, on the same day as I place it for collection and mailing.

18   X   **BY FACSIMILE TRANSMISSION:** By sending the documents listed above via

19 facsimile transmission to the fax number(s) shown above on the date below written. Pursuant to California Rules of Court, rule 2008(e), I caused the machine to print a transmission record

20 of the transmission, a copy of which is attached to this declaration.

21     I declare under penalty of perjury under the laws of the State of California that the forgoing is

22 true and correct. Executed on June 23, 2008 at San Francisco, California.

23

24                          _____

                                 Valerie Vitullo

25

26

27

28

00225

1

2

**Certificate of Service**
*[California Code of Civil Procedure §§ 1013a & 2015.5]*

3

4

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party within the action. My address is 4322 Wilshire Boulevard, Suite 200, Los Angeles, CA 90010. On **July 3, 2008** served the foregoing document(s), described as follows, on all interested parties in this action by placing a true copy thereof

5

6

7

Title of Document:    **NOTICE OF REMOVAL OF SANTA CLARA SUPERIOR COURT CASE NO 108 CV 105975 TO THE SAN FRANCISCO DIVISION OF THE UNITED STATE DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

8

Case Number:    3:08-cv-02442-MEJ

9

**SEE ATTACHED SERVICE LIST**

10

11

❒    PERSONAL DELIVERY: On the above date I caused the above described document(s) to be personally hand delivered to the addressee(s)

12

❒    FACSIMILE: On the above date, I caused the above-described document(s) to be sent to the addressee(s) via the facsimile number on the attached service list.

13

14

❒    FEDERAL EXPRESS: On the above date I caused the above-described document(s) to be sent to the addressee(s) via Federal Express with the shipping charges fully prepaid.

15

❒    REGULAR MAIL:

16

❒    I deposited such envelope(s) in the United States Mail at Los Angeles, California with the postage thereon fully prepaid.

17

18

19

20

❒    I caused such envelope(s) to be deposited in the mail at Los Angeles, California with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on the same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid of postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

21

22

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on **July 3, 2008** at Los Angeles, California.

23

24

Melanie Ocubillo

25

26

27

28

1

**Service List**

2

3    Jerry Hauser                              Counsel for Plaintiffs
      Phillips, Greenberg & Hauser, L.L.P.

4    Four Embarcadero Center, 39th Floor
      San Francisco, CA 94111

5    Facsimile: (415) 398-5786

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**Certificate of Service**
*[California Code of Civil Procedure §§ 1013a & 2015.5]*

3

4

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party within the action. My address is 4322 Wilshire Boulevard, Suite 200, Los Angeles, CA 90010.  On **July 3, 2008** served the foregoing document(s), described as follows, on all interested parties in this action by placing a true copy thereof

5

6

7

Title of Document:     **DEFENDANTS C-ONE TECHNOLOGY AND PRETEC ELECTRONICS CORPORATION'S NOTICE OF FILING OF NOTICE OF REMOVAL TO FEDERAL COURT**

8

Case Number:     108 CV 105975

9

**SEE ATTACHED SERVICE LIST**

10

☐    PERSONAL DELIVERY: On the above date I caused the above described document(s) to be personally hand delivered to the addressee(s)

11

12

☐    FACSIMILE: On the above date, I caused the above-described document(s) to be sent to the addressee(s) via the facsimile number on the attached service list.

13

☐    FEDERAL EXPRESS: On the above date I caused the above-described document(s) to be sent to the addressee(s) via Federal Express with the shipping charges fully prepaid.

14

☐    REGULAR MAIL:

15

16

☐    I deposited such envelope(s) in the United States Mail at Los Angeles, California with the postage thereon fully prepaid.

17

18

19

20

☐    I caused such envelope(s) to be deposited in the mail at Los Angeles, California with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on the same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid of postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

21

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on **July 3, 2008** at Los Angeles, California.

22

23

Melanie Ocubillo

24

25

26

27

28

1

**Service List**

2

3    Jerry Hauser                                         Counsel for Plaintiffs
     Phillips, Greenberg & Hauser, L.L.P.
4    Four Embarcadero Center, 39th Floor
     San Francisco, CA 94111
5    Facsimile: (415) 398-5786

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28