PHILLIPS, GREENBERG & HAUSER, L.L.P.
JERRY R. HAUSER, SBN. 111568
ERIK C. VAN HESPEN, SBN. 214774
Four Embarcadero Center, 39th Floor
San Francisco, California 94111
Telephone:    (415) 981-7777
Facsimile:    (415) 398-5786

Attorneys for Defendants,
MOUNT & STOELKER, A PROFESSIONAL CORPORATION;
DANIEL S. MOUNT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| C-ONE TECHNOLOGY; PRETEC ELECTRONICS CORPORATION<br><br>Plaintiffs,<br><br>-v-<br>MOUNT & STOELKER, P.C.; DANIEL S. MOUNT, inclusive,<br><br>Defendants.<br>_____ / | CASE NO.: CV 08-02442 PJH<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF FEDERAL JURISDICTION**<br>(FRCP § 12(b)(1))<br><br>Date:    August 27, 2008<br>Time:    9:00 am<br>Ctrm.    3 |

## I.    INTRODUCTION AND STATUS OF THE PARTIES

The plaintiffs, as identified in the complaint, in this case are C-One Technology ("C-One"), a Taiwanese Corporation with its principle place of business in Taiwan (Complaint, ¶ 1) and Pretec Electronics Corporation ("Pretec"), a California corporation with its principle place of business in Fremont, California (Complaint, ¶ 2). Pretec's corporation structure has since been dissolved.

The defendants in the action are Mount & Stoelker, A Professional Corporation ("M&S"), a California professional corporation with its principle place of business in San Jose, California (Complaint, ¶ 3) and Daniel S. Mount, a resident of the state of California (Complaint, ¶ 4).

The plaintiffs assert that this court has jurisdiction over the subject matter of the complaint pursuant to 28 USC § 1332 on the sole ground that C-One is a foreign corporation and as a result

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF FEDERAL JURISDICTION: FRCP § 12(b)(1)

there is diversity of citizenship between C-One and the named defendants. (Complaint, ¶ 7) Incredibly, plaintiff completely ignores the fact that Pretec is a California corporation. There are no other grounds for a jurisdiction alleged in the complaint.

In the complaint itself, plaintiffs make reference to the fact that it filed an arbitration proceeding on January 11, 2008, based on the same claims set forth in the complaint. (Complaint, ¶ 78) Further, that arbitration proceeding was enjoined from going forward by an order of the California Superior Court, County of Santa Clara, Case No. 108-CV-105975 (Complaint, ¶ 79) A copy of the state court complaint, the plaintiffs' opposition and the court's order issuing the preliminary injunction is attached to the Declaration of Jerry R. Hauser in Support of the defendants' Request for Judicial Notice.

## II.    LEGAL ARGUMENT

### A.    Diversity Jurisdiction Does Not Exist

The existence of diversity jurisdiction in this case is controlled by 28 USC § 1332(a)(3) which states:

> The district courts shall have original jurisdiction of all civil actions where the manner and controversy exceeds the sums or value of $75,000, exclusive of interest and costs and is between - ... citizens of different states and in which citizens or subjects of a foreign state are additional parties.

Plaintiffs incorrectly assert that Section 1332(a)(2) applies, which is limited to when the action is only between a citizen of a State and a citizen of a foreign state. For purposes of determining diversity, plaintiffs completely ignore Pretec which it cannot do. Under Section 1332(a)(3) diversity jurisdiction does not exist because Pretec is a California corporation. Diversity jurisdiction requires complete diversity of citizenship, **each** of the plaintiffs must be citizens of a different state than **each** of the defendants. *Allstate Insurance Company v. Devon Hughes* (2004, CA 9 Wash) 358 F. 3d 1089, 1095. The fact that C-One is a foreign corporation does not salvage jurisdiction because diversity must be complete. *Nike, Inc. v. Comercial Iberica* (9th Cir. 1993) 20 F. 3d 987, 991. When an action is between citizens of the United States, the presence of alien parties is irrelevant for purposes of determining diversity jurisdiction. Id.; *Transure, Inc. v. Marsh and McLennan, Inc.* (9th Cir. 1985) 76 F. 2d 1297, 1298-1299.

2

> In this case, according to defendants, the District Court would have had original jurisdiction over the case pursuant to 28 USC § 1332(a)(3) had it been filed in the District Court. That jurisdictional provision states that a District Court has original jurisdiction of a civil action involving a claim the value of which exceeds the sum or value of $75,000 so long as it is between "citizens of different States and in which citizens or subjects of a foreign state are additional parties… ." Although it is not completely free from doubt, this statutory provision has been interpreted to permit the District Courts to disregard the citizenship of any foreign plaintiffs or defendants, for diversity purposes, **so long as there is at least one citizen of a state of the United States on each side of the case and there is complete diversity between those United States citizens**. See, e.g., *Tango Music, LLC v. Deadquick Music*, 348 F. 3d 244 (7th Cir. 2003); *Clark v. Yellow Freight Sys.* 715 F. Supp 1377 (E.D. Mich 1989); cf. *Allendale Mutual Insurance Co. v. Bull Data Systems*, 10 F. 3d 425 (7th Cir. 1993). **Under these decisions, the citizenship of the foreign plaintiffs and defendants is completely disregarded even if there is not complete diversity among the foreign citizens,** as is the case here. *Scotts Company v. Rhone-Poulenc S.A.*, 347 F. Supp. 2d 543, 545 (U.S. Dist. Ohio, E.D., 2004) (Emphasis added.)

A corporation is deemed a citizen of any state by which it had been incorporated and in the state in which it has its principle place of business. 28 USC § 1332(c)(1). The fact that Pretec may be defunct does not change the analysis to whether or not it is a California citizen. *Patel v. Sugen, Inc.* (ND CA 2005) 357 F. Supp. 2d 1098, 1111. Based on the allegations of the complaint, Pretec is a California citizen and therefore complete diversity does not exist. C-One's status as a foreign citizen is irrelevant. Since there is no diversity between Pretec and defendants, this court clearly has no jurisdiction and the action must be dismissed.

**B.    The Complaint Should Be Dismissed Because A State Court Action Is Pending**

In the Second and Third Claims for Relief, C-One and Pretec seek a determination on whether or not an arbitration agreement exists between them and the defendants with regard to the claims set forth in the complaint. Yet, this very dispute is the subject of a state court action that was filed on February 25, 2008, in which C-One and Pretec made an appearance. (Hauser Dec., Exhibit A) The California Superior already has issued an order granting a preliminary injunction enjoining the arbitration from going forward pending resolution of the case. (Hauser Dec., Exhibit F) Since the arbitration issue is already pending in state court, this court should abstain and dismiss the complaint even if jurisdiction exists. In *Awosting Reserve v. Chaffin/Light*, (SD NY 2003) 296 F.Supp. 2d 470, the court dismissed the complaint without prejudice under the same facts here:

3

Moreover, the fact remains that the same parties to this action are disputing the same agreements over the same set of operative facts. If this Court were to entertain the present action and consider granting Awosting declaratory relief, the possibility looms that a decision by this Court would produce a duplicative and potentially contradictory result with a decision rendered by the New York State Court. Furthermore, if the court in the State Court Action were to conclude that the parties are required to arbitrate their dispute, this Court, if it granted Awosting the declaratory relief it seeks, would be considering the merits of this action in the face of a standing court order for the parties to settle their differences by arbitration. Although the Court is not precluded from exercising jurisdiction over this case, in the interests of judicial economy, the Court abstains from such jurisdiction pending resolution of the State Court Action. See *Wilton v. Seven Falls Co., 515 U.S. 277, 282-83, 132 L. Ed. 2d 214, 115 S. Ct. 2137 (1995)* (stating that a district court has discretion to entertain a declaratory judgment action even when all the jurisdictional requirements have been met). In granting CLA's motion to dismiss this action without prejudice, the Court also considers the following factors: (1) the State Court Action was initiated prior to the present action; (2) the state court has already held hearings and issued rulings on the matter, and is thus already immersed in the facts and law surrounding the merits of the case; (3) the matter raises solely issues of state law; and (4) there is no reason to believe that Awosting's rights would not be adequately protected in the State Court Action, even if a separate plenary action were initiated. See *General Reinsurance Corp. v. Ciba-Geigy Corp., 853 F.2d 78, 81 (2d Cir. 1988)* (listing factors to be considered when deciding whether to exercise federal jurisdiction in the face of a parallel state action); see also *Colorado River Water Conservation Dist. v. United States 424 U.S. 800, 818, 47 L. Ed. 2d 483, 96 S. Ct. 1236 (1976)*. Awosting is free to reinitiate a federal diversity action if it finds there are remaining issues that survive the State Court Action.

All of the factors in *Awosting Reserve* for dismissal exist in this case. The State Court Action was initiated before the filing of this case, the state court has already held hearings and issued rulings, a preliminary injunction is in affect, the matter only raises state law and there is no reason to believe the plaintiffs' rights would not be adequately protected. Further, if the state court determines that the matter should be in arbitration, this action would be moot.

### III. CONCLUSION

For the reasons set forth above, defendants respectfully request that this court grant its motion and dismiss this action for lack of jurisdiction.

DATE: July 16, 2008                                    PHILLIPS, GREENBERG & HAUSER, L.L.P.

                                                       By: _____
                                                           JERRY R. HAUSER

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF FEDERAL JURISDICTION: FRCP § 12(b)(1)