Leodis C. Matthews [SBN 109064]
LEESQ@AOL.COM
D. P. Sindicich [SBN 78162]
(OF COUNSEL)
JURPYTHON@ROADRUNNER.COM
MATTHEWS & PARTNERS
4322 WILSHIRE BOULEVARD, STE 200
LOS ANGELES, CALIFORNIA 90010-3792
TELEPHONE: 323.930.5690
FACSIMILE: 323.930.5693

Attorneys For:      PLAINTIFF
C-ONE TECHNOLOGY
& PRETEC ELECTRONICS CORPORATION.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| C-ONE TECHOLOGY & PRETEC ELECTRONICS CORPORATION | CASE NUMBER: CV 08-02442 PJH |
| **Plaintiff** | PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO AND IN OPPOSITION OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF FEDERAL JURISDICTION |
| - Vs - | (FRCP § 12(b)(1)) |
| MOUNT & STOELKER, P.C., & Daniel S. Mount, inclusive | Date:        September 17, 2008<br>Time:        9:00 AM<br>Courtroom:  3 |
| **Defendant.** | |

////

////

# Table Of Contents

| Heading | Page No. |
|---|---|
| Table of Authorities | ii-iii |
| I. Introduction - The Parties, The Issues, and the Governing Law | 2 |
| II. The "State Of Things" As They Relate To Pretec Electronics At The Time This Action Was Brought | 2-3 |
| III. Legal Argument | 3-12 |
| A. The Time of Filing Rule | 3-5 |
| B. The Underlying Policy of 28 U.S.C. §1332 And Its Applicability Here | 5-7 |
| C. Defendant's Arguments, Even If Correct, Are Not Persuasive Here | 7-10 |
| D. The Complaint Should Not Be Dismissed BECAUSE The State Court Action Was Filed In Defendants Own Backyard. | 10-12 |
| IV. Conclusion | 12-13 |

1

**Table of Authorities**

2

Page No.

3

**Federal Code Sections**

4

28 U.S.C. §1332 ................................................ 2, 5, 7, 8, 9, 10, 12

5

**Federal Rules of Civil Procedure**

6

FRCP § 8 ....................................................... 4,
7 FRCP §12 ....................................................... 1, 3
FRCP §17 ....................................................... 5, 13
8

**California Code Sections**

9

Corporate Code §2010 ........................................... 4, 5

10

**United States Supreme Court Cases**

11

*Calder v. Jones*
12 (1984) 465 U.S. 783 ............................................ 11, 13

13 *Carden v. Arkoma Assoc.*
(1990) 494 U.S. 185 ............................................ 7, 13
14

*Grupo Dataflux v. Atlas Global Group, L.P.*
15 (2004) 541 U.S. 567 ........................................... 2, 3, 4, 7, 9, 10, 13

16

*Pease v. Peck*
17 (1856) 59 U.S. 595 ............................................ 5, 7, 8 10, 12, 13

18 **Federal Circuit Court Cases**

19 *Advanced Magnetics, Inc v. Bayfront Properties, Inc.*
1997} 106 F.3d. 11 ............................................ 13
20

*Athena Automotive, Inc. v. DiGregorio*
21 (4th Cir 1999) 166 F.3d. 288 .................................. 9

22 *Hann v. City of Clinton*
(10th Cir 1942) 131 F.2d. 978 ................................. 7
23

*Harris v. Black Clawson Co.*
24 (5th Cir 1992) 961 F.2d. 547 .................................. 9

25 *Levin Metals Corp v. Parr-Richmond Terminal Company*
(9th Cir 1987) 817 F.2d. 1448 ................................. 5
26

27

28

|  | Page No. |
|---|---|

**Federal Circuit Court Cases**

| | |
|---|---|
| *Stock West Corp v. Taylor*<br>9th Cir (1992) 964 F.2d 912 | 8 |
| *Tosco Corp. V. Communities For a Better Environment*<br>(9th Cir. 2001) 236 F.3d. 495, | 2 |

**Federal District Court Cases**

| | |
|---|---|
| *Homestake Lead Co. v. Doe Run Resources Corp.*<br>ND Cal (2003) 282 F. Supp. 2d 1131 | 8, 9 |
| *Patel v. Sugen, Inc.*<br>ND CA (2005) 357 F. Supp. 2d. 1098 | 8, 9 |
| *Romberg v. United States*<br>(ED 1941) 40 F. Supp. 621 | 7 |
| *Sellers v Kohlberg & Co, LLC*<br>ND Cal (2001) LEXIS 9498 2001 WL 761187 | 8, 9 |
| *Stoneybrook Tenants Association, Inc. v. Albert*<br>(1961) 194 F. Supp. 552 | 7 |

**California Supreme Court Cases**

| | |
|---|---|
| *Fisher Governor Co. v. Superior Court*<br>(1959) 53 Cal.3d. 222 | 11, |
| *Penasquitos, Inc. v. San Diego Superior Court*<br>(1991) 53 Cal.3d 1180 | 5 |

**California Appellate Court Cases**

| | |
|---|---|
| *Grey Line Tours of Southern Nevada v. Reynolds Electric & Engineering Co., Inc.*<br>(1987) 193 Cal. App.3d. 190 | 11 |
| *Hartman v. Hollingsworth*<br>(1967) 255 Cal. App. 2d. | 4, 5 |
| *North American Asbestos Corp. v Superior Court*<br>(1986) 180 Cal. App, 3d. 902 | 5 |

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO AND IN OPPOSITION OF DEFENDANT'S MOTION
TO DISMISS FOR LACK OF FEDERAL JURISDICTION
C-ONE TECHNOLOGY ET AL -V- MOUNT & STOELKER ET AL
Case No. CV 08-02442 PJH

-iii-

1

I.

## Introduction - The Issues, the Parties and the Governing Law

Plaintiffs concede that 28 U.S.C. §1332 federal subject matter jurisdiction requires that both (1) the matter in controversy exceeds the sum or value of $75,000 and (2) the complete diversity of citizenship; the latter having been defined to mean that "no defendant can have the same citizenship of any plaintiff [*Tosco Corp. V. Communities For a Better Environment* (9th Cir. 2001) 236 F.3d. 495, 499].

Here, Defendant's do not challenge this Court's jurisdiction over the case on the basis of its monetary value [Ref. Defendant's moving and supporting papers].   Of equal significance, Defendants do not contest the fact that Plaintiff C-One Technologies, given its status as a Taiwanese Corporation with its principal place of business in Republic of China in Taiwan ("TAIWAN"), is not a "citizen" of the State of California as a matter of law [28 U.S.C. § 1332 {c}]. Corollary, Plaintiffs do not dispute the fact that both Defendant Mount & Stoelker, a Professional Corporation, and Daniel S. Mount, an individual, are both "citizens" of the State of California.

This being the case, there can be no doubt but that it is the issue of state of Pretec Electronics "citizenship" which is determinative of this Court's subject matter jurisdiction and, for this purpose, the jurisdiction of this Court either rises or falls depending upon the state of things as they actually "existed at the time the action was brought"[*Grupo Dataflux v. Atlas Global Group, L.P.* (2004) 541 U.S. 567, 569-571].

II..

## The "State Of Things" As They Relate To Pretec Electronics At The Time The Action Was Brought

This action was filed with this Court on May 12, 2008.  On November 22, 2006 (or 10 days shy of 18 months prior thereto) Pretec Electronics ["PRETEC"] filed for and was granted a Certificate of Dissolution by the California Secretary of State on November 28, 2006 [Ref. Exhibit 1].

1    As evidenced by the declaration of Chiu Feng Chen ["CHEN"], CHEN is both a resident and

2    citizen of TAIWAN and was the sole director and only shareholder of PRETEC during its corporate

3    existence and, since its dissolution, PRETEC has continued its existence in the sole capacity of

4    unincorporated entity in which CHEN is, and has been, the sole owner of all assets and the only

5    person authorized to deal with any and all aspects of PRETEC since on and after November 22, 2006

6    [CHEN Declaration Pg. 2, Para 2-4] (the date upon which its corporate existence ceased to exist).

7    Just as significantly, and as further evidenced by CHEN's declaration, he has not had any

8    personal business dealings within the United States on behalf of PRETEC, either in its prior

9    corporate form or in its present unincorporated status, "other than legal matters" for "over two years

10   prior to the filing of the Complaint (in this matter)" and that "at the time of the filing of the above

11   captioned legal action (he) was and (is) still a resident and citizen of Taiwan [CHEN Declaration Pg.

12   2.¶ 6]".

13   III.

14   **Legal Argument**

15   A.    **The Time of Filing Rule**

16   The legal standard for deciding a motion pursuant to FRCP §12(b)(1) provides that on a

17   challenge to the district court's subject matter jurisdiction, the court may resolve disputed

18   jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits. As set

19   forth above, the mandate of the leading case, *Grupo Dataflux v. Atlas Global Group, L.P.* [(2004)

20   541 U.S. 567] is to establish the jurisdictional facts that **existed at the time of filing** [@ 569-571].

21   Nowhere in the *Grupo Dataflux* case does the Court require that the establishment of the requisite

22   jurisdictional facts must be determined solely from the allegations as pled in Plaintiff's complaint.

23   Turning directly to the allegations contained in said Complaint, it is alleged that "2. Pretec

24   was at all times relevant a California Corporation (Fn. 2) which had its principal place of business

25   in the City of Fremont, California [Complaint, pg. 3. ¶3]". Footnote "2" alleges that "Pretec's

26   corporate structure has since been dissolved [bottom of pg. 3].

27

1    The Complaint further alleges that Defendants were allowed to withdraw as PRETEC's

2   attorneys of record in the "Lexar[1]" case on May 30, 2006 [Complaint pg. 6, ¶12], and although they

3   did not withdraw in the SanDisk  "ceased to actively participate [in a substantive manner] to

4   represent Pretec in SanDisk[2] after filing its first motion to withdraw in May 2006" [Complaint, pg.

5   7, ¶14]; and was  relieved as counsel of record for PRETEC in the Alameda Superior Court[3] action

6   on June 26, 2006 [See Complaint, pg. 10, Paragraph 23].

7    True, when a motion to dismiss is brought for want of federal subject matter jurisdiction the

8   onus is on Plaintiff to establish that the exercise of such jurisdiction by the district court is proper.

9   However, it is just as equally true that the factual issue goes to "subject matter jurisdiction" and the

10   facts "as they exist at the time the action was brought [*Grupo Dataflux*, Supra]", not to the facial

11   adequacy (or inadequacy as the case may be) of plaintiff's complaint allegations, and thus materials

12   outside the pleadings must be considered if FRCP § 8(f), *which requires all pleadings be construed*

13   *as to do substantial justice*, is to have any meaning.

14    Simply stated, the issue before this Court is the existence or nonexistence of diversity

15   between PRETEC and Defendants.  The Complaint alleges that PRETEC was a corporation when

16   the facts giving rise thereto occurred but that PRETEC's corporate status ceased to exist thereafter.

17   Both CHEN's declaration [@ ¶ 6] and the Certificate of Dissolution [Exhibit A] firmly establish that,

18   as a matter of both fact and law, PRETEC ceased to exist as a corporation effective November 22,

19   2006, the date of filing of the Certificate of Dissolution with the California Secretary of State

20   _____

21    [1] Lexar Media, Inc., as plaintiff, filed a complaint in this Court on or about April 21, 2001
22   [Cal. N.D. Case No. 00-4770 MJJ] alleging causes of action for patent infringement against, among
     others, both C-One and PRETEC

23    [2] SanDisk Corporation, as plaintiff, also filed a separate complaint in this Court on or about
24   October 20, 2001[Cal. N.D Case No. 01-4063-VRW]. which also alleged causes of action for patent
     infringement against, among others, PRETEC

25    [3] The Alameda Superior Court case was styled Memorex v. C-One [ASCS Case No. RG
26   02-118916] and the alleged breach of indemnity agreement entered into by and between Memorex
     and both C-One and PRETEC.

27
28

1  [*Hartman v. Hollingsworth* (1967) 255 Cal. App. 2d. 579, 581] and that PRETEC has had no

2  business activity in or any business connection to the State of California for over two years prior to

3  the filing of this claim.

4  **B.    The Underling Policy of 28 U.S.C. §1332 And Its Applicability Here**

5      The underlying policy and purpose of Section 1332 was best enunciated by the U.S. Supreme

6  Court over 150 years ago;  and that is:

7          "to give parties who by the Constitution and laws of the United States . . .(the right)
           to demand the unbiased judgment of the court (and) the theory upon which
8          jurisdiction is conferred on the courts of the United States in controversies between
           citizens of different states has its foundation in the supposition that, possibly that the
9          state tribunal might not be impartial between their own citizens and foreigners [*Pease
           v. Peck* (1856) 56 US 595, 599].
10

11      Pursuant to FRCP § 17(b)(2) the capacity of a corporation to sue or be sued is to be

12  determined by the law under which it was organized.  Since PRETEC was incorporated under the

13  laws of the State of California, California Corporations Code §2010 applies.

14      In *Levin Metals Corp v. Parr-Richmond Terminal Company* [(9th Cir 1987) 817 F.2d. 1448,

15  1451], in affirming the decision made by the Northern District which involved a dissolved

16  corporation sued in its corporate name through its former shareholders, the Court observed that

17  Corporations Code § 2010's "more accurate characterization is that the **law determines *capacity*** to

18  be sued {*italics* in original, emphasis added}".

19      While California courts have broadly stated that under Corporation's Code §2010  a

20  dissolved defendant corporation may be sued for injuries arising out of its pre-dissolution activities,

21  these cases were all decided in deference to California's public "interests in **protecting its citizens**

22  **from** possible **wrongful acts**" and injuries arising out a corporation's pre-dissolution activities

23  {emphasis added}[see *North American Asbestos Corp. v Superior Court* (1986) 180 Cal. App, 3d.

24  902, 904; see also *Levin* (Supra) at 1450]". In *Penasquitos, Inc. v. San Diego Superior Court* [(1991)

25  53 Cal.3d 1180] this state's Supreme Court also addressed the applicability of section 2010 to

26  dissolved corporations but it, too, addressed only the question of whether or not a California

27

1   corporation can be sued after its dissolution "for injuries arising out of its predissolution activities".

2        While recognizing that the State has a compelling interest in protecting its citizens from the

3   wrongful acts committed by dissolved corporations, be they foreign or domestic, while they were still

4   active, none of these decisions even remotely address the issues raised in Plaintiffs' claim for

5   damages against Defendants which is presently before this court and those salient issues revolve

6   around the fact that both C-One and PRETEC are the **injured parties** as alleged in this claim and

7   Defendants, both of whom are California "citizens" are the **ones who caused those injuries**; the

8   complete antithesis of factual scenarios which formed the genesis of the above-referenced case law.

9        More particularly, since they involve only the issue of the *capacity* of a dissolved corporation

10   to sue or be sued, they do not provide any meaningful guidance with respect to the issues raised by

11   Defendants motion and how the applicable law should be applied in a case such as this where: (1)

12   PRETEC was a dissolved corporation prior to the filing of this instant claim; (2) Plaintiffs were

13   unaware of their causes of action against the Defendant California citizens until well after the

14   November 22, 2006 date of PRETEC's dissolution [Declaration of D. P. Sindicich ["DPS"], Pg. 2

15   ¶2]; (3) the injuries alleged in this claim have absolutely nothing to do with any "wrongful acts"

16   committed by PRETEC prior to its dissolution but focus instead on the alleged wrongful acts

17   committed by Defendants while serving as PRETEC's attorneys during its corporate existence [Ref.

18   Federal Claim]; or (4) the fact that the sole shareholder of said pre-dissolved corporation is and was

19   a foreign national who never set foot in this country and, post-dissolution, is the sole owner of the

20   corporate assets and who has not conducted any business in the State of California at any time

21   during, at the very least, the two-year period immediately preceding the filing of this Federal Claim

22   on May 12, 2008].

23        Plaintiff's research has failed to uncover any case law directly on point to this complete set

24   facts as they are presently before this Court. However, there are cases which do address the

25   citizenship of dissolved **plaintiff** corporations for purposes of determining jurisdictional diversity.

26

27

28  PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO AND IN OPPOSITION OF DEFENDANT'S MOTION
TO DISMISS FOR LACK OF FEDERAL JURISDICTION
C-ONE TECHNOLOGY ET AL -V- MOUNT & STOELKER ET AL
Case No. CV 08-02442 PJH              - 6 -

1    In *Romberg v. United States* [(ED 1941) 40 F. Supp. 621, 623], a case involving a

2  corporation which was dissolved in September 1937 and in which the sole stockholder had

3  previously acquired all of the corporate assets and assumed its liabilities, the Court found that the

4  sole stockholder was the "sole beneficial owner of the assets of the corporation" and, based on this

5  finding, was adjudged to be entitled to the receipt of "subsequently allowed tax refund claim",

6  because "he was the real party in interest", and the Court allowed him "to amend his claim"in order

7  to "include the pertinent, undisputed facts".

8    Similarly, in *Stoneybrook Tenants Association, Inc. v. Albert* [(1961) 194 F. Supp. 552], a

9  case in which the plaintiff corporation had "been inactive since May 21, 1359{sic}, has no assets or

10  liabilities, and is now in the process of dissolution [at 555]", the court noted with particularity (citing

11  *Hann v. City of Clinton* [(10ᵗʰ Cir 1942) 131 F.2d. 978, 981] that:

12        "In determining the question of diversity of citizenship . . . a court looks to the
         citizenship of the real parties in interest; and when there is complete diversity
13        between them, the presence of a nominal party with no real interest in the controversy
         will be disregarded. Jurisdiction is not ousted by the jointer or nonjoinder of mere
14        formal parties [at 556-557].

15    Furthermore, in *Carden v. Arkoma Assoc.*[(1990) 494 U.S. 185, 187-188] the United States

16  Supreme Court held that the "citizenship of the entity (other than one in a corporate form) is

17  determined by looking at the citizenship of . .. the individuals that comprise (it)".

18    Following this line of cases, CHEN, as the sole stockholder of PRETEC immediately prior

19  to its dissolution, and who is now, and was at the time this action was filed, the sole owner of all of

20  its post-dissolution assets, is the "sole beneficial owner" of any damages awarded as a result of this

21  claim and therefore the "real party in interest" therein [*Romberg*]. Just as significantly, since CHEN

22  holds these assets  in the form of an "unincorporated entity", under the holdings  in *Carden* and

23  *Stonebrook*, CHEN's citizenship is controlling for federal jurisdictional purposes which, in this case,

24  is Republic of China in Taiwan. Applying the "time of filing rule" [*Grupo Dataflux*] to the fact that

25  PRETEC was dissolved as a corporation effective with November 22, 2006, has had no business ties

26  whatsoever to the State of California for over two years, and was an unincorporated entity at the time

27

1    that this claim was filed with the Federal District Court, there was "complete diversity" between

2    parties Plaintiff and parties Defendant, both as that term is defined in 28 U.S.C. §1332 as well as for

3    the very purpose and policy its passage was intended [See *Pease v. Peck* (1856) 595, 599 Supra].

4    **C.     Defendant's Arguments, Even If Correct, Are Not Persuasive Here**

5            In the one paragraph of their Points and Authorities which is dedicated specifically to the

6    issue of PRETEC's citizenship for diversity purposes,  Defendants refer to PRETEC as being

7    "defunct" and cites to only one case - *Patel v. Sugen, Inc.* [ND CA (2005) 357 F. Supp. 2d. 1098,

8    1111] as its authority for this Court to dismiss for want of federal subject matter jurisdiction.

9            Under the facts in *Patel,* the Court was called upon to address the issue of whether or not

10   "Sugen, a Delaware corporation" [at1101], which had "its principal (and only) place of business in

11   California [at 1111], "is still a citizen of California, and thus nondiverse from plaintiffs" given the

12   fact the fact that Sugen is "now no longer active as it has ceased operations [Ibid.]" in "late 2003"

13   and the instant lawsuit (arising out of a class action suit filed by employees claiming ERISA

14   violations) was filed six-months later (June 15, 2004) [at113].  Relying on the prior holdings in

15   *Homestake Lead Co. v. Doe Run Resources Corp.* [ND Cal (2003) 282 F. Supp. 2d 1131] and *Sellers*

16   *v Kohlberg & Co, LLC* [ND Cal (2001) LEXIS 9498 2001 WL 761187], [at1112], and noting that

17   "[n]o case of which this court is aware has held that such a short interval between a business'

18   shutdown and the pendency of a lawsuit amounts to a substantial period of time [at1113], the court

19   concluded that "defendant Sugen is a citizen of California for purposes of 28 U.S.C. 1332 [at 1113]".

20   Defendants  makes no mention of *Stock West Corp v. Taylor* [9[th] Cir (1992) 964 F.2d 912, 217]

21   which held that, based on the fact that Stock West, an Oregon corporation, had ceased doing business

22   in the State of Washington on July 15, 1989, and the lawsuit in question was filed on September 15,

23   1989, and relying on the declaration stating that  "Stock West has undertaken no new business (in

24   the State of Washington since that time)", the Ninth Circuit affirmed the district court's finding and

25   ruled that because "Mr. Taylor is a citizen of Washington, and Stock West is an Oregon corporation,

26   complete diversity existed on the date the action was filed".

27

1    Perhaps even more interestingly, Defendants' fail to mention the fact that its lead case on

2    point, *Patel v. Sugen, Inc.* [(ND Cal. 2005) 354, F. Supp. 2d. 1098, 1112] as well as the cases it cites

3    to, i.e.: *Homestake Lead Co. v. Doe Run Resources Corp.* [(ND Cal. 2003) 282 F. Supp. 2d 1131,

4    1137] and *Sellers v Kohlberg & Co, LLC* [(ND Cal. 2001) LEXIS 9498 2001 WL 761187 at * 3] all

5    adopted the Fourth and Fifth Circuits "middle ground approach that "where a corporation has been

6    inactive in a state for a substantial period of time . . . that state is not the corporation's principal

7    place of business" and that the "question of whether the corporation has been inactive for a

8    "substantial period of time" must be decided on a case by case basis" [see *Harris v. Black Clawson*

9    *Co.*, [(5th Cir. 1992) 961 F.2d. 547, 551] and *Athena Automotive, Inc. v. DiGregorio* [(4th Cir. 1999)

10   166 F.3d. 288, 291].

11   With respect to this "middle ground approach" which has been adopted by this Court, it is

12   noted with acute particularity that the courts have reasoned that it allows for "flexible, case be case

13   approach" [see *Athena Automotive, Inc. v. DiGregorio* [(4th Cir 1999) 166 F.3d. 288, 291;*Patel v.*

14   *Sugen, Inc.* [(ND Cal. 2005) 354, F. Supp. 2d. 1098, 1112].

15   In *Sellers v Kohlberg & Co, LLC* [(ND Cal 2001) LEXIS 9498 2001 WL 761187 at * 3] it

16   was astutely noted that the "case by case approach" gives the greatest deference to the entire

17   language of the statute as well as the legislative intent and that, by considering the residual impact

18   of the inactive corporation's prior business activities upon the locality at the time of suit, the

19   functional approach allows the filing of a federal lawsuit for a corporation that very recently became

20   inactive but has no local connections.

21   Here, the facts, as set forth above, fairly establish that PRETEC was not just merely

22   "inactive" as of November 22, 2006 but rather actually "dissolved" as a corporation as of that date

23   and that, as of that date, all of PRETEC's corporate affairs had been completely wound up, its known

24   debts and liabilities had actually been paid, and all of its known assets had been distributed to

25   CHEN, who has continuously them in the form of an unincorporated entity since that time. Just as

26   significantly, PRETEC had severed all of its business ties with residents of the State of California

27

28

1  more than two years prior to the filing of this federal claim [Ref. CHEN Declaration, pg. X, Para.
2  and Exhibit 1, Supra].

3      It is an inescapable fact that, under the "time of filing" rule enunciated by the Supreme Court
4  in *Grupo Dataflux*, PRETEC was not a corporate entity at the time of filing and therefore 28 U.S.C.
5  § 1332{c} does not apply.  If the "flexible case by case approach" which this District has
6  acknowledged gives the greatest deference to the entire language of the statute as well as the
7  legislative intent, are to be in anyway applied to this case the following salient facts should
8  nevertheless be given peculiar and singular significance:

9      (1) PRETEC, either in it prior corporate state or in its present status as an unincorporated
10  entity, has had no business dealings with the State of California for more than two years and, as such,
11  there are no lingering or residual impacts of PRETEC's prior dealings to either California residents
12  or to the locality in which it had previously done business.  This is all the more the case since
13  PRETEC's business activities in California were confined to the distribution of C-One's
14  technological products in the United States [see Complaint, Pg. 5, ¶ 6] and PRETEC had been sued
15  in federal court for patent infringements as a result of its role in distributing this products as far back
16  as April 2001 (see Footnotes 1 & 2, Supra, relating to federal patent infringement claims).

17      (2) PRETEC was not a corporate entity at the time the claim in this case was filed; and

18      (3) PRETEC's principal and ONLY place of business for more than the last two years, and
19  the owner of all of its interests has been a resident in the  Republic of China in Taiwan.

20      Given the purpose and intent of 28 U.S.C.§ 1338 as announced by the United States Supreme
21  Court over a century and a half ago [See (Supra) *Pease v. Peck* (1856) 595, 599], which is *"to give*
22  *parties who by the Constitution and laws of the United States . . .(the right) to demand the unbiased*
23  *judgment of the court (and) the theory upon which jurisdiction is conferred on the courts of the*
24  *United States . . . {italics added}"*; the "time of filing" rule which, pursuant to *Grupo Dataflux,*
25  mandates that issues of diversity must be measured **as of the time** that the claim was filed, and the
26  flexible case-by-case approach adopted by this District, and applying these statutory provisions and

27

1    rules of the case to these facts, all of the requisite requirements for federal subject matter jurisdiction

2    have been met and therefore this case is properly before this Court.

3    **D.    The Complaint Should Not Be Dismissed BECAUSE The State Court Action Was Filed In Defendants Own Backyard**

4

5    With respect to the Santa Clara Superior Court Action [Case Number 108 CV 105978], it is

6    a declaratory relief action seeking the injunction of an arbitral proceeding brought by Plaintiffs

7    before the American Arbitration Association which was then assigned to its International Division,

8    the "*International Centre for Dispute Resolution*" [See declaration of Leodis C. Matthews ["LCM"]

9    pg 2, ¶5; See also Defendants' Exhibit "D", pp 102-112]], because of the location in Taiwan of C-One Technology, a Taiwanese Corporation.

10

11    On March 11, 2008, C-One Technology filed a Notice of **Special** Appearance in the Santa

12    Clara Superior Court, Downtown (San Jose) Division on March 11, 2008 [See Defendants' Exhibit

13    "E", pp. 116-123] for the limited purpose of challenging the court's jurisdiction on the grounds that

14    C-One has its principal place of business in Taiwan, is not and never was registered as a foreign

15    corporation with the California [DPS Dec. Pgs 2-3, ¶ 3-6 & Exhibit B], and at the time C-One had

16    not been personally served with the Summons and Complaint which serves as the backbone for

17    Defendants herein's request for injunctive relief. [LCM Dec pg 2, ¶ 6].    In support of its position,

18    C-One relied on *Grey Line Tours of Southern Nevada v. Reynolds Electric & Engineering Co., Inc.*

19    [(1987) 193 Cal. App.3d. 190, 193], which held that even though service of a summons and

20    complaint may be had on a foreign corporation, the action cannot be maintained against the foreign

21    corporation absent minimum contacts with this state.  C-One further relied on *Calder v. Jones*

22    [(1984) 465 U.S. 783, 790] and *Fisher Governor Co. v. Superior Court* [(1959) 53 Cal.3d. 222, 224]

23    in support of its position that, in light of its lack of even minimum contacts with the State of

24    California to subject it to the jurisdiction of the state court would be an affront to the principals of

25    "fair play and substantial justice".

26

27

28

1    Nevertheless, despite the fact that C-One had not been personally served, and despite the fact

2    that C-One appeared at the hearing specially and for the limited purpose of challenging the Court's

3    jurisdiction, and despite the fact the C-One did not have the requisite "minimum" contacts with this

4    state, the Santa Clara Superior Court still exercised personal jurisdiction over C-One and issued a

5    preliminary restraining order against it and in favor of Defendants herein.

6    It is noted with acute particularity that both Defendant Mount & Stoelker and Defendant

7    Daniel Mount have their law offices in the City of San Jose [the District of the Santa Clara Superior

8    Court where the state action was filed] and practice law in and out of Santa Clara County.  Plaintiffs

9    C-One and PRETEC , on the other hand, are separated from California in general, and Santa Clara

10    County in particular, by the vastness of the entire Pacific Ocean, and have their principal places of

11    resident and operation in TAIWAN.

12    It is posited that if the *shoe were on the other foot* (and proverbially off of C-One and

13    PRETEC's respective backs) Defendants would most certainly not cotton to the idea of this matter

14    being adjudicated in the Republic of Taiwan and would be yelling "foul" to any judge who they

15    could find to avoid such a *miscarriage* of justice being foisted upon them and would no doubt argue

16    that the very idea of having this matter heard in TAIWAN is an *affront to substantial justice and fair*

17    *play*.

18    But, alas, all is not lost since this is the very reason the provisions, policy, and intent of 20

19    U.S.C. §1332 was enacted by the Untied States Congress and, in so doing, vested jurisdiction of all

20    cases such as this with the federal courts so that "*parties who by the Constitution and laws of the*

21    *United States*" can enjoy the right to an "*unbiased judgment of the court*" and avoid the stigmata of

22    even the possibility that "*the state tribunal might not be impartial between their own citizens and*

23    *foreigners*" [Ref. *Pease v. Peck* (1856) 56 US 595, 599]  as thus far seems to have already happened

24    here [See Defendants' Exhibit "F"] despite C-One's patent diversity and the fact that neither C-One

25    or PRETEC had not been personally served prior to the issuance of that order or at any other time

26    since that date.

27

1    The United States Supreme Court recognized this possibility when it entered its decision in

2  *Pease v. Peck* [(1856) 56 US 595, 599] and the wisdom of its enunciation of the purpose and intent

3  of section 1332 still holds the very same luster today that it did over a century and a half ago.

4                                              **IV.**

5                                        **Conclusion**

6    The issue of this case is not about the capacity of a dissolved corporation to sue or be sued.

7  It is about the issue of the "diversity" of citizenship between Plaintiffs and Defendants requirement

8  for federal courts to have subject matter jurisdiction over the case.  It is undisputed that it meets the

9  jurisdictional threshold requirements as to the amount in controversy.  It is also undisputed that C-

10  One is a foreign "citizen" for purposes of federal jurisdiction.  Just as significantly, based on the

11  facts of this case as they apply to PRETEC as viewed in the light cast by the US Supreme Court in

12  its holdings in  *Carden v. Arkoma Assoc.*[(1990) 494 U.S. 185], *Grupo Dataflux v. Atlas Global*

13  *Group, L.P.* [(2004) 541 U.S. 567], *Calder v. Jones* [(1984) 465 U.S. 783, 790] and  *Pease v. Peck*

14  [(1856) 595, 599], there is complete diversity of citizenship between both Plaintiffs and both

15  Defendants.

16    Furthermore, to the extent that these facts may not be sufficiently clear in the initial claim

17  filed by Plaintiffs in the eyes of this Court, in *Advanced Magnetics, Inc v. Bayfront Properties, Inc.*

18  [1997} 106 F.3d. 11, 20-21, it was held that there was not "any unfairness to defendants in allowing

19  the substitution of shareholders as plaintiff" pursuant to FRCP 17 where, as here, the claims of

20  plaintiff are "sufficiently asserted in the original complaint", including the predicate fact in this case

21  that PRETEC was a dissolved corporation prior to the filing of the complaint.

22  / / / /

23  / / / /

24  / / / /

25  / / / /

26  / / / /

27

28  PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO AND IN OPPOSITION OF DEFENDANT'S MOTION
    TO DISMISS FOR LACK OF FEDERAL JURISDICTION
    C-ONE TECHNOLOGY ET AL -V- MOUNT & STOELKER ET AL
    Case No. CV 08-02442 PJH                                                    - 13 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Respectfully Submitted

Matthews & Partners

By: _____
D. P. Sindicich, Of Counsel
Attorneys for Plaintiffs

Date:    August 5, 2008

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO AND IN OPPOSITION OF DEFENDANT'S MOTION
TO DISMISS FOR LACK OF FEDERAL JURISDICTION
C-ONE TECHNOLOGY ET AL -V- MOUNT & STOELKER ET AL
Case No. CV 08-02442 PJH                                                            - 14 -