Leodis C. Matthews [SBN 109064]
Leesq@aol.com
D. P. Sindicich [SBN 78162]
(Of Counsel)
JurPython@roadrunner.com
MATTHEWS & PARTNERS
4322 Wilshire Boulevard, Ste 200
Los Angeles, California 90010-3792
Telephone: 323.930.5690
Facsimile: 323.930.5693

Attorneys For:        PLAINTIFF
C-One Technology
& Pretec Electronics Corporation.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| C-One Techology & Pretec Electronics Corporation <br><br> **Plaintiff** <br><br> - Vs - <br><br> Mount & Stoelker, P.C., & Daniel S. Mount, inclusive <br><br> **Defendant.** | CASE NUMBER: CV 08-02442 PJH <br><br> DECLARATION OF D. P. SINDICICH IN SUPPORT OF PLAINTIFF'S OPPOSITION OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF FEDERAL JURISDICTION <br><br> Date:        September 17, 2008 <br> Time:        9:00 AM <br> Courtroom:  3 |

////

////

DECLARATION OF D. P. SINDICICH IN SUPPORT OF PLAINTIFF'S OPPOSITION OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF FEDERAL JURISDICTION
C-One Technology et al -v- Mount & Stoelker et al
Case No. CV 08-02442 PJH

I, D. P. Sindicich, declare and affirm as follows:

1.     I am an attorney at law admitted to practice before this Court, the Supreme Court of this State, and am Of Counsel for the firm Matthews and Partners, the attorneys of record in the above-captioned case, and have been assisting Leodis C. Matthews, lead counsel in this case, since its inception.

2.     Plaintiffs were not aware of the potential merits of their case, either as pled in the Federal Claim now before this Court or as set forth in the arbitral claim which was filed on June 28, 2007 with the American Arbitration Association [Case No. 50-194-T-00227], and assigned to its international division, the International Centre for Dispute Resolution, at any time prior to approximately June 2007 when attorney Matthews first undertook the representation of both C-One Technologies and Pretec Electronics in connection with the Federal Patent Infringement Cases which were still pending in the Northern District of California.

3.     I prepared the Notice of "*Special Appearance By Defendant C-One Technologies For the Limited Purpose of Challenging* (the Jurisdiction of the Santa Clara Superior Court) *To Hear Plaintiff Mount & Stoelker's Motion For Preliminary Injunction Due To Lack of In Personam Jurisdiction Over Named Defendant C-One Technology*".

4.     I predicated this objection on what I believe, based on Defendants' herein pending Motion, are still undisputed facts; those being the C-One Technologies:

   a.     Is a Taiwanese Corporation with its principal place of business in the Republic of China in Taiwan;

   b.     Has never maintained a place of business in the State of California;

   c.     Has never conducted business in the State of California;

   d.     That its only contact with this State was in connection with (i) being a named defendant in a federal patent infringement claim filed in the Northern District of California [styled "Lexar Media, Inc (Case No. 00-4770 MJJ)] and in which Memorex was a named co-defendant and (ii) as a defendant in an Alameda Superior Court

Court breach of indemnity agreement where personal jurisdiction was based on the express provisions of the contract by and between Memorex and C-One; and

e.    Since C-One Technologies had not been served with process the remedy of moving to squash service under C.C.P. §418.10(a)(1) was not available to it and, therefore, the making of this motion was the only vehicle open to C-One to challenge jurisdiction.

5.    At the hearing held in Department 5, of the Santa Clara Superior Court on March 25, 2008 I stated on the record that I was specially appearing on behalf of C-One for the limited purpose of challenging the court's jurisdiction to issue any orders relating to C-One Technologies on jurisdictional grounds.

6.    Over the objections of C-One Technologies the Court exercised jurisdiction over C-One and granted Defendants' herein Motion For Preliminary Injunction [See also Defendants Exhibit "F' pg. 127].

7.    Plaintiff's in this action request that this court take judicial notice, pursuant to Federal Rules of Evidence, Rule 201, of the pleadings and papers filed in this action, as well as:

Exhibit A:    The Certificate of Dissolution endorsed and filed with the California Secretary of State on November 28, 2006, as it related to Pretec Electronics, and attached to the declaration Chui Feng Chen (being submitted and filed concurrently herewith); and

Exhibit B:    Notice of *"Special Appearance By Defendant C-One Technologies For the Limited Purpose of Challenging* (the Jurisdiction of the Santa Clara Superior Court) *To Hear Plaintiff Mount & Stoelker's Motion For Preliminary Injunction Due To Lack of In Personam Jurisdiction Over Named Defendant C-One Technology"* [Ref. Santa Clara Superior Court Case No. 108 CV 105975 styled Mount & Stoelker v C-One Technologies, et al] which is attached hereto.

1        I declare under the penalty of perjury in accordance with the laws of the United States of

2 America that the foregoing is true and correct.

3        Executed on the 5th Day of August in the City of Redlands, County of San Bernardino, State

4 of California.

5

6                          By: _____

7                                D. P. Sindicich

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 DECLARATION OF D. P. SINDICICH IN SUPPORT OF PLAINTIFF'S OPPOSITION OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF FEDERAL JURISDICTION
C-ONE TECHNOLOGY ET AL -V- MOUNT & STOELKER ET AL
Case No. CV 08-02442 PJH                           - 4 -

# EXHIBIT B

Notice of "*Special Appearance By Defendant C-One Technologies For the Limited Purpose of Challenging* (the Jurisdiction of the Santa Clara Superior Court) *To Hear Plaintiff Mount & Stoelker's Motion For Preliminary Injunction Due To Lack of In Personam Jurisdiction Over Named Defendant C-One Technology*" [Ref. Santa Clara Superior Court Case No. 108 CV 105975 styled Mount & Stoelker v C-One Technologies, et al]

From:Matthews & Partners          323 930 5693          03/11/2008 12:25     #720 P.071/077

1   D. P. Sindicich [SBN 78162]
      OF COUNSEL
2   MATTHEWS & PARTNERS
      SUITE 200
3   4322 WILSHIRE BOULEVARD
   LOS ANGELES, CALIFORNIA 90010-3792
4   TELEPHONE: 323.930.5690
   FACSIMILE: 323.930.5693
5

6   Attorneys For: Named Defendant
      C-ONE TECHNOLOGY CORP.

7

8   IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9   IN AND FOR THE COUNTY OF SANTA CLARA

10   DOWNTOWN (SAN JOSE) DIVISION

11

12   MOUNT & STOELKER, a Professional     CASE NUMBER: 108 CV 105975
   Corporation,

13                             Special Appearance By
                          Defendant C-One Technologies
14                Plaintiff      For The Limited Purpose Of
                               Challenging
15                      The Court's Jurisdiction To
        - Vs -          Hear Plaintiff Mount & Stoelker's
16                             Motion For
                         Preliminary Injunction
17                          Due To Lack Of
   C-ONE TECHNOLOGY, a Taiwanese     In Personam Jurisdiction
18   Corporation, PRETEC ELECTRONICS    Over Named Defendant
   CORPORATION; a California        C-One Technology
19   Corporation; INTERNATIONAL CENTRE
   FOR DISPUTE RESOLUTION, a Division         * * * *
20   of the American Arbitration
   Association (erroneously sued as     Supporting Declaration
21   "International Center for Dispute
   Resolution"); and DOES 1 through 50,
22   inclusive.                   Date: March 25, 2008
                               Time: 9:00 AM
23            Defendants     Dept: 5

24

25

26

27

28   SPECIAL, LIMITED APPEARANCE CHALLENGING COURT'S JURISDICTION OVER DEFENDANT C-ONE
   MOUNT & STOELKER -v- C-ONE TECHNOLOGIES
   Case No. 108 CV 105975

BY FAX

1    Comes Now, C-ONE TECHNOLOGY ["C-ONE"], in its own name and solely on its

2    own behalf, and, Specially Appears For the Limited Purpose of Challenging The Court's

3    Jurisdiction To Hear and Rule on MOUNT & STOELKER's ["M&S"] motion for a Preliminary

4    Injunction against C-ONE due to the lack of In Personam Jurisdiction.

### Introductory Facts

6        In its moving papers, M&S is seeking a Preliminary Injunction against C-ONE. In

7    these papers M&S freely admits that C-ONE is a Taiwanese Corporation. M&S also avers

8    in its supporting papers that there neither is now, nor has there ever been, a written

9    contractual relationship by and between itself and C-ONE.

### Facts Supporting Lack Of In Personam Jurisdiction Over C-ONE

11        As evidenced by the attached declaration, C-ONE it has never maintained a place of

12   business within the State of California, owns no property within this State and never has,

13   and, aside from having been named as a defendant in a federal patent infringement case in

14   the Northern District of California, and a superior court action in Alameda County wherein

15   personal jurisdiction was conferred as the sole result and limited purpose of an

16   indemnification agreement entered into with Memorex, the only other "contact" C-ONE has

17   had with this State was limited solely to the shipment of technological products,

18   manufactured in Taiwan, to Pretec Electronics Corporation (a California Corporation) for

19   their distribution in the United States.

### Argument

21        It is well-settled in law that although service of a summons may be made on a foreign

22   corporation, the action cannot be maintained absent minimum contacts with California [*Grey*

23   *Line Tours of Southern Nevada v. Reynolds Electric & Engineering Co., Inc.* (1987) 193

24   Cal.App.3d 190, 193]. Here, no such "minimal contacts" exist.

25        Even if it were argued that C-ONE held an interest in Pretec Electronics [*Calder v.*

26   *Jones* (1984) 465 U.S. 783, 790] since its own "contacts" with California do not in any way

27

1  constitute the level required to support local jurisdiction and, to hold otherwise, would be

2  contrary to the implicit requirement of "fair play and substantial justice" [*Fisher Governor*

3  *Co. v. Superior Court* (Prestwich) (1959) 53 Cal.2d. 222, 224].

4       C-ONE has not yet been served with a summons and complaint in this action.

5  Accordingly, its limited remedy of filing a motion to quash service of summons as a means

6  for attacking the court's in personam jurisdiction over it [C.C.P. §418.10(a)(1)] has not yet

7  matured.

8       This being the case, C-ONE has not viable alternative other than to specially appear

9  at this hearing for the limited and express purpose of challenging this court's jurisdiction

10  over it. If C-ONE were to do otherwise then, perforce, a Preliminary Injunction would issue

11  against it by way of default and thereafter would remain in place pending service of the

12  underlying compliant and an *in futuro* hearing on its motion to quash for lack of personal

13  jurisdiction. In the alternative, once properly served with the summons and complaint, C-

14  ONE would also have the option of filing a Notice of Removal on the basis of diversity of

15  citizenship in the local federal court pursuant to 28 U.S.C. 1441(b).

16                                    **Conclusion**

17       For the reasons and arguments set forth above this Court should refuse to grant M&S

18  request for the issuance of a Preliminary Injunction against C-ONE on the ground that it

19  lacks personal jurisdiction over C-ONE and is therefore unable to do so.

20  ////

21  Dated;    March 8, 2008

22                          MATTHEWS & PARTNERS

23

24                  By:    _____

25                          D. P. Sindicich, Of Counsel
                           Attorneys for Defendant
26                          C-One Technology
                           a Taiwan Corporation

27

28

### SUPPORTING DECLARATION

I, the undersigned, declare as follows:

1.    I am an officer and director of C-One Technology the named Defendant in the above-entitled cause and have personal knowledge of each fact stated herein.

2.    C-One Technology is a Taiwanese Corporation which has its principal place of business in Hsin Chu, Taiwan. Its address is B1, No. 57, Dong Guang Road. C-One Technology is not registered as a Foreign Corporation with the California Secretary of State and it does not have a designated agent for service of process in the State of California.

3.    As of the date of this declaration, C-One Technology has not been served with copies of any summons and complaint in which it has been named a Defendant. However, C-One Technology is informed and believes, based on the representations of its attorneys of record, that notice of hearing on an application for the issuance of a Preliminary Injunction has been set for Tuesday, March 25, 2008, in Santa Clara County Superior Court which is situated in the San Francisco Bay area of Northern California.

4.    C-One maintains no place of business within the State of California now or at any other time. C-One's only contacts or relationship with, or activities within, the State of California prior to receipt of this notice of motion were:

a.    Defending against a federal patent infringement claim in the Northern District of the State of California;

b.    Defending against a breach of an indemnification agreement entered into with Memorex which, by express terms, required that C-One consent to jurisdiction of Alameda Superior Court for the limited purpose of its enforcement; and

c.    The shipment of technological products, manufactured in Taiwan, to Pretec Electronics Corporation (a California Corporation) for distribution in the United States. Pretec Electronic's corporate status has since been dissolved.

5.    C-One Technologies has never had a written contractual relationship with Plaintiff.

6.    C-One Technologies has not consented to the exercise of jurisdiction over it by the courts of the State of California other than for the limited and express purpose set forth in the indemnification agreement with Memorex referenced above and specifically does not consent to this courts exercise jurisdiction over it in this instant matter.

7.    C-One makes this declaration only as a special appearance in support of its objection to the court hearing Plaintiff's ex parte application for a temporary restraining order.

8.    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct except those matters stated on information and belief and to those specific matters I believe them to be true.

9.    I further declare that I am authorized to make this declaration under penalty of perjury on behalf of C-One Technology and that I am making this declaration for that purpose.

Executed on March _11_, 2008 in Hsin Chu, Taiwan.

1

2

**Certificate of Service**
*[California Code of Civil Procedure §§ 1013a & 2015.5]*

3    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party within the action. My address is 4322 Wilshire Boulevard, Suite 200, Los Angeles, CA

4    90010.  On March 11, 2008 served the foregoing document(s), described as follows, on all interested parties in this action by placing a true copy thereof

5    Title of Document:    **SPECIAL APPEARANCE BY DEFENDANT C-ONE**

6    **TECHNOLOGIES FOR THE LIMITED PURPOSE OF**

7    **CHALLENGING THE COURT'S JURISDICTION TO HEAR PLAINTIFF MOUNT & STOELKER'S MOTION FOR**

8    **PRELIMINARY INJUNCTION DUE TO LACK OF IN PERSONAM JURISDICTION OVER NAMED DEFENDANT C-ONE**

9    **TECHNOLOGY**

10   Case Number:    BC359710

11   **SEE ATTACHED SERVICE LIST**

12   ☐    PERSONAL DELIVERY: On the above date I caused the above described document(s) to be personally hand delivered to the addressee(s)

13

14   ☐    FACSIMILE: On the above date, I caused the above-described document(s) to be sent to the addressee(s) via the facsimile number on the attached service list.

15   ☐    FEDERAL EXPRESS: On the above date I caused the above-described document(s) to be sent to the addressee(s) via Federal Express with the shipping charges fully prepaid, for ☐

16   Overnight ☐ Priority Overnight Delivery

17   ☒    REGULAR MAIL:

18   ☐       I deposited such envelope(s) in the United States Mail at Los Angeles, California with the postage thereon fully prepaid.

19

20   ☒       I caused such envelope(s) to be deposited in the mail at Los Angeles, California with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of

21       collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on the same day in the ordinary course of business.  I am aware that

22       on motion of the party served, service is presumed invalid of postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

23       I declare under penalty of perjury under the laws of the State of California that the foregoing is

24   true and correct. Executed on March 11, 2008 at Los Angeles, California.

25

26                                        Melanie Ocubillo

27

28

Fron:Natthews & Partners          323 830 5893          03/11/2008 12:27    #720 P.077/077

1

2

Service List

3  Jerry Hauser
   Phillips, Greenberg & Hauser, L.L.P.
4. Four Embarcadero Center, 39th Floor
   San Francisco, CA 94111
5  Facsimile: (415) 398-5786

Counsel for Plaintiffs

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28