PHILLIPS, GREENBERG & HAUSER, L.L.P.
JERRY R. HAUSER, SBN. 111568
ERIK C. VAN HESPEN, SBN. 214774
Four Embarcadero Center, 39th Floor
San Francisco, California 94111
Telephone:   (415) 981-7777
Facsimile:    (415) 398-5786

Attorneys for Defendants,
MOUNT & STOELKER, A PROFESSIONAL CORPORATION;
DANIEL S. MOUNT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| C-ONE TECHNOLOGY; PRETEC ELECTRONICS CORPORATION<br><br>Plaintiffs,<br><br>-v-<br><br>MOUNT & STOELKER, P.C.; DANIEL S. MOUNT, inclusive,<br><br>Defendants. | CASE NO.: CV 08-02442 PJH<br><br>**DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO DISMISS FOR LACK OF FEDERAL JURISDICTION**<br>(FRCP § 12(b)(1))<br><br>Date:   September 17, 2008<br>Time:   9:00 am<br>Ctrm.   3, Hon. Phyllis J. Hamilton |

## I.   INTRODUCTION

Plaintiffs' opposition is based on a gross misstatement of the law in an attempt to mislead the court with regard to the rules to be applied to determine the citizenship of Pretec Electronics Corporation, a dissolved California Corporation. Plaintiffs assert that when a dissolved corporation files an action its citizenship is determined by the citizenship of its shareholders. Plaintiffs do not cite a single case to support this position, but instead either ignore the holdings in the cases cited or worse makes up the holding itself. In all of the cases in which the courts have attempted to determine the citizenship of the dissolved or inactive corporation to determine diversity jurisdiction the issue was whether the place in which the corporation last conducted business was a factor, and if not then citizenship would be based on the state in which it was incorporated.

The issue of whether Pretec is deemed to be still conducting business in California for jurisdictional purposes is not relevant **because Pretec was incorporated in California.** Plaintiffs are correct that there is a split within the circuits in determining the place of business, if any, of a dissolved corporation, but if it is deemed that the dissolved corporation does not have a "place of business" then all circuits hold that citizenship is based on where the entity was incorporated:

> Parties' positions on the appropriate jurisdictional test for an inactive corporation reflect two of three positions adopted by various circuit courts. The circuits agree that the congressional intent behind *section 1332(c)(1)* was to block an otherwise local corporation from bringing litigation in federal court simply because it was incorporated in another state. See *Comtec, Inc. v. Nat'l Technical Schs., 711 F. Supp. 522, 523-24 (D. Ariz. 1989)*. Substantial disagreement, however, has emerged over how the statute should apply to defunct corporations. **The Third Circuit, focusing on the present tense in "the state where it *has* its principal place of business," has posited that citizenship via a principal place of business ends when a company becomes inactive, and a defunct corporation only retains citizenship in the state of its incorporation.** See *Midlantic Nat'l Bank v. Hansen, 48 F.3d 693, 696 (3d Cir.1995)*, cert. dismissed, *515 U.S. 1184, 132 L. Ed. 2d 914, 116 S. Ct. 32 (1995)*. The Second Circuit, noting that Congress gave no indication that principal place of business citizenship should end if a business becomes inactive, opined that such an interpretation would stray from the plain meaning of the phrase "a corporation is considered a citizen of the state in which it was incorporated *and* the state where it has its principal place of business." **The Second Circuit accordingly provides for citizenship in the state in which a corporation conducted its last business transactions**. See *Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc., 933 F.2d 131, 141 (2d Cir. 1991)*. **The Fourth and Fifth Circuits--wary of the awkward results these bright-line rules might render -- have opted for a middle ground approach, holding that when a substantial period of time has lapsed since a corporation was active, its citizenship reverts to include only its state of incorporation.** *Homestead v. Doe*, 282 F. Supp. 2d 1131, 1136 (ND Cal 2003) (Emphasis added.)

No matter what test is to be applied, Pretec is a California citizen because throughout its existence its principle place of business was in California, its last business transaction was in California and it was incorporated in California. As a result of its involvement in multiple legal actions Pretec's corporate existence continues and contrary to Plaintiffs' claim is the real party in interest.

////

////

REPLY TO OPPOSITION TO MOTION TO DISMISS FOR LACK OF FEDERAL JURISDICTION: FRCP § 12(b)(1)

## II. LEGAL ARGUMENT

### A. The Citizenship of Pretec's Shareholders is Irrelevant

Plaintiffs assert that the underlying policy of 28 USC § 1332 requires a liberal application to find diversity jurisdiction and under the equities of the case Pretec, even though a named plaintiff, should be treated as if it doesn't exist or is an unincorporated association. As discussed previously, Plaintiffs do not cite one single case to support this unique position.

Contrary to plaintiffs' argument, the grant of diversity jurisdiction must be strictly construed and any doubt to existence is resolved against a finding of such jurisdiction. *Sports Shinko Co. v. QK Hotel LLC*, 486 F. Supp. 2d 1168, 1172 (DC Hawaii 2007). Plaintiffs' reliance on *Hartman v. Hollingsworth* (1967) 255 Cal. App. 2d 579, 581 for the proposition that Pretec ceased to exist as a corporation on the date it filed its certificate of dissolution is simply erroneous. In *Hartman*, the California Court of Appeal cited *Stubbs v. Jones*, 121 Cal.App.2d 218, 223, which held that under principles of common law a corporation which has been legally dissolved is dead. The court then went on to state that " the *Stubbs* case had no occasion to consider section 5400, *Corporations Code*, which (unlike the common law) recognizes the continuance of a corporation, despite its apparent legal death, for the purpose of litigating actions after dissolution and otherwise "winding up its affairs." Id at 581. The code section referred to in *Hartman* has be repealed and replaced by *California Corporations Code* § 2010(a) which states:

> "A corporation which is dissolved nevertheless continues to exist for the purposes of winding up its affairs, prosecuting and defending actions by or against it and enabling it to collect and discharge obligations, dispose of and convey its property and collect and divide its assets, but not for the purpose of continued business except so far as is necessary for the winding up thereof."

Plaintiffs request that this court specifically ignore the language of *California Corporations Code* § 2010(a) and limit its application to only when a dissolved corporation is a defendant because the purpose of the statute is to protect California citizens to bring actions against defunct corporations. This argument is ridiculous especially in light of the fact that California has a special section, *California Corporations Code* § 2011, that deals with this situation, which allows a plaintiff to bring an action against the former shareholders of a dissolved and defunct corporation when such

3

REPLY TO OPPOSITION TO MOTION TO DISMISS FOR LACK OF FEDERAL JURISDICTION: FRCP § 12(b)(1)

shareholders have received a distribution of the corporate assets.

Likewise, Plaintiffs' reliance on *Levin Metals Corporation v. Parr-Richmond Terminal Company*, 817 F. 2d 1448 (9th Circuit 1987) to support its interpretation of *California Corporations Code* § 2010 is also misplaced. First, *Levin* clearly cites *California Corporations Code* § 2010(a) for the proposition that a dissolved corporation continues to exist for purposes of prosecuting a legal action. Id. at 1450. Second, this issue in *Levin* was "whether a dissolved corporation may be sued for injuries arising out of its pre-dissolution activities, even though the cause of action was not created until after its dissolution." Id. The court then went on to find that section 2010 is a procedural statute, but does not extend the life of the corporation to establish liability which will allow the Plaintiff to bring an action against the corporation enacted nine years after it dissolved. Id. at 1451. *Levin* simply has no bearing on this case.

The only case cited by Plaintiffs for the proposition that the shareholders of a defunct corporation have standing to bring a claim on behalf of the corporation is a 1941 tax court case out of Pennsylvania, *Romberg v. United States*, 40 F. Supp. 621. The issue in *Romberg*, which in part was based upon Pennsylvania corporate law, was whether or not the shareholder of a defunct dissolved corporation could bring a tax refund claim against the IRS based on an assignment. The case itself turned on application of Pennsylvania corporate law and specific IRS statutes and its holding has no application to this case here.[1]

Plaintiffs also cited to a Connecticut district case, *Stonybrook Tenants' Association, Inc. v. Albert*, 194 F. Supp. 552 (D.Conn. 1961) for the proposition that in determining diversity jurisdiction the status of a dissolved corporation should not be considered. The holding in *Stonybrook* has absolutely nothing to do with such a proposition. In *Stonybrook*, the court held that two inactive and dissolved corporations which were named as defendants were unnecessary or dispensable parties having no real interest in the controversy and therefore the citizenship of these entities should be disregarded. Id. at 556-557. In *Stonybrook*, the issue in dispute was an agreement entered into on August 17, 1959 and the court found that the corporations had no interest in the property at the time

---

[1] Under California law a legal malpractice action, even if it includes claims of fraud and improper billing practices, cannot be assigned. *Jackson v Rogers & Wells, (1989) 210 Cal. App. 3d 336, 346-347*.

4

of the agreement or the contract itself:

> Neither of the corporate defendants had any interest in Stonybrook Gardens at the time the agreement of August 17, 1959 was executed nor at any subsequent time. The agreement preserves a disclaimer by both corporations of any interest in the property, reflecting in turn a disclaimer of interest by these corporations asserted in an earlier action in this Court.[FN7] In Grant County Deposit Bank v. McCampbell, 6 Cir., 1952, 194 F.2d 469, 473, 31 A.L.R.2d 909, it was held that 'A disclaimer of all interest in the action changes a party from an indispensable one to an unnecessary party' for purposes of determining diversity jurisdiction.
>
> ...
>
> Since neither of the corporate defendants had any interest in Stonybrook Gardens at the time the agreement was executed nor at any subsequent time, they have no interest in the claims asserted in this action which is essentially one to enforce the agreement of August 17, 1959. *Id.* at 558.

Again the facts and holding of *Stonybrook* have absolutely nothing to do with Plaintiffs' position that the court should look to the shareholders of a dissolved corporation to determine the citizenships of the real parties in interest. This case is based upon the alleged conduct of the Defendants in providing legal services to Pretec based upon a fee agreement executed by Pretec and the Defendants. The Defendants never represented the shareholders and therefore it is Pretec, and not its shareholders, that is the real in interest.

    **B.**    **At Minimum, Pretec's Citizenship is Determined by its Place of Incorporation, California**

In their brief, Plaintiffs criticize Defendants for failing to discuss the various "tests" referred to in *Patel v. Surgen, Inc.*, 357 F. Supp. 2d 1058 (ND Cal.) and cases cited within the decision with regard to the determination of the citizenship of a dissolved or defunct corporation. As set forth in the introduction, such discussion is moot because the issue in all these cases was whether or not the corporate party was still deemed to have its principle place of business in the state as of the date the action was filed. If it was found that the corporation no longer had a principle place of business, then citizenship would solely be based upon the place of incorporation. *Homestead v. Doe*, 282 F. Supp. 2d 1131, 1136 (ND Cal 2003). Plaintiffs also criticize the Defendants for not mentioning *Stock West Corporation v. Taylor*, 964 F. 2d 912 (9th Circuit 1992). This statement is bizarre because in *Stock*

*West* the court held that since Stock West was no longer doing business in Washington, the principle place of business before its dissolution, it would be viewed as an Oregon corporation, its place of incorporation, for determining the existence of diversity jurisdiction. Id. at 917. Again, whether or not Pretec had a "principle place of business" in California for purposes of determining diversity jurisdiction is moot, because even if it did not, Pretec is still a citizen of California based upon the fact that it was incorporated here.[2]

### III. CONCLUSION

For the reasons set forth above, defendants respectfully request that this court grant its motion and dismiss this action for lack of jurisdiction.

DATE: August 11, 2008                                PHILLIPS, GREENBERG & HAUSER, L.L.P.

By: _____
JERRY R. HAUSER

---

[2] Even so, the 18 month period between the time of dissolution and the filing of this action is insufficient to establish that Pretec no longer had a principle place of business in California for purposes of determining diversity. "After considering all the evidence submitted by the parties, the court concludes that SS-USA was inactive for less that two years at the commencement of the instant lawsuits and that this period of inactivity is not a 'substantial period of inactivity" and therefore, California was the principle place of its business. *Sports Shinko, supra*, 486 F. Supp. 2d at 1181.