1  Leodis C. Matthews [SBN 109064]
   LEESQ@AOL.COM
2  D. P. Sindicich [SBN 78162]
   (OF COUNSEL)
3  JURPYTHON@ROADRUNNER.COM
   **MATTHEWS & PARTNERS, P.C.**
4  4322 WILSHIRE BOULEVARD, STE 200
   LOS ANGELES, CALIFORNIA 90010-3792
5  TELEPHONE: 323.930.5690
   FACSIMILE: 323.930.5693
6

7  Attorneys For: PLAINTIFF
   C-ONE TECHNOLOGY
8  & PRETEC ELECTRONICS CORPORATION.

9
               UNITED STATES DISTRICT COURT
10             NORTHERN DISTRICT OF CALIFORNIA
               SAN FRANCISCO DIVISION
11

12

13 | C-ONE TECHNOLOGY & PRETEC ELECTRONICS CORPORATION | CASE NUMBER:    C 08-2442 PJH
                                                       RELATED CASE:   C 08-3660 RMW
14              Plaintiff

15                                                     POINTS AND AUTHORITIES
                                                       IN SUPPORT OF
16                                                     MOTION TO CONSOLIDATE
                                                       CASE NO C 08-2442 PJH
17      - Vs -                                         WITH RELATED
                                                       CASE NO. C 08-3660 RMW
18

19
   MOUNT & STOELKER, P.C., & Daniel S.
20 Mount, inclusive

21              Defendant.    Date:      October 1, 2008
                              Time:      9:00 AM
22                            Courtroom: 3

23 ═══════════════════════════════
   ////
24
   ////
25

26

27 POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE CASES
   C-ONE TECHNOLOGY ET AL -V- MOUNT & STOELKER ET AL
28 Case No. C 08-2442 PJH
   Related Case No. C 08-3660 RMW

I.

**Introduction**

In its Order of August 14, 2008 the Court determined that Case Nos. C 08-2442 PJH and C 08-3660 RMW to be "related" and in so ordering found that "both actions concern substantially the same parties, property, transaction or event, and (that) it furthermore appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results . . . .[Ref. Exhibit A]".

II.

**Legal Argument**

Consolidation under Rule 42(a) is left to the broad discretion of the district court [*A. J. Industries, Inc v. United States District Court* (9th Cir. 1974) 503 F.2d 384, 289] Fed. Rules of Civ. Proc., Rule 42(a)

> Consolidation is proper when the cases involve common issues of law and fact and the district finds that it would avoid unnecessary cost and delay.

Rule 42(a) codifies the district court's inherent managerial power to control the disposition of causes on its docket with economy, time and effort for itself, for counsel, and for litigants [*Young v. City of Atlanta* (11th Cir. 1995) 59 F.3d. 1160, 1168] and has as its purpose to avoid duplication of effort and prevent conflicting outcomes in cases involving similar legal and factual issues [*Perez-Funez* (CD Cal.1984) 611 F.Supp. 990, 994]

Consolidation of cases is considered not only appropriate but also proper upon a showing of commonality of factual and legal issues in the absence of unfair prejudice to a party [*E.E.O.C. v. HBE Corp.* (8th Cir. 1998) 135 F.3d. 543, 550].

Here, the Court, having previously "reviewed the complaints filed in both actions" has already determined that they are "related" given the substantial commonality between both the

---

POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE CASES
C-ONE TECHNOLOGY ET AL -V- MOUNT & STOELKER ET AL
Case No. C 08-2442 PJH
Related Case No. C 08-3660 RMW

- 2 -

"parties" and the issues of fact [Ref. Exhibit A, Order of August 14, 2008]. Just as importantly, they all share the same issues of law as they relate to the question of federal jurisdiction.

While the majority of courts have held that consolidated actions retain the separate character, the Ninth Circuit has recognized that the "primary source of the majority rule . . predates the adoption of Rule 42 on January 1, 1966"; noting that, under the repealed statute "28 U.S.C. § 734 consolidation was permitted as a matter of convenience and economy in administration" but, unlike its replacement (Rule 42(a)) it "did not contain an express provision for a joint hearing or trial, as does the first clause of Rule 42(a)" and, as indicated by the Advisory Committee notes on Rule 42(a) "in so far as the statute differs from this rule, it is modified {citations omitted}" [*Schnabel v. Lui* 2002 C09 662 (USCA9 2002) *71-72].

In *Huene v. United States* [(9th Cir 1984) 743 F.2d. 703, 705] the Ninth Circuit had (in accord with the circuits rejecting the "separate character" of consolidated cases decided under former 28 U.S.C. §734) earlier held that a judgement disposing of one of two consolidated cases was not an appealable judgment under 28 U.S.C. § 1291 "absent a Rule 54(b) certification". In addressing the concept of merger of consolidated actions, the Ninth Circuit has also held that the consolidation of cases does not make parties in one suit parties in another [*Continental Airlines v. Goodyear Tire and Rubber* (9th Cir 1987) 819 F.2d. 1519, 1523] and that consolidation does not alter a party's substantive rights [*In re U.S. Financial Securities Litigation* [(9th Cir 1977) 559 F.2d. 557, 561] .

The only consideration left unresolved which could possibly serve as an impediment to the consolidation of these two causes is whether or not there is a "risk of prejudice to a party" in either cause should the Court order the requested consolidation. The answer to this question is a resounding no.

Individual; defendant Daniel S. Mount is the only party not named in all three pending matters (he was omitted as a party from Defendant Mount & Stoelker's motion for remand.

POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE CASES
C-ONE TECHNOLOGY ET AL -V- MOUNT & STOELKER ET AL
Case No. C 08-2442 PJH
Related Case No. C 08-3660 RMW

- 3 -

However, since consolidation of these matters would not operate to make him a party to the motion for remand, he could not be unfairly prejudiced if the motion to consolidate was granted. Just as tellingly, if defendants motions to dismiss and remand should be granted, even if he were a party to the remand motion he would not suffer any prejudice as a result thereof. Similarly, if these motions were to be denied, he would not be in any way prejudiced since he would still be in the same position he was prior to the time these motions were filed.

As to the other parties, they are all named in the respective pleadings and neither their status nor substantive rights be altered in any way should these cases be consolidated.

In the absence of the risk of unfair prejudice to a party, it is well-settled that consolidation of causes is not only wholly appropriate and proper when, as here, there is commonality between the parties, the issues, and the law [*Cantrell v. GAF Corp.* (6th Cir. 1993) 999 F.2d. 1007, 1010-1011] but it is also "favored" [*Ikerd v. Lapworth* (7th Cir 1970) 435 F.2d. 197, 204 (see also *Perez-Funez* (CD Cal. *Supra*) 611 F.Supp. 990, 994] even if consolidation is ordered "despite the protestations of the parties" [*Cantrell v. GAF Corp.* (6th Cir. Supra) 999 F.2d.@ 1011].

### III.
### Conclusion

For the reasons and arguments set forth above, C-One and Pretec respectfully request that this Court grant their motion and order these cases consolidated.

////

Respectfully Submitted,

Matthews And Partners, P.C.

Dated:   August 27, 2008

_____
Leodis C. Matthews

POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE CASES
C-ONE TECHNOLOGY ET AL -V- MOUNT & STOELKER ET AL
Case No. C 08-2442 PJH
Related Case No. C 08-3660 RMW

- 4 -