UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C-ONE TECHNOLOGY, et al., | |
| Plaintiff(s), | No. C 08-2442 PJH |
| v. | **ORDER GRANTING MOTION TO DISMISS AND MOTION TO REMAND** |
| MOUNT & STOELKER, P.C., et al., | |
| Defendant(s). | |
| MOUNT & STOELKER, P.C., et al., | |
| Plaintiff(s), | No. C 08-3660 PJH |
| v. | |
| C-ONE TECHNOLOGY, et al., | |
| Defendant(s). | |

The motions of Mount & Stoelker to dismiss and to remand and the motion of C-One Technology to consolidate, came on for hearing on October 1, 2008. D.P. Sindicich represented C-One and Jerry Hauser represented Mount & Stoelker. For the reasons stated at the hearing and summarized as follows, the court GRANTS the motions to dismiss and to remand, and DENIES as moot the motion to consolidate.

**BACKGROUND**

This case involves two separate actions.

A.   The First Action

The first action was filed on May 12, 2008, and is brought by plaintiffs C-One Technology and Pretec Electronics Corporation (collectively "C-One" or "plaintiffs") against defendant Mount & Stoelker, P.C. and individual defendant Daniel S. Mount (collectively

"M&S" or "defendants"). See C-One Technology, et al. v. Mount & Stoelker, P.C., et al., C 08-2442 PJH ("First Action").

In this First Action, C-One alleges that M&S was engaged to provide legal representation to both plaintiffs in connection with two different litigations that took place in the Northern District of California, and Alameda Superior Court. See generally First Action Clam for Damages ("First Action Complaint"). C-One alleges, however, that in connection with that representation, M&S committed various errors and engaged in numerous questionable practices. To that end, C-One alleges claims for breach of written and oral contract and breach of fiduciary duty against defendants, as well as claims for malpractice, questionable billing practices, equitable indemnity, fraud and deceit, and declaratory relief. See id.

On July 16, 2008, defendants filed a motion to dismiss for lack of subject matter jurisdiction. They assert that federal jurisdiction is lacking because there is incomplete diversity of citizenship amongst the parties.

B.   The Second Action

The second action was removed from the Santa Clara County Superior Court on July 30, 2008. In that case, defendant Mount & Stoelker, without individual defendant Daniel Mount, seeks declaratory relief against defendants C-One Technology Corporation, Pretec Electronics Corporation, and other entities. See Mount & Stoelker v. C-One Technology, et al., C 08-3660 PJH ("Second Action").

In this Second Action, M&S alleges that it entered into differing oral and written retainer agreements with Pretec and C-One, wherein M&S undertook legal representation for Pretec and C-One in connection with the same underlying litigations as those alleged in the First Action. See generally Notice of Removal, Ex. C at ¶¶ 5-7. M&S further alleges that on January 11, 2008, C-One and Pretec initiated arbitration before the AAA in Santa Clara against M&S, in which C-One and Pretec allege legal malpractice against M&S, questionable billing practices, and equitable indemnity – i.e., the same or similar claims as

2

1  those C-One alleges in the First Action. M&S alleges, however, that a dispute between the
2  parties exists as to whether the parties are even subject to arbitration. To that end, M&S
3  seeks a declaration that the parties' dispute is not subject to arbitration, and an order
4  enjoining the AAA arbitration from taking place.
5       On March 26, 2008, the Superior Court granted M&S's request for a preliminary
6  injunction enjoining the arbitration from going forward, pending resolution of the declaratory
7  relief action in state court.
8       On May 12, 2008, C-One and Pretec removed the state court action to federal court,
9  and sought to have the removed case related to the First Action. An order relating both
10 cases was filed on August 14, 2008. Meanwhile, on August 4, 2008, M&S filed a motion to
11 remand the Second Action back to state court.
12      Then, on August 27, 2008, the C-One plaintiffs in the First Action moved to
13 consolidate the two cases.

**DISCUSSION**

14
15     A.     Motion to Dismiss (First Action)
16      On a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the
17 burden of establishing subject matter jurisdiction (even though it is defendants' motion).
18 See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994); Stock West, Inc.
19 v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989). A
20 Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger
21 asserts that the allegations contained in a complaint are insufficient on their face to invoke
22 federal jurisdiction. See Safe Air v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In
23 resolving a facial attack, a motion will be granted if the complaint, when considered in its
24 entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction.
25 See, e.g., Savage v. Glendale Union High School, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).
26      Defendants M&S and Daniel Mount move for dismissal of the First Action on
27 grounds that diversity jurisdiction – the only asserted basis for federal jurisdiction – is
28

3

1 lacking here.

2     Preliminarily, the parties agree that plaintiff C-One Technology is a Taiwanese
3 corporation with its principal place of business in Taiwan, and that plaintiff Pretec was a
4 California Corporation with its principal place of business in Fremont, California, prior to its
5 dissolution by the California Secretary of State on November 28, 2006.  See First Action
6 Complaint, ¶¶ 1-2; Feng Chen Decl., Ex. A.  The parties furthermore do not dispute that
7 both named defendants – Mount & Stoelker and individual defendant Daniel Mount – are
8 citizens of the State of California.  See First Action Complaint, ¶¶ 3-4.  Thus, at least one
9 plaintiff (C-One) is diverse from both California defendants.

10     Under normal corporate rules, Pretec would also be deemed a citizen of California,
11 thereby destroying complete diversity.  The parties dispute, however, the citizenship of
12 Pretec, and in particular, the significance of Pretec's dissolution on its citizenship.  Plaintiffs
13 C-One and Pretec assert that Pretec's 2006 dissolution – which occurred before the filing of
14 the instant lawsuit in May 2008, albeit after part of the relevant time period alleged in
15 plaintiff's complaint (M&S was engaged to represent Pretec in October 2002 and to
16 represent C-One after May 2003) – means that Pretec's California citizenship must be
17 disregarded for diversity purposes.  Defendants, however, contend that notwithstanding
18 Pretec's current status as a defunct corporation, it remains a California citizen, destroying
19 diversity and requiring dismissal for lack of subject matter jurisdiction.

20     Defendants are ultimately correct.  While the Ninth Circuit has never expressly
21 weighed in on the proper way to treat a defunct corporation for diversity purposes, several
22 district courts in this circuit have.  See, e.g., Patel v. Sugen, Inc., 354 F. Supp. 2d 1098
23 (N.D. Cal. 2005); Sellers v. Kohlberg & Co., LLC, 2001 WL 761187 (N.D. Cal. June 29,
24 2001).  As those district court decisions have noted, there is a three-way split on the proper
25 test for the citizenship of a defunct corporation.  See Patel, 354 F. Supp 2d at 1111.  Some
26 courts look to both the state of incorporation and to the state of the corporation's last
27 business activity.  See, e.g., Wm. Passalacqua Builders, Inc. v. Resnick Developers South,
28

4

Inc., 933 F. 2d 131, 141 (2d Cir. 1991). Other courts hold that an inactive, or defunct, corporation has no "place of business" and is therefore a citizen only of its state of incorporation. See, e.g., Midatlantic Nat'l Bank v. Hansen, 48 F.3d 693, 696 (3d Cir. 1995). Still other courts adopt a more flexible and functional approach, holding that when a substantial period of time has elapsed since a corporation was active, its citizenship reverts to include only its state of incorporation (although the place of a corporation's last transactions is still relevant). See, e.g., Athena Automotive, Inc. v. DiGregorio, 166 F.3d 288, 291-92 (4th Cir. 1999); Harris v. Black Clawson Co., 961 F.2d 547, 551 (5th Cir. 1992).

In the absence of Ninth Circuit authority affirmatively addressing the issue, the court finds the third approach – i.e., the functional approach employed by the Fourth and Fifth Circuits – best equips the court to carry out the congressional intent behind 28 U.S.C. § 1332. To that end, and applying that test here, the court concludes that a substantial amount of time has taken place since Pretec's dissolution in November 2006 and plaintiff's May 2008 filing of the instant action – almost 2 years – thus requiring the court to judge Pretec's citizenship in accordance with its state of original incorporation. Since neither party disputes that that state is California, Pretec remained a citizen of California at the time the complaint was filed, as defendants contend.

The court rejects plaintiff's suggestion that the court look only to the Taiwanese citizenship of shareholder Chen. While plaintiffs are correct that the law treats the citizenship of unincorporated associations as those of its members, this is not an analogous situation. This case involves a corporation that *was* incorporated during a large part of the relevant time period, which seeks to bring claims of malpractice related to representation that occurred during its corporate existence.[1] Moreover, plaintiffs have cited no legal

---

[1] The court similarly rejects the argument raised for the first time at the hearing that Pretec is really not a corporation at all, but is now a sole proprietorship. In addition to the absence of any evidence establishing this fact, that Pretec made no such claim in its motion papers, filed the complaint as a corporation, and sought arbitration as a corporation, belies its self-serving claim now that it is no such thing.

5

1  authority that actually supports its proposition – i.e., that a *defunct* corporation's citizenship
2  is determined with respect to its members or shareholders.  Indeed, that is the precise
3  question before the court here, and the only relevant law for this court's purposes is noted
4  above.  Furthermore, even plaintiffs are forced to concede that California law is not
5  inherently opposed to the notion of treating defunct corporations as proper subjects for
6  post-dissolution litigation.  For as the California Supreme Court has noted, California law
7  permits parties to sue dissolved corporations, even to the extent that parties may seek to
8  enforce *post*-dissolution claims against dissolved corporations.  See Penasquitos, Inc. v.
9  Superior Court, 53 Cal. 3d 1180, 1189-91 (1991); see also Cal. Corporations Code § 2010.

10  In view of the above case law, plaintiffs' lack of contrary authorities, and California
11  law allowing post-dissolution claims against corporations, the court finds that Pretec is a
12  citizen of California.  As such, complete diversity is lacking, and defendants' motion to
13  dismiss for lack of subject matter jurisdiction must be GRANTED.

14       B.     Motion to Remand (Second Action)

15  Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete
16  diversity of citizenship and an amount in controversy in excess of $75,000.  If a defendant
17  has improperly removed a case over which the federal court lacks subject matter
18  jurisdiction, the federal court shall remand the case to state court.  28 U.S.C. § 1447(c).
19  There is a strong presumption in favor of remand.  Sanchez v. Monumental Life Ins. Co.,
20  102 F.3d 398, 403-04 (9th Cir. 1996).

21  In the second action, which is a declaratory relief action filed by M&S against C-One
22  in state court, and removed by C-One, M&S seeks to remand the action to state court
23  based on the lack of federal subject matter jurisdiction.  M&S's arguments in favor of
24  remand are precisely the same as those it raises in its motion to dismiss the First Action for
25  lack of subject matter jurisdiction – i.e., lack of complete diversity due to Pretec's California
26  citizenship.  M&S makes the additional argument that remand is appropriate because C-
27  One's removal notice was untimely.
28

The same analysis applicable to M&S's motion to dismiss the First Action is applicable here.  As such, because diversity is lacking between plaintiff M&S and defendant Pretec, there is no basis for the court's subject matter jurisdiction over the action, plaintiff's motion to remand the complaint must be GRANTED.  See 28 U.S.C. § 1447(c)(if a defendant has improperly removed a case over which the federal court lacks diversity jurisdiction, the federal court shall remand the case to state court); see also Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403-04 (9th Cir. 1996)(strong presumption in favor of remand).  In view of this holding, the court need not consider the parties' arguments regarding the timeliness of C-One's removal notice.

To the extent M&S seeks fees and costs or some other sanction in connection with its request for remand, the request is DENIED.  While the court concludes that no grounds for removability are present, it is not clearly convinced that defendants' counsel was objectively unreasonable in seeking to remove the present action.

3.      Motion to Consolidate (Both Actions)

C-One seeks consolidation of the First Action and Second Action.  In view of the dismissal of the former and the remand of the latter, this motion is DENIED as moot.

**CONCLUSION**

In accordance with the foregoing, case number **C 08-2442 PJH, is DISMISSED** for lack of federal subject matter jurisdiction.  The Clerk shall close the file.

In accordance with the foregoing, case number **C 08-3660 PJH is REMANDED** for lack of federal subject matter jurisdiction, to Santa Clara County Superior Court.

**IT IS SO ORDERED.**

Dated: October 3, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge